## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-486 (GMS) |
| | ) | |
| THE TORO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPENING BRIEF SUPPORTING DEFENDANT TORO'S 28 U.S.C. § 1404 (a) MOTION TO TRANSFER VENUE TO MINNESOTA

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

Earl D. Reiland
Thomas R. Johnson               *Attorneys for Defendant*
Thomas J. Leach                 *The Toro Company*
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 332-5300

Dated:  August 16, 2005

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................iii

I.      NATURE AND STATE OF PROCEEDINGS ......................................................1

II.     SUMMARY OF ARGUMENT ............................................................................1

III.    STATEMENT OF FACTS ....................................................................................2

        A.      Procedural Background ..............................................................................2

        B.      Toro Has No Significant Contacts With Delaware .......................................3

        C.      Textron Has No Significant Contacts With Delaware ...................................4

        D.      Four Important Third-Party Fact Witnesses Are Subject To
                Minnesota's Subpoena Power, But Not That Of Delaware ...........................4

                1.      Third-party fact witness Dan Treu has information regarding
                        the design, development, and testing of the accused products ...........4

                2.      Third-party fat witness James Swindal has information
                        regarding the research, development, and engineering of the
                        accused products ..............................................................................5

                3.      Third-party fact witness Dwaine Berger will testify regarding
                        the design, development, and construction of the accused
                        products ...........................................................................................6

                4.      Third-party fact witness Glen Lentner has information regarding
                        the accused products, the state of the technology and
                        prior art ...........................................................................................6

        E.      Two Critical Witnesses, The Inventors Of Textron's Patents, Live
                In Wisconsin ............................................................................................7

IV.     ARGUMENT ......................................................................................................7

        A.      Venue Is Proper In The District Of Minnesota ............................................8

        B.      Transfer To The District Of Minnesota Serves Both The Convenience
                Of The Parties And Witnesses As Well As The Interests Of Justice ............8

                1.      The Private Interests Weigh Heavily In Favor Of Transfer
                        To The District Of Minnesota............................................................9

a.    The District of Minnesota is the most convenient forum to resolve this dispute.  Delaware is an inconvenient forum for both parties ............................................................10

b.    The presence of important third-party fact witnesses in and near Minnesota weights heavily in favor of transferring the case to Minnesota ........................................13

1.    Third-party fact witness Dan Treu is subject to Minnesota's subpoena power ....................................13

2.    Third-party fact witness James Swindal is located in Minnesota and subject to Minnesota's subpoena power ........................................................14

3.    Third-party fact witness Dwain Berger is located in Minnesota and subject to Minnesota's subpoena power ........................................................14

4.    Third-party fact witness Glen Lentner is located in Minnesota and subject to Minnesota's subpoena power ........................................................15

5.    Third-party fact witnesses Mr. Bednar and Mr. Knurr are located near Minnesota .............................16

c.    No collection of books, records or documents relevant to the case is located in Delaware.  On the other hand most of Toro's documents are located in Minnesota ....................16

2.    The Public Interests At Issue Weigh Heavily In Favor Of Transferring The Case To Minnesota ...............................................16

a.    The practical considerations concerning trial strongly favor transferring the case to Minnesota ..............................17

b.    The District of Minnesota has a shorter time to trial than Delaware ....................................................................17

c.    This case should be transferred because the District of Minnesota has an interest in the outcome of this case and public policy discourages Textron's forum shopping ............................................................................18

V.    CONCLUSION.....................................................................................19

# TABLE OF AUTHORITIES

## CASES

*Affymetrix, Inc. v. Synteni, Inc.*,
    28 F. Supp. 2d 192 (D. Del. 1998) ....................................................................*passim*

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*,
    295 F. Supp. 2d 393 (D. Del. 2002) ..................................................................*passim*

*At Home Corp. v. Cox Communs, Inc.*, No. 02-1486
    2003 U.S. Dist. LEXIS 18320 (D. Del. Oct. 8, 2003) ...............................................18

*Brunswick Corp. v. Precor Inc.*, No. 00-691,
    2000 U.S. Dist. LEXIS 22222 (D. Del. Dec. 12, 2000) ...........................2, 10, 11, 17

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3rd. Cir. 1995) ............................................................................8, 9, 16

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*,
    77 F. Supp. 2d 505 (D. Del. 1999) ....................................................................*passim*

*Original Creatine Patent Co. v. Kaizen, Inc.*, No. 02-471
    2003 U.S. Dist. LEXIS 988 (D. Del. Jan 22, 2003) ....................................................7

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ...................................................................................................7

## FEDERAL STATUTES

28 U.S.C. § 1391(c) ..............................................................................................................8

28 U.S.C. § 1400 ...................................................................................................................8

28 U.S.C. § 1404(a) ......................................................................................................1, 7, 8

Fed. R. Civ. P. 45(c)(3)(A)(iii) ....................................................................................13, 14

## I.    NATURE AND STATE OF PROCEEDINGS

Plaintiff Textron Innovations, Inc.[1] ("Textron") sued Defendant The Toro Company ("Toro") in this District alleging patent infringement.  Delaware has little, if any, connection to the parties, the witnesses, or the facts involved in this dispute. Minnesota has a strong connection.  Toro respectfully moves this Court under 28 U.S.C. §1404(a) to transfer this case to the District of Minnesota because the case will more conveniently progress and justice will be best served by having a Minnesota venue.

## II.    SUMMARY OF ARGUMENT

1.    Toro's motion to transfer should be granted because "the convenience of parties and witnesses" and "the interest of justice" would be better served in the District of Minnesota. 28 U.S.C. § 1404(a).  Delaware has little connection to the parties, the witnesses, or the facts underlying this dispute.  All of the important witnesses and documents are located outside of Delaware.  On the other hand, the vast majority of witnesses and documents are located in Minnesota or within a few hours drive from it. Perhaps most importantly, for purposes of evaluating transfer, key third-party fact witnesses are either located in Minnesota or a relatively short drive from a Federal Courthouse in Minnesota.  A number of these witnesses are subject to Minnesota's subpoena power.  For these reasons, the "convenience" factors weigh heavily in favor of transferring the case to Minnesota.  *See APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 398-99 (D. Del. 2002); *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 509-12 (D. Del. 1999).

---

[1] Textron Innovations, Inc. is a wholly owned subsidiary of Textron, Inc. that holds and exploits its intellectual property.  Leach Ex. A. (The Declaration of Thomas J. Leach in support of Toro's Opening Brief Supporting Defendant's 28 U.S.C. § 1404 (a) Motion To Transfer Venue To Minnesota is filed contemporaneously herewith ("Leach Ex.___.")).

2.    The interest of justice is also best served by transfer of this case to Minnesota. Without apparent study of convenience or logic, Textron has chosen a forum with no factual connection to the development of the alleged invention or the accused product. A number of key third-party witnesses are subject to Minnesota's, but not Delaware's subpoena power. The attendance of such witnesses cannot be compelled in Delaware. Moreover, Toro recently sued Textron, Inc. and Jacobsen, A Textron Company[2] (collectively "Jacobsen") in the District of Minnesota for infringing two of its patents covering some of the same products at issue in Textron's suit against Toro. Consolidating the two actions in one convenient court would conserve judicial resources by avoiding duplicate discovery disputes and hearings, require only one judge to learn the related technology, and promote settlement of both cases. *See APV N. Am., Inc.*, 295 F. Supp. 2d. at 399; *Brunswick Corp. v. Precor Inc.*, No. 00-691, 2000 U.S. Dist. LEXIS 22222, at *7-*9 (D. Del. Dec. 12, 2000) (attached as Leach Ex. I.).

III.    **STATEMENT OF THE FACTS**

A.    **Procedural Background**

On July 12, 2005, Textron sued Toro in the District of Delaware alleging infringement of three patents. D.I. 1. On August 15, 2005, Toro sued Textron, Inc. and Jacobsen in the District of Minnesota for infringing two of Toro's patents covering related technology. Leach Ex.C. While Textron's Complaint does not specify which of Toro's products infringe its patents, Toro believes the key products at issue in both cases are

---

[2] Jacobsen, A Textron Company is a division of Textron, Inc. that designs, develops and manufactures the products covered by Textron's patents at issue in this case. Leach Ex. B.

large commercial turf maintenance tractors, such as, the Toro Grounds Master® 3500-D shown below:



**B.     Toro Has No Significant Contacts With Delaware**

Aside from being incorporated in Delaware and selling a small fraction of its products there, Toro has few if any contacts with Delaware.  Klis Decl.¶ 6.[3]  Toro's corporate employees, engineers, books and records are located in Minnesota.  *Id*.  Toro's research, design, development, sales and marketing departments for the accused products are also located in Minnesota.  *Id*.   Moreover, Toro manufactures the accused products at its Tomah, Wisconsin facility, which is only about a 2 1/2 hour drive from its Minnesota Headquarters.  *Id.;* Leach Ex. D.

---

[3] Also filed herewith in support of Toro's Opening Brie f Supporting Defendant's 28 U.S.C. § 1404 (a) Motion To Transfer Venue To Minnesota are the declarations of Dwaine Berger ("Berger Decl. at ¶ __"), Daniel Treu ("Treu Decl. at ¶ __"), Glen Lentner ("Lentner Decl. at ¶ __."), Dean Mieseler ("Mieseler Decl. at ¶ __"), James Swindal ("Swindal Decl. at ¶ __"), and David Klis ("Klis Decl. at ¶ __").

### C.     Textron Has No Significant Contacts With Delaware

Like Toro, Textron has few connections with Delaware other than its incorporation there.  Textron's principal office is located in Providence, Rhode Island. D.I. 1 at ¶ 3; Leach Ex. F.  Textron manufactures the products covered by the patents at issue in both the Delaware and Minnesota cases, in Charlotte, North Carolina.  Leach Ex. B.  Jacobsen has manufacturing facilities in Charlotte, North Carolina; Augusta, Georgia and Johnson Creek, Wisconsin.  It has none in Delaware.  *Id.*  Its witnesses and documents regarding engineering, sales, marketing, manufacturing, customer service, and distribution are likely located in Charlotte, North Carolina; Augusta, Georgia; and Johnson Creek, Wisconsin.  *Id.*

### D.     Four Important Third-Party Fact Witness Are Subject To Minnesota's Subpoena power, But Not That Of Delaware

#### 1.     Third-party fact witness Dan Treu has information regarding the design, development, and testing of the accused products

In addition to the fact that Toro's witnesses and evidence are located in Minnesota, there are important third-party fact witnesses located within Minnesota's subpoena power.  Dan Treu is an ex-Toro employee who worked on design and testing of the accused products from 1999 until 2005.  Treu Decl. at ¶¶ 1, 3.  Mr. Treu lives at W. 1230 County Road E., Alma Wisconsin, 54610, about 109 miles from the St. Paul Federal Courthouse.  Treu Decl. at ¶ 2; Leach Ex. E.  Mr. Treu also regularly conducts business in Minnesota in person. Treu Decl. at ¶ 6.  It would be very inconvenient for Mr. Treu to attend trial in Delaware.  Mr. Treu would be readily available if trial is conducted in Minnesota.  *Id.* at ¶¶ 8-9.

    **2.**    **Third-party fact witness James Swindal has information regarding the research, development, and engineering of the accused products**

Another key third-party witness is James R. Swindal.  Mr. Swindal is a former Toro employee who worked at Toro from 1971 until May 1, 2000.  Swindal Decl. at ¶ 1.  Mr. Swindal lives at 117 E. 135 St. Burnsville, Minnesota 55337, which is approximately a 15-minute drive from either the Minneapolis or St. Paul, Minnesota Federal Courthouse.  *Id.* at ¶ 2.  He is 63 years of age. *Id.* at ¶ 1.  Mr. Swindal was the Managing Director of Technical Operations of the Commercial Division for Toro from 1988 to May 1, 2000.  *Id.* at ¶ 3.  He was responsible for research, development, and ongoing engineering support for new and existing commercial turf-maintenance products, specifically including the products at issue in this case.  *Id.*  Mr. Swindal has extensive factual knowledge related to the modeling, research, development, engineering and testing of the products at issue here.  *Id.*  Specifically, he has extensive factual knowledge regarding the research, development, and testing of the cutting unit design of the products at issue and the evolution of the products from inception to production.  *Id.*  It would be very inconvenient for Mr. Swindal to travel to Delaware to testify in this case.  He has stated that he would decline to travel to Delaware unless the Court could compel his attendance.  *Id.* at ¶¶ 6-7.  Testifying in Minnesota would be far less of a burden and inconvenience for him.  *Id.* at ¶ 7.

3.    **Third-party fact witness Dwaine Berger will testify regarding the design, development, and construction of the accused products**

Dwaine G. Berger has important factual information regarding the design, development, and construction of the accused products.  Berger Decl. at ¶¶ 3-4.  Mr. Berger is a former Toro employee, who worked at the company for almost 40 years.  *Id.* at ¶ 1.  He worked in the Product Development Lab as a shop mechanic.  *Id.* at ¶ 3.  As a shop mechanic, Mr. Berger worked with the engineers to build prototypes and modify products, including the products at issue in this case.  *Id.* at ¶ 3.  His extensive factual knowledge includes the design and development of the GroundsMaster tractor and cutting units and the various changes made to the product in its development.  *Id.* at ¶ 4. It would be very difficult and inconvenient for Mr. Berger to travel to Delaware to testify in this case because he is caring for his 90-year-old ill mother.  *Id.* at ¶ 6.  Because of his mother's condition, Mr. Berger declines to travel to Delaware to testify.  *Id.*  Testifying in Minnesota would be much less of a personal burden for him.  *Id.*

4.    **Third-party fact witness Glen Lentner has information regarding the accused products, the state of the technology, and prior art**

In addition to Mr. Treu, James R. Swindal, and Dwaine Berger, Glen Lentner, the superintendent of Inver Wood Golf Course ("Inver Wood"), is a probable third-party fact witness.  Mr. Lentner has worked in the turf-maintenance industry for over 38 years. Lentner Decl. at ¶ 3.  He is intimately familiar with the products at issue in this case, the state of the technology, prior art, and other related factual matters.  *Id.* at ¶¶ 5-8.  Mr. Lentner was personally present when Toro tested the prototype that became the GroundsMaster products and can testify about the prototype and tests conducted.  *Id.* at ¶

8. Mr. Lentner states that it would be very inconvenient for him to travel to Delaware to testify. *Id.* at ¶ 10. He will not testify in Delaware unless the court could compel his attendance. *Id.* It would be much more convenient for him to testify in Minnesota, as he lives a short distance from the Minnesota courthouse.

> **E.    Two Critical Witnesses, The Inventors Of Textron's Patents, Live In Wisconsin.**

Richard K. Bednar and Randal S. Knurr are former Textron employees and named inventors on the patents at issue. Mr. Bednar lives at 6804 N. Shorewood Hills Rd., Lake Mills, Wisconsin 53551, which is about a 4 1/2 hour drive to the St. Paul, Minnesota Federal Courthouse. Mieseler Decl. at ¶ 4; Leach Ex. G. Mr. Knurr's current address is 403 N. Water St., Waterford, Wisconsin 53185, which is about a 5 1/2 hour drive to the St. Paul, Minnesota Federal Courthouse. Mieseler Decl. at ¶ 5; Leach Ex. H.

## IV.    <u>ARGUMENT</u>

In its discretion, this Court may transfer this action to any other district where it might have been brought, for the convenience of the parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). Section 1404 (a)'s purpose is "to prevent 'waste of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Toro recognizes that it has to demonstrate that the balance of convenience of the parties and witnesses solidly favors transfer. *Original Creatine Patent Co. v. Kaizen, Inc.*, C. A. No. 02-471, 2003 U.S. Dist. LEXIS 988, at *4 (D. Del. Jan 22, 2003) (attached as Leach Ex. N.). Toro can readily demonstrate that transfer should be granted.

The district court has broad discretion to decide to transfer a case for convenience. *Id.* In the present case, Toro submits that the Court should transfer to Minnesota because

(i) venue is proper in the District of Minnesota and (ii) the litigation would more conveniently proceed and the interest of justice would be served by transferring this case to the District of Minnesota. *See APV N. Am.*, 295 F. Supp. 2d at 398-400; *Mentor Graphics Corp.*, 77 F. Supp. 2d at 505-14.

      **A.      Venue Is Proper In The District Of Minnesota**

It is well established that this case may only be transferred to a district where the action could have been brought. *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 196 (D. Del. 1998); Fed. R. Civ. P. 1404(a). Any civil action for patent infringement may be brought in the judicial district where the defendant resides. 28 U.S.C. § 1400. Since Toro is a corporation with its headquarters and principal place of business in the District of Minnesota, it is indisputable that venue is proper in the District of Minnesota. *See* 28 U.S.C. 1391(c).

      **B.      Transfer To The District Of Minnesota Serves Both The Convenience Of The Parties And Witnesses As Well As The Interests Of Justice**

The District of Minnesota is the most convenient venue for both the parties and witnesses. Deciding this case in Minnesota will serve the interests of justice by conserving resources. In deciding whether to transfer, courts examine "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice [would] be better served by a transfer to a different forum." *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3rd. Cir. 1995). In *Jumara*, the Third Circuit Court of Appeals identified a helpful list of factors to guide the courts in deciding the transfer issue. The factors fall into two categories:

      (1) those relating to the private convenience of the litigants and witnesses, and

(2) those affecting the public interest in the fair and efficient administration of justice. *Jumara*, 55 F.3d at 879-80.

The Court applies these factors to determine, "on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Id.* at 879. The relevant private interests to consider include:

(1) the convenience of the parties;[4]

(2) the convenience of the witnesses; and

(3) the location of books and records. *Id.* at 879-880.

The relevant public interests include:

(1) practical considerations that make trial easy, expeditious, or inexpensive;

(2) the relative administrative difficulty in the two forums resulting from court congestion; and

(3) the local interest in deciding local controversies at home. *Id.*

All of these factors favor a transfer of venue to the District of Minnesota.

### 1.    The Private Interests Weigh Heavily In Favor of Transfer To The District Of Minnesota

The private factors of convenience of the parties, convenience of the witnesses, and the location of the books and records weigh heavily in favor of transferring this case to the District of Minnesota.

---

[4] Additionally, *Jumara* identified the following private factors: the plaintiff's original forum selection, the defendant's preference, and whether the claim arose elsewhere. *Jumara*, 55 F.3d at 879. These factors are not separately considered in the transfer analysis because they duplicate the first two factors of the federal venue statute. *See Affymetrix*, 28 F. Supp. 2d at 197.

a.    **The District of Minnesota is the most convenient forum to resolve this dispute.  Delaware is an inconvenient forum for both parties.**

Despite being incorporated in Delaware, neither Toro nor Textron has significant practical connection to Delaware.  "Where an alternative forum is more convenient and has more substantial connections with the litigation 'incorporation in Delaware will not prevent transfer.'"  *APV N. Am., Inc.*, 295 F. Supp. 2d. at 398-99;  *see also Brunswick Corp.*, 2000 U.S. Dist. LEXIS 22222, at *6-*9 (attached as Leach Ex. I).

Textron's choice of forum has essentially no connection to the invention, the witnesses, the evidence, nor where the accused products were designed and developed.  Because Textron did not choose such a location, it is relatively simple for Toro to show that the balance of convenience weighs strongly in favor of transfer.  *APV N. Am., Inc.*, 295 F. Supp. 2d at 399 (*citing Brunswick*, 2000 U.S. Dist. LEXIS 22222, at *7.)  (finding that "plaintiff's preference for Delaware is not given as much deference because most of the events at issue, that is, the design and manufacture of the [accused products] occurred outside of Delaware.");  *Affymetrix, Inc.*, 28 F. Supp. 2d at 199 (explaining the "home turf rule" suggests that it is easier for a defendant to show that the balance of the convenience weighs strongly in favor of a transfer when the plaintiff chooses a forum with no connection to it or the subject matter of the suit).

In this case, Minnesota is clearly the most convenient forum in which to litigate.  The primary location of the events giving rise to the suit occurred in Minnesota — the location were the accused products are designed, developed and sold.  In *Brunswick Corp.*, the court found that this factor supported transferring the case to defendant's headquarters, primarily because the accused product was designed, developed, and

manufactured there.  2000 U.S. Dist. LEXIS 22222, at *7 (Leach Ex. I); *See also APV N. Am.*, 295 F. Supp. 2d at 399 (transferring the case to Texas primarily because the accused products are manufactured in Texas and because many of the documents and witnesses are available there.).  Like the present case, both the plaintiff and defendant were incorporated in Delaware, however, the plaintiff was headquartered in Illinois and the defendant was headquartered in the Western District of Washington.  *Brunswick*, 2000 U.S. Dist. LEXIS 22222, at *6 (Leach Ex. I).  The court recognized that the private factors weighed in favor of transferring the case to the venue where the accused products were designed and developed.  *Id.* at *7.  The facts in this case closely parallel those of *Brunswick*.  Like *Brunswick*, the facts weigh in favor of transferring the case to the place where the accused products were designed and developed.  That is Minnesota.

The design, development, marketing and sales of Toro's accused products are at the heart of this dispute.  This activity occurred at Toro's headquarters in Minnesota.  The key documents and physical evidence are located in Minnesota. Klis Decl.¶ 6.  Should the case stay in Delaware, Toro will have to attempt to transport all of this evidence to Delaware, as well as to transport the accused tractors[5] to, and store them in, Delaware.[6] *See Mentor Graphics Corp.*, 77 F. Supp. 2d 505, 510, n7 (transferring a case to the defendant's home state, in part because the equipment at issue was large, complicated and inconvenient and costly to transport and operate in courtroom demonstrations away from Defendant's home state).

---

[5] These tractors are approximately 2,100 lbs each.  Leach Ex. J.
[6] For Textron's convenience, Toro is willing to provide Textron's products in the District of Minnesota.

Furthermore, a demonstration of the accused products will likely be important to understanding this case. There is a golf course less than 15 minutes from the St. Paul, Minnesota Federal Courthouse that has agreed to let Toro and Textron demonstrate their products. Lentner Decl. ¶ 11.

Finally, transferring the case to Minnesota reduces the overall inconvenience, rather than merely shifting inconvenience from Toro to Textron. Given the parties respective headquarters, trial cannot be equally convenient for each party. Textron chose a venue that is inconvenient to both parties. The goal courts aim at is not to select a forum that is equally convenient for both parties. It is to reduce the *overall* inconvenience of the case. *See APV N. Am.*, 295 F. Supp. 2d at 399 (emphasis added). Textron chose a forum that has no apparent factual, evidentiary, or key witness relationship to the dispute. Whether the case remains in Delaware or is transferred to Minnesota will have little if any effect on Textron's convenience. Regardless of venue, Textron will have to incur travel expenses and retain local counsel.

By transferring this case to Minnesota, Toro will avoid local counsel expense and significant travel expenses. For these reasons, transferring the case to Minnesota will reduce the overall amount of inconvenience. On the other hand, if this case proceeds in Delaware, Toro, Textron, and their counsel would be required to travel from their respective locations to Delaware, and would also have to transport documents, witnesses, and tractors to Delaware, as well as engage local counsel throughout the litigation. *See APV N. Am., Inc.*, 295 F. Supp. 2d at 399 (holding that reducing the inconvenience on one party tips the scales in favor of transfer).

    **b. The presence of important third-party fact witnesses in and near Minnesota weighs heavily in favor of transferring the case to Minnesota**

   The convenience of third-party fact witnesses who possess first-hand knowledge of the events giving rise to the lawsuit weighs heavily in the "balance of convenience" analysis. *Affymetrix, Inc.*, 28 F. Supp. 2d at 203; *Mentor Graphics Corp.*, 77 F. Supp. 2d at 510-11. This case should be transferred to Minnesota because important third-party fact witnesses reside in and are subject to Minnesota's subpoena power, but not within the reach of Delaware.

    **1. Third-party fact witness Dan Treu is subject to Minnesota's subpoena power**

   Mr. Dan Treu, a former Toro employee, has first-hand knowledge relating to the design and testing of the products at issue. Treu Decl. at ¶¶ 3-4. Mr. Treu has knowledge relating to the location and types of tests performed, the design, performance and capabilities of the tractors and cutting units, and the evolution of the cutting units from reel to rotary cutting units. *Id.* Currently, Mr. Treu is helping his brother run his livestock farm, because his brother was recently diagnosed with cancer and will be undergoing radiation therapy. *Id.* at ¶ 8-9. Given Mr. Treu's obligations, it would be very inconvenient, if not impossible, for him to go to Delaware for trial, whereas, Minnesota would be much more convenient. *Id.* Moreover, if needed, Mr. Treu could be compelled to attend trial in Minnesota. He is not subject to Delaware's subpoena power. See Fed. R. Civ. P. 45(c)(3)(A)(iii); Treu Decl. at ¶ 6.

### 2. Third-party fact witness James Swindal is located in Minnesota and subject to Minnesota's subpoena power

Another third-party witness, Mr. James Swindal, is also subject to Minnesota's subpoena power, but not that of Delaware. Mr. Swindal resides a short distance from the Minneapolis and St. Paul Federal Courthouses. Swindal Decl. at ¶ 2. Mr. Swindal has important factual information regarding the research, development, and ongoing engineering support for the products at issue. *Id.* at ¶¶ 3-4. He was the Managing Director of Technical Operations of the Commercial Division for Toro at the critical time the products at issue were designed, developed and tested. *Id.* It would be burdensome and inconvenient for Mr. Swindal to go to Delaware for trial. Even if asked by Toro, he would likely refuse to attend trial in Delaware. *Id.* at ¶ 6. However, he would likely testify in Minnesota. *Id.* at ¶ 7.

### 3. Third-party fact witness Dwaine Berger is located in Minnesota and subject to Minnesota's subpoena power

Another third-party witness, Dwaine Berger, is also subject to Minnesota's subpoena power and not that of Delaware. Fed. R. Civ. P. 45(c)(3)(A)(iii); Berger Decl. at ¶ 2. Mr. Berger lives in Carlos, Minnesota. Berger Decl. at ¶ 2. He is a 66 year old former Toro employee. *Id.* at ¶ 1. He worked as a shop mechanic in Toro's Product Development Lab for about 30 years. Id. at ¶ 3-4. As the shop mechanic, he has intimate knowledge regarding design, construction, and modification of the products at issue. *Id.* Specifically, he worked with the product designers and engineers to build the prototypes and products that became the products at issue. *Id.* Given that Mr. Berger's 90-year-old mother is ill, he is not willing to travel to Delaware to testify. *Id.* at ¶ 6.

####     4.    Third-party fact witness Glen Lentner is located in Minnesota and subject to Minnesota's subpoena power

Third-party witness Glen Lentner, the superintendent of Inverwood Golf Course, also has factual information relating to the issues in this case. Lentner Decl. at ¶ 5. Mr. Lentner has important knowledge regarding the testing of the prototype that lead to the products at issue. *Id.* at ¶ 8. Specifically, he has information relating to the structure of that prototype and the tests conducted. *Id.* Moreover, he has extensive knowledge relating to turf-care equipment, including the types of products at issue in this case, general historical knowledge relating to the products at issue and their use, and prior art. *Id.* at ¶¶ 5-8. Mr. Lentner is not willing to travel to Delaware to testify at trial. *Id.* at ¶ 10. Toro believes this Court would not be able to compel his attendance. However, if this case is transferred to Minnesota, Minnesota's subpoena power could be used to secure his testimony.

The fact that the witnesses mentioned above are located in or near Minnesota weighs strongly in favor of transferring this case to Minnesota. *Affymetrix, Inc.*, 28 F. Supp. 2d at 203 ("Fact witnesses who possess first-hand knowledge of the events giving rise to the lawsuit, however, have traditionally weighed quite heavily in the 'balance of convenience' analysis."). Even more importantly, the fact that these third-party witnesses are subject to Minnesota's subpoena power decidedly favors transfer. *Id.* at 204 (finding that whether a third-party fact witness is subject to a court's subpoena power weighs heavily in the transfer analysis); *Mentor Graphics, Corp.*, 77 F. Supp. 2d at 511 (finding that third-party witnesses that are subject to the subpoena power of a court strongly favors transfer to that court).

**5.  Third-party fact witnesses Mr. Bednar and Mr. Knurr are located near Minnesota**

Finally, the inventors of Textron's patents, Mr. Bednar and Mr. Knurr, are ex-Textron employees who now live in Wisconsin.  Miesler Decl. at ¶¶ 4-5.  Both are about 4-5 hours drive from the Saint Paul, Minnesota courthouse.  Leach Exs. G and H.  If these two inventors are willing to testify, they will find it much more convenient to testify in Minnesota rather than traveling to Delaware.

**c.  No collection of books, records or documents relevant to the case is located in Delaware.  On the other hand most of Toro's documents are located in Minnesota**

Because nearly all of Toro's documents relating to the design, development, sales, and marketing of the accused products are located in Minnesota, this factor weighs in favor of transfer.  Klis Decl. ¶ 6; *APV N. Am., Inc.*, 295 F. Supp. 2d. at 399.   Because neither Textron nor Toro has design, development, or manufacturing facilities in Delaware, it is unlikely that either has significant documents or evidence in Delaware.  This factor also weighs heavily in favor of transferring the case to Minnesota.  *Id.*

**2.  The Public Interests At Issue Weigh Heavily In Favor Of Transferring The Case To Minnesota**

The relevant public interests include: (1) practical considerations that make trial easy, expeditious, or inexpensive; (2) the relative administrative difficulty in the two fora resulting from court congestion; and (3) the local interest in deciding local controversies at home.  *Jumara*, 55 F.3d at 879-880.  These factors also weigh heavily in favor of transferring the case to Minnesota.

### a.     The practical considerations concerning trial strongly favor transferring the case to Minnesota

Transferring the case to Minnesota will consume less judicial resources, expedite trial, and make the case less expensive for the parties.  Toro has sued Textron in the District of Minnesota for infringing two of its patents related to similar turf-care tractors.  Leach Ex. C.  "Where related lawsuits exist, 'it is in the interest of justice to permit suits involving the same parties and issues to proceed before one court.'"  *Brunswick Corp.*, 2000 U.S. Dist. LEXIS 22222, at *8 (Leach Ex. I).  Toro's suit against Textron is just starting.  Judicial resources will be best used if these two related cases proceed together.  The court will spend less time learning the technology and patents if the cases are consolidated.  It may also be easier for the court to encourage settlement if the two cases are consolidated.  Finally, many of the same witnesses, documents, evidence, and experts will be involved in both cases.  For these important reasons, resources will be conserved by transfer.  Moreover, having the two actions in the same court will conserve judicial resources and expedite the case by minimizing multiple discovery disputes, hearings, briefing, and trial time.

### b.     The District of Minnesota has a shorter time to trial than Delaware

Another public factor is the relative congestion of the court's dockets.  *See Affymetrix*, 28 F. Supp. 2d at 206.  The District of Minnesota has a shorter time to trial than does Delaware.  *Compare* Leach Exs. K and L.  Therefore justices would be more expeditiously served in Minnesota.  Thus this factor also weighs in favor of transferring the case to Minnesota.

> **c.    This case should be transferred because the District of Minnesota has an interest in the outcome of this case and public policy discourages Textron's forum shopping**

Unlike Delaware, the District of Minnesota has an interest in resolving this dispute because Toro's headquarters are located in Minnesota.  Toro employs many people who design, develop, market and sell the products at issue in this suit.  As such, Minnesota has an interest in resolving disputes affecting its residents.

In addition, courts generally disfavor of forum shopping.  Given the minimal contact this action has with Delaware, an inference that Textron has engaged in forum shopping is warranted.  Forum shopping increases the unpredictability of the law and its application, thereby eroding public confidence in the legal system.  *See At Home Corp. v. Cox Communs, Inc.*, C. A. No. 02-1486, 2003 U.S. Dist. LEXIS 18320, at *6 (D. Del. Oct. 8, 2003)  ("[W]hen a court finds or it appears based on the circumstances that a party is making an effort at forum shopping, transfer is warranted.") (attached as Leach Ex. M.).

## V.     __CONCLUSION__

This case should be transferred to the District of Minnesota.  Neither the principal witnesses, evidence nor facts giving rise to this dispute have a significant connection to Delaware.  Transferring the case to Minnesota will increase overall convenience to the parties and reduce the costs.  Toro respectfully requests that this Court transfer the above-captioned case to the District of Minnesota.


POTTER ANDERSON & CORROON LLP


OF COUNSEL:                              By:   _/s/ David E. Moore_____
                                                   Richard L. Horwitz
Earl D. Reiland                                    David E. Moore
Thomas R. Johnson                          Hercules Plaza, 6th Floor
Thomas J. Leach                            1313 N. Market Street
MERCHANT & GOULD P.C.           Wilmington, Delaware 19899-0951
3200 IDS Center                            (302) 984-6000
80 South 8th Street                         rhorwitz@potteranderson.com
Minneapolis, MN 55402                 dmoore@potteranderson.com
(612) 332-5300
                                                   *Attorneys for Defendant*
Dated:  August 16, 2005                 *The Toro Company*

695061

19

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**<u>CERTIFICATE OF SERVICE</u>**

I, David E. Moore, hereby certify that on August 16, 2005, the attached document

was hand delivered to the following persons and was electronically filed with the Clerk of

the Court using CM/ECF which will send notification of such filing(s) to the following

and the document is available for viewing and downloading from CM/ECF:

Edmond D. Johnson
Peter B. Ladig
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

I hereby certify that on August 16, 2005, I have Federal Expressed the documents

to the following non-registered participants:

Scott L. Robertson
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.
Washington, DC  20006-1109

By:   _/s/ David E. Moore_
     Richard L. Horwitz
     David E. Moore
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, Delaware 19899-0951
     (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

695031