# EXHIBIT C

Case 1:05-cv-00486-GMS   Document 12-6   Filed 08/16/2005   Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEXTRON INNOVATIONS INC., | ) |
| | ) |
| | ) CIVIL ACTION NO. _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE TORO COMPANY, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Textron Innovations Inc. ("Textron" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendant The Toro Company ("Toro" or "Defendant") as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.* to enjoin and obtain damages resulting from Defendant's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products that infringe one or more claims of United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312 (attached hereto as Exhibits A, B and C, respectively). Plaintiff seeks injunctive relief to prevent Defendant from continuing to infringe Plaintiff's patents. In addition, Plaintiff seeks a recovery of monetary damages resulting from Defendant's past infringement of these patents.

593689v1

2. This action for patent infringement involves Defendant's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing lawn mower products.

## THE PARTIES

3. Plaintiff Textron Innovations Inc. is a corporation organized and existing under the laws of the State of Delaware and has its principal office at 40 Westminster Street, Providence, RI 02903.

4. On information and belief, Defendant The Toro Company is a corporation organized and existing under the laws of the State of Delaware having its principal office at 8111 Lyndale Avenue South, Bloomington, MN 55420.

## JURISDICTION AND VENUE

5. This is an action for patent infringement that arises under the patent laws of the United States, Title 35 U.S.C. §1 et seq. and seeks damages and injunctive relief as provided in 35 U.S.C. §§281 and 283-285. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

6. Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c) and 1400(b). Defendant has in the past purposefully availed itself of the jurisdiction of this Court.

7. This Court has personal jurisdiction over Defendant because Defendant has done and is doing substantial business in this judicial District, both generally and with respect to the allegations in this Complaint, and Defendant has committed one or more acts of infringement in this District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,047,530

8. Plaintiff incorporates paragraphs 1 through 7 as if fully set forth herein.

9. On April 11, 2000, United States Patent No. 6,047,530 (the "'530 Patent'"), entitled "Gang-Type Rotary Lawn Mower" (Exhibit A), duly and legally issued. Plaintiff owns all rights, title, and interest in and to the '530 Patent and has the right to sue for past infringement.

10. Defendant has manufactured, used, imported, offered for sale, or sold lawn mowers that infringe, either literally or under the doctrine of equivalents, at least one claim of the '530 Patent, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. §271. Plaintiff has complied with the requirements of 35 U.S.C. §287. Defendant's infringement will continue unless enjoined by this Court.

11. Defendant's infringement has damaged and continues to damage and injure Plaintiff. The injury to Plaintiff is irreparable and will continue unless and until Defendant is enjoined from further infringement.

12. Defendant is engaging in willful and deliberate infringement of the '530 Patent which justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. §285.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,336,311

13. Plaintiff incorporates paragraphs 1 through 12 as if fully set forth herein.

14. On January 8, 2002, United States Patent No. 6,336,311 (the "'311 Patent'"), entitled "Gang-Type Rotary Lawn Mower With Rear Roller" (Exhibit B), duly and legally issued. Plaintiff owns all rights, title, and interest in and to the '311 Patent and has the right to sue for past infringement.

15. Defendant has manufactured, used, imported, offered for sale, or sold lawn mowers that infringe, either literally or under the doctrine of equivalents, at least one claim of the '311 Patent, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. §271. Plaintiff has complied with the requirements of 35 U.S.C. §287. Defendant's infringement will continue unless enjoined by this Court.

16. Defendant's infringement has damaged and continues to damage and injure Plaintiff. The injury to Plaintiff is irreparable and will continue unless and until Defendant is enjoined from further infringement.

17. Defendant is engaging in willful and deliberate infringement of the '311 Patent which justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. §285.

### COUNT III
### INFRINGEMENT OF U.S. PATENT NO. 6,336,312

18. Plaintiff incorporates paragraphs 1 through 17 as if fully set forth herein.

19. On January 8, 2002, United States Patent No. 6,336,312 (the "'312 Patent'"), entitled "Gang-Type Rotary Lawn Mower With Multiple Rear Rollers" (Exhibit C), duly and legally issued. Plaintiff owns all rights, title, and interest in and to the '312 Patent and has the right to sue for past infringement.

20. Defendant has manufactured, used, imported, offered for sale, or sold lawn mowers that infringe, either literally or under the doctrine of equivalents, at least one claim of the '312 Patent, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. §271. Plaintiff has complied with the requirements of 35 U.S.C. §287. Defendant's infringement will continue unless enjoined by this Court.

21. Defendant's infringement has damaged and continues to damage and injure Plaintiff. The injury to Plaintiff is irreparable and will continue unless and until Defendant is enjoined from further infringement.

22. Defendant is engaging in willful and deliberate infringement of the '312 Patent which justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. §285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

A. That the Court adjudge and decree that the United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312 are valid and enforceable against Defendant;

B. That the Court adjudge and decree that United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312 are infringed by Defendant;

C. That the Court adjudge and decree that Defendant's infringement of United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312 is willful;

D. That the Court preliminarily and permanently enjoin Defendant, and its parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in

593689v1

concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering for sale, importing or distributing any infringing lawn mowers and from infringing, contributing to the infringement of, and inducing infringement of United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312, and for all further and proper injunctive relief;

E. That the Court order an accounting to determine the damages to be awarded to Plaintiff as a result of Defendant's infringement;

F. That the Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

G. That the Court assess pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

H. That the Court award Plaintiff treble damages pursuant to 35 U.S.C. §284;

I. That the Court declare this case to be exceptional and direct Defendant to pay Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285 or other applicable law; and

J. That the Court grant to Plaintiff such other, further, and different relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

THE BAYARD FIRM

Dated: July 12, 2005

*[signature]*

Edmond D. Johnson (No. 2257)
Peter B. Ladig (No. 3513)
222 Delaware Ave.
Suite 900
Wilmington, DE 19801
ejohnson@bayardfirm.com
pladig@bayardfirm.com
(302) 655-5000
*Attorneys for Plaintiff*
*Textron Innovations Inc.*

OF COUNSEL:

Scott L. Robertson
Christopher C. Campbell
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006-1109
Telephone: (202) 955-1500