IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) ) ) | C. A. No. 05-486 (GMS) |
| Plaintiff, | ) | |
| v. | ) | (Jury Trial Demanded) |
| | ) | |
| THE TORO COMPANY, | ) ) | |
| Defendant. | ) ) ) | |

## ANSWER

Defendant, The Toro Company, (herein "Toro") by its attorneys hereby answers Textron Innovations Inc.'s (herein "Textron") Complaint as follows:

### NATURE OF THE ACTION

1.    Toro admits that this is an action for patent infringement arising under the patent laws of the United States, but Toro denies any allegations of infringement. Toro further admits Textron is seeking injunctive relief and the recovery of monetary damages. Toro otherwise denies the allegations in Paragraph 1 of Textron's Complaint.

2.    Toro denies the allegations of Paragraph 2 of Textron's Complaint.

### THE PARTIES

3.    Toro admits the allegations of Paragraph 3 of Textron's Complaint.

4.    Toro admits the allegations of Paragraph 4 of Textron's Complaint.

### JURISDICTION AND VENUE

5.    In response to the allegations in Paragraph 5 of Textron's Complaint, Toro admits that Textron is pleading a case for patent infringement and that this court has subject matter jurisdiction, but denies all other allegations of paragraph 5.

6.    Toro admits that the venue requirements of 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) are present, however, Toro challenges venue in this district as improper under 28 U.S.C. § 1404(a). Toro is without information as to what Textron means when it states: "[Toro] has in the past purposefully availed itself of the jurisdiction of this Court" and therefore denies the remaining allegations of Paragraph 6 of Textron's Complaint.

7.    Toro admits that it has done some business in this judicial district. Toro is without information as to the allegation that it ". . . is doing substantial business in this judicial District . . . with respect to the allegations in [Textron's] Complaint," as Textron has not identified any of the accused Toro products. Therefore, Toro denies the remaining allegations of Paragraph 7 of Textron's Complaint.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 6,047,530**

8.    Toro incorporates its responses to Paragraphs 1 through 7 as if fully set forth herein.

9.    Toro admits that on April 11, 2000, the United States Patent and Trademark Office granted U.S. Patent No. 6,047,530. Toro is without information as to the remaining allegations in Paragraph 9 of Textron's Complaint and therefore denies the same.

10.    Toro denies the allegations in Paragraph 10 of Textron's Complaint.

11.    Toro denies the allegations in Paragraph 11 of Textron's Complaint.

12.    Toro denies the allegations in Paragraph 12 of Textron's Complaint.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 6,336,311**

13.    Toro incorporates its responses to Paragraphs 1 through 12 as if fully set forth herein.

2

14.     Toro admits that on January 8, 2002, the United States Patent and Trademark Office granted U.S. Patent No. 6,336,311. Toro is without information as to the remaining allegations in Paragraph 14 of Textron's Complaint and therefore denies the same.

15.     Toro denies the allegations in Paragraph 15 of Textron's Complaint.

16.     Toro denies the allegations in Paragraph 16 of Textron's Complaint.

17.     Toro denies the allegations in Paragraph 17 of Textron's Complaint.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,336,312

18.     Toro incorporates its responses to Paragraphs 1 through 17 as if fully set forth herein.

19.     Toro admits that on January 8, 2002, the United States Patent and Trademark Office granted U.S. Patent No. 6,336,312. Toro is without information as to the remaining allegations in Paragraph 19 of Textron's Complaint and therefore denies the same.

20.     Toro denies the allegations in Paragraph 20 of Textron's Complaint.

21.     Toro denies the allegations in Paragraph 21 of Textron's Complaint.

22.     Toro denies the allegations in Paragraph 22 of Textron's Complaint.

## DEFENSES

By and for its defenses, Toro states:

1.     Toro has not infringed, contributorily infringed, and/or induced infringement of U.S. Patent No. 6,047,530.

2.     Toro has not infringed, contributorily infringed, and/or induced infringement of U.S. Patent No. 6,336,311.

3.     Toro has not infringed, contributorily infringed, and/or induced infringement of U.S. Patent No. 6,336,312.

4.    Upon information and belief, and as will likely be supported by the evidence after a reasonable opportunity for further investigation and discovery, U.S. Patent No. 6,047,530 entitled "Gang-Type Rotary Lawn Mower" is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

5.    Upon information and belief, and as will likely be supported by the evidence after a reasonable opportunity for further investigation and discovery, U.S. Patent No. 6,336,311 entitled "Gang-Type Rotary Lawn Mower With Rear Roller" is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

6.    Upon information and belief, and as will likely be supported by the evidence after a reasonable opportunity for further investigation and discovery, U.S. Patent No. 6,336,312 entitled "Gang-Type Rotary Lawn Mower With Multiple Rear Rollers" is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

7.    Upon information and belief, and as will likely be supported by evidence after reasonable opportunity for further investigation and discovery, Textron's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## PRAYER FOR RELIEF

WHEREFORE, Toro prays that:

A.    Plaintiff's Complaint be dismissed with prejudice and that judgment be entered for Toro;

4

B.   U.S. Patent Nos. 6,047,530, 6,336,311, and 6,336,312 be adjudged and decreed to be invalid and unenforceable;

C.   Toro be adjudged and decreed not to have infringed, contributorily infringed, or induced others to infringe the claims of U.S. Patent Nos. 6,047,530, 6,336,311, and 6,336,312;

D.   This case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and that Toro be awarded its costs and attorneys fees in defending this action; and

E.   Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Toro hereby demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38

POTTER ANDERSON & CORROON LLP


By:   /s/ Richard L. Horwitz
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
OF COUNSEL:                          POTTER ANDERSON & CORROON LLP
                                     Hercules Plaza
Earl D. Reiland                      1313 N. Market Street
Thomas R. Johnson                    P.O. Box 951
Thomas J. Leach                      Wilmington, DE 19801
 MERCHANT & GOULD P.C.               (302) 984-6027
3200 IDS Center                      rhorwitz@potteranderson.com
80 South 8th Street                  dmoore@potteranderson.com
Minneapolis, MN 55402
(612) 332-5300
                                     *ATTORNEYS FOR DEFENDANT*
Dated: August 29, 2005               *THE TORO COMPANY*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Answer of The Toro

Company was served on counsel for Plaintiff, Textron Innovations, Inc., United States First

Class Mail, postage prepaid, addressed as follows:

Scott L. Robertson
Hunton & Williams LLP
1900 K Street N.W.
Washington, D.C. 20006

Edmond D. Johnson
The Bayard Firm
222 Delaware Ave., Suite 900
Wilmington, DE 19801

Dated August 29, 2005                    By:     /s/ Thomas J. Leach
                                                 Thomas J. Leach

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on August 30, 2005, the attached

document was hand delivered to the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

Edmond D. Johnson
Peter B. Ladig
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

I hereby certify that on August 30, 2005, I have Federal Expressed the documents

to the following non-registered participants:

Scott L. Robertson
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.
Washington, DC 20006-1109

By: /s/ Richard L. Horwitz
      Richard L. Horwitz
      David E. Moore
      Potter Anderson & Corroon LLP
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, Delaware 19899-0951
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

695031