# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**TEXTRON INNOVATIONS INC.,**

       **Plaintiff,**

                         **Civil Action No. 05-486 (GMS)**

**v.**

**THE TORO COMPANY,**

       **Defendant.**

## DECLARATION OF JAMES BERKELEY

I, James Berkeley, declare and state as follows:

1.           My name is James Berkeley. I am Director of Product Safety and Chief Engineer for Jacobsen, a Textron Company, of 11524 Wilmar Boulevard, Charlotte, NC 28273. I am over eighteen years old, and the facts stated herein are based on my own personal knowledge, and if called at trial, I could and would testify competently as to those facts.

2.           I understand that Textron Innovations Inc. has filed a patent infringement lawsuit (the "lawsuit") against The Toro Company ("Toro") in the United States District Court for the District of Delaware in Wilmington, DE. I further understand that Toro has moved to transfer the lawsuit to federal court in Minnesota.

3.           On or about August 1, 2003, Tim Ford of Toro sent a letter to me enclosing several attachments (collectively, the "first Toro Letter"). A true and correct copy of the first Toro Letter is enclosed herewith as Exhibit A. Among the attachments to the first Toro Letter are purported prior art that Toro, at that time, contended invalidates the Textron Innovations Inc. patents now at issue in the lawsuit. Toro's alleged prior art included, among other things, unsworn, unexecuted affidavits from employees and former employees of Lesco. I have looked up Lesco on the Internet and found its website at www.lesco.com. According to

Lesco's website, their world headquarters are in Cleveland, OH, with distribution facilities in Anaheim, CA, Lawrenceville, GA, North Aurora, IL, Hatfield, MA, Martins Ferry, OH, Plano, TX, Sebring, FL, Stockton, CA, and Westfield, MA, and manufacturing facilities in Hatfield, MA, Martins Ferry, OH, Sebring, FL and Silverton, OR.

4.      Furthermore, the first Toro Letter attached a product brochure from Nunes Manufacturing, a turf care equipment company identified on the face of the brochure as being in Patterson, CA. In addition, the first Toro Letter identified a U.S. patent and multiple brochures from various U.K. companies that allegedly invalidate the Textron Innovations Inc. patents at issue in the lawsuit.

5.      The first Toro Letter did not identify any prior art witnesses or other prior art evidence having any contacts whatsoever with Minnesota.

6.      Thereafter, on or about August 7, 2003, R. Lawrence Buckley of Toro sent a letter to me enclosing several attachments (collectively, the "second Toro Letter"). A true and correct copy of the second Toro Letter is enclosed herewith as Exhibit B. Among the attachments to the second Toro Letter are additional purported prior art documents that Toro, at that time, contended invalidates the Textron Innovations Inc. patents now at issue in the lawsuit. The first exhibit to the second Toro Letter (identified as Exhibit 5 in the second Toro letter evidently to continue with the numbering convention adopted for the exhibits where the first Toro Letter concluded) is a copy of another brochure allegedly published by Nunes Manufacturing company of Patterson, CA. The second exhibit to the second Toro Letter is a U.K. patent. The last exhibit to the second Toro Letter is a packet of information that Toro represented as originating from the U.K.

7.      The second Toro Letter did not identify any prior art witnesses or other prior art evidence having any contacts whatsoever with Minnesota.

8.      In the course of my correspondence and communications with Toro, Toro never identified Mr. Glen F. Lentner, much less that Mr. Lentner purportedly saw back in the late 1980s an experimental gang-type rotary mower used on a Minnesota golf course or that Mr. Lentner tested prototype mowers on behalf of Toro.

9.      Signed under the pains and penalties of perjury, this 29th day of August, 2005.

James E Berkeley P.E.

James Berkeley

-3-

# EXHIBIT A

**The Toro Company**

8111 Lyndale Avenue South
Bloomington, MN 55420-1196
952/887-8245

**Timothy A. Ford**
**Group Vice President**

August 1, 2003

Mr. Jim Berkeley
Director of Product Safety
Textron
11524 Wilmar Blvd.
Charlotte NC 28273

**Re: Textron's Rear Roller Patents**

Dear Jim:

Enclosed are the materials you requested, along with a memo from Toro's in-house attorney (Larry Buckley) to me. As you'll see toward the end of Larry's memo, he might have a few more documents for you early next week. I've asked Larry to send any such documents to you directly, as I will be out of the office on vacation starting today and returning August 18th. Thanks again for your patience.

Kind Regards,

Tim Ford

Tim Ford

dli

enc.

To:  Tim Ford
From:  Larry Buckley
Re:  **Textron Rear Roller Patents**
Date:  7/31/03

This is in response to your request for the "prior art" we have that proves out the
invalidity of the Textron Rear Roller Patents.

I previously provided the **Lesco statements**, personally taken by me, but given their
importance I've enclosed them again (labeled **Exhibit 1**). They show that **Lesco had a
5-plex rotary mower, including single-spindled, full-width rear-rollered decks, at the
1990 GCSAA Show.** While it is true that I have had difficulty documenting this mower,
in my opinion a court would be persuaded by the consistency of the Lesco statements,
coupled with the fact that the Lesco representatives are "disinterested" and thus credible
in a legal setting. If this matter were to be litigated, I'm confident we could uncover
documentation of the Lesco mower; right now, however, Lesco is understandably
hesitant to put a lot of effort into locating prints, etc., of the mower.

I've also enclosed a photocopy of a **Nunes product brochure**, labeled **Exhibit 2**. This
brochure shows that a gang of single-spindled mowers is old in the art. Now, it may very
well be that Textron submitted something like this reference to the U.S. Patent Office
during the processing of their patent application(s), but the fact remains that this sort of
mower preceded Textron's development work. Also, importantly, Toro personnel have
told me that such mowers were definitely used to mow golf course rough, years prior to
Textron's filing date, contrary to the assertion of Mr. Bednar, Textron's inventor, in his
"Rule 132" Affidavit (submitted to the Patent Office by Textron's attorney to convince
the Examiner to grant the patent). Finally, I recall hearing that Nunes tried rear rollers on
its single-spindled decks well prior to Textron's filing date, but I can't find anything in
my file to substantiate this claim.

The **Stuchl patent** (U.S. Patent 4,304,086, labeled **Exhibit 3**) shows a ganged rotary
mower with a full-width rear roller supporting each deck. While the illustrated decks are
multi-spindled, those skilled in the art would surely appreciate that single-spindled decks
could also be used, especially in light of the Nunes device described above.

Finally, I've enclosed multiple brochures (**Exhibit 4**) and the like from various U.K.
companies. **Roller mowers** (rotary mowers with full-width rear rollers) have been used
in the U.K. for decades, and we can readily prove that it is common knowledge that such
mowers are useful for striping (they call it "banding") and furthermore that such mowers
are often used to maintain golf courses, including the rough areas.

Jim Miller, the outside patent attorney I've had working on this, has additional references
at his office. I'm meeting with Jim on Monday, August 4, and can supplement the
references cited above if need be.

Let me know if you have any questions or concerns. My extension is x8909.

EXHIBIT 1

To: Tim Ford
From: Larry Buckley
Date: 3/28/03
Re: Textron Patents on Rear Rollers

Tim, attached is some additional information on the LESCO mower that they showed at the 1990 Golf Show. The information is as follows:

1. Photograph of sample LESCO 500 reel mower, the tractor of which was used to construct the LESCO 5-plex rotary with full-width rear rollers, that was shown at the 1990 Show.
2. Summary of information from Pete Thompson, LESCO National Service Manager in 1990.
3. Summary of information from Fred Eberlein, former LESCO employee in 1990.
4. Summary of information from Steve Vincent, LESCO salesman in 1990.
5. Summary of information from James Seigfreid, LESCO's Vice President of Equipment Division in 1990.

Pete Thompson is going to dig through LESCO's archives to see if there are photographs, etc. of the 5-plex rotary with full-width rear rollers; and if so he said he would send copies to me; upon receipt I will in turn copy you.

Finally, please note that we have additional prior art, some of which has already been provided to Textron, which would be used to supplement the LESCO information, if need be.

Larry Buckley

I:\ip\Lesco5plexLetter.doc



### Summary of Information Provided by Pete Thompson to Larry Buckley in March '03

1. I was an employee of LESCO in 1990, and am still so employed.
2. In 1990 I was LESCO's National Service Manager.
3. I distinctly recall the 5-plex rotary mower, built on the LESCO 500 frame.
4. The first one used the reel hydraulic motors and was underpowered.
5. A subsequent model was built that had more powerful hydraulics.
6. The rotary decks had <u>full-width rear rollers</u>.
7. The 5-plex rotary was <u>displayed at the 1990 Golf Show</u>.

l:\ip\PeteThompsonStatement.doc

<u>Summary of Information Provided to Chuck Holley (working on behalf of Larry<br>Buckley) in August '02 by Fred Eberlein</u>

1. I am currently a turf products salesperson with Turf Care Products, a Toro commercial distributorship based in Atlanta.
2. I am a former LESCO employee, and I worked there in 1990.
3. I recall the <u>5-plex rotary mower built on the Lesco 500 frame</u>
4. It was <u>shown at the GCSAA Show in Orlando in 1990</u>.
5. LESCO <u>cut grass with the 5-plex rotary at three different courses in Florida, namely Spring Lake, Sebring and Prairie Oaks</u>.
6. I recall <u>two different versions of the mower, one with rear rollers and one without</u>.

I:\ip\FredEberleinStatement.doc

**Summary of Information Provided to Jim Heinze in August '02, and Confirmed to
Larry Buckley in March '03, by Steve Vincent**

1. I was employed by LESCO in 1990, in Sales, and am still so employed (currently as
   the Regional Sales Manager for the Mid Central Zone).
2. LESCO developed a 5-plex rotary built on the Lesco 500 ST212 frame; the decks
   were in a 2-1-2 configuration, with 2 out front, one belly-mounted, and two outriggers
   toward the rear.
3. Small, single-bladed rotary decks were used in lieu of the normal Lesco 500 reels.
4. The blades were driven by hydraulic motors.
5. The rotary decks were supported, at the rear, by full-width rear rollers.
6  The 5-plex rotary was shown at the 1990 GCSAA Golf Show.

I:\ip\VincentStatement.doc

## Summary of Information Provided to Larry Buckley by James Seigfreid During an August, '02 Telephone Conversation

1.  I was employed by LESCO in the 80's and 90's. In 1990 I was LESCO's Vice President of Equipment Development.

2.  I was in charge of the development of LESCO's turf mowers at that time.

3.  LESCO developed 3 different rotary mowers based on the LESCO 500 fairway mower, in the late 80's and early 90's. These rotary mowers each included single-bladed rotary decks, mounted on the LESCO 500 tractor, in lieu of the reels that the 500 normally carried.

4.  The 3 models were (i) one with a triangular yoke, with caster wheels; (ii) one with a single yoke and 2 caster wheels on the rear of the deck; and (iii) <u>one with a single full-width rear roller on each deck.</u>

5.  LESCO showed its rotary mower(s) at the 1990 GCSAA Show in Orlando.

6.  All 3 models were tested at an airport in Sebring, FL. The mowers were in public view, at that airport.

7.  Model #3, the one with the full-width rear roller on each deck, was <u>developed for the specific purpose of providing striping in the context of a rotary mower. The superintendents wanted a striping rotary mower.</u>

I:/jp/Seigfreid statement.doc

EXHIBIT 2



**ALL HYDRAULICALLY DRIVEN!**

Model 346



Introducing tomorrow's equipment today...

# Nunes Finish Cut 12' Mower

**Hydraulic Pull-Behind Rotary Mower**

- ☒ 5 Deck All Hydraulically Driven
- ☒ High Quality Finish Cut
- ☒ High Productivity
- ☒ No Drive Line, Accommodates Sharper Turning
- ☒ Low Maintenance
- ☒ No Belts or Pulleys to Adjust or Maintain
- ☒ Easily Attached and Detached
- ☒ Raise Units for Transportation, Storage and Maintenance
- ☒ Blades Shut Off Automatically When Raised
- ☒ Free Floating Decks
- ☒ Easy Height Adjustment

## 5 Deck Mower Specifications

| | |
|---|---|
| Cutting Width: | 144" |
| Acres Per Hour | 7 25 Acres at 5 M P H |
| Transport Width: | 114" |
| Unit Weight: | 2,600 Lbs. Wet |
| Carrier Tires: | 2 ea. 23x10 50 12 NHS Softrac |
| Hydraulics: | Self-contained with PTO Driven Pump, 540 RPM |
| Cutting Height: | $3/4$" to $4^1/4$" |
| Tractor H.P.: | 40 |
| Construction: | $1/4$" x 3" x 4" Tube Steel Frame $3/16$" Fabricated Steel Decks |
| Pull Hitch: | |
| Jack Stand: | Standard Equipment |
| Blade Drive: | Self Lubricating |

8/93          Nunes Mfg. Inc. reserves the right to make design, material and/or specification changes without notice or liability.

**Nunes Manufacturing**
P.O. Box 135   1707 Magnolia Ave.   Patterson, California 95363   (209) 892-8773   FAX (209) 892-5627



EXHIBIT 3

# United States Patent [19]

Stuchl

[11] 4,304,086

[45] Dec. 8, 1981

[54] LAWN MOWER ATTACHMENT FOR SMALL TRACTORS

[76] Inventor: Ronald J. Stuchl, 1705 Park Dr., Schaumburg, Ill. 60194

[21] Appl. No.: 69,891

[22] Filed: Aug. 27, 1979

[51] Int. Cl.³ .................................................. A01D 75/30
[52] U.S. Cl. .................................... 56/6; 56/13.5; 56/17.1; 280/443
[58] Field of Search ................ 56/6, 7, 13.5, 17.1; 74/496; 280/443, 444, 445

[56] References Cited

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2,579,118 | 12/1951 | Land | 280/443 |
| 3,329,225 | 7/1967 | Dunn | 56/6 |
| 3,514,126 | 5/1970 | Fuss | 56/6 |
| 3,608,284 | 9/1971 | Erdman | 56/6 |
| 3,717,981 | 2/1973 | Lely | 56/6 |
| 4,135,349 | 1/1979 | Schwertner | 56/6 |

Primary Examiner—Robert A. Hafer

[57]                    ABSTRACT

An independently powered mowing attachment for small or medium sized lawn and garden tractors of the low profile type having a rotary mower mounted on the underside of the tractor frame. The attachment has spaced mower assemblies that cut swaths on both sides of the tractor mowers central cut. The mower attachment includes a frame pivotally connected to the tractor drawbar having rear wheels that steer as the tractor turns to assure that the mower assemblies follow and overlap the swath of the leading tractor mounted mower.

Each mower assembly is pivotally mounted about a horizontal axis at one side of the attachment frame and has three rotary cutting blades driven by an internal combustion engine mounted centrally on the frame. Two hydraulic actuators are provided for raising and lowering the mower assemblies either simultaneously prior to transort and use, or independently when an obstruction is encountered on one side of the cutting path.

The attachment mounted engine also drives a hydrostatic drive that is used to rotate the blades in the tractor mounted mower to remove the mower blade as a load on the tractor engine.

16 Claims, 6 Drawing Figures

