## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**TEXTRON INNOVATIONS INC.,**

   **Plaintiff,**

               **Civil Action No. 05-486 (GMS)**

**v.**

**THE TORO COMPANY,**

   **Defendant.**

### DECLARATION OF JAMES P. RUNSTADLER

I, James P. Runstadler, depose, declare and state as follows:

1.  My name is James P. Runstadler. I am Vice President of Licensing for Textron Innovations Inc. ("TII") — a Delaware corporation. I have been a TII employee and officer since November 18, 2002. I am over eighteen years old, and the facts stated herein are based on my own personal knowledge, and if called at trial, I could and would testify competently as to those facts.

2.  TII has its place of business at 40 Westminster Street, Providence, Rhode Island, 02903. TII has three directors and six officers. Three of the directors are also officers. TII's employees reside in Rhode Island and work at its 40 Westminster Street offices.

3.  Attached hereto as Exhibit A are the charter documents for TII. TII was originally formed as a limited partnership under the Delaware Revised Uniform Limited Partnership Act in December 2000. At that time it was named Textron IPMP L.P. Thereafter, in July of 2001, Textron IPMP L.P. changed its name to Textron Innovations L.P. *See id.* Subsequently, in April of 2002, Textron Innovations L.P. converted to a Delaware corporation and changed its name to Textron Innovations Inc. *Id.* TII continues to remain a Delaware corporation to this day.

4.     TII does not have any offices in Minnesota. Moreover, TII has no employees located in Minnesota. Indeed, TII has never had any offices *or* employees located in Minnesota. In addition, TII does not now, nor has it ever, owned or leased any real property in Minnesota.

5.     TII is not registered to do business in Minnesota.

6.     One of the corporate purposes of TII is to hold, own, and manage its intellectual property rights. In fact, TII is an intellectual property management company that owns in excess of 500 patents — both foreign and domestic. In addition, TII licenses others to some of its intellectual property rights. None of the entities with which TII has contracted with respect to its intellectual property rights, however, is located in Minnesota.

7.     In short, TII has no contacts whatsoever with the State of Minnesota.

Signed under the pains and penalties of perjury, this ___ day of August, 2005.

                                        James P. Runstadler

Exhibit A

State of Delaware                PAGE  1

## Office of the Secretary of State

I, EDWARD J. FREEL, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF LIMITED PARTNERSHIP OF "TEXTRON IPMP L.P.", FILED IN THIS OFFICE ON THE TWENTY-NINTH DAY OF DECEMBER, A.D. 2000, AT 12 O'CLOCK P.M.

Edward J. Freel, Secretary of State

AUTHENTICATION: 0886289

3337818   8100

DATE: 12-29-00

001657610

## CERTIFICATE OF LIMITED PARTNERSHIP

### OF

### TEXTRON IPMP L.P.

The undersigned, desiring to form a limited partnership pursuant to the Delaware Revised Uniform Limited Partnership Act, 6 Delaware Code, Chapter 17, do hereby certify as follows:

I.     The name of the limited partnership is Textron IPMP L.P.

II.     The address of the Partnership's registered office in the State of Delaware is Corporation Trust Center, 1209 Orange Street, Wilmington, County of New Castle. The name of the Partnership's registered agent for service of process in the State of Delaware at such address is The Corporation Trust Company.

III.     The name and mailing address of each general partner is as follows:

| NAME | MAILING ADDRESS |
|------|-----------------|
| Textron IPMP Inc. | 750 Stephenson Highway<br>Troy, Michigan 48083-1103 |

IN WITNESS WHEREOF, the undersigned have executed this Certificate of Limited Partnership of Textron IPMP L.P., as of the 29th day of December 2000.

TEXTRON IPMP INC., **General Partner**

By: _Amn Friedman_ _____

Arnold M. Friedman, **its President**

1134430_1

*State of Delaware*

## Office of the Secretary of State

PAGE  1

---

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF AMENDMENT OF "TEXTRON IPMP L.P.",
CHANGING ITS NAME FROM "TEXTRON IPMP L.P." TO "TEXTRON
INNOVATIONS L.P.", FILED IN THIS OFFICE ON THE NINTH DAY OF
JULY, A.D. 2001, AT 12 O'CLOCK P.M.





*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

3337818  8100

010328246

AUTHENTICATION: 1233519

DATE: 07-10-01

TOTAL P.02

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 12:00 PM 07/09/2001
010328246 – 3337818

## CERTIFICATE OF AMENDMENT
## TO THE
## CERTIFICATE OF LIMITED PARTNERSHIP
## OF

### TEXTRON IPMP L.P.

The undersigned, desiring to amend the Certificate of Limited Partnership of TEXTRON IPMP L.P., pursuant to the provisions of Section 17-202 of the Revised Uniform Limited Partnership Act of the State of Delaware, does hereby certify as follows:

FIRST:  The name of the Limited Partnership is TEXTRON IPMP L.P.

SECOND:  Article I of the Certificate of Limited Partnership shall be amended as follows:

"I.  The name of the limited partnership is TEXTRON INNOVATIONS L.P."

IN WITNESS WHEREOF, the undersigned has executed this Amendment to the Certificate of Limited Partnership on this 6th day of July, 2001.

TEXTRON IPMP INC., General Partner

By _____

Ann T. Willaman
Vice President and Secretary

DED77 - CT System Online

04/15/2002    11:09                                                    NO.643    ☐



PAGE  1

*The First State*

        I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF

DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND

CORRECT COPY OF THE CERTIFICATE OF CONVERSION OF A DELAWARE

LIMITED PARTNERSHIP UNDER THE NAME OF "TEXTRON INNOVATIONS L.P."

TO A DELAWARE CORPORATION, CHANGING ITS NAME FROM "TEXTRON

INNOVATIONS L.P." TO "TEXTRON INNOVATIONS INC.", FILED IN THIS

OFFICE ON THE FIFTEENTH DAY OF APRIL, A.D. 2002, AT 10 O'CLOCK

A.M.



*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

3337818  8100V

020237823

AUTHENTICATION: 1721255

                DATE: 04-15-02

04/15/2002    11:09                                    NO.643    D03

04/15/02    10:15    SKADDEN ARPS → D        C    .        STATE OF DELAWARE
                                                      SECRETARY OF STATE
                                                    DIVISION OF CORPORATIONS
                                                    FILED 10:00 AM 04/15/2002
                                                       020237823 - 3337818

# CERTIFICATE OF CONVERSION

## OF

## TEXTRON INNOVATIONS L.P.

Pursuant to Sections 103 and 265 of the
General Corporation law of the State of Delaware

Textron Innovations L.P., a Delaware limited partnership (the "Limited Partnership"), does hereby certify to the following facts relating to the conversion of the Limited Partnership into a Delaware corporation (the "Conversion"):

FIRST:    The Limited Partnership was first formed on the 29th day of December, 2000.

SECOND:    The name of the Limited Partnership immediately prior to the filing of this Certificate of Conversion is Textron Innovations L.P.

THIRD:    The name of the corporation into which the Limited Partnership shall be converted, as set forth in its certificate of incorporation, is Textron Innovations Inc.

FOURTH:    The Limited Partnership is a limited partnership formed under the laws of the State of Delaware.

*[SIGNATURE PAGE FOLLOWS]*

IN WITNESS WHEREOF, the Limited Partnership has caused this Certificate of Conversion to be executed in its name as of this *15ᵗʰ* day of April, 2002.

TEXTRON INNOVATIONS L.P.
By: Textron IPMP Inc.,
    its General Partner

By: _____
Name: Arnold M. Friedman
Title: President

04/15/2002    11:09                                                    NO.643    P05

# Delaware

PAGE 2

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF "TEXTRON INNOVATIONS INC." FILED IN THIS OFFICE ON THE FIFTEENTH DAY OF APRIL, A.D. 2002, AT 10 O'CLOCK A.M.



*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

3337818  8100V

020237823

AUTHENTICATION: 1721255

DATE: 04-15-02

04/15/2002    11:09                                                    NO.643    P06

04/15/02    10:15    SKADDEN ARPS → D              C    .

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 10:00 AM 04/15/2002
020237823 - 3337818

P04

# CERTIFICATE OF INCORPORATION

## OF

## TEXTRON INNOVATIONS INC.

1.   The name of the Corporation is:  Textron Innovations Inc.

2.   The address of the registered office of the Corporation in the State of Delaware is Corporation Trust Center, 1209 Orange Street, in the City of Wilmington, County of New Castle.  The name of its registered agent at such address is The Corporation Trust Company.

3.   The nature of the business or purpose to be conducted or promoted by the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware (the "GCL").

4.   The total number of shares of all classes of stock that the Corporation shall have authority to issue is two thousand (2,000) of which the Corporation shall have authority to issue one thousand (1,000) shares of Common Stock with a par value of one dollar ($1.00) per share, and one thousand (1,000) shares of Preferred Stock, each having a par value of one dollar ($1.00).

The Board of Directors is expressly authorized to provide for the issuance of all of all or any shares of the Preferred Stock not previously designated in one or more classes or series, and to fix for each such class or series such voting powers, full or limited, or no voting powers, and such distinctive designations, preferences and relative, participating, optional or other special rights and such qualifications, limitations or restrictions thereof, as shall be stated and expressed in the resolution or resolutions adopted by the Board of Directors providing for the issuance of such class or series and as may be permitted by the GCL, including, without limitation, the authority to provide that any such class or series may be (i) subject to redemption at such time or times and at such price or prices; (ii) entitled to receive dividends (which may be cumulative or non-cumulative) at such rates, on such conditions, and at such times, and payable in preference to, or in such relation to, the dividends payable on any other class or classes or any other series, or dependent upon facts ascertainable outside the certificate of incorporation, as amended, or the resolution or resolutions providing for the issuance of such class or series; (iii) entitled to such rights upon the dissolution of, or upon any distribution of the assets of, the Corporation; or (iv) convertible into, or exchangeable for, cash, property, or shares of any other class or classes of stock, or of any other series of the same or any other class or

C:\TEMP\bos1_255145_4.doc

classes of stock, of the Corporation at such price or prices or at such rates of exchange and with such adjustments; all as may be stated in such resolution or resolutions.

## DESIGNATION AND STATEMENT OF RIGHTS AND PREFERENCES OF THE SERIES A REDEEMABLE PREFERRED STOCK

A.    *Designation and Amount.*  Of the 1,000 shares of Preferred Stock which the Corporation is authorized to issue pursuant to this Section 4 of this Certificate of Incorporation, 420 shares are hereby distinctly designated as the "Series A Redeemable Preferred Stock" as set forth below (collectively, the "Series A Preferred Stock"):

| | |
|---|---|
| 10 | shares are hereby distinctly designated as Series A-1 Redeemable Preferred Stock (the "Series A-1 Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-2 Redeemable Preferred Stock (the "Series A-2 Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-3 Redeemable Preferred Stock (the "Series A-3 Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-4 Redeemable Preferred Stock (the "Series A-4 Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-5 Redeemable Preferred Stock (the "Series A-5 Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-6 Redeemable Preferred Stock (the "Series A-6 Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-7 Redeemable Preferred Stock (the "Series A-7 Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-8 Redeemable Preferred Stock (the "Series A-8 Redeemable Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-9 Redeemable Preferred Stock (the "Series A-9 Redeemable Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-10 Redeemable Preferred Stock (the "Series A-10 Redeemable Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-11 Redeemable Preferred Stock (the "Series A-11 Redeemable Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-12 Redeemable Preferred Stock (the "Series A-12 Redeemable Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-13 Redeemable Preferred Stock (the "Series A-13 Redeemable Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-14 Redeemable Preferred Stock (the "Series A-14 Redeemable Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-15 Redeemable Preferred Stock (the "Series A-15 Redeemable Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-16 Redeemable Preferred Stock (the "Series A-16 Redeemable Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-17 Redeemable Preferred Stock (the "Series A-17 Redeemable Preferred Stock") |
| 10 | shares are hereby distinctly designated as Series A-18 Redeemable |

Preferred Stock (the "Series A-18 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-19 Redeemable Preferred Stock (the "Series A-19 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-20 Redeemable Preferred Stock (the "Series A-20 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-21 Redeemable Preferred Stock (the "Series A-21 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-22 Redeemable Preferred Stock (the "Series A-22 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-23 Redeemable Preferred Stock (the "Series A-23 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-24 Redeemable Preferred Stock (the "Series A-24 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-25 Redeemable Preferred Stock (the "Series A-25 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-26 Redeemable Preferred Stock (the "Series A-26 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-27 Redeemable Preferred Stock (the "Series A-27 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-28 Redeemable Preferred Stock (the "Series A-28 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-29 Redeemable Preferred Stock (the "Series A-29 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-30 Redeemable Preferred Stock (the "Series A-30 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-31 Redeemable Preferred Stock (the "Series A-31 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-32 Redeemable Preferred Stock (the "Series A-32 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-32 Redeemable Preferred Stock (the "Series A-33 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-32 Redeemable Preferred Stock (the "Series A-34 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-32 Redeemable Preferred Stock (the "Series A-35 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-32 Redeemable Preferred Stock (the "Series A-36 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-32 Redeemable Preferred Stock (the "Series A-37 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-32 Redeemable Preferred Stock (the "Series A-38 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-32 Redeemable Preferred Stock (the "Series A-39 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-32 Redeemable Preferred Stock (the "Series A-40 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-32 Redeemable Preferred Stock (the "Series A-41 Redeemable Preferred Stock")

10     shares are hereby distinctly designated as Series A-32 Redeemable Preferred Stock (the "Series A-42 Redeemable Preferred Stock")

The voting powers, preferences and rights (and the qualifications, limitations, or restrictions thereof) of the Series A Preferred Stock are as set forth below and as set forth in the Stockholders Agreement dated as of April 15, 2002 by and among the Corporation and the other Stockholders thereto, as the same may be amended from time to time (the "Stockholders Agreement").

B.    *Voting.*  Except as otherwise provided by law, the holders of the Series A Preferred Stock shall have no voting rights.

C.    *Dividends.*  The holders of any series of Series A Preferred Stock shall be entitled to receive upon the terms provided below, when and as declared by the Board of Directors, dividends payable either in cash, property, Preferred Stock, or Common Stock, as may be fixed by the Board of Directors.

(i)    *Dividends on the Series A Preferred Stock.*  Dividends on any series of Series A Preferred Stock shall be declared and paid in accordance with the terms of the Stockholders Agreement.

(ii)    *Discrimination Between or Among Series of Preferred Stock.*  The Board of Directors, shall have the authority to declare and pay dividends on all or less than all series of Preferred Stock in equal or unequal amounts, notwithstanding the amount of assets available for dividends on any series, the respective voting and liquidation rights of any series, the amount of prior dividends declared on any series or any other factor.

D.    *Exchange and Redemption of Series A Preferred Stock.*  Shares of each series of Series A Preferred Stock are subject to exchange or redemption, as the case may be, upon the terms provided below with respect to each such series.

(i)    In the event of the final disposition, in one transaction or a series of related transactions, by the Corporation or its subsidiaries with respect to any series of Series A Preferred Stock of all or substantially all of the properties and assets associated with respect to such series of Series A Preferred Stock to one or more persons or entities (other than (x) in connection with the disposition by the Corporation of all of the Corporation's properties and assets in a transaction or a series of related transactions which results in a liquidation, dissolution or winding-up of the Corporation, or (y) on a pro rata basis to the holders of all outstanding shares of a series of Series A Preferred Stock) (a "Disposition") the Corporation may:

(a)   Subject to applicable law and the terms of the Stockholders Agreement, declare and pay a dividend in cash or in securities or other property received as proceeds of the Disposition to the holders of outstanding shares of such series of Series A Preferred Stock in an amount determined in accordance with the Stockholders Agreement; or

(b)   To the extent that there are assets of the Corporation legally available therefor, redeem the outstanding shares of such series of Series A Preferred Stock for cash or for securities or other property received as proceeds of such Disposition in an amount determined in accordance with the Stockholders Agreement.

(ii)   At the request of the holders of any series of Series A Preferred Stock, and to the extent that there are assets of the Corporation legally available therefor, the Corporation may redeem all or a portion of the outstanding shares of such series of Series A Preferred Stock.

(iii)   At any time, the Board of Directors shall have the authority to declare that each outstanding share of any series of Series A Preferred Stock shall be exchanged, on the terms and in the manner set forth in the Stockholders Agreement, for a number of fully paid and nonassessable shares of capital stock, cash, securities or property, as set forth in a notice to the holders of such series of Series A Preferred Stock delivered in accordance with the Stockholder Agreement.

(iv)   The Corporation shall not be required to issue or deliver fractional shares of any capital stock or of any other securities to any holder of any series of Series A Preferred Stock upon any exchange, redemption, dividend or other distribution pursuant to this Section 4. If more than one share of any series of Series A Preferred Stock shall be held at the same time by the same holder, the Corporation may aggregate the number of shares of any capital stock that shall be issuable or any other securities that shall be distributable to such holder upon any exchange, redemption, dividend or other distribution (including any fractional shares). If there are fractional shares of any capital stock, the Corporation shall, if such fractional shares are not issued or distributed to such holder, pay cash in respect of such fractional shares in an amount equal to the fair market value thereof as determined by the Board.

(v)   Before any holder of any series of Series A Preferred Stock shall be entitled to receive certificates representing shares of any capital stock, cash

NU.643    P11

04/15/2002    11:09

04/15/02    10:15    SKADDEN ARPS → D    C    NO.032    009

or other securities or property to be distributed to such holder with respect to such shares of such series of Series A Preferred Stock pursuant to this Section 4D, such holder shall surrender at the place designated by the Corporation certificates for such shares in the manner contemplated by the Stockholders Agreement. If less than all of the shares of any series of Series A Preferred Stock represented by any one certificate are to be redeemed or exchanged, the Corporation shall issue and deliver a new certificate for the shares of such Series A Preferred Stock not redeemed or exchanged.

(vi)   From and after any applicable Exchange Date or Redemption Date, as the case may be and unless there shall have been a default in the payment of the exchange or redemption price set forth in the notice sent to the holders of the Series A Preferred Stock, all rights of a holder of shares of any series of Series A Preferred Stock that were exchanged or redeemed (except for the right, upon surrender of the certificates representing such shares, to receive shares of the kind and amount of capital stock, cash or other securities or property for which such shares were exchanged or redeemed, together with any fractional payment therefor, in each case without interest) shall be cancelled and cease to exist and such shares shall not thereafter be transferred on the books of the Corporation or be deemed to be outstanding for any purpose whatsoever.

(vii)  The Corporation shall pay any and all documentary, stamp or similar issue or transfer taxes that may be payable in respect of the issue or delivery of any shares of capital stock or other securities on exchange or redemption of shares of any series of Series A Preferred Stock pursuant hereto. The Corporation shall not, however, be required to pay any tax that may be payable in respect of any transfer involved in the issue and delivery of any shares of capital stock or other securities in a name other than that in which the shares of such series of Series A Preferred Stock so exchanged or redeemed were registered, and no such issue or deliver shall be made unless and until the person requesting such issue has paid to the Corporation the amount of any such tax, or has established to the satisfaction of the Corporation that such tax has been paid.

E.    *Liquidation Rights.*   In the event of the voluntary or involuntary liquidation, dissolution or winding-up of the Corporation, after payment or provision for payment of the debts and other liabilities of the Corporation, the holders of the outstanding shares of each series of Series A Preferred Stock shall be entitled to receive, prior and in preference to the holders of Common Stock, a

04/15/2002    11:09                                                            NO.643    P12

04/15/02    10:15    SKADDEN ARPS → D        C                      NO.032    P18

fraction of the assets of the Corporation remaining for distribution to its stockholders in accordance with the terms of the Stockholders Agreement. Neither the merger, consolidation or similar reorganization of the Corporation into or with any other entity, nor a sale, transfer or lease of all or any part of the assets of the Corporation, shall be deemed a liquidation, dissolution or winding-up for purposes of this paragraph.

5. The Corporation is to have perpetual existence.

6. In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware:

A. The Board of Directors of the Corporation is expressly authorized to adopt, amend or repeal the By-laws of the Corporation;

B. Elections of directors need not be by written ballot unless the By-Laws of the Corporation shall so provide; and

C. The books of the Corporation may be kept at such place within or without the State of Delaware as the By-laws of the Corporation may provide or as may be designated from time to time by the Directors of the Corporation.

7. No member of the Board of Directors of the Corporation shall be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, provided, however, that, to the extent provided by applicable law, the foregoing shall not eliminate the liability of a director (i) for any breach of such director's duty of loyalty to the Corporation or its shareholders, (ii) acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of Title 8 of the Delaware Code or (iv) for any transaction from which such director derived an improper personal benefit. No amendment to, modification or repeal of, this provision shall apply to or have any effect on the liability or alleged liability of any director for or with respect to any acts or omissions of such director occurring prior to such amendment, modification or repeal.

8. The Corporation reserves the right to amend or repeal any provision in this Certificate of Incorporation, in the manner now or hereafter prescribed by statute, and all rights conferred upon a stockholder herein are granted subject to this reservation.

9.    The name and mailing address of the sole incorporator is as follows:

<u>Name</u>                    <u>Address</u>

Lynn Buckley              P.O. Box 636
                          Wilmington, DE 19899

I, THE UNDERSIGNED, being the sole incorporator hereinabove named, for the purpose of forming a corporation pursuant to the General Corporation Law of the State of Delaware, do make this certificate, hereby declaring and certifying that this is my act and deed and the facts herein stated are true to the best of my knowledge, and accordingly I have hereunto set my hand this 15th day of April, 2002.

<u>Lynn Buckley</u>
Lynn Buckley, Sole Incorporator

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that, on August 30, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

> Richard L. Horwitz
> David E. Moore
> Potter Anderson & Corroon LLP
> Hercules Plaza, 6th Floor
> 1313 N. Market Street
> Wilmington, Delaware 19899-0951

The undersigned counsel further certifies that copies of the foregoing document were sent by electronic filing and by hand to the above local counsel and by email and first class mail to the following non-registered participants:

> Earl D. Reiland
> Thomas R. Johnson
> Thomas J. Leach
> Merchant & Gould P.C.
> 3200 IDS Center
> 80 South 8th Street
> Minneapolis, MN 55402

Peter B. Ladig (#3513)