# THE BAYARD FIRM
### A T T O R N E Y S

222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries: 19801

⟁⟁⟁ MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(Fax) 302-658-6395

Writer's Direct Access

302-429-4227
ejohnson@bayardfirm.com

September 12, 2005

**VIA ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, DE  19801

Re:    *Textron Innovations Inc. v. The Toro Company*
       *Civil Action No. 05-486*

Dear Judge Sleet:

Pursuant to Local Rule 7.1.4, Plaintiff Textron Innovations Inc. ("TII"), respectfully requests that the Court permit oral argument with respect to Defendant The Toro Company's ("Toro") Motion to Transfer the above-referenced action to the United States District Court for the District of Minnesota — where Defendant's second-filed action is now pending.

Oral argument is requested because Toro has made certain arguments based on supposition, which have no basis in fact. Moreover, Toro has submitted new declarations in reply in support of these "facts," along with new arguments, which we believe is inappropriate under Local Rule 7.1.3(c)(2).

For example, in Toro's reply brief, Toro for the first time contends that the sales activity of TII's parent corporation in the State of Minnesota should be attributed to TII. Toro appears to presume, without evidence, that TII has granted Textron an exclusive license under the patents in suit. On that basis Toro contends for the first time in reply that TII should be subject to personal jurisdiction in Minnesota, citing *Dainippon Screen Mg. Co. Ltd. v. CFMT, Inc.*, 142 F.3d 1266 (Fed. Cir. 1998).

In addition, Toro asserts for the first time in reply that TII is a "holding" company which exists only to hold the intellectual property of its parent corporation, Textron, Inc. ("Textron"). This is simply not true. As set forth in the affidavit of James P. Runstadler ("Runstadler Decl."), submitted in opposition to Toro's motion, TII is an intellectual

THE BAYARD FIRM

The Honorable Gregory M. Sleet
September 12, 2005
Page 2

property management company which holds many IP rights from dozens of separate corporate entities. *See id.*, ¶6.

Moreover, contrary to the assumptions made by Toro, TII does not grant its parent corporation, Textron, exclusive licenses to its intellectual property rights. Indeed, many of the patents owned by TII are not even licensed to Textron — *including the patents in suit in this case*. In addition, TII licenses dozens of independent third-parties having no corporate relationship to Textron. Accordingly, it generates revenues through those licenses which benefit many of the corporate shareholders of TII, including but not limited to, Textron.

Significantly, neither Textron, nor its division Jacobsen — which manufactures a commercial embodiment of the patented technology — are presently licensed to the patents in suit. Thus, Toro's assumptions to the contrary are incorrect. TII did not brief this point in detail in its opposition brief because Toro's opening brief did not argue that TII was subject to personal jurisdiction in the transferee forum based upon the activities of Textron.

TII would like the opportunity to present these arguments to the Court, either in oral argument or through a supplemental declaration. This would support TII's uncontradicted contention that TII is not subject to personal jurisdiction in the Minnesota district court, and accordingly, this case should not be transferred to that forum.

Counsel are available for consultation if the Court so desires.

Respectfully,

Edmond D. Johnson (# 2257)

cc:    Clerk of the Court (via hand delivery)
       Richard L. Horwitz, Esq. (via electronic filing)
       David E. Moore, Esq. (via electronic filing)
31527-1