IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEXTRON INNOVATIONS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-486 GMS |
| ) | |
| THE TORO COMPANY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

**I.    INTRODUCTION**

On July 12, 2005, the plaintiff, Textron Innovations Incorporated ("TII") filed the above-captioned action against The Toro Company ("Toro"), alleging infringement of United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312, which are directed to a gang type rotary mower. Presently before the court is Toro's motion to transfer this action to the District of Minnesota, pursuant to 28 U.S.C. § 1404(a). For the following reasons the court will deny the motion.

**II.    BACKGROUND**

On July 12, 2005, TII filed the present patent infringement action involving technology related to the rotary mower used to cut golf course roughs. TII is the subsidiary of Textron Inc., and the assignee of the three patents in suit. (*See* D.I. 6, at 1 n. 1; D.I. 19, at 2.) TII is incorporated in Delaware and maintains its headquarters in Providence, Rhode Island. (D.I. 1 ¶ 3.) Toro is a Delaware corporation that maintains its headquarters in Bloomington, Minnesota. (*Id.* ¶ 4.) Toro's allegedly infringing products are manufactured in Tomah, Wisconsin. (D.I. 6, at 3.)

On August 15, 2005, Toro filed a separate action in Minnesota against Textron, Inc. and Jacobsen, a division of Textron, Inc., alleging that their products infringe two Toro patents relating to hydraulic drive system technology for riding mowers. The following day, Toro filed this motion to transfer venue to the District of Minnesota.

### III.   DISCUSSION

Pursuant to Section 1404(a), the court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice, . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). It is the movant's burden to establish the need to transfer, and "the plaintiff's choice of venue [will] not be lightly disturbed." *Truth Hardware corp. v. Ashland Prods., Inc.*, No. C.A. 02-1541 GMS, 2003 WL 118005, at *1 (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)). In other words, "unless the balance of convenience strongly favors a transfer in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

When considering a motion to transfer, the court must determine "whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara,* 55 F3d. at 879. This inquiry requires "a multi-factor balancing test," embracing not only the statutory criteria of convenience of the parties and the witnesses and the interest of justice, but all relevant factors, including certain private and public interests. *Id.* at 875. These private interests include the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties; the convenience of the expected witnesses; and the location of books and records, to the extent that they could not be produced in the alternative

2

forum.[1] *Id* at 879. Among the relevant public interests are: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; [and] the public policies of the fora." *Id.* at 879-80.

Upon consideration of the relevant factors, the court finds that Toro has not met its burden of demonstrating that transfer is appropriate. First, the court concludes that convenience of parties factor weighs in favor of maintaining the action in Delaware. The court will afford less deference to TII's choice of Delaware as a forum because it is not its "home turf," or principal place of business. *See Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 764 (D. Del. 1991). However, it is not appropriate to disregard a plaintiff's choice of forum where it has a rational and legitimate reason for choosing the forum. *See Joint Stock Soc'y v. Heublein, Inc.*, 936 F. Supp. 177, 187 (D. Del. 1996). In the present case, the fact that Toro is incorporated in Delaware is a rational and legitimate reason for TII choosing to sue it in Delaware. *See Stratos Lightwave, Inc. v. E20 Communications, Inc.*, No. Civ. A. 01-309-JJF, 2002 WL 500920, at * 2 (D. Del. Mar. 26, 2002). Further, having received the benefits of Delaware incorporation, Toro cannot now complain that another corporation has chosen to sue it here. *See id.* Indeed, it is difficult for the court to find any inconvenience to Toro when it has previously chosen this forum in order to litigate its own patent infringement claims against Textron. *See Toro Company v. Textron, Inc.*, 499 F. Supp. 241 (D. Del. 1980). Thus, the convenience of the parties weighs in favor of maintaining this action in

---

[1] The first three of these private interest factors collapse into other portions of the *Jumara* analysis. Thus, the court will consider them in the context of the entire inquiry only. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192 (D. Del. 1998).

Delaware.

The court also finds that the location of books and records weighs against granting Toro's motion to transfer. Toro contends that its books and records necessary for litigation are in Minnesota. A court should consider the location of books and records in its analysis. However, it must only do so to the extent that the files could not be produced in the alternative forum. *Jumara*, 55 F.3d at 879. Here, Toro does not suggest that its documents could not be produced in Delaware. Accordingly, this factor does not weigh in favor of the transfer.

Toro also contends that non-party witness convenience weighs in favor of a transfer. According to the briefs, Toro plans to rely on testimony from two original inventors of the patents in-suit, three retired employees, and an employee of a local golf course. The two inventors do not reside within the subpoena power of Delaware or Minnesota. However, they have both stated, in sworn declarations, that they are willing to appear in Delaware for depositions and trial. (D.I. 19, at 3.) Thus, any inconvenience to the inventors weighs in favor of maintaining the action in Delaware.

As for the other witnesses, Toro has elected to rely upon retired and, therefore, "third-party" employees that do not reside within the subpoena power of Delaware. In support of its motion, Toro insists that due to personal circumstances, travel to Delaware is extremely inconvenient for its third-party witnesses. (D.I. 6, at 4-6.) The court is not persuaded by this argument, and finds Toro's reliance on former employees, rather than its current employees, questionable. Further, as this court has previously held, a flight to Delaware is not an onerous task warranting transfer. *Truth Hardware Corp. v. Ashland Prods., Inc.*, No C.A. 02-1541 GMS, 2003 WL 118005, at * 2 (D. Del. Jan 13,

2003). Moreover, Toro has not asserted that the identified witnesses are the only individuals capable of testifying as to the technology of the accused products. Nevertheless, if necessary, TII has agreed to take witness depositions in Minnesota. (*See* D.I. 19, at 23.) For these reasons, the court concludes the convenience of the witnesses does not favor transfer in this case.

Finally, the court finds that the public interest factors do not weigh strongly in favor of transfer to Minnesota. First, Toro's pending litigation in Minnesota was filed after TII initiated this lawsuit, and involves different patents. Thus, the court believes that this is not a relevant consideration in favor of transfer. *See Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 513 (D. Del. 1999) (refusing to give "any weight whatsoever" to a mirror image action filed by the defendant). Additionally, the court is not persuaded that any disparity in court congestion, to the extent there is any, will be so great as to weigh strongly in favor of a transfer. Finally, it is well settled that patent rights are not considered state or local matters and do not implicate local interests. *Jones Pharma, Inc. v. KV Pharm. Co.*, No. Civ. A. 03-786 JJF, 2004 WL 323109, at * 3 (D. Del. Feb. 17, 2004). The court, therefore, finds no strong local interest in litigating in the transferee forum. Accordingly, the court concludes that public interest factors do not favor transfer in the instant case.

Dated: October 14, 2005

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEXTRON INNOVATIONS INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE TORO COMPANY, )<br>)<br>Defendants. )<br>) | Civil Action No. 05-486 GMS |

### ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendant's Motion to Transfer the Case to the United States District Court for the District of Minnesota (D.I. 5) is DENIED.

Dated: October **14**, 2005

_____
UNITED STATES DISTRICT JUDGE



FILED
OCT 1 4 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE