# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TEXTRON INNOVATIONS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C. A. No. 05-486 (GMS) |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| THE TORO COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S AMENDED ANSWER AND COUNTERCLAIMS**

Defendant, The Toro Company, (herein "Toro") by its attorneys hereby answers Textron Innovations Inc.'s (herein "Textron") Complaint as follows:

**NATURE OF THE ACTION**

1. Toro admits that this is an action for patent infringement arising under the patent laws of the United States, but Toro denies any patent infringement. Toro further admits that Textron is seeking injunctive relief and the recovery of monetary damages. Toro denies all other allegations of Paragraph 1 of Textron's Complaint.

2. Toro denies the allegations of Paragraph 2 of Textron's Complaint.

**THE PARTIES**

3. Toro admits the allegations of Paragraph 3 of Textron's Complaint.

4. Toro admits the allegations of Paragraph 4 of Textron's Complaint.

**JURISDICTION AND VENUE**

5. In response to the allegations in Paragraph 5 of Textron's Complaint, Toro admits that Textron is pleading a case for patent infringement and that this Court has subject matter jurisdiction, but denies all other allegations of Paragraph 5.

6.    Toro admits that the venue requirements of 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) are present, however, Toro challenges venue in this district as improper under 28 U.S.C. § 1404(a).  Assuming that Textron means that Toro sued in Delaware a number of years ago when it states:  "[Toro] has in the past purposefully availed itself of the jurisdiction of this Court" Toro admits that allegation.  Toro denies all other remaining allegations of Paragraph 6 of Textron's Complaint.

7.    Toro admits that it has done some business in this judicial district.  Toro is without information as to the allegation that it " . . . is doing substantial business in this judicial District . . . with respect to the allegations in [Textron's] Complaint," as Textron has not identified any accused Toro products.  Therefore, Toro denies the remaining allegations of Paragraph 7 of Textron's Complaint.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,047,530

8.    Toro incorporates its responses to Paragraphs 1 through 7 as if fully set forth herein.

9.    Toro admits that on April 11, 2000, the United States Patent and Trademark Office granted U.S. Patent No. 6,047,530.  Toro is without information as to the remaining allegations in Paragraph 9 of Textron's Complaint and therefore denies the same.

10.    Toro denies the allegations in Paragraph 10 of Textron's Complaint.

11.    Toro denies the allegations in Paragraph 11 of Textron's Complaint.

12.    Toro denies the allegations in Paragraph 12 of Textron's Complaint.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,336,311

13.     Toro incorporates its responses to Paragraphs 1 through 12 as if fully set forth herein.

14.     Toro admits that on January 8, 2002, the United States Patent and Trademark Office granted U.S. Patent No. 6,336,311. Toro is without information as to the remaining allegations in Paragraph 14 of Textron's Complaint and therefore denies the same.

15.     Toro denies the allegations in Paragraph 15 of Textron's Complaint.

16.     Toro denies the allegations in Paragraph 16 of Textron's Complaint.

17.     Toro denies the allegations in Paragraph 17 of Textron's Complaint.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,336,312

18.     Toro incorporates its responses to Paragraphs 1 through 17 as if fully set forth herein.

19.     Toro admits that on January 8, 2002, the United States Patent and Trademark Office granted U.S. Patent No. 6,336,312. Toro is without information as to the remaining allegations in Paragraph 19 of Textron's Complaint and therefore denies the same.

20.     Toro denies the allegations in Paragraph 20 of Textron's Complaint.

21.     Toro denies the allegations in Paragraph 21 of Textron's Complaint.

22.     Toro denies the allegations in Paragraph 22 of Textron's Complaint.

**DEFENSES**

By and for its defenses, Toro states:

23.     Toro has not infringed, contributorily infringed, and/or induced infringement of U.S. Patent No. 6,047,530.

24.     Toro has not infringed, contributorily infringed, and/or induced infringement of U.S. Patent No. 6,336,311.

25.     Toro has not infringed, contributorily infringed, and/or induced infringement of U.S. Patent No. 6,336,312.

26.     Upon information and belief, and as will likely be supported by the evidence after a reasonable opportunity for further investigation and discovery, U.S. Patent No. 6,047,530 entitled "Gang-Type Rotary Lawn Mower" is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

27.     Upon information and belief, and as will likely be supported by the evidence after a reasonable opportunity for further investigation and discovery, U.S. Patent No. 6,336,311 entitled "Gang-Type Rotary Lawn Mower With Rear Roller" is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

28.     Upon information and belief, and as will likely be supported by the evidence after a reasonable opportunity for further investigation and discovery, U.S. Patent No. 6,336,312 entitled "Gang-Type Rotary Lawn Mower With Multiple Rear Rollers" is invalid for failure to comply with the conditions and requirements for

patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

29.     Upon information and belief, and as will likely be supported by evidence after reasonable opportunity for further investigation and discovery, Textron's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## COUNTERCLAIMS

Defendant The Toro Company for its counterclaims against Plaintiff Textron alleges as follows:

### JURISDICTION AND VENUE

30.     This is a claim for declaratory judgment arising under 28 U.S.C. § 2201.

31.     This Court has subject matter jurisdiction over Defendant's patent infringement lawsuit under 28 U.S.C. §§ 1331 and 1338(a).  This Court has subject matter jurisdiction over Defendant's declaratory judgment counterclaims under the Declaratory Judgment Act, Title 28, United States Code, §§ 2201 *et seq*. and under the laws of the United States concerning actions relating to patents, 35 U.S.C. §§ 101 *et seq*., and 28 U.S.C. §§ 1331 and 1338(a).

32.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b).

### COUNTERCLAIM COUNT I - DECLARATORY JUDGMENT

33.     Plaintiff restates the allegations set forth in paragraphs 30-32 and incorporates them herein by reference.

5

34. Plaintiff Textron Innovations Inc.'s legal assertions that the '530 patent, the '311 patent and the '312 patent are infringed by Defendant create an actual controversy within the meaning of 28 U.S.C. § 2201 between Plaintiff Textron Innovations Inc. and Defendant over the alleged infringement, validity, and unenforceability of the '530 patent, the '311 patent, and the '312 patent.

35. None of Defendant's products infringe any claim of the '530 patent, the '311 patent, or the '312 patent.

36. The '530 patent claims are invalid.

37. The '311 patent claims are invalid.

38. The '312 patent claims are invalid.

39. Defendant reserves the right to assert additional claims for a declaratory judgment of unenforceability of the '530 patent, the '311 patent, and the '312 patent following a reasonable opportunity for investigation. Defendant also reserves the right to assert additional claims for declaratory judgment should Plaintiff's allege products infringe.

## COUNTERCLAIM COUNT II - EQUITABLE ESTOPPEL

40. Plaintiff restates the allegations set forth in paragraphs 30-39 and incorporates them herein by reference.

41. Upon information and belief, and as will likely be supported by evidence after reasonable opportunity for further investigation and discovery, Defendant Textron Innovations Inc.'s claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## PRAYER FOR RELIEF

WHEREFORE, Toro prays that:

A.  Plaintiff's Complaint be dismissed with prejudice and that judgment be entered for Toro;

B.  U.S. Patent Nos. 6,047,530, 6,336,311, and 6,336,312 be adjudged and decreed to be invalid and unenforceable;

C.  Toro be adjudged and decreed not to have infringed, contributorily infringed, or induced others to infringe the claims of U.S. Patent Nos. 6,047,530, 6,336,311, and 6,336,312;

D.  This case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and that Toro be awarded its costs and attorneys fees in defending this action; and

E.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Toro hereby demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

| | |
|---|---|
| Earl D. Reiland | By:  */s/ Richard L. Horwitz* |
| Thomas R. Johnson | Richard L. Horwitz |
| Thomas J. Leach | David E. Moore |
| MERCHANT & GOULD P.C. | Hercules Plaza, 6th Floor |
| 3200 IDS Center | 1313 N. Market Street |
| 80 South 8th Street | Wilmington, Delaware 19899-0951 |
| Minneapolis, MN 55402 | (302) 984-6000 |
| (612) 332-5300 | rhorwitz@potteranderson.com |
| | dmoore@potteranderson.com |

Dated: November 9, 2005

*Attorneys for Defendant The Toro Company*

706759