IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEXTRON INNOVATIONS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 05-486 (GMS) |
| ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| THE TORO COMPANY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF TEXTRON INNOVATIONS INC.'S
<u>REPLY TO COUNTERCLAIMS OF DEFENDANT THE TORO COMPANY</u>**

Pursuant to Fed. R. Civ. P. 12 and 15(a), plaintiff Textron Innovations, Inc. ("TII"), by counsel, hereby demands a jury trial and replies to the Counterclaims of the defendant The Toro Company ("Toro") deemed filed on November 10, 2005. TII hereby responds to the numbered paragraphs of the Counterclaims, and in doing so denies the allegations of the Counterclaims except as specifically stated. In replying to the Counterclaims, TII refers to the patents-in-suit in the following manner: United States Patent No. 6,047,530 (the "'530 Patent"); United States Patent No. 6,336,311 (the "'311 Patent"); and United States Patent No. 6,336,312 (the "'312 Patent") (collectively, "the Patents-in-Suit").

Paragraphs 1 through 29 of Toro's consolidated Answer and Counterclaims pertain only to Toro's Answer to TII's Complaint, and therefore no reply to those paragraphs is permitted or necessary. To the extent that any response is required to Paragraphs 1 through 29 of the Answer, TII realleges the allegations of its Complaint, Paragraphs 1 through 22, including the Prayer for Relief, and denies Paragraphs 23 through 29 of Toro's Answer. TII specifically denies that Toro has properly pleaded an affirmative defense of unenforceability.

TII responds to the allegations of Toro's Counterclaims as follows:

609256v1

30. In reply to Paragraph 30 of the Counterclaims, TII admits that Toro purports to allege a claim for declaratory judgment arising under 28 U.S.C. § 2201, but denies that Toro is entitled to declaratory judgment as requested by Toro.

31. In reply to Paragraph 31 of the Counterclaims, TII admits that this Court has subject matter jurisdiction over Toro's counterclaims. TII denies that Toro has alleged a "patent infringement lawsuit" in this action.

32. In reply to Paragraph 32 of the Counterclaims, TII admits that venue is proper in this Court with respect to Toro's counterclaims.

33. In reply to Paragraph 33 of the Counterclaims, TII restates its responses set forth in Paragraphs 30-32 and incorporates them herein by reference.

34. In reply to Paragraph 34 of the Counterclaims, TII admits the allegations, except that TII denies that Toro has properly set forth a claim of unenforceability with respect to any of the patents-in-suit.

35. TII denies the allegations of Paragraph 35 of the Counterclaims.

36. TII denies the allegations of Paragraph 36 of the Counterclaims.

37. TII denies the allegations of Paragraph 37 of the Counterclaims.

38. TII denies the allegations of Paragraph 38 of the Counterclaims.

39. In reply to Paragraph 39 of the Counterclaims, TII states that this paragraph appears to be nothing more than a purported "reservation of rights" for Toro to make additional allegations in the future. To the extent that any response is required or permitted, TII denies the allegations of this paragraph, and denies that the reservation of rights has any operative effect on Toro's right to amend or supplement its allegations.

40. In reply to Paragraph 40 of the Counterclaims, TII restates its responses set forth in Paragraphs 30-39 and incorporates them herein by reference.

41.  TII denies the allegations of Paragraph 41 of the Counterclaims.

42.  In reply to the Prayer for Relief, TII denies that Toro is entitled to any of the relief sought, for any reason whatsoever.  TII specifically denies that Toro has adequately alleged a claim of unenforceability of any of the patents-in-suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Counterclaim-Defendant TII prays:

A   That the Court enter judgment in favor of TII on Toro's Counterclaims;

B.  That Toro's Counterclaims be dismissed with prejudice; and

C.  That the Court adjudge and decree that the United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312 are valid and enforceable against Toro;

D.  That the Court adjudge and decree that the United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312 are infringed by Toro;

E.  That the Court adjudge and decree that Toro's infringement of United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312 is willful;

F.  That the Court preliminarily and permanently enjoin Toro, and its parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering for sale, importing or distributing any infringing lawn mowers and from infringing, contributing to the infringement of, and inducing infringement of United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312, and for all further and proper injunctive relief;

G.  That the Court order an accounting to determine the damages to be awarded to Plaintiff as a result of Toro's infringement;

H.  That the Court, pursuant to 35 U.S.C. § 284, enter an award to TII of such

damages as it shall prove at trial against Toro that are adequate to compensate TII for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

I.  That the Court assess pre-judgment and post-judgment interest and costs against Toro, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

J.  That the Court award TII treble damages pursuant to 35 U.S.C. § 284;

K.  That the Court declare this case to be exceptional and direct Toro to pay TII's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285 or other applicable law; and

L.  That the Court grant to TII such other, further, and different relief as may be just and proper under the circumstances.

## JURY DEMAND

TII demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: November 18, 2005
Wilmington, Delaware

THE BAYARD FIRM

*/s/ Edmond D. Johnson*

Edmond D. Johnson (#2257)
Peter B. Ladig (#3513)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
Attorneys for Textron Innovations Inc.

OF COUNSEL:
Scott L. Robertson
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
Telephone: (202) 955-1500

609256v1