IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEXTRON INNOVATIONS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 05-486 (GMS) |
| | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| THE TORO COMPANY, | ) |
| | ) |
| Defendant. | ) |

**JOINT STATUS REPORT AND RULE 26(f) REPORT**

The parties hereby provide the Court with their Joint Status Report and Rule 26(f) Report. The following addresses the agenda items required in this Court's standard Notice of Scheduling Conference and other matters to be addressed pursuant to Fed. R. Civ. P. 26(f).

I.   **JURISDICTION AND SERVICE.**

This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a). In addition, this Court has subject matter jurisdiction over defendant The Toro Company's ("Toro") declaratory judgment counterclaim of non-infringement and patent invalidity pursuant to 28 U.S.C. § 2201.

Toro admits that it is subject to personal jurisdiction in this Court in this action. Toro moved to transfer venue of this action on grounds of inconvenience, but this Court denied that motion. No further issues remain to be resolved with respect to subject matter jurisdiction, personal jurisdiction, or venue.

Toro, sole defendant in the case, has been served. Toro has answered the Complaint, and filed an Amended Answer and Counterclaims for declaratory judgment of non-infringement and patent invalidity. Plaintiff, Textron Innovations Inc. ("TII") has replied to the Counterclaims.

613329v1

II.     **SUBSTANCE OF THE ACTION.**

**Plaintiff's Narrative:**

Plaintiff TII has sued Toro for infringing TII's U.S. Patent Nos. 6,047,530 ("the '530 Patent"), 6,336,311 ("the '311 Patent"), and 6,336,312 ("the '312 Patent") (collectively, the "Patents-In-Suit"). These patents relate to rotary-type gang mowers, which are turf maintenance vehicles typically used at golf courses and in other commercial applications.

TII contends that Toro has manufactured, used, offered to sell, sold, and/or imported into the United States, one or more rotary-type gang mowers covered by one or more claims of the Patents-in-Suit. TII seeks a judgment that Toro has infringed the Patents-in-Suit, as well as damages and an injunction enjoining Toro from infringing the Patents-in-Suit. TII seeks damages under 35 U.S.C. § 284, including a reasonable royalty and/or TII's lost profits. TII seeks trebling of damages and an award of its costs and legal fees as permitted by 35 U.S.C. § 285. TII has not yet had sufficient discovery to determine the extent of its damages.

**Defendant's Narrative:**

Defendant Toro contends that its accused products do not infringe any valid claim of TII's Patents-in-Suit. In addition, Toro contends that one or more claims of TII's patents are invalid under one or more of 35 U.S.C. §§ 102, 103, 112, et seq. Toro has also counterclaimed for non-infringement and invalidity, and unenforceability based upon equitable estoppel.

III.    **IDENTIFICATION OF ISSUES.**

The issues in dispute are: (1) whether Toro has infringed, either directly or indirectly, the claims of any of the three Patents-in-Suit; (2) if infringement is found, whether such alleged infringement was willful; (3) whether the Patents-in-Suit are invalid or barred by equitable estoppel; and (4) what relief is warranted in the event that infringement is found.

IV. **NARROWING OF ISSUES.**

The parties are not aware of issues that can be narrowed at this time.

V. **RELIEF SOUGHT.**

TII currently seeks damages in an amount adequate to compensate for Toro's alleged infringement of the three Patents-in-Suit, but in no event less than a reasonable royalty, treble damages, interest on any damages awarded, and costs pursuant to 35 U.S.C. § 284, and reasonable attorney fees pursuant to 35 U.S.C. § 285. TII further seeks permanent injunctive relief against Toro's continued alleged infringement of the Patents-in-Suit.

Toro seeks a dismissal of TII's Complaint, with prejudice. Toro also seeks a declaratory judgment that the three Patents-in-Suit are invalid and unenforceable, and that Toro has not infringed and is not infringing the three Patents-in-Suit. Toro further seeks its costs and reasonable attorney fees pursuant to 35 U.S.C. § 285, for having to defend this suit.

At this time, the parties are not able to determine the nature and amount of damages. No insurance company is believed to be liable for the defense or payment of any damage award.

VI. **AMENDMENT OF PLEADINGS.**

All motions which seek to amend the pleadings must be served by:

Plaintiff proposes March 1, 2006;

Defendant proposes June 1, 2006.

VII. **JOINDER OF PARTIES.**

The parties are not aware of any additional parties that should be joined in this action at this time. The parties propose that all motions that seek to amend the pleadings in order to add parties must be served by March 1, 2006.

VIII. **DISCOVERY.**

TII anticipates that it will require discovery on each of the following issues:

613329v1

-3-

(1) the development, design, manufacture, and functionality of Toro's products that are covered by the claims of the Patents-in-Suit;

(2) Toro's infringement of the claims of the Patents-in-Suit;

(3) the willfulness of Toro's infringement;

(4) the sales, revenues, costs, and profits generated by Toro in the manufacture, use, import, sale, or offer for sale of infringing products;

(5) the amount of a reasonable royalty for infringement; and

(6) the factual bases of Toro's defenses and counterclaims, including any opinion of counsel on which Toro may rely.

Toro anticipates that it will require discovery on each of the following issues:

(1) the factual basis for TII's claims, including infringement and willful infringement of the Patents-in-Suit;

(2) the prosecution of the Patents-in-Suit;

(3) the conception, development, and reduction to practice of the inventions claimed in the Patents-in-Suit;

(4) prior art relating to the Patents-in-Suit;

(5) licensing activities of TII relating to the Patents-in-Suit;

(6) the factual basis for TII's damages claims;

(7) royalty rates for patents directed to relevant technology;

(8) issues relating to inequitable conduct;

(9) factual issues relating to Toro's equitable estoppel claim; and

(10) the disclosure, offer for sale and sale of the inventions disclosed in the Patents-in-Suit.

The parties propose the following schedules with respect to the timing of discovery and other matters:

| Event | Plaintiff TII's Proposal | Defendant Toro's Proposal |
|---|---|---|
| **Fact Discovery** | | |
| Exchange of Initial Disclosures | January 17, 2006 | January 17, 2006 |
| Delivery by defendant of sample products, if requested, and blueprints of accused products | March 1, 2006 | March 1, 2006 |
| Service of plaintiff's infringement claim chart | April 3, 2006 | **Not Applicable** (To be handled through traditional discovery requests and responses). |
| Service of defendant's non-infringement claim chart | May 1, 2006 | **Not Applicable** (To be handled through traditional discovery requests and responses). |
| Service of defendant's prior art statement | June 1, 2006 | **Not Applicable** (To be handled through traditional discovery requests and responses). |
| Service of plaintiff's prior art statement | July 3, 2006 | **Not Applicable** (To be handled through traditional discovery requests and responses). |
| Motion to amend pleadings | March 1, 2006 | June 1, 2006 |
| Motion to join additional parties | March 1, 2006 | March 1, 2006 |
| Notice of reliance on advice of counsel as a | June 1, 2006 | April 1, 2007 |

| | | |
|---|---|---|
| defense to willful infringement, production of opinions of counsel, and production of all related materials | | |
| Completion of fact discovery | January 12, 2007 | January 12, 2007 |
| **Markman Proceedings** | | |
| Exchange of list of claim terms that each party contends should be construed by Court | July 3, 2006 | September 15, 2006 |
| Submission of joint claim construction chart | July 17, 2006 | October 3, 2006 |
| Markman Briefs | **Opening**: August 15, 2006  **Rebuttal**: August 30, 2006 | **Opening**: November 1, 2006  **Rebuttal**: November 22, 2006 |
| Markman Hearing | September 15, 2006 | December 18, 2006 |
| **Expert Discovery** | | |
| Identify experts | September 22, 2006 | **Not Applicable** |
| Opening expert reports (burden of proof) | October 30, 2006 | January 31, 2007 |
| Answering expert reports | November 30, 2006 | February 28, 2007 |
| Reply expert reports | December 15, 2006 | **Not Applicable** |
| Completion of expert discovery | January 12, 2007 | April 13, 2007 |
| **Dispositive Motions -** (deadline for filing) | January 19, 2007 | March 14, 2007 for opening summary judgment letter request,;  March 26, 2007 for letter responses;  April 2, 2007 for letter replies; and  Conference with Court on April |

|  |  | 9, 2007.<br><br>If summary judgment motions are allowed: motions to be filed by May 15, 2007. |
|---|---|---|
| **Pre-Trial Conference** | February 8, 2007 | August 22, 2007 |
| **Trial** | March 15, 2007 | October 1, 2007 |

The parties propose the following additional provisions relating to discovery.

They agree on the following provisions:

(1)  The parties agree that discovery should not be conducted in phases;

(2)  The parties agree that no more than 30 interrogatories (including subparts) shall be served by each side;

(3)  The parties agree that no more than 15 depositions shall be taken by each side, excluding depositions of expert witnesses;

(4)  Neither party may call more than 4 experts at trial. A party may take the deposition of any expert witness that provides a report pursuant to Rule 26(a)(2); and

(5)  Any party that requires the other party to provide a sample product must purchase the product, unless otherwise agreed by the parties.

The parties do not agree on the following and each request the following:

**Plaintiff TII:**

(1)  TII does not wish to engage in ADR before formal discovery is commenced;

(2)  Defendant's Prior Art Statement shall include a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by Plaintiff;

(3)  Plaintiff's Prior Art Statement shall state in detail its position on what the prior art relied upon by Defendant shows, if its interpretation differs from Defendant's, and its position on why the prior art does not invalidate the Patent(s)-in-Suit; and

(4)  Amendments to the parties' Prior Art Statements can be made only by leave of court;

613329v1

-7-

By the Defendant/upon a showing:

(a) that it was not and could not reasonably have been located earlier by Defendant;

(b) that it is not merely cumulative of prior art already listed, and

(c) how Defendant will be prejudiced if leave is denied, and Plaintiff will not be prejudiced if leave is given.

By the Plaintiff/upon a showing:

(a) that earlier it could not have detailed its new position on what the prior art relied upon by Defendant shows; and

(b) how Plaintiff will be prejudiced if leave is denied and Defendant will not be prejudiced if leave is given.

**Defendant Toro:**

(1) Toro wishes this matter to be referred to the Magistrate for ADR at the outset of the case, with the timing of any actual ADR sessions to be determined by the Magistrate and counsel for the parties; and

(2) Toro does not agree to the requirement of serving prior art statements nor the requirement for amending such statements as proposed by TII. If the Court is inclined to require such statements, Toro submits that a similar protocol be implemented with respect to infringement charts.

**IX. ESTIMATED LENGTH OF TRIAL (INCLUDING JURY SELECTION AND INSTRUCTIONS, IF APPLICABLE).**

Eight days.

**X. JURY TRIAL.**

The parties have demanded a jury trial.

**XI. SETTLEMENT.**

During the Rule 26(f) conference, counsel for the parties raised the issue of settlement. At an appropriate point in time, the parties request that this matter be referred to a United States Magistrate or an agreed-upon mediator for the purpose of exploring the possibility of settlement.

XII.  OTHER MATTERS.

The parties do not consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).

XIII. CONFIRMATION OF RULE 26(F) TELECONFERENCE.

The parties confirm that they have conferred about each of the above matters.

If the Court has any questions regarding the information set forth above, counsel for both parties are prepared to provide the additional information needed to address the Court's concerns.

**AGREED TO BY THE PARTIES:**

Dated:  January 4, 2006

/s/ Peter B. Ladig (#3513)
Edmond D. Johnson (#2257)
Peter B. Ladig (#3513)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

OF COUNSEL:
Scott L. Robertson
Christopher C. Campbell
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
Telephone:  (202) 955-1500
Facsimile:   (202) 778-2201
**ATTORNEYS FOR PLAINTIFF
TEXTRON INNOVATIONS INC.**

| | |
|---|---|
| Dated: January 4, 2006 | /s/ Richard L. Horwitz (#2246)<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, Delaware 19899-0951<br>(302) 984-6000<br><br>Earl D. Reiland, Esq. (#90426)<br>Thomas R. Johnson, Esq. (#242032)<br>Thomas J. Leach, Esq. (#311844)<br>MERCHANT & GOULD P.C.<br>3200 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>(612) 332-5300<br><br>**ATTORNEYS FOR DEFENDANT**<br>**THE TORO COMPANY** |