IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEXTRON INNOVATIONS INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C. A. No. 05-486 (GMS) ) ) JURY TRIAL DEMANDED |
| THE TORO COMPANY, | ) ) ) |
| Defendant. | ) |

### [PROPOSED] SCHEDULING ORDER

This _____ day of _____, 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on January 30, 2006;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before January 17, 2006.

2. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join or add additional parties shall be filed on or before March 1, 2006. All other motions to amend the pleadings shall be filed on or before June 1, 2006.

3. **Reliance Upon Advice of Counsel**. Defendant shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than October 17, 2006. If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions on which defendant intends to rely and any related documents within the scope of defendant's waiver to plaintiff no later than October 17, 2006.

616618v1

4.      **Markman Claim Construction Hearing**. A Markman claim construction hearing shall be held on September 19, 2006, at 10:00 a.m. The Markman hearing is scheduled for a total of one day. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before July 21, 2006, the parties shall file a final joint claim chart, which shall include citations to intrinsic evidence. The parties shall exchange a list of claim terms that each party contends should be construed by the Court on July 14, 2006. The parties shall serve and file opening claim construction briefs on July 28, 2006, and answering claim construction briefs on August 18, 2006.

5.      **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before December 1, 2006. Expert Discovery in this case shall be initiated so that it will be completed on or before January 15, 2007.

   a.      Discovery Disputes. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the Court a non-argumentative letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

   b.      Sample Products. The parties shall purchase and deliver appropriate

sample products, at their option, and engineering drawings, if requested, of the accused products on or before March 1, 2006. Said delivery of sample products and engineering drawings, shall be contingent upon the parties agreeing to a Protective Order.

      c.    <u>Infringement Claim Charts</u>. The plaintiff shall serve upon the defendant by April 3, 2006, a "Plaintiff's Claim Chart," which shall identify: (1) which claim(s) of its patent it alleges are being infringed; (2) which specific products or methods of defendant it alleges literally infringe or infringe under the doctrine of equivalents for each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present. If there is a contention by plaintiff that there is infringement of any claims under the doctrine of equivalents, plaintiff shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, plaintiff shall also explain each of the functions, way and result that it contends are equivalent, and why it contends that any differences are not substantial. No later than May 3, 2006, defendant shall serve upon plaintiff "Defendant's Claim Chart" that indicates with specificity which elements on Plaintiff's Claim Chart it admits are present in its accused device or process, and which it contends are absent. In the latter regard, defendant will set forth in detail the basis for its contention that the element is absent. As to the doctrine of equivalents, defendant shall indicate on its chart its contentions concerning any differences in function, way and result and why any differences are substantial.

      d.    <u>Invalidity Claim Charts</u>. On or before June 1, 2006, defendant shall serve on plaintiff a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by plaintiff ("Defendant's Prior Art Statement"). On or before July 3, 2006, plaintiff shall serve on

defendant "Plaintiff's Prior Art Statement," in which it will state in detail its position on what the prior art relied upon by defendant shows, if its interpretation differs from defendant's, and its position on why the prior art does not invalidate the patent(s)-in-suit. The plaintiff's and defendant's "Prior Art Statements" can be, but need not be, in the form of expert reports. Amendments to the parties' Prior Art Statements can be made only by leave of Court, upon a showing:

Defendant:

(a) that it was not and could not reasonably have been located earlier by defendant; and

(b) that it is not merely cumulative of prior art already listed, and

(c) how defendant will be prejudiced if leave is denied, and plaintiff will not be prejudiced if leave is given.

Plaintiff:

(a) that earlier it could not have detailed its new position on what the prior art relied upon by defendant shows; and

(b) how plaintiff will be prejudiced if leave is denied and defendant will not be prejudiced if leave is given.

6. **Confidential Information and Papers Filed Under Seal**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in

paragraph 5(a).

7. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

8. **Summary Judgment Motions**. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than December 7, 2006. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than December 14, 2006. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before December 18, 2006. The Court shall hold a status conference by telephone to hear argument and to determine whether the filing of any motion will be permitted on January 4, 2007, at 10:00 a.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9. **Case Dispositive Motions**. Should the Court permit the filing of summary judgment motions, an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before January 18, 2007. If there is no decision at the January 4, 2007, teleconference as to permitting summary judgment motions, this schedule shall be altered so as to commence briefing two weeks following the Court's decision. The timing for filing responsive and reply briefs will be determined in accordance with the Local Rules, unless otherwise agreed by the parties or amended by the Court for good cause shown.

10. **Applications by Motion**. Except as provided in this Order or for matters relating

to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

12. **Pretrial Conference**. On May 30, 2007, the Court will hold a Pretrial Conference in Chambers with counsel beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Twenty (20) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, within ten (10) calendar days, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. Motions *in limine*: No party shall file more than ten (10) motions *in limine*. Briefs (**opening, answering and reply**) on all motions *in limine* shall be filed by April 30, 2007, with parties exchanging opening briefs on April 9, 2007 and answering briefs on April 23, 2007. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the joint proposed final pretrial order on or before April 30, 2007.

13. **Trial**. This matter is scheduled for an 8-day jury trial beginning at 9:00 a.m. on June 25, 2007.

14. **Scheduling**. The parties shall direct any requests or questions regarding the

scheduling and management of this matter to Chambers at (302) 573-6470.

15. **Attached Addendum:** An addendum is attached summarizing and setting forth additional scheduling dates.

_____       _____
DATE                                                          UNITED STATES DISTRICT JUDGE

**AGREED TO BY THE PARTIES:**

Dated: February 6, 2006        /s/ Peter B. Ladig (#3513)
                               Edmond D. Johnson (#2257)
                               Peter B. Ladig (#3513)
                               THE BAYARD FIRM
                               222 Delaware Avenue, Suite 900
                               Wilmington, DE 19801

                               OF COUNSEL:
                               Scott L. Robertson
                               Christopher C. Campbell
                               HUNTON & WILLIAMS LLP
                               1900 K Street, N.W.
                               Washington, D.C. 20006-1109
                               Telephone: (202) 955-1500
                               Facsimile: (202) 778-2201
                               **ATTORNEYS FOR PLAINTIFF
                               TEXTRON INNOVATIONS INC.**

| | |
|---|---|
| Dated: February 6, 2006 | /s/ Richard L. Horwitz (#2246)<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, Delaware 19899-0951<br>(302) 984-6000<br><br>Earl D. Reiland, Esq. (#90426)<br>Thomas R. Johnson, Esq. (#242032)<br>Thomas J. Leach, Esq. (#311844)<br>MERCHANT & GOULD P.C.<br>3200 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>(612) 332-5300<br><br>**ATTORNEYS FOR DEFENDANT<br>THE TORO COMPANY** |

616618v1