IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEXTRON INNOVATIONS INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE TORO COMPANY, ) <br> ) <br> Defendant. ) <br> _____ ) | C.A. No. 05-486 (GMS) |

**STIPULATED PROTECTIVE ORDER**

The discovery procedures in this case may require disclosure of information, either documentary or testimonial or both, regarded by the producing party as confidential information incorporating proprietary data, know-how, trade secrets, or other valuable commercial information. Accordingly, the parties, by and through their respective attorneys, stipulate and agree to the following terms and conditions, which shall apply to this civil action:

1. Any document or testimonial information provided by either party, which that party in good faith contends contains information proprietary to it or to a third party and entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, may be designated as confidential and, except as permitted by further Order of a Court of competent jurisdiction, or by subsequent written agreement of the producing party, such designated documents or testimonial information shall be received by counsel of record for the receiving party upon the terms and conditions of this Stipulated Protective Order ("this Protective Order").

2. Documents or tangible items shall be designated confidential within the meaning of this Protective Order in the following ways:

618292v1

(a) In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(b) In the case of interrogatory answers, responses to requests for admission, or other written discovery responses, and the information contained therein, designation shall be made by placing on the pages containing the confidential information the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(c) In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(d) In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents made available for inspection shall be considered as marked "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

3. With respect to all documents, information, or tangible items produced or furnished by a party during this litigation, which are designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by the producing party, such information

shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, by the receiving party to any person not authorized to receive the information under the terms of this Protective Order.

    4.    If, in the course of this proceeding, depositions are conducted that involve confidential information, counsel for the witness or party producing such information may state, on the record, the portion of the deposition which counsel believes may contain confidential information. If such designation is made, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such confidential information in accordance with this Protective Order, the reporter, and (if used) videographer. Subject to the terms hereof, "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information may be disclosed by a receiving party in a deposition, to the extent that its use is necessary, only at the deposition(s) of:

    (a)    the present officers, employees, contractors or present and former directors, of the producing party;

    (b)    an author, addressee, or other person indicated as a recipient of a document containing the information;

    (c)    an independent advisor, consultant or expert otherwise qualified under this Protective Order to receive such information; or

    (d)    any person for whom prior authorization is obtained from the producing party or the Court.

Each party shall have until twenty (20) calendar days after receipt of the final deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as "CONFIDENTIAL" or

"CONFIDENTIAL - ATTORNEYS' EYES ONLY." The right to make such designation shall be waived unless a party states on the record during the deposition that the deposition contains confidential information, or unless such designations are made within the twenty (20) calendar day period. Prior to such designation, or expiration of the twenty (20) calendar day period, the entire deposition transcript, including the rough draft, shall be deemed to be designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information. Transcripts of testimony, or portions thereof, designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be filed only under seal as described in paragraph 5, until further order of the Court.

5. Any document, pleading, or tangible item which contains confidential information, if filed or submitted to the Court, shall be filed in a sealed envelope marked "CONFIDENTIAL - NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT."

6. Any confidential document or testimonial information produced by any party that contains information proprietary to the producing party or another and is particularly sensitive competitive information including but not limited to sales and finance, products in development not currently marketed, and future marketing plans may be designated in writing as "CONFIDENTIAL - ATTORNEYS' EYES ONLY." The parties agree to designate information as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on a good-faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

7. Before disclosure of any information designated as confidential under this Protective Order is made to any in-house counsel of the non-producing party pursuant to this Protective Order, or to any consultant or expert retained by the non-producing party pursuant to this Protective Order, or to any witness or prospective witness, counsel for the party disclosing the information shall obtain a written affidavit, in the form attached hereto as Appendix A, from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order. The affidavits shall be provided to opposing counsel ten (10) calendar days in advance of the first disclosure of any such information to such person. If no written objection is made by the disclosing party to such person receiving such information within such ten (10) calendar day period, then "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information may be disclosed to such person. If objection is made, then any party seeking to make the disclosure may bring before the Court the question of whether the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information may be disclosed to such person. The burden of establishing that information has been properly designated as confidential is on the party making such designation. All signed affidavits shall be maintained through the conclusion of this action.

8. Except as permitted by further order of this Court or by subsequent written agreement of the producing party, disclosure of "CONFIDENTIAL - ATTORNEYS' EYES

618292v1

ONLY" documents or information, including summaries thereof shall be limited to the following:

  (a) the law firms of MERCHANT & GOULD, P.C.; POTTER ANDERSON & CORROON LLP, THE BAYARD FIRM, HUNTON & WILLIAMS LLP and/or any other law firm acting as counsel of record for the parties, and one in-house counsel of each of the parties. The in-house counsel for Toro who may have access to "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information is Larry Buckley. The in-house counsel for Textron Innovations Inc. who may have access to "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information is Julie Duffy. "However, distribution of any material identified as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by a producing party, shall be limited to the foregoing outside or in-house counsel who will not be involved in reviewing or drafting claims or arguments on behalf of the receiving party in any patent prosecution before the United States Patent and Trademark Office or foreign patent office involving: 1) any drive systems for riding vehicles, including sand trap rakes, or gang-type mowers; or 2) any gang-type rotary mowers; for a period of time beginning with the date of entry of this protective order and continuing for a period of one year after the conclusion of this litigation. The parties represent that the in-house counsel identified in this sub-paragraph and any outside counsel with access to the producing party's "confidential - attorney's eyes only" materials are not and will not be involved in reviewing or drafting claims

or arguments on behalf of the parties in any patent prosecution before the United States Patent and Trademark Office or foreign patent office involving the subject matter set forth above.

(b) consultants, translators or experts, subject to the requirements of Paragraph 7;

(c) persons who authored, received, or had access to the documents or information;

(d) qualified court reporters and videographers taking testimony and their necessary stenographic and clerical personnel;

(e) mock jurors (who may have no relationship to any party or any competitor of either party) who have signed a document agreeing to be bound by the terms of this Protective Order in the form attached as Exhibit A (such signed documents of the mock jurors to be maintained by counsel for the designating party);

(f) support vendors retained by outside attorneys for such functions as copying and document management or graphics and audio and/or video production who have signed a document agreeing to be bound by the terms of this Protective Order in the form attached as Exhibit A (such signed document to be maintained by counsel of the party designating such person);

(g) the Court and its personnel.

9.　Disclosure of information designated as "CONFIDENTIAL," including summaries thereof, shall be limited to (a) the person(s) and entities identified in paragraphs 8 and 9; and (b) Tony Ferguson on behalf of Toro and Jim Berkeley on behalf of Textron.

10.　"CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents shall be stored and maintained at the offices of outside counsel of record only, and in no event will they be stored and maintained at the offices or other facilities of either party.

Copies of documents under this Protective Order may be made or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation, as long as reasonable steps are taken to protect the confidentiality of such documents.

11.　If it becomes necessary for counsel for a party receiving "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to seek the assistance of any other person, other than those referred to in paragraphs 8 and 9 such as any employee of the receiving party, and to disclose "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to such person in order to properly prepare this litigation for trial, the following procedures shall be employed:

(a)　Counsel for the receiving party shall notify, in writing, counsel for the party producing the "CONFIDENTIAL -ATTORNEYS' EYES ONLY" information of their desire to disclose such CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information and shall identify the person(s) to whom they intend to make disclosure.

(b)　If no objection to such disclosure is made by counsel for the producing party within ten (10) calendar days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall

          serve upon opposing counsel, prior to disclosure, an affidavit in the form attached hereto as Appendix A, whereby such person agrees to comply with and be bound by this Protective Order.

      (c)     If the producing party objects to such disclosure in writing within such ten (10) calendar day period, no disclosure shall be made. Any party may bring before the court the question of whether the particular "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information can be disclosed to the designated person(s).

12.    If, through inadvertence, a producing party provides or produces any information pursuant to this litigation without marking the information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" information, or improperly marks a type of confidential information as another type of confidential information, the producing party may subsequently inform the receiving party of the improper marking, the nature of the disclosed information improperly marked, and the manner in which the improperly marked information should have been marked, and the receiving party shall treat the disclosed information as if it had been properly marked upon receipt of written notice from the producing party, to the extent the receiving party has not already disclosed this information, and shall collect from any persons no longer entitled to access such information any copies of documents containing such information, determine to whom the information has been disclosed, and inform such persons that the information should no longer be used by them and report these activities to the producing party within ten (10) calendar days of receiving notice from the producing party of the confidential nature of the information.

13. The restrictions set forth in this Protective Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents which would be in violation of this order. If such public information is designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," the receiving party must inform the producing party of the pertinent circumstances before the restrictions of this Protective Order will be inapplicable.

14. No person or party shall directly or indirectly utilize or disclose any information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY", except for the purpose of preparation for and trial of this action and the action styled as The Toro Company v. Textron, Inc., et al., Civil Action No. 05-cv-1835 (MJD/SRN), pending in the United States District Court for the District of Minnesota, and in accordance with any further order issued by the Court.

15. Acceptance by a party of any information, document, or thing designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not constitute a concession that the information, document or thing is confidential. Either party may contest a claim of confidentiality. If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, then such dispute may be presented to the Court by either party by motion or otherwise. In the resolution of such matter,

the burden of establishing confidentiality shall be on the party who made the claim of confidentiality.

16. This Protective Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

17. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

18. Within one hundred twenty (120) days after conclusion of this action, including the exhaustion of any appeals, all documents including "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the producing attorneys of record, or, at the producing party's option, destroyed by counsel for the receiving party, except for a master copy of such documents as may be included in documents filed with the court and except for attorney memos or notes that may include such information. If documents are destroyed in accordance with this paragraph, the receiving party shall give written notification to the producing party as to when and how destruction was accomplished. The provisions of this Protective Order, insofar as it restricts the disclosure, communication of, and use of, "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information produced hereunder, shall continue to be binding after the conclusion of this action.

19. If discovery is sought of a person not a party to this action ("third party") requiring disclosure of such third party's "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, including information of such third party, the "CONFIDENTIAL"

or "CONFIDENTIAL -ATTORNEYS' EYES ONLY" information disclosed by such third party will be accorded the same protection as the parties' "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, and will be subject to the same procedures as those governing disclosure of the parties' "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information pursuant to this Stipulated Protective Order.

20. When a party wishes to designate as confidential materials produced by someone other than the designating party, such designation shall be made within twenty-five (25) days from the date that the designating party receives copies of such materials from the producing or disclosing entity. The designating party shall provide notice to all parties to this action and to the producing party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice shall be sent by facsimile and regular mail. Upon notice of designation pursuant to this provision, all persons receiving notice of the requested designation shall: a) make no further disclosure of such designated materials or information contained therein, except as allowed in this Protective Order; b) take reasonable steps to notify any persons known to have possession of or access to such designated materials of the effect of such designation under this Protective Order; and c) take reasonable steps to reclaim or prevent access to such designated materials or information in the possession or control of any person not permitted to have access under the terms of this Protective Order.

21. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of materials designated under this Protective Order. In rendering such advice and

otherwise communicating with the client, however, counsel shall not disclose the contents, substance or source of any designated materials, except as permitted by this Protective Order.

22. Neither the provisions of this Protective Order, nor the filing of any designated materials, under seal, shall prevent the use in court, at any hearing, or at trial of this action of any designated material that is subject to this Protective Order or filed under seal pursuant to its provisions. Prior to the pretrial conference, the parties shall meet and confer concerning appropriate methods for dealing with designated material at trial.

23. Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

24. In the event that one of the law firms that is counsel of record or counsel for a Designating Party in this action (or a responsible attorney for a non-party) learns or discovers that a document subject to immunity from discovery on the basis of attorney-client privilege, work product or other valid basis has been produced inadvertently, counsel shall notify the Receiving Party or Parties within ten business days after so learning or discovering that such inadvertent production has been made. The inadvertently disclosed documents and all copies shall be returned to the producing party and the Receiving Party shall not seek an order compelling production of the inadvertently disclosed documents on the ground that the producing party has waived or is estopped from asserting the applicable privilege or immunity on the basis that the document has been voluntarily produced. Such inadvertent disclosure shall not result in the waiver of any associated privilege, provided that the producing party has given timely notice as provided in this paragraph. Counsel shall cooperate to restore the confidentiality of any such inadvertently produced information.

The foregoing is hereby stipulated by and between counsel.

STIPULATED AND AGREED TO:

Dated: February 23 2006

/s/ Edmond D. Johnson (EJ2257)
Edmond D. Johnson (#2257)
Peter B. Ladig (# 3513)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Scott L. Robertson
Christopher C. Campbell
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
(202) 955-1500

**ATTORNEYS FOR PLAINTIFF
TEXTRON INNOVATIONS INC.**

Dated: February 23, 2006

/s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000

Earl D. Reiland, (MN Reg. #90426)
Thomas R. Johnson (MN Reg. #242032)
Thomas J. Leach, Esq. (#311844)
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 332-5300

**ATTORNEYS FOR DEFENDANT
THE TORO COMPANY**

**SIGNED AND ENTERED** this ____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE

618292v1

# APPENDIX A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____, county _____, state of _____;

I am currently employed by _____located at _____ and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____, filed in Civil Action No. 05-486 (GMS), pending in the United States District Court for the District of Delaware. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Confidential — Attorneys' Eyes Only" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received any documents in my possession designated "Confidential" or "Confidential — Attorneys' Eyes Only," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

618292v1

15

      I submit myself to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

      I declare under penalty of perjury that the foregoing is true and correct.


Executed on _____     _____
(Date)        (Signature)