# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEXTRON INNOVATIONS INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C. A. No. 05-486 (GMS) ) ) **JURY TRIAL DEMANDED** |
| THE TORO COMPANY, | ) ) |
| Defendant. | ) |

## DEFENDANT'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

Defendant, The Toro Company, (herein "Toro"), by its attorneys ~~hereby~~, answers Textron Innovations Inc.'s (herein "Textron") Complaint as follows:

### NATURE OF THE ACTION

1. Toro admits that this is an action for patent infringement arising under the patent laws of the United States, but ~~Toro~~ denies <u>that it has infringed</u> any ~~patent infringement~~<u>Textron patents</u>. Toro further admits that Textron is seeking injunctive relief and the recovery of monetary damages<u>, but denies that Textron is entitled to relief of any kind</u>. Toro denies all other allegations of Paragraph 1 of Textron's Complaint.

2. Toro denies the allegations of Paragraph 2 of Textron's Complaint.

### THE PARTIES

3. Toro admits the allegations of Paragraph 3 of Textron's Complaint.

4. Toro admits the allegations of Paragraph 4 of Textron's Complaint.

### JURISDICTION AND VENUE

---

1   DeltaView comparison of PowerDocs://PAC/706761/1 and PowerDocs://PAC/734712/1. Performed on 6/1/2006.

5. In response to the allegations in Paragraph 5 of Textron's Complaint, Toro admits that Textron is pleading a case for patent infringement and that this Court has subject matter jurisdiction, but denies all other allegations of Paragraph 5.

6. Toro admits that the venue requirements of 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) are present, ~~however, Toro challenges venue in this district as improper under 28 U.S.C. § 1404(a)~~. Assuming that Textron means that Toro sued in Delaware a number of years ago when it states: "[Toro] has in the past purposefully availed itself of the jurisdiction of this Court," Toro admits that allegation. Toro denies all other remaining allegations of Paragraph 6 of Textron's Complaint.

7. Toro admits that it has done some business in this judicial district. Toro is without information as to the allegation that it " . . . is doing substantial business in this judicial District . . . with respect to the allegations in [Textron's] Complaint," as Textron has not identified any accused Toro products. Therefore, Toro denies the remaining allegations of Paragraph 7 of Textron's Complaint.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,047,530

8. Toro incorporates its responses to Paragraphs 1 through 7 as if fully set forth herein.

9. Toro admits that on April 11, 2000, the United States Patent and Trademark Office granted U.S. Patent No. 6,047,530. Toro is without information as to the remaining allegations in Paragraph 9 of Textron's Complaint and therefore denies the same.

10. Toro denies the allegations in Paragraph 10 of Textron's Complaint.

11. Toro denies the allegations in Paragraph 11 of Textron's Complaint.

---

2   DeltaView comparison of PowerDocs://PAC/706761/1 and PowerDocs://PAC/734712/1. Performed on 6/1/2006.

12. Toro denies the allegations in Paragraph 12 of Textron's Complaint.

---

3   DeltaView comparison of PowerDocs://PAC/706761/1 and PowerDocs://PAC/734712/1. Performed on 6/1/2006.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,336,311

13. Toro incorporates its responses to Paragraphs 1 through 12 as if fully set forth herein.

14. Toro admits that on January 8, 2002, the United States Patent and Trademark Office granted U.S. Patent No. 6,336,311. Toro is without information as to the remaining allegations in Paragraph 14 of Textron's Complaint and therefore denies the same.

15. Toro denies the allegations in Paragraph 15 of Textron's Complaint.

16. Toro denies the allegations in Paragraph 16 of Textron's Complaint.

17. Toro denies the allegations in Paragraph 17 of Textron's Complaint.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,336,312

18. Toro incorporates its responses to Paragraphs 1 through 17 as if fully set forth herein.

19. Toro admits that on January 8, 2002, the United States Patent and Trademark Office granted U.S. Patent No. 6,336,312. Toro is without information as to the remaining allegations in Paragraph 19 of Textron's Complaint and therefore denies the same.

20. Toro denies the allegations in Paragraph 20 of Textron's Complaint.

21. Toro denies the allegations in Paragraph 21 of Textron's Complaint.

22. Toro denies the allegations in Paragraph 22 of Textron's Complaint.

4   DeltaView comparison of PowerDocs://PAC/706761/1 and PowerDocs://PAC/734712/1. Performed on 6/1/2006.

## DEFENSES

By and for its defenses, Toro states:

23. Toro has not infringed, contributorily infringed, and/or induced infringement of U.S. Patent No. 6,047,530.

24. Toro has not infringed, contributorily infringed, and/or induced infringement of U.S. Patent No. 6,336,311.

25. Toro has not infringed, contributorily infringed, and/or induced infringement of U.S. Patent No. 6,336,312.

26. ~~Upon information and belief, and as will likely be supported by the evidence after a reasonable opportunity for further investigation and discovery,~~ **Plaintiff's** U.S. Patent No. 6,047,530 entitled "Gang-Type Rotary Lawn Mower" is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

27. ~~Upon information and belief, and as will likely be supported by the evidence after a reasonable opportunity for further investigation and discovery,~~ **Plaintiff's** U.S. Patent No. 6,336,311 entitled "Gang-Type Rotary Lawn Mower With Rear Roller" is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

28. ~~Upon information and belief, and as will likely be supported by the evidence after a reasonable opportunity for further investigation and discovery,~~ **Plaintiff's** U.S. Patent No. 6,336,312 entitled "Gang-Type Rotary Lawn Mower With Multiple Rear Rollers" is invalid for failure to comply with the conditions and requirements for

---

5    DeltaView comparison of PowerDocs://PAC/706761/1 and PowerDocs://PAC/734712/1. Performed on 6/1/2006.

patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

29. ~~Upon information and belief, and as will likely be supported by evidence after reasonable opportunity for further investigation and discovery,~~ Textron's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

<u>30.    Textron's '530, '311, and '312 patents are unenforceable due to inequitable conduct before the U.S. Patent and Trademark Office, as detailed in Count III of Toro's Counterclaims.</u>

<u>31.    Textron's claims are barred, in whole or in part, by the doctrine of laches</u>.

## COUNTERCLAIMS

Defendant ~~The~~ Toro ~~Company~~ for its counterclaims against Plaintiff Textron alleges as follows:

## THE PARTIES

<u>32.    Defendant Toro is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business at 8111 Lyndale Avenue South, Bloomington, MN 55420.</u>

<u>33.    Plaintiff Textron is a corporation organized and existing under the laws of the State of Delaware and has its principal office at 40 Westminster Street, Providence, RI 02903.</u>

## JURISDICTION AND VENUE

~~30.~~<u>34.</u>    This is a claim for declaratory judgment arising under 28 U.S.C. § ~~2201.~~<u>§§ 2201 and 2202.</u>

6    DeltaView comparison of PowerDocs://PAC/706761/1 and PowerDocs://PAC/734712/1. Performed on 6/1/2006.

~~31.~~ 35. This Court has subject matter jurisdiction over ~~Defendant's patent infringement lawsuit under 28 U.S.C. §§ 1331 and 1338(a). This Court has subject matter jurisdiction over Defendant~~Toro's declaratory judgment counterclaims under the Declaratory Judgment Act, Title 28, United States Code, §§ 2201 *et seq.* and under the laws of the United States concerning actions relating to patents, 35 U.S.C. §§ 101 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

~~32.~~ 36. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and ~~28~~ 28 U.S.C. § 1400(b).

### ~~COUNTERCLAIM COUNT I – DECLARATORY JUDGMENT~~

~~33. Plaintiff restates the allegations set forth in paragraphs 30-32 and incorporates them herein by reference.~~ ~~34.~~ 37. Plaintiff Textron ~~Innovations Inc.~~'s legal assertions that the '530 patent, the '311 patent and the '312 patent are infringed by Defendant Toro create an actual controversy within the meaning of 28 U.S.C. § 2201 between Plaintiff ~~Textron Innovations Inc.~~ and Defendant over the alleged infringement, validity, and unenforceability of the '530 patent, the '311 patent, and the '312 patent.

~~35. None of Defendant's products infringe any claim of the '530 patent, the '311 patent, or the '312 patent.~~

~~36. The '530 patent claims are invalid.~~

~~37. The '311 patent claims are invalid.~~

~~38. The '312 patent claims are invalid.~~

~~39. Defendant reserves the right to assert additional claims for a declaratory judgment of unenforceability of the '530 patent, the '311 patent, and the '312 patent following a reasonable opportunity for investigation. Defendant also reserves the right to~~

7   DeltaView comparison of PowerDocs://PAC/706761/1 and PowerDocs://PAC/734712/1. Performed on 6/1/2006.

~~assert additional claims for declaratory judgment should Plaintiff's allege products infringe.~~

## COUNTERCLAIM COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

38.  Plaintiff restates the allegations set forth in paragraphs 32-37 and incorporates them herein by reference.

39.  Toro has not infringed any valid claim of the '530 patent.

40.  Toro has not infringed any valid claim of the '311 patent.

41.  Toro has not infringed any valid claim of the '312 patent.

42.  Toro's Groundsmaster 3500-D, 3505, 4500-D, and 4700-D do not infringe any valid claims of the '530 patent, the '311 patent or the '312 patent.

## COUNTERCLAIM COUNT II--
## DECLARATORY JUDGMENT OF INVALIDITY

43.  Plaintiff restates the allegations set forth in paragraphs 32-37 and incorporates them herein by reference.

44.  The '530 patent claims are invalid for failing to comply with one or more requirements for patentability set forth in 35 U.S.C. §§101, 102, 103, 112, *et seq.*

45.  The '311 patent claims are invalid for failing to comply with one or more requirements for patentability set forth in 35 U.S.C. §§101, 102, 103, 112, *et seq.*

46.  The '312 patent claims are invalid for failing to comply with one or more requirements for patentability set forth in 35 U.S.C. §§101, 102, 103, 112, *et seq.*

## COUNTERCLAIM COUNT III

8    DeltaView comparison of PowerDocs://PAC/706761/1 and PowerDocs://PAC/734712/1. Performed on 6/1/2006.

## DECLARATORY JUDGMENT OF UNENFORCEABILITY

47.  Plaintiff restates the allegations set forth in paragraphs 32-37 and incorporates them herein by reference.

48.  In an Office Action mailed on January 1, 1999, the Examiner rejected pending claims 1, 2, 5, 6, and 10 as obvious in view of two prior art references, namely Smith (U.S. Patent No. 5,297,378) and the Mountfield brochure. The patent Examiner concluded that it would have been obvious to modify Smith, which has a similar cutting arrangement as in the applicant's claims, to include a plurality of rotary blade assemblies with rear rollers.

49.  In response to the patent Examiner's obviousness rejection, the named inventor, Richard D. Bednar, filed a Rule 132 declaration. In that 132 declaration, filed on November 4, 1999, Mr. Bednar, made material misrepresentations to the patent Examiner in order to persuade the patent Examiner to allow claims 1, 2, 5, 6, and 10. For example, in Mr. Bednar's 132 affidavit to the patent Examiner, stated that "[r]otary mowers have typically not been used to cut golf course roughs, which require close trimming and the ability to cut undulating terrain at a relatively short length, because nobody prior to me has recognized the desirability of using, or figure out how to use, gang-type rotary mowers to cut golf course roughs." Mr. Bednar also stated that gang-type rotary mowers were not used to cut golf-course roughs and never previously had rear rollers:

> [c]onventional wisdom in the art of gang-type mowers held that rotary mowers could not be used to cut golf course roughs. My invention of individual cutting units with the addition of rear rollers, however, made the use of gang-type rotary mowers possible to cut golf course roughs. To the best of my knowledge, gang-type rotary mowers have never had such rollers.

---

9   DeltaView comparison of PowerDocs://PAC/706761/1 and PowerDocs://PAC/734712/1. Performed on 6/1/2006.

50. Bednar and his patent attorneys made other false statements during the prosecution of the application that became the '530 patent. An amendment dated April 29, 1999, states: "rotary mowers have typically not been used to cut golf course roughs," and "Applicant has invented the first rotary mower that is suitable for cutting a golf course rough."

51. The Response To Final Rejection dated November 4, 1999 states: "Applicant has invented the first rotary mower that is suitable for cutting a golf course rough." The Supplemental Response to Final Rejection dated December 1, 1999, states: "Applicant has invented the first rotary mower that is suitable for cutting a golf course rough."

52. Mr. Bednar's statements in his 132 declaration are false as shown by a 1991 article by fellow Textron employee David Buchanan (Buchanan Articale) and were made with the intent to mislead the patent Examiner into allowing the proposed claims.

53. For at least the reason that several false statements were made to the Patent Office during the prosecution of the '530 patent, Textron's '530, '311, and '312 patents are unenforceable due to inequitable conduct before the U.S. Patent and Trademark Office.

## COUNTERCLAIM COUNT IV
## DECLARATORY JUDGMENT OF EQUITABLE ESTOPPEL

40.-54. Plaintiff restates the allegations set forth in paragraphs 3032-3937 and incorporates them herein by reference.

55.  ~~41.    Upon information and belief, and as will likely be supported by evidence after reasonable opportunity for further investigation and discovery,~~ Defendant Textron Innovations Inc.'s claims are barred, in whole or in part, by the doctrine of equitable estoppel~~.~~ **because of Textron's unreasonable delay in filing suit and because that delay materially prejudiced Toro.**

### PRAYER FOR RELIEF

WHEREFORE, Toro prays that:

A.  Plaintiff's Complaint be dismissed with prejudice and that judgment be entered for Toro;

B.  **Each claim of** U.S. Patent Nos. 6,047,530, 6,336,311, and 6,336,312 be adjudged and decreed to be invalid and unenforceable;

C.  Toro be adjudged and decreed not to have infringed, contributorily infringed, or induced others to infringe ~~the claims~~**any valid claim** of U.S. Patent Nos. 6,047,530, 6,336,311, and 6,336,312;

D.  This case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and that Toro be awarded its costs and attorneys fees in defending this action; and

E.  Such other and further relief as this Court deems just and proper.

11   DeltaView comparison of PowerDocs://PAC/706761/1 and PowerDocs://PAC/734712/1. Performed on 6/1/2006.

## DEMAND FOR JURY TRIAL

Toro hereby demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

OF COUNSEL:

Earl D. Reiland
Thomas R. Johnson
Thomas J. Leach
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 332-5300

Dated: ~~November 9, 2005~~ June 1, 2006

~~706761~~

POTTER ANDERSON & CORROON LLP

By:  /s/ ~~Richard L. Horwitz~~ *David E. Moore*
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant The Toro Company*

12   DeltaView comparison of PowerDocs://PAC/706761/1 and PowerDocs://PAC/734712/1. Performed on 6/1/2006.

~~IN THE UNITED STATES DISTRICT COURT~~
~~FOR THE DISTRICT OF DELAWARE~~

~~CERTIFICATE OF SERVICE~~

~~I, hereby certify that on June 1, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:~~

~~Edmond D. Johnson~~
~~Peter B. Ladig~~
~~The Bayard Firm~~
~~222 Delaware Avenue, Suite 900~~
~~Wilmington, DE 19801~~

~~I hereby certify that on June 1, 2006, I have Federal Expressed the documents to the following non-registered participants:~~

~~Scott L. Robertson~~
~~Christopher C. Campbell~~
~~Hunton & Williams LLP~~
~~1900 K Street, N.W.~~
~~Washington, DC 20006-1109~~

~~By:   /s/ Richard L. Horwitz~~
~~Richard L. Horwitz~~
~~David E. Moore~~
~~Hercules Plaza, 6th Floor~~
~~1313 N. Market Street~~
~~Wilmington, Delaware 19899-0951~~
~~(302) 984-6000~~
~~rhorwitz@potteranderson.com~~
~~dmoore@potteranderson.com~~

734712

13   DeltaView comparison of PowerDocs://PAC/706761/1 and PowerDocs://PAC/734712/1. Performed on 6/1/2006.