# EXHIBIT E

# Merchant & Gould

An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact
**612.371.5208**
**tzeuli@merchant-gould.com**

June 1, 2006

Christopher C. Campbell
Hunton & Williams LLP
1751 Pinnacle Drive, Suite 1700
McLean, VA 22102

**Sent Via FedEx**

*Re:    Textron, Inc. et al. v. The Toro Company*
*Our Ref:  6372.149USZA*

Dear Chris:

    Enclosed and served upon you please find Toro's Prior Art Statement, along with a Certificate of Service.

Very truly yours,

Anthony R. Zeuli

ARZ:cmf
Enclosure

cc:  Edmond D. Johnson

Minneapolis/St. Paul
Denver
Seattle
Atlanta
Washington, DC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) | |
| | ) | C. A. No. 05-486 (GMS) |
| Plaintiff, | ) | |
| v. | ) | (Jury Trial Demanded) |
| | ) | |
| THE TORO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## TORO'S PRIOR ART STATEMENT

In compliance with the Court's Scheduling Order, Defendant, The Toro Company ("Toro"), provides the following Prior Art Statement to Plaintiff, Textron Innovations, Inc. ("Textron").

The asserted claims of U.S. Patent Nos. 6,047,530 ("the '530 patent"); 6,336,311 ("the '311 patent"); and 6,336,312 ("the '312 patent") (hereinafter the "patents-in-suit") are all invalid as anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103, or both, in view of the following list of prior art and as detailed in the attached invalidity charts Exhibits A-F:

**A.    Gang-Type Rotary Mowers**

1. Lesco 500 Rotary
2. Deere with Nunes 355
3. Deere 3235A with Nunes Brochure
4. R.T.S. Rotary Cutters (Risboro Turf Brochure) & Hayter Bever T24
5. Picture of Deere 3235A with Nunes rotary decks

**B.    Gang-Type Rotary Mowers**

6. Jacobsen HR-5111
7. Golf and Sports Turf, March 1990

1

8.    Howard Price 1280
9.    Howard Price 1260
10.   Howard Price Hydro-Power 180
11.   Befco
12.   Las Tec—Articulator  (Model 425-D, 325-ER, M 325-E)
13.   Cream of The Crop Turf Management, April 1993
14.   Nunes 317, 490, 426
15.   Land Pride Turf—All-Flex Mowers
16.   Nunes 5.5 Vacuum Plus
17.   Hustler Range Wing
18.   U.S. Pat. 4,926,621
19.   U.S. Pat. 5,280,695
20.   U.S. Pat. 3,135,079
21.   EU 342 700 B1
22.   Nunes 3235A
23.   U.S. Pat. 4,308,713
24.   Rotaries take to golf courses, Grounds Maintenance, January 1991.
25.   Toro 455-D
26.   Out-Front Rotary Mowers, Grounds Maintenance, May 1991
27.   Problem Solver, Parks & Sport Grounds, March 1992

**C.    Gang Rotary with Roller**

28.   Major-Groundsman
29.   Major-GroundsMajor
30.   Howard—Stealth
31.   Howard—TrailMaster
32.   Cheap & Careful
33.   United Equipment—Uni-Cut (see Tab 1)
34.   Relying On a Rotary (Turfmech-- Tri-Deck TD65-2
35.   U.S. Pat. No. 3,236,034
36.   U.S. Pat. No. 3,650,098
37.   U.S. Pat. No. 4,304,086
38.   Trimax Pegasus

**D.    Rotary with Roller (including Interchangeability of Roller and Casters Wheels)**

39.   Kilworth's Sovema optional Rear Roller.
40.   Port Agric Cutlass Pro/AM.
41.   U.S. Patent No. 3,802,172
42.   Australian Patent No. 11,914/70
43.   Australian Patent No. 50523/64
44.   Honda HR 173, HR 194, HR 214, and HR 216
45.   Cheap And Careful
46.   Simplicity Mowers

2

47.  Mountfield Empress
48.  Steiner 80-81 Owners Manual
49.  South African Patent App. No. 924978
50.  South African Patent App. No. 942089
51.  Teagle Topper 5.
52.  Attack Engineering 150 Rollermower / Falcon Rollermowers 40/150R and 50/150R (40)
53.  Dowdeswell Rollermowers
54.  Sod Harvester by Nunes
55.  Choosing the right cutting mechanism

### E.    Gang of Single Spindle Rotary Decks

56.  Australian 13463/70
57.  Deere with Nunes 355
58.  Deere 3235A with Nunes

### F.    Height Adjustment

59.  U.S. Patent No. 1, 954,579
60.  U.S. Patent No. 3,537,720
61.  U.S. Patent No. 3,611,684
62.  Australian Patent No. 11,914/70
63.  Howard--Rollamowa (1979) Owners Manual
64.  U.S Patent No. 3,802,172
65.  Votex Rotary Cutters (U.S. Patent No. 1,212,353)
66.  South African Pat. App. No. 924978

### G.    Ganged Reel Mowers

67.  U.S. Patent No. 5,297,378
68.  U.S. Patent No. 5,293,729
69.  U.S. Patent No. 5,343,680
70.  U.S. Patent No. 5,497,604
71.  U.S. Patent No. 5,406,778
72.  British Pat. No. 1,273,760
73.  U.S. Patent No. 4,878,338
74.  U.S. Patent No. 5,293,729
75.  British Pat. No. 1,544,914
76.  U.S. Patent No. 3,616,626

### H.    Rotaries on Golf Course/ Roughs

77.  Equipment Preview 1987, p. 37.
78.  1986: The Season In Review, p. 10
79.  Course gets a manicure

3

80.    Choosing the right cutting mechanism
81.    Mowing Large Areas, Grounds Maintenance, July 1989
82.    Cutting a Systematic Swathe, The Groundsman, July 1993
83.    Rotaries take to golf courses, Grounds Maintenance, January 1991. (See No. 24)
84.    Cheap And Careful (see No. 45)

**I.    Segmented Rollers**

85.    U.S. Patent No. 3,654,749
86.    U.S. Patent No. 3,754,385
87.    U.S. Patent No. 4,416,109

The following attached Exhibits A-F provide a detailed explanation of how the asserted claims of the patents-in-suit are invalid under 35 U.S.C. §§ 102 and 103:

1.    Exhibit A: Invalidity of Asserted Claims of The '530 Patent Under 35 U.S.C. §102;

2.    Exhibit B: Invalidity of Asserted Claims of The '530 Patent Under 35 U.S.C. §103;

3.    Exhibit C: Invalidity of Asserted Claims of The '311 Patent Under 35 U.S.C. §102;

4.    Exhibit D: Invalidity of Asserted Claims of The '311 Patent Under 35 U.S.C. §103;

5.    Exhibit E: Invalidity of Asserted Claims of The '312 Patent Under 35 U.S.C. §102; and

6.    Exhibit F: Invalidity of Asserted Claims of The '312 Patent Under 35 U.S.C. §103.

The references to the various prior art teachings in the above Exhibits A-F are exemplary only, and other portions of the references, other combinations of references, and other evidence of commercial embodiments and/or published literature may provide additional evidence of invalidity. Any and all commercial embodiments and/or published literature relating to any of the prior art listed above are incorporated into this Prior Art Statement.

4

As specifically detailed in the attached §102 invalidity charts (Exhibits A, C, and E), the asserted claims of the patents-in-suit are invalid under 35 U.S.C. § 102 as being anticipated by various prior art references, including, but not limited to, the Lesco 500 Rotary mower, the Risboro Turf Brochure (R.T.S. Rotary Cutters), and the John Deere Mowers with Nunes decks products and brochures. In addition, as specifically detailed in the attached §103 invalidity charts (Exhibits B, D, and F)[1], it would have been obvious under 35 U.S.C. §103 to a person of ordinary skill in the art, as of the filing date of the patents-in-suit, in view of the prior art alone or in combination with the listed prior art references.

The prior art listed above would have also informed one of skill in the art regarding the state of the art at the time of filing of the application. Toro intends to rely upon these and any other references reflecting the state of the art that may be found during discovery, as well as all prior art identified in the file histories and specifications of the patents-in-suit, and all prior art identified or cited in the references disclosed in this Prior Art Statement.

The information provided in Toro's Prior Art Statement is preliminary in nature and subject to modification and supplementation. Toro anticipates that discovery from Textron and others will likely lead to additional prior art relevant to the invalidity of the patents-in-suit, which will need to be added to Toro's Prior Art Statement. Toro may continue to refine and supplement its understanding of the prior art as additional relevant information is acquired during the course of discovery. Toro will supplement this Prior

---

[1] Toro's 35 U.S.C. §103 invalidity charts, Exhibits B, D, and F, include two columns of prior art descriptions. The prior art description in the first prior-art column discloses the claimed element alone or in combination with the description in the second prior-art column that corresponds to the prior art description in the first column.

Art Statement in a timely matter as their understanding of the scope, content, and meaning of the prior art develops as discovery progresses.

Textron has not provided Toro with its construction of the claims, and as such, Toro reserves the right to modify and supplement its Prior Art Statement to the extent that Textron and/or the Court adopt a construction of the claims that differs from Defendant's current understanding of how Textron is applying the claim terms. The prior art references provided herein represent those that Toro has acquired sufficient information to assess their relevance with respect to the patents-in-suit, as currently understood.

To date, Textron has also not produced any evidence to establish that the patents-in-suit are entitled to a priority date earlier than the filing dates. Thus, the patentability of the patents-in-suit must be assessed in light of the state of the relevant art as of the patent filing dates. Should evidence of an earlier priority date be produced, Toro reserves the right to modify and supplement this Prior Art Statement.


Dated: June 1, 2006          By: _Earl D Reiland_____
                              Richard L. Horwitz (#2246)
                              David E. Moore (#3983)
                              POTTER ANDERSON & CORROON LLP
                              Hercules Plaza
                              1313 N. Market Street
                              P.O. Box 951
                              Wilmington, DE 19801
                              (302) 984-6027
                              rhorwitz@potteranderson.com
                              dmoore@potteranderson.com

                              AND

                              Earl D. Reiland
                              Anthony R. Zeuli
                              Thomas J. Leach
                              MERCHANT & GOULD P.C.

3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 332-5300

**ATTORNEYS FOR DEFENDANT
THE TORO COMPANY**

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) | |
| | ) | |
| | ) | C. A. No. 05-486 (GMS) |
| Plaintiff, | ) | |
| v. | ) | (Jury Trial Demanded) |
| | ) | |
| THE TORO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBIT A:  INVALIDITY OF ASSERTED CLAIMS OF THE '530 PATENT
UNDER 35 U.S.C. §102**

| CLAIMS | PRIOR ART |
|---|---|
| **CLAIM 1: A gang-type rotary lawn mower comprising** | |
| | Claim 1 is invalid under 35 U.S.C. § 102.  In particular, the Lesco 500 Rotary was a gang-type rotary lawn mower with each element of claim 1. |
| a frame supported by front and rear wheels for movement over the ground, | The Lesco 500 Rotary was a mower supported by front and rear wheels. |
| a power source which is mounted on the frame and which drives at least two of the wheels, | The Lesco 500 Rotary included an engine that drove the mower's wheels. |
| an operator's seat mounted on the frame, | The Lesco 500 Rotary included a seat mounted on the mower. |
| a steering system enabling the operator to steer the lawn mower, | The Lesco 500 Rotary included a steering system. |
| at least two side-by-side front rotary cutting deck assemblies mounted on the frame in front of the front wheels, the front deck assemblies defining a gap between adjacent front deck assemblies, and | Using the interpretation Textron adopted to accuse Toro's products of infringement, an interpretation that Toro disputes, the Lesco 500 Rotary included this limitation.  For example, the Lesco 500 Rotary included two decks mounted in front of the front wheels that define a gap. |
| at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies and between the front and rear wheels, each rear deck assembly being aligned with a respective gap between | Using the interpretation Textron adopted to accuse Toro's products of infringement, an interpretation that Toro disputes, the Lesco 500 Rotary included this limitation.  For example, the Lesco 500 Rotary included a rear deck mounted on the frame behind the front deck assemblies |

1

| adjacent front deck assemblies, | and between the front and rear wheels and aligned with the gap between the front deck assemblies. |
|---|---|
| each of the front and rear deck assemblies including a single-spindle cutting deck defining a downwardly opening space, a single spindle mounted for rotation about a generally vertical axis within the space, at least one cutting blade mounted on the spindle for rotation therewith, and a rear roller supporting the deck for movement over the ground, the deck having a width such that the roller extends across substantially the entire width of the deck. | As Textron construes this limitation to accuse Toro's products of infringement, the Lesco 500 Rotary included single-spindle cutting decks that define a downwardly opening space in which a blade rotates. The Lesco 500 Rotary also included a full-width rear roller that supported the deck. |
| **CLAIM 2** | |
| A lawn mower as set forth in claim 1 wherein the front deck assemblies are mounted on the frame in front of the front wheels, and the rear deck assembly is mounted on the frame behind the front wheels and in front of the rear wheels. | Claim 2 is invalid under §102 as anticipated by the Lesco 500 Rotary mower. The Lesco 500 Rotary included front deck assemblies mounted on the mower in front of the front wheels and a belly mounted deck mounted between the front and rear wheels. |
| **CLAIM 3** | |
| A lawn mower as set forth in claim 1 wherein each deck assembly is connected to the frame by a respective lifting arm operable to lift the associated deck assembly relative to the frame, such that each of the deck assemblies is connected by its own lifting arm to the frame. | Claim 3 is invalid under §102 as being anticipated by the Lesco 500 Rotary mower. The Lesco 500 Rotary included deck assemblies that were independently connected to the frame by lift arms. |
| **CLAIM 5** | |
| A lawn mower as set forth in claim 1 wherein each deck assembly also includes a hydraulic motor which is mounted on the deck and which is drivingly connected to the spindle. | Claim 5 is invalid under §102 as anticipated by the Lesco 500 Rotary mower. The Lesco 500 Rotary included decks using hydraulic motors that drive the cutting blades. |

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) | |
| | ) | |
| | ) | C. A. No. 05-486 (GMS) |
| Plaintiff, | ) | |
| v. | ) | (Jury Trial Demanded) |
| | ) | |
| THE TORO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBIT B:  INVALIDITY OF ASSERTED CLAIMS OF THE '530 PATENT
UNDER 35 U.S.C. §103**

| CLAIMS | PRIOR ART | |
|---|---|---|
| **CLAIM 1: A gang-type rotary lawn mower comprising** | | |
| | Claim 1 is invalid under 35 U.S.C. §103 in view of various prior art references, alone or in combination.  Specifically, each reference of Category A combined with each reference of Category D renders this claim obvious.<br><br>Further, each reference of Category G combined with any reference of Categories C, D or E also renders this claim obvious. | |
| a frame supported by front and rear wheels for movement over the ground, | Categories A and G disclose mowers that include a frame supported by wheels for movement over the ground. | |
| a power source which is mounted on the frame and which drives at least two of the wheels, | Categories A and G disclose mowers that include an engine mounted on the frame for driving the wheels. | |

1

| | | |
|---|---|---|
| an operator's seat mounted on the frame, | Categories A and G disclose mowers having an operator's seat on the frame. | |
| a steering system enabling the operator to steer the lawn mower, | Categories A and G disclose steering systems. | |
| at least two side-by-side front rotary cutting deck assemblies mounted on the frame in front of the front wheels, the front deck assemblies defining a gap between adjacent front deck assemblies, and | Using the interpretation Textron adopted to accuse Toro's products of infringement, an interpretation that Toro disputes, each reference of Category A art includes two side-by-side front cutting decks mounted on the frame in the configuration required.<br><br>Category G art discloses reel mowers having the claimed configuration. | Categories C, D and E art teach rotary cutting decks. |
| at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies and between the front and rear wheels, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies, | Using the interpretation Textron adopted to accuse Toro's products of infringement, an interpretation that Toro disputes, each reference of Category A art includes a rotary cutting deck mounted behind the front deck assemblies and aligned with the respective gap.<br><br>Category G art discloses reel mowers having the claimed configuration. | Categories C, D and E art teach rotary cutting decks. |
| each of the front and rear deck assemblies including a single-spindle cutting deck defining a downwardly opening space, a single spindle mounted for rotation about a generally vertical axis within the space, at least one cutting blade mounted on the spindle for rotation therewith, and a rear roller supporting the | The Lesco 500, the Deere with Nunes 355 decks, and the Deere 3235A of Category A art with Nunes disclose single-spindle cutting decks, as interpreted by Textron, with at least one cutting blade mounted on the spindle. | For those Category A references lacking a full-width rear roller, Category D art provides the teaching of a full width rear roller. For example, the Deere units with Nunes rotary mowers (Category A) combined with the rollers of the Port Agric reference (Category D). |

2

| | | |
|---|---|---|
| deck for movement over the ground, the deck having a width such that the roller extends across substantially the entire width of the deck. | The Lesco 500 and the Risboro reference include full width rear rollers supporting the decks.<br><br>The Category G art discloses full width rear rollers supporting a reel mower. | For the Risboro reference, which is lacking single spindle decks, the other Category A references teach single-spindle decks.<br><br>Category E art teaches single-spindle rotary cutting decks. Category C and D art teach single-spindle rotary cutting decks with full width rollers. |
| **CLAIM 2** | | |
| A lawn mower as set forth in claim 1 wherein the front deck assemblies are mounted on the frame in front of the front wheels, and the rear deck assembly is mounted on the frame behind the front wheels and in front of the rear wheels. | Claim 2 is invalid under 35 U.S.C. §103 in view of various prior art references, alone or in combination.<br><br>Category A and Category G art disclose mowers having the front decks in front of the front wheels and at least one deck between the front and rear wheels. | |
| **CLAIM 3** | | |
| A lawn mower as set forth in claim 1 wherein each deck assembly is connected to the frame by a respective lifting arm operable to lift the associated deck assembly relative to the frame, such that each of the deck assemblies is connected by its own lifting arm to the frame. | Claim 3 is invalid under 35 U.S.C. §103 in view of various prior art references, alone or in combination.<br><br>Categories A and G include mowers that have deck assemblies connected to the frame by individual lift arms. | |
| **CLAIM 4** | | |
| A lawn mower as set forth in claim 1 wherein each of the front and rear deck assemblies includes a pair of laterally-spaced, generally | Claim 4 is invalid under 35 U.S.C. §103 in view of various prior art references, alone or in combination. | |

3

| | | |
|---|---|---|
| vertically-extending side plates having forward ends, | The Risboro reference of Category A includes a pair of laterally-spaced, vertically extending side plates, as Textron has used that term. | In addition, the other Category A mowers combined with Categories D and F art discloses the side-plate feature. |
| a first front wheel supporting one of the side plates for movement over the ground, and a second front wheel supporting the other of the side plates for movement over the ground, | The Category A references, except Risboro, include front wheels. | Category A mowers combined with Category D and F art teach side plates. |
| wherein the rear roller extends between the side plates and supports the side plates for movement over the ground, wherein the associated deck is located between the side plates and in front of the roller and is mounted on the side plates such that the height of the deck relative to the ground is adjustable by changing the position of the deck relative to the side plates. | The Risboro reference of Category A includes a rear roller between the side plates | In addition, it would have been obvious to combine the other Category A art with the Category D art, especially the Attack Engineering reference. |
| **CLAIM 5** | | |
| A lawn mower as set forth in claim 1 wherein each deck assembly also includes a hydraulic motor which is mounted on the deck and which is drivingly connected to the spindle. | Claim 5 is invalid under 35 U.S.C. §103 in view of various prior art references, alone or in combination.<br><br>Category A mowers teach a hydraulic motor mounted on the decks to drive the spindle.<br><br>In addition, the Jacobsen HR-5111, Howard Price mowers and the Hustler Range Wing all teach a hydraulic motor mounted on the decks. | |

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) | |
| | ) | |
| | ) | C. A. No. 05-486 (GMS) |
| Plaintiff, | ) | |
| v. | ) | (Jury Trial Demanded) |
| | ) | |
| THE TORO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBIT C:  INVALIDITY OF ASSERTED CLAIMS OF THE '311 PATENT
UNDER 35 U.S.C. §102.**

| CLAIMS | PRIOR ART |
|---|---|
| **CLAIM 1: A gang-type rotary lawn mower comprising** | |
| a frame supported by wheels for movement over the ground, | Claim 1 is invalid under 35 U.S.C. § 102.<br><br>The Lesco 500 Rotary, Deere with Nunes 355, Deere 3235A with Nunes mower each have such a frame. |
| a power source which is mounted on the frame and which drives at least two of the wheels, | The Lesco 500 Rotary, Deere with Nunes 355, Deere 3235A with Nunes mower each have an engine mounted on the frame which drives two wheels. |
| an operator's seat mounted on the frame, | The Lesco 500 Rotary, Deere with Nunes 355, Deere 3235A with Nunes mower each have a seat. |
| a steering system enabling the operator to steer the lawn mower, | The Lesco 500 Rotary, Deere with Nunes 355, Deere 3235A with Nunes mower each have a steering wheel. |
| at least two side-by-side front rotary cutting deck assemblies mounted on the frame, the front deck assemblies defining a gap between adjacent front deck assemblies, and | The Lesco 500 Rotary, Deere with Nunes 355, Deere 3235A with Nunes mower each have the claimed configuration of front cutting decks. |
| at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies, | As Textron has construed this limitation to accuse Toro's products of infringement, the Lesco 500 Rotary, Deere with Nunes 355, Deere 3235A with Nunes mower each have three decks behind the front decks and, as Textron uses the term, aligned with a gap |

1

| | between the front decks. |
|---|---|
| each of the front and rear deck assemblies including a single-spindle cutting deck defining a downwardly opening space, a single spindle mounted for rotation about a generally vertical axis within the space, and at least one cutting blade mounted on the spindle for rotation therewith. | As Textron has construed this limitation to accuse Toro's products of infringement, the Lesco 500 Rotary, Deere with Nunes 355, Deere 3235A with Nunes mower each utilize single spindle decks with at least one cutting blade. |
| **CLAIM 2: A gang-type rotary lawn mower comprising** | |
| a frame supported by front and rear wheels for movement over the ground, | Claim 2 is invalid under 35 U.S.C. § 102.<br><br>The Lesco 500 Rotary and Risboro mowers each have such a frame. |
| a power source which is mounted on said frame and which drives at least two of said wheels, | The Lesco 500 Rotary and Risboro mowers each have an engine mounted on the frame. |
| an operator's seat mounted on said frame, | The Lesco 500 Rotary and Risboro mowers each have a seat. |
| a steering system enabling the operator to steer said lawn mower, | The Lesco 500 Rotary and Risboro mowers each have a steering wheel. |
| at least one front rotary cutting deck assembly mounted on said frame in front of said front wheels; | The Lesco 500 Rotary and Risboro mowers each have the claimed configuration of front cutting deck(s). |
| at least one rear rotary cutting deck assembly mounted on said frame behind said front deck assemblies and between said front and rear wheels; and | The Lesco 500 Rotary and Risboro mowers each have a rear deck behind the front decks and between the front and rear wheels. |
| each of said front and rear deck assemblies including a deck defining a downwardly opening space, at least one cutting blade mounted on a spindle for rotation therewith and at least one roller supporting said deck for movement over the ground, said roller extending substantially across the entire width of said deck. | As Textron has construed these terms to accuse Toro's products of infringement, the Lesco 500 Rotary and Risboro mowers each have full width rear rollers and deck defining a downwardly opening space with at least one cutting blade on a spindle. |
| **CLAIM 3** | |
| A lawn mower as set forth in claim 2 wherein each deck assembly is connected to said frame by a respective lifting arm operable to lift the associated deck assembly relative to said frame, such that each of said deck assemblies is connected by its own lifting arm to said frame. | Claim 3 is invalid under 35 U.S.C. § 102.<br><br>Both the Lesco 500 Rotary and the Risboro mower had individual lifting arms for each deck. |

| CLAIM 4 | |
|---|---|
| A lawn mower as set forth in claim 2 wherein each of said front and rear deck assemblies includes a pair of laterally-spaced, generally vertically-extending side plates having forward ends, | |
| a first front wheel supporting one of said side plates for movement over the ground, and a second front wheel supporting the other of said side plates for movement over the ground, | |
| wherein said roller extends between said side plates and supports said side plates for movement over the ground, wherein the associated deck is located between said side plates and in front of said roller and is mounted on said side plates such that the height of said deck relative to the ground is adjustable by changing the position of said deck relative to said side plates. | |
| **CLAIM 5** | |
| A lawn mower as set forth in claim 2 wherein each deck assembly also includes a hydraulic motor which is mounted on said deck and which is drivingly connected to said spindle. | Claim 5 is invalid under 35 U.S.C. § 102.<br><br>Both the Lesco 500 Rotary and the Risboro mowers included a hydraulic motor mounted on each deck that drove the associated spindle. |
| **CLAIM 7** | |
| A lawn mower as set forth in claim 2 wherein at least two front rotary cutting deck assemblies are mounted on said frame in a side-by-side relationship defining a gap between adjacent front deck assemblies. | Claim 7 is invalid under 35 U.S.C. § 102.<br><br>Both the Lesco 500 Rotary and the Risboro mowers included front decks in the configuration claimed. |
| **CLAIM 8** | |
| A lawn mower as set forth in claim 7 wherein at least one rear deck assembly is aligned with said gap. | Claim 8 is invalid under 35 U.S.C. § 102.<br><br>Both the Lesco 500 Rotary and the Risboro mowers included a rear deck aligned with the gap created by the front decks. |
| **CLAIM 10: A gang-type rotary lawn mower comprising** | |
| a frame supported by front and rear wheels for movement over the ground, | Claim 10 is invalid under 35 U.S.C. § 102.<br><br>The Lesco 500 Rotary and Risboro mowers each have such a frame. |

3

| a power source which is mounted on said frame and which drives at least two of said wheels; | The Lesco 500 Rotary and Risboro mowers each have an engine mounted on the frame. |
|---|---|
| an operator's seat mounted on said frame; | The Lesco 500 Rotary and Risboro mowers each have a seat. |
| a steering system enabling the operator to steer said lawn mower; | The Lesco 500 Rotary and Risboro mowers each have a steering wheel. |
| at least two front rotary cutting deck assemblies mounted to said frame in front of said front wheels and in a side-by-side relationship, wherein each of said front cutting deck assemblies defines a front cutting path; and | The Lesco 500 Rotary and Risboro mowers each have the claimed configuration of front cutting decks which cut a path. |
| at least one rear rotary cutting deck assembly being mounted on said frame behind said front deck assemblies, said rear rotary cutting deck assembly defining a rear cutting path extending laterally to overlap a portion of each of said front cutting paths, | As Textron construes this limitation to accuse Toro's products of infringement, both the Lesco 500 Rotary and Risboro mowers have a rear deck that has a path overlapping a portion of the front paths. |
| wherein each of said front and rear deck assemblies has at least one cutting blade mounted on a spindle for rotation therewith and at least one roller to support each of said deck assemblies for movement over the ground, said roller extending substantially across the entire width of said cutting path. | Both the Lesco 500 Rotary and Risboro mowers have full width rear rollers and cutting decks with at least one blade and spindle. |
| **CLAIM 11** | |
| A lawn mower as set forth in claim 10 wherein each deck assembly is connected to said frame by a respective lifting arm operable to lift the associated deck assembly relative to said frame, such that each of said deck assemblies is connected by its own lifting arm to said frame. | Claim 11 is invalid under 35 U.S.C. § 102.<br><br>Both the Lesco 500 Rotary and Risboro mowers have individual lifting arms for each deck. |
| **CLAIM 12** | |
| A lawn mower as set forth in claim 10 wherein each of said front and rear deck assemblies includes a pair of laterally-spaced, generally vertically-extending side plates having forward ends, | |
| a first front wheel supporting one of said side plates for movement over the | |

4

| | |
|---|---|
| ground, and a second front wheel supporting the other of said side plates for movement over the ground, | |
| wherein said roller extends between said side plates and supports said side plates for movement over the ground, | |
| wherein the associated deck is located between said side plates and in front of said roller and is mounted on said side plates such that the height of said deck relative to the ground is adjustable by changing the position of said deck relative to said side plates. | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) ) ) | C. A. No. 05-486 (GMS) |
| Plaintiff, | ) ) | (Jury Trial Demanded) |
| v. | ) ) | |
| THE TORO COMPANY, | ) ) ) | |
| Defendant. | ) | |

**EXHIBIT D: INVALIDITY OF ASSERTED CLAIMS OF THE '311 PATENT
UNDER 35 U.S.C. §103**

| CLAIMS | PRIOR ART | |
|---|---|---|
| **CLAIM 1: A gang-type rotary lawn mower comprising** | | |
| a frame supported by wheels for movement over the ground, | Claim 1 is invalid under 35 U.S.C. §103 in view of various prior art references, alone or in combination.<br><br>The Category A art each have such a frame.<br><br>The Category G art each have such a frame. | |
| a power source which is mounted on the frame and which drives at least two of the wheels, | The Category A art each have an engine mounted on the frame.<br><br>The Category G art each have an engine. | |
| an operator's seat mounted on the frame, | The Category A art each have a seat.<br><br>The Category G art each have a seat. | |
| a steering system enabling the operator to steer the lawn mower, | The Category A art each have a steering system.<br><br>The Category G art each have a steering system. | |
| at least two side-by-side front rotary cutting deck | The Category A art each have the claimed configuration of front | |

1

| | | |
|---|---|---|
| assemblies mounted on the frame, the front deck assemblies defining a gap between adjacent front deck assemblies, and | cutting decks.<br><br>The Category G art each have at least two side-by-side front reel cutting deck assemblies defining a gap. | The Categories C, D and E art teach rotary cutting deck assemblies as that term is used by Textron. |
| at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies, | The Category A art each have three decks behind the front decks and, as Textron uses the term, aligned with a gap between the front decks.<br><br>The Category G art each have at least one rear reel cutting deck assembly aligned with the gap. | The Categories C, D and E art teach rotary cutting decks as that term is used by Textron. |
| each of the front and rear deck assemblies including a single-spindle cutting deck defining a downwardly opening space, a single spindle mounted for rotation about a generally vertical axis within the space, and at least one cutting blade mounted on the spindle for rotation therewith. | The Lesco 500 Rotary, Deere with Nunes 355, and Deere 3235A with Nunes mower each utilize single spindle decks with at least one cutting blade.<br><br>The Risboro reference discloses a non-single spindle deck. | Category A mowers (except Risboro) teach single spindle decks. Categories C, D and E also teach single-spindle rotary decks. |
| **CLAIM 2: A gang-type rotary lawn mower comprising** | | |
| a frame supported by front and rear wheels for movement over the ground, | Claim 2 is invalid under 35 U.S.C. §103 in view of various prior art references, alone or in combination.<br><br>The Category A art each have such a frame.<br><br>The Category G art each have such a frame.<br><br>The Category B art each have such a frame. | |
| a power source which is mounted on said frame and which drives at least | The Category A art each have an engine mounted on the frame. | |

2

| two of said wheels, | The Category G art each have an engine.<br><br>The Category B art each have an engine. | |
| --- | --- | --- |
| an operator's seat mounted on said frame, | The Category A art each have a seat.<br><br>The Category G art each have a seat.<br><br>The Category B art each have a seat. | |
| a steering system enabling the operator to steer said lawn mower, | The Category A art each have a steering system.<br><br>The Category G art each have a steering system.<br><br>The Category B art each have a steering system. | |
| at least one front rotary cutting deck assembly mounted on said frame in front of said front wheels; | The Category A art each have at least one front rotary cutting deck in front of the front wheels.<br><br>The Category G art each have at least one front reel cutting deck in front of the front wheels.<br><br>The Category B art discloses mowers having least one front rotary cutting deck in front of the front wheels. | The Category C, D and E art teach rotary cutting deck assemblies as that term is used by Textron. |
| at least one rear rotary cutting deck assembly mounted on said frame behind said front deck assemblies and between said front and rear wheels; and | The Category A art each have three decks behind the front decks and, as Textron uses the term, aligned with a gap between the front decks.<br><br>The Category G art each have at least one rear reel cutting deck behind the front wheels. | The Category C, D and E art teach rotary cutting deck assemblies as that term is used by Textron. |

3

|  | The Category B art discloses mowers having least one rear rotary cutting deck behind the front wheels. | The Categories C, D and E art teach rotary cutting decks as that term is used by Textron. |
|---|---|---|
| each of said front and rear deck assemblies including a deck defining a downwardly opening space, at least one cutting blade mounted on a spindle for rotation therewith and at least one roller supporting said deck for movement over the ground, said roller extending substantially across the entire width of said deck. | As Textron has construed these terms to accuse Toro's products of infringement, the Lesco 500 Rotary and Risboro mowers each have full width rear rollers and at least one cutting blade on a spindle.<br><br>The Category G art each have a full-width roller, but fail to disclose a rotary cutting decks.<br><br><br>The Category B art does not disclose a full width rear roller. | It would have been obvious to combine the Deere with Nunes mowers and any of the Category D rotary mowers having a full width rear roller.<br><br>Category B art teach a rotary cutting deck. In addition, Categories C, D, and E art each teach rotary cutting decks with full-width rollers.<br><br>Category D art teaches rotary decks with full-width rear roller. |
| **CLAIM 3** | | |
| A lawn mower as set forth in claim 2 wherein each deck assembly is connected to said frame by a respective lifting arm operable to lift the associated deck assembly relative to said frame, such that each of said deck assemblies is connected by its own lifting arm to said frame. | Claim 3 is invalid under 35 U.S.C. §103 in view of various prior art references, alone or in combination.<br><br>The Category A art had individual lifting arms for each deck.<br><br>The Category G art each have a lifting arm associated with each reel deck.<br><br>Some of the Category B art discloses a lift arm as claimed. See Jacobsen HR-5111. | In addition Category G art discloses the claimed lift arm. |
| **CLAIM 4** | | |
| A lawn mower as set forth in claim 2 wherein each of said front and rear deck assemblies includes a pair of laterally-spaced, | Claim 4 is invalid under 35 U.S.C. §103 in view of various prior art references, alone or in combination.<br><br>The Risboro reference included, | In addition, the other |

4

| | | |
|---|---|---|
| generally vertically-extending side plates having forward ends, | as Textron has applied the terms, laterally spaced and vertically extending side plates. | Category A mowers combined with Categories D and F art disclose this side-plate feature. |
| a first front wheel supporting one of said side plates for movement over the ground, and a second front wheel supporting the other of said side plates for movement over the ground, | The Category A references, except Risboro, include front wheels. | Category A mowers combined with Category D and F art teach side plates having front ends. |
| wherein said roller extends between said side plates and supports said side plates for movement over the ground, wherein the associated deck is located between said side plates and in front of said roller and is mounted on said side plates such that the height of said deck relative to the ground is adjustable by changing the position of said deck relative to said side plates. | The Risboro reference included a full width rear roller as claimed. | In addition, it would have been obvious to combine the other Category A art with the Category D and F art. |
| **CLAIM 5** | | |
| A lawn mower as set forth in claim 2 wherein each deck assembly also includes a hydraulic motor which is mounted on said deck and which is drivingly connected to said spindle. | Claim 5 is invalid under 35 U.S.C. §103 in view of various prior art references, alone or in combination.<br><br>Category A art discloses decks with hydraulic motors.<br><br>Category G discloses hydraulic motors that drive the cutting units.<br><br>Several of the Category B art also discloses hydraulic motors. | |

5