# EXHIBIT 5

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

GROUP ART UNIT 3616

In re

Patent Application of

Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: Melius, T.

GANG-TYPE ROTARY LAWN MOWER

I, Tamara A. Stevens hereby certify that this correspondence is being deposited with the US Postal Service as first class mail in an envelope addressed to Assistant Commissioner for Patents, Washington, D.C. 20231, on the date of my signature.

_____
Signature

April 29, 1999
Date of Signature

**AMENDMENT B**

RECEIVED
MAY 10 1999
GROUP 3600

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

      In response to the Patent Office action mailed January 29, 1999, please amend the application as follows.

IN THE CLAIMS

1. (Second Amendment) A gang-type rotary lawn mower comprising

a frame supported by <u>front and rear</u> wheels for movement over the ground,

a power source which is mounted on the frame and which drives at least two of the wheels,

an operator's seat mounted on the frame,

a steering system enabling the operator to steer the lawn mower,

at least two side-by-side front rotary cutting deck assemblies mounted on the frame <u>in front of the front wheels</u>, the front deck assemblies defining a gap between adjacent front deck assemblies, and

at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies <u>and between the front and rear wheels</u>, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies,

each of the front and rear deck assemblies including a single-spindle cutting deck defining a downwardly opening space, a single spindle mounted for rotation about a generally vertical axis within the space, at least one cutting blade mounted on the spindle for rotation therewith, and a rear roller supporting the deck for movement over the ground, the deck having a width such that the roller extends across substantially the entire width of the deck.

7. (Second Amendment) A gang-type rotary lawn mower comprising

a frame supported by wheels for movement over the ground,

a power source which is mounted on the frame and which drives at least two of the wheels,

an operator's seat mounted on the frame,

a steering system enabling the operator to steer the lawn mower,

at least two side-by-side front rotary cutting deck assemblies mounted on the frame, the front deck assemblies defining a gap between adjacent front deck assemblies, and

at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies,

each of the front and rear deck assemblies including <u>a pair of laterally-spaced, generally vertically-extending side plates</u>, a single-spindle cutting deck defining a downwardly opening space, <u>the deck being mounted between the side plates</u>, a single spindle mounted for rotation about a generally vertical axis within the space, and at least one cutting blade mounted on the spindle for rotation therewith, wherein each deck assembly is connected to the frame in part by a cross member connected to the frame for pivotal movement about a generally vertical axis and about a generally horizontal axis extending in the forward-rearward direction, the cross member having opposite, laterally-spaced ends, one of the cross member ends being connected to one of the side plates of the associated deck assembly for pivotal movement about a generally horizontal, laterally-extending axis adjacent the forward ends of the side plates, and the other of the cross member ends being connected to the other of the side plates of the associated deck assembly for pivotal movement about the generally horizontal, laterally-extending axis, the ends of the cross member having thereon respective downwardly extending arms, the arms having respective lower ends, the lower end of one of the arms being connected to one of the side plates for pivotal movement about the generally horizontal, laterally-extending axis, and the lower end of the other of the arms being connected to the other of the side plates for pivotal movement about the generally horizontal, laterally-extending axis.

3



8. (Second Amendment) A gang-type rotary lawn mower comprising

a frame supported by wheels for movement over the ground,

a power source which is mounted on the frame and which drives at least two of the wheels,

an operator's seat mounted on the frame,

a steering system enabling the operator to steer the lawn mower,

at least two side-by-side front rotary cutting deck assemblies mounted on the frame, the front deck assemblies defining a gap between adjacent front deck assemblies, and

at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies,

each of the front and rear deck assemblies including <u>a pair of laterally-spaced, generally vertically-extending side plates</u>, a single-spindle cutting deck defining a downwardly opening space, <u>the deck being mounted between the side plates</u>, a single spindle mounted for rotation about a generally vertical axis within the space, and at least one cutting blade mounted on the spindle for rotation therewith, wherein each deck assembly is connected to the frame in part by a cross member connected to the frame for pivotal movement about a generally vertical axis and about a generally horizontal axis extending in the forward-rearward direction, the cross member having opposite, laterally-spaced ends, one of the cross member ends being connected to one of the side plates of the associated deck assembly for pivotal movement about a generally horizontal, laterally-extending axis adjacent the forward ends of the side plates, and the other of the cross member ends being connected to the other of the side plates of the associated deck assembly for pivotal movement about the generally horizontal, laterally-extending axis, wherein each of the deck assemblies is connected to the frame by a respective generally L-shaped, horizontally-extending arm having a laterally-extending inner leg with an inner end connected to the frame for pivotal movement about a generally horizontal axis extending in the forward-rearward direction, and the arm having an outer leg extending in the forward-rearward direction, the outer leg having an outer end, and wherein the cross member is mounted on the outer end of the outer leg.

REMARKS

The Examiner's indication that claims 7-9 and 11-20 remain allowable and that claim 4 contains allowable subject matter is gratefully acknowledged. Claims 7 and 8 have been amended to provide antecedent basis for the side plates.

Claims 1, 2, 5, 6 and 10 have been rejected as being unpatentable over Smith in view of Mountfield. Reconsideration is respectfully requested.

Claim 1 specifies a gang-type rotary lawn mower comprising, among other things, at least two side-by-side front rotary cutting deck assemblies mounted on the frame in front of the front wheels, and at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies and between the front and rear wheels, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies, each of the front and rear deck assemblies including a single-spindle cutting deck and a rear roller supporting the deck for movement over the ground, the deck having a width such that the roller extends across substantially the entire width of the deck. This construction is not suggested by any of the cited references taken alone, and is not suggested by either Smith or Nunes, the references which were originally relied upon by the Examiner and which teach gang-type mowers. The Examiner has taken the position that it would have been obvious to modify Smith in view of Mountfield, which teaches a walk-behind rotary mower with a rear roller. Applicant respectfully disagrees.

Claim 1 has been amended to emphasize the fact that Applicant's invention is a frame-mounted, gang-type, single-blade rotary deck mower with each deck having a rear roller extending substantially all the way across the deck. This construction is not suggested by the cited references.

A lawn mower designer faces many choices. Rotary or reel? Riding or walk-behind? One reel/deck or gang-type? Frame-mounted or tow-behind? Single-blade deck or multiple-blade? Rear roller or not? Not all combinations of these features are possible or desirable, or perhaps more importantly, thought to be desirable. The choices are influenced by many factors, but the intended use of the mower is probably most significant.

As explained in the Background of the Invention portion of Applicant's specification, rotary mowers have typically not been used to cut golf course roughs, which require close trimming and the ability to cut undulating terrain at a relatively short length. Tow-behind gangs are also undesirable for this purpose. Frame-

5

mounted reel mowers, usually gang-type, have been used almost exclusively for cutting golf course roughs. Nobody prior to Applicant has recognized the desirability of using, or figured out how to use, gang-type rotary mowers to cut golf course roughs.

Smith and Nunes reflect the state of the art with respect to gang-type lawn mowers. While gang-type mowers and walk-behind mowers often have common features, features of the two types of mowers are not necessarily interchangeable. Smith and Nunes teach that both reel mowers and rotary mowers can be used in gang-type mowers, but neither suggests using a rotary mower with a rear roller that extends substantially all the way across the deck. It is interesting to note that although reel mowers, both gang-type and walk-behind, have had such rear rollers for decades, gang-type rotary mowers have never (to the best of Applicant's knowledge) had such rear rollers, and even walk-behind rotary mowers have rarely (Mountfield is the exception) had such rear rollers. It cannot simply be concluded, with the benefit of hindsight, that it would have been obvious to make a change that was contrary to conventional wisdom in the art of gang-type mowers.

Referring to the above-mentioned choices faced by a lawn mower designer, it has not been merely a matter of picking any combination of the listed options. As explained above, certain combinations were thought to be either desirable or undesirable, depending on the intended purpose. If the intended purpose was cutting a golf course rough, it was not thought desirable to use a frame-mounted, gang-type, single-blade rotary deck mower with each deck having a rear roller extending substantially all the way across the deck. In fact, it was not known to use such a construction for any purpose. That is why Smith and Nunes do not suggest such a construction. Moreover, the fact that Mountfield teaches a rear roller extending substantially all the way across the deck on a single-deck walk-behind mower does not make it obvious to use such a rear roller on a frame-mounted, gang-type, rotary deck mower as claimed by Applicant. The considerations are completely different, and the combination would not have been obvious, as is evidenced by the fact that, notwithstanding the hundreds of patents directed to lawn mowers, not a single one suggests the claimed combination. (Applicant is aware of the standard counter-argument saying the absence of a patent showing a claimed construction does not make that construction non-obvious, and that such absence may simply indicate that the combination was so obvious that nobody bothered to claim it, but that counter-

6

argument is specious in this crowded art in which lawn mower manufacturers patent every little improvement made.) In this case, Applicant has made a significant improvement that was not obvious to those of ordinary skill in the art.

Applicant has invented a lawn mower that is, as explained in the Summary of the Invention portion of Applicant's specification, a tremendous improvement over the known prior art, because a rotary mower typically requires substantially less maintenance than a reel mower. Applicant has invented the first rotary mower that is suitable for cutting a golf course rough. Applicant's invention is not just an arbitrary, minor improvement over the prior art. Applicant's invention is a significant step forward in the art, as has been demonstrated by the commercial success of Applicant's lawn mower, which has now been copied by at least two competitors.

Accordingly, claim 1 and dependent claims 2, 4-6 and 10 are allowable.

In view of the foregoing, entry of the above amendment and allowance of claims 1, 2, 4-6 and 10, in addition to the previous allowance of claims 7-9 and 11-20, are respectfully requested.

The undersigned is available for telephone consultation at any time.

Respectfully submitted,

*David R. Price*
David R. Price
Reg. No. 31,557

File No. 78209/9009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
(414) 271-6560

7