# EXHIBIT 6

Case 1:05-cv-00486-GMS    Document 69-7    Filed 08/04/2006    Page 1 of 4

#15/Recor
11/17/99

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

GROUP ART UNIT 3671

In re

Patent Application of

Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: Pezzuto, R.

GANG-TYPE ROTARY LAWN
MOWER

I, Mary K. Vuk, hereby certify that this correspondence is being sent by facsimile transmission addressed to Assistant Commissioner for Patents, Washington, D.C. 20231, on the date of my signature.

_Mary K. Vuk_
Signature

_November 4, 1999_
Date of Signature

### RESPONSE TO FINAL REJECTION

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

This is in response to the Final Rejection dated June 4, 1999. A request for an extension of the time for response is attached.

The Examiner's indication that claims 7-9 and 11-20 remain allowable and that claim 4 contains allowable subject matter is gratefully acknowledged.

On the merits, the Examiner has essentially repeated his rejections from the prior Office Action to which Applicant responded in the Amendment dated May 3, 1999.

Claims 1, 2, 5, 6 and 10 have been rejected as being unpatentable over Smith in view of Mountfield or Cracraft. Reconsideration is respectfully requested.

Claim 1 specifies a gang-type rotary lawn mower comprising, among other things, at least two side-by-side front rotary cutting deck assemblies mounted on the frame in front of the front wheels, and at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies and between the front and rear wheels, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies, each of the front and rear deck assemblies including a single-spindle cutting deck and a rear roller supporting the deck for movement over the ground, the deck having a width such that the roller extends across substantially the entire width of the deck. This construction is not

suggested by any of the cited references taken alone, and is not suggested by either Smith or Nunes, the references which were originally relied upon by the Examiner and which teach gang-type mowers. The Examiner has taken the position that it would have been obvious to modify Smith in view of Mountfield, which teaches a walk-behind rotary mower with a rear roller, or in view of Cracraft. Applicant respectfully disagrees.

Cracraft does not change the conclusions of Applicant's Amendment dated May 3, 1999, because Cracraft does not teach rollers that extend across substantially the entire width of the deck. Cracraft simply has rollers that extend a small part of the distance across the deck and serve the same function as wheels, not the function of Applicant's wider roller.

Applicant has invented a lawn mower that is, as explained in the Summary of the Invention portion of Applicant's specification, a tremendous improvement over the known prior art, because a rotary mower typically requires substantially less maintenance than a reel mower. Applicant has invented the first rotary mower that is suitable for cutting a golf course rough. Applicant's invention is not just an arbitrary, minor improvement over the prior art. Applicant's invention is a significant step forward in the art, as has been demonstrated by the commercial success of Applicant's lawn mower, which has now been copied by at least two competitors.

To further demonstrate the unobviousness of Applicant's mower, Applicant submits herewith a Declaration of Richard D. Bednar, the inventor, demonstrating the commercial success and prevalent copying of the invention. As shown by the Declaration, Applicant, in less than three years, has made nearly $20 million in sales to date of the mower embodying the invention, and at least two competitors have attempted to appropriate a share of this market by copying the invention.

The commercial success and copying of Applicant's product demonstrate that Applicant's mower is not obvious, and that there is a long-felt need for a mower that can effectively mow over undulating terrain, a need which has not been met by any other product.

The aforementioned Declaration establishes the nexus between the claimed invention and the commercial success and copying of the product embodying the invention.

Accordingly, independent claim 1 and dependent claims 2, 4-6 and 10 are allowable.

In view of the foregoing, allowance of claims 1, 2, 4-6 and 10, in addition to the previous allowance of claims 7-9 and 11- 20, is respectfully requested.

2

Nov-04-99  03:58pm   From-MICHAEL BEST                                    T-140   P.05/11   F-859

The undersigned is available for telephone consultation at any time.

Respectfully submitted,

*David R. Price*

David R. Price
Reg. No. 31,557

File No. 78209/9009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
(414) 271-6560

3