# EXHIBIT 9



UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/794,141 | 02/03/97 | BEDNAR R | 78209/9009 |

DAVID R PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

PM21/0129

EXAMINER

MELIUS, T

| ART UNIT | PAPER NUMBER |
|---|---|
| 3671 | 10 |

DATE MAILED:
01/29/99

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

1- File Copy

| **Office Action Summary** | Application No. 08/794,141 | Applicant(s) Richard D. Bednar |
|---|---|---|
| | Examiner Terry Lee Melius | Group Art Unit 3671 |

—The MAILING DATE of this communication appears on the cover sheet beneath the correspondence address—

**Period for Response**

A SHORTENED STATUTORY PERIOD FOR RESPONSE IS SET TO EXPIRE ___3___ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a response be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for response is specified above, such period shall, by default, expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to respond within the set or extended period for response will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).

**Status**   (CPA)

☑ Responsive to communication(s) filed on ___November 25, 1998___

☐ This action is **FINAL.**

☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

**Disposition of Claims**

☑ Claim(s) ___1, 2 and 4-20___ is/are pending in the application.

☐ Of the above claim(s) _____ is/are withdrawn from consideration.

☑ Claim(s) ___7-9 and 11-20___ is/are allowed.

☑ Claim(s) ___1, 2, 5, 6 and 10___ is/are rejected.

☑ Claim(s) ___4___ is/are objected to.

☐ Claim(s) _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119 (a)-(d)**

☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

   ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

   ☐ received.

   ☐ received in Application No. (Series Code/Serial Number) _____.

   ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   *Certified copies not received: _____.

**Attachment(s)**

☑ Information Disclosure Statement(s), PTO-1449, Paper No(s). ___9___   ☐ Interview Summary, PTO-413

☐ Notice of References Cited, PTO-892   ☐ Notice of Informal Patent Application, PTO-152

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948   ☐ Other _____

**Office Action Summary**

Application/Control Number: 08/794,141                                                      Page 2

Art Unit:

## DETAILED ACTION

### *Response to Amendment - CPA Filing*

The request for filing of a CPA has been granted with the following effect :

    1) Claims 7-9 and 11-20 remain allowable over the art of record.

    2) Claim 3 remains canceled.

    3) The remaining claims will be addressed below.

### *Claim Rejections - 35 USC § 103*

1.    The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

2.    Claims 1, 2, 5, 6 and 10 are rejected under 35 U.S.C. 103(a) as being unpatentable over Smith (5,297,378) in view of the Mountfield brochure.

    The Smith reference was set forth in the previous Office action.

    The Mountfield brochure shows the use of a rear mounted roller for **a rotary blade mower** (see the Mountfield Empress on the second page for example).

Application/Control Number: 08/794,141 Page 3

Art Unit:

As for the claims, to modify the Smith device to include a plurality of **rotary blade assemblies** (with associated rear rollers) would have been considered an obvious modification to those skilled in the art at the time the present invention was made, particularly in view of such an arrangement for a rotary mower as set forth by the Mountfield brochure.

*Allowable Subject Matter*

3. Claim 4 is objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

*Conclusion*

Any inquiry concerning this communication should be directed to Examiner Terry Melius at (703) 308-1113.

The Examiner can normally be contacted any time Monday-Thursday.

Terry Lee Melius

Primary Examiner

Art Unit - 3671

T.L.M./tlm

1-25-1999