# EXHIBIT 10
# (part 2)



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office

NOTICE OF ALLOWANCE AND ISSUE FEE DUE

PN21/0026

DAVID N PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
| 08/794,141 | 02/03/97 | 019 | MELLUSH, T | 3616 | 08/26/98 |

| First Named Applicant | GEHL, IVEL LOAN NAMED |
|---|---|

| APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|
| UTILITY | NO | $1320.00 | 11/27/98 |

| TITLE OF INVENTION | |

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. |
|---|---|---|
| 3 | 32209-7002 | 056-105.000 | 124 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.

THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.

HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or

B. If the status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:

A. Pay FEE DUE shown above, or

B. File verified statement of Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.

PTO-85 (REV. 10-96) Approved for use through 06/30/98. (0651-0033) PATENT AND TRADEMARK OFFICE COPY

---



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/794,141 | 02/03/97 | BEHNKE | R | 32209/9009 |

PN21/0025

DAVID N PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

| EXAMINER |
|---|
| MELLUSH, T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3616 | |

DATE MAILED: 08/26/98

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

NOTICE OF ALLOWABILITY

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

☑ This communication is responsive to the amendment filed 8-20.

☐ The allowed claim(s) is/are 1-20.

☐ The drawings filed on _____ are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.
☐ received in Application No. (Series Code/Serial Number) _____
☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____

☐ Acknowledgement is made of a claim for informal priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE FOR REQUIRED ACTION herein is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☑ Applicant MUST submit NEW FORMAL DRAWINGS

☐ because the originally filed drawings were declared by applicant to be informal.

☑ including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. 4.

☐ including changes required by the proposed drawing correction filed on _____, which has been approved by the examiner.

☐ including changes required by the attached Examiner's Amendment/Comment.

☐ Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due or Box ISSUE FEE MATTER, the DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)

☑ Notice of References Cited, PTO-892
☑ Information Disclosure Statement(s), PTO-1449, Paper No(s). 5
☐ Notice of Draftsperson's Patent Drawing Review, PTO-948
☐ Notice of Informal Patent Application, PTO-152
☐ Interview Summary, PTO-413
☐ Examiner's Amendment/Comment
☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
☐ Examiner's Statement of Reasons for Allowance

TERRI L. E. HELMS
PRIMARY EXAMINER
GROUP 360

PTO-37 (Rev. 1996)

*U.S. GPO: 1996-419-281/47734

Enclosed is a check in the amount of $1,028.00 to cover the filing fee.

Charge or credit Deposit Account No. 13000 with any shortage or overpayment of the above fee. A duplicate of this sheet is enclosed. IN NO EVENT CAN THE ISSUE FEE BE CHARGED TO THE DEPOSIT ACCOUNT.

Please address all correspondence to:

**David R. Price**
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108

Respectfully submitted,

David R. Price
Reg. No. 31,527

Date: 782010/9009

cc: Docketing
Wkg Atty: DRB
Resp Atty: DRB

---

**CONTINUED PROSECUTION APPLICATION (CPA) REQUEST TRANSMITTAL.**

Submit an original and a duplicate for fee processing.

Only for Continuation or Divisional applications under 37 CFR 1.53(d)

| | |
|---|---|
| Attorney Docket No. | 782020/9009 |
| First Named Inventor | Richard D. Bednar |
| Express Mail Label No. | EM609597318US |

Assistant Commissioner for Patents
Box CPA
Washington, D.C. 20231

Sir:

This is a request for filing a continuation application under 37 CFR 1.53(d), of the below-identified copending patent application which is hereby abandoned:

Serial No.: 08/794,141
Filed: February 3, 1997
Richard D. Bednar
Group Art Unit 3501
Examiner: T. Melius
"DAND-TYPE ROTARY LAWN MOWER"

An Information Disclosure Statement is enclosed including copies of cited patents/references.

The filing fee has been calculated as shown below.

| (1) FOR | (2) NUMBER FILED | (3) NUMBER EXTRA | (4) RATE | (5) BASIC FEE $790.00 |
|---|---|---|---|---|
| TOTAL CLAIMS | 19-20 | 0 | X $22.00 | 0 |
| INDEPENDENT CLAIMS | 3-3 | 0 | X $80.00 | $240.00 |
| | | | TOTAL FILING FEE | $1,028.00 |

#7

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
GROUP ART UNIT 3616

In re

Patent Application of

Richard D. Bednar

Serial No. 08/774,141

Filed: February 3, 1997

Examiner: Melius, T.

GANG-TYPE ROTARY LAWN MOWER

INFORMATION DISCLOSURE STATEMENT
PURSUANT TO 37 CFR §1.97(b)

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

The Examiner's attention is directed to the reference which is listed on the attached Form PTO-1449 and a copy of which is attached. Citation of this reference is respectfully requested. This information disclosure statement accompanies a continued prosecution application that is being filed solely for the purpose of allowing the Examiner to consider this reference. This reference is relevant in that it discloses a walk-behind rotary mower with a rear roller. Applicant submits that this reference does not affect the allowability of the claims. Although the date of this reference is not known, Applicant admits that it is prior art.

Respectfully submitted,

David L. Price
Reg. No. 31,557

File No. 76209/9009

Michael, Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI  53202-4108
(414) 271-6560

---

Form PTO-1449
(Rev. 2-92)

U.S. Department of Commerce
Patent and Trademark Office

INFORMATION DISCLOSURE
STATEMENT BY APPLICANT

(Use several sheets if necessary)

| | |
|---|---|
| Atty. Docket No. | 76209/9009 |
| Applicant | Richard D. Bednar |
| Filing Date | February 3, 1998 |
| Serial No. | 08/774,141 |
| Group | 3616 |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initial | Document Number | Date | Country | Class | Subclass | Translation Yes | Translation No |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**OTHER DOCUMENTS** (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| | Mounted "Domestic Grass Machinery" (sent, unknown) |
| | |
| | |
| | |
| | |
| | |
| | |

| Examiner | Date Considered |
|---|---|
| Timothy Melius | 1-20-1998 |

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.





| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/794,141 | 02/03/97 | DEDMAN | PK21/0129 |

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| | EXAMINER |
|---|---|
| R | MELLUS, T |
| | ART UNIT | PAPER NUMBER |
| | 3671 | /C |
| | DATE MAILED: 01/29/99 | |

DAVID R PRICE
MICHAEL, BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4100

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

1 - File Copy

---

**Office Action Summary**

| Application No. | Applicant(s) |
|---|---|
| 08/794,141 | Richard D. Dedman |
| Examiner | Group Art Unit |
| Trong Aliec Mellus | 3671 |

☑ —The MAILING DATE of this communication appears on the cover sheet beneath the correspondence address—

**Period for Response**

☑ A SHORTENED STATUTORY PERIOD FOR RESPONSE IS SET TO EXPIRE __3__ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a response be timely filed after SIX MONTHS from the mailing date of this communication.
- If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for response is specified above, such period shall, by default, expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to respond within the set or extended period for response will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).

**Status** (1 CFR)

☑ Responsive to communication(s) filed on ___November 25, 1998___

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

**Disposition of Claims**

☑ Claim(s) ___1-2 and 6-20___ is/are pending in the application.

Of the above claim(s) ___7-8 and 11-20___ is/are withdrawn from consideration.

☑ Claim(s) ___1,2,5,6 and 10___ is/are allowed.

☑ Claim(s) ___9___ is/are rejected.

☐ Claim(s) ____ is/are objected to.

☐ Claim(s) ____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The proposed drawing correction, filed on ____ is ☐ approved ☐ disapproved.

☐ The drawing(s) filed on ____ is/are objected to by the Examiner.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119 (a)-(d)**

☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119 (a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) ____

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: ____

**Attachment(s)**

☑ Information Disclosure Statement(s), PTO-1449, Paper No(s). ___9___

☐ Notice of References Cited, PTO-892

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Interview Summary, PTO-413

☐ Notice of Informal Patent Application, PTO-152

☐ Other: ____

U.S. Patent and Trademark Office
PTO-326 (Rev. 9-95)      Office Action Summary      *U.S. GPO: 1998-454-449-80104    Part of Paper No. ___10___

Application/Control Number: 08/794,141                                    Page 2
Art Unit:

## DETAILED ACTION

### Response to Amendment -- CPA Filing

The request for filing of a CPA has been granted with the following effect :

1) Claims 7-9 and 11-20 remain allowable over the art of record.

2) Claim 3 remains cancelled.

3) The remaining claims will be addressed below.

### Claim Rejections -- 35 USC § 103

1.    The following is a quotation of 35 U.S.C. 101(a) which forms the basis for all obviousness rejections set forth in this Office action.

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

2.    Claims 1, 2, 5, 6 and 10 are rejected under 35 U.S.C. 101(a) as being unpatentable over Smith (5,297,378) in view of the Mountfield brochure.

The Smith reference was set forth in the previous Office action.

The Mountfield brochure shows the use of a rear mounted roller for a rotary blade mower (see the Mountfield Empress on the second page for example)

---

Application/Control Number: 08/794,141                                    Page 3
Art Unit:

As for the claims, to modify the Smith device to include a plurality of rotary blade assemblies (with associated rear rollers) would have been considered an obvious modification to those skilled in the art at the time the present invention was made, particularly in view of such an arrangement for a rotary mower as set forth by the Mountfield brochure.

### Allowable Subject Matter

3.    Claim 4 is objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

### Conclusion

Any inquiry concerning this communication should be directed to Examiner Terry Melius at (703) 308-1113.

The Examiner can normally be contacted any time Monday-Thursday.

Primary Examiner

Art Unit    : 3671

T.L.M./slm

1-25-1999
TGH-VH

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

GROUP ART UNIT 3616

In re:
Patent Application of

Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: Melius, T.

GANG-TYPE ROTARY LAWN MOWER

**AMENDMENT B**

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

In response to the Patent Office action mailed January 29, 1999, please amend the application as follows.

**IN THE CLAIMS**

I, Thomas A. Stevens hereby certify that this correspondence is being deposited with the US Postal Service as first class mail in an envelope addressed to Assistant Commissioner for Patents, Washington, D.C. 20231, on the date of my signature.

Signature _____

Date of Signature April 29, 1999

RECEIVED
MAY 10 1999
GROUP 3600

1. (Second Amendment) A gang-type rotary lawn mower comprising

a frame supported by front and rear wheels for movement over the ground,

a power source which is mounted on the frame and which drives at least two of the wheels,

an operator's seat mounted on the frame,

a steering system enabling the operator to steer the lawn mower,

at least two side-by-side front rotary cutting deck assemblies mounted on the frame in front of the front wheels, the front deck assemblies defining a gap between adjacent front deck assemblies, and

at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies and between the front and rear wheels, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies,

each of the front and rear deck assemblies including a single-spindle cutting deck defining a downwardly opening space, a single-spindle mounted for rotation about a generally vertical axis within the space, at least one cutting blade mounted on the spindle for rotation therewith, and a rear roller supporting the deck for movement over the ground, the deck having a width such that the roller extends across substantially the entire width of the deck.

2

7. (Second Amendment) A gang-type rotary lawn mower comprising:

a frame supported by wheels for movement over the ground,

a power source which is mounted on the frame and which drives at least two of the wheels,

an operator's seat mounted on the frame,

a steering system enabling the operator to steer the lawn mower,

at least two side-by-side front rotary cutting deck assemblies mounted on the frame, the front deck assemblies defining a gap between adjacent front deck assemblies, and

at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies,

each of the front and rear deck assemblies including a pair of laterally-spaced, generally vertically-extending side plates, a single-spindle cutting deck defining a downwardly opening space, the deck being mounted between the side plates, a single spindle mounted for rotation about a generally vertical axis within the space, and at least one cutting blade mounted on the spindle for rotation therewith, wherein each deck assembly is connected to the frame in part by a cross member connected to the frame for pivotal movement about a generally vertical axis and about a generally horizontal axis extending in the forward-rearward direction, the cross member having opposite, laterally-spaced ends, one of the cross member ends being connected to one of the side plates of the associated deck assembly for pivotal movement about a generally horizontal, laterally-extending axis adjacent the forward ends of the side plates, and the other of the cross member ends being connected to the other of the side plates of the associated deck assembly for pivotal movement about the generally horizontal, laterally-extending axis, the ends of the cross member having thereon respective downwardly extending arms, the arms having respective lower ends, the lower end of one of the arms being connected to one of the side plates for pivotal movement about the generally horizontal, laterally-extending axis, and the lower end of the other of the arms being connected to the other of the side plates for pivotal movement about the generally horizontal, laterally-extending axis.



3

8. (Second Amendment) A gang-type rotary lawn mower comprising:

a frame supported by wheels for movement over the ground,

a power source which is mounted on the frame and which drives at least two of the wheels,

an operator's seat mounted on the frame,

a steering system enabling the operator to steer the lawn mower,

at least two side-by-side front rotary cutting deck assemblies mounted on the frame, the front deck assemblies defining a gap between adjacent front deck assemblies, and

at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies,

each of the front and rear deck assemblies including a pair of laterally-spaced, generally vertically-extending side plates, a single-spindle cutting deck defining a downwardly opening space, the deck being mounted between the side plates, a single spindle mounted for rotation about a generally vertical axis within the space, and at least one cutting blade mounted on the spindle for rotation therewith, wherein each deck assembly is connected to the frame in part by a cross member connected to the frame for pivotal movement about a generally vertical axis and about a generally horizontal axis extending in the forward-rearward direction, the cross member having opposite, laterally-spaced ends, one of the cross member ends being connected to one of the side plates of the associated deck assembly for pivotal movement about a generally horizontal, laterally-extending axis adjacent the forward ends of the side plates, and the other of the cross member ends being connected to the other of the side plates of the associated deck assembly for pivotal movement about the generally horizontal, laterally-extending axis, wherein each of the deck assemblies is connected to the frame by a cross member having a laterally-extending inner leg with an inner end connected to the frame for pivotal movement about a generally horizontal axis extending in the forward-rearward direction, and the arm having an outer leg extending in the forward-rearward direction, the outer leg having an outer end, and wherein the cross member is mounted on the outer end of the outer leg.

4

## REMARKS

The Examiner's indication that claims 7-9 and 11-20 remain allowable and that claim 4 contains allowable subject matter is gratefully acknowledged. Claims 7 and 8 have been amended to provide antecedent basis for the side plates.

Claims 1, 2, 5, 6 and 10 have been rejected as being unpatentable over Smith in view of Mountfield. Reconsideration is respectfully requested.

Claim 1 specifies a gang-type rotary lawn mower comprising, among other things, at least two side-by-side front rotary cutting deck assemblies mounted on the frame in front of the front wheels, and at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies and between the front and rear wheels, each such rear deck assembly being aligned with a respective gap between adjacent front deck assemblies, each of the front and rear deck assemblies including a single-spindle cutting deck and a rear roller supporting the deck for movement over the ground, the deck having a width such that the roller extends across substantially the entire width of the deck. This construction is not suggested by any of the cited references taken alone, and is not suggested by either Smith or Nunes, the references which were originally relied upon by the Examiner and which teach gang-type mowers. The Examiner has taken the position that it would have been obvious to modify Smith in view of Mountfield, which teaches a walk-behind rotary mower with a rear roller. Applicant respectfully disagrees.

Claim 1 has been amended to emphasize the fact that Applicant's invention is a frame-mounted, gang-type, single-blade rotary deck mower with each deck having a rear roller extending substantially all the way across the deck. This construction is not suggested by the cited references.

A lawn mower designer faces many choices. Rotary or reel? Riding or walk-behind? One reel deck or gang-type? Frame-mounted or tow-behind? Single-blade deck or multiple-blade? Rear roller or not? Not all combinations of these features are possible or desirable, or perhaps more importantly, thought to be desirable. The choices are influenced by many factors, but the intended use of the mower is probably most significant.

As explained in the Background of the Invention portion of Applicant's specification, rotary mowers have typically not been used to cut golf course roughs, which require close trimming and the ability to cut undulating terrain at a relatively short length. Tow-behind I gangs are also undesirable for this purpose. Frame-

mounted reel mowers, usually gang-type, have been used almost exclusively for cutting golf course roughs. Nobody prior to Applicant has recognized the desirability of using, or figured out how to use, gang-type rotary mowers to cut golf course roughs.

Smith and Nunes reflect the state of the art with respect to gang-type lawn mowers. While gang-type mowers and walk-behind mowers often have common features, features of the two types of mowers are not necessarily interchangeable. Smith and Nunes teach that both reel mowers and rotary mowers can be used in gang-type mowers, but neither suggests using a rotary mower with a rear roller that extends substantially all the way across the deck. It is interesting to note that although reel mowers, both gang-type and walk-behind, have had such rear rollers for decades, gang-type rotary mowers have never (to the best of Applicant's knowledge) had such rear rollers, and even walk-behind rotary mowers have rarely (Mountfield is the exception) had such rear rollers. It cannot simply be concluded, with the benefit of hindsight, that it would have been obvious to make a change that was contrary to conventional wisdom in the art of gang-type mowers.

Referring to the above-mentioned choices faced by a lawn mower designer, it has not been merely a matter of picking any combination of the listed options. As explained above, certain combinations were thought to be either desirable or undesirable, depending on the intended purpose. If the intended purpose was cutting a golf course rough, it was not thought desirable to use a frame-mounted, gang-type, single-blade rotary deck mower with each deck having a rear roller extending substantially all the way across the deck. In fact, it was not known to use such a construction for any purpose. That is why Smith and Nunes do not suggest such a construction. Moreover, the fact that Mountfield teaches a rear roller extending substantially all the way across the deck on a single-deck walk-behind mower does not make it obvious to use such a rear roller on a frame-mounted, gang-type, rotary deck mower as claimed by Applicant. The considerations are completely different, and the combination would not have been obvious, as evidenced by the fact that, notwithstanding the hundreds of patents directed to lawn mowers, not a single one suggests the claimed combination. (Applicant is aware of the standard counter-argument saying the absence of a patent showing a claimed construction does not make that construction non-obvious, and that such absence may simply indicate that the combination was so obvious that nobody bothered to claim it, but that counter-

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/754,141 | 02/03/97 | DELVON? | 78209/9009 |

EXAMINER

| | ART UNIT | PAPER NUMBER |
|---|---|---|
| | 3627 | 12 |

DATE MAILED: 06/04/99

DAVID R PRICE
MICHAEL BEST & FRIEDRICH LLP
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2-98)

---

argument is spurious in this crowded art in which lawn mower manufacturers patent every little improvement made.) In this case, Applicant has made a significant improvement that was not obvious to those of ordinary skill in the art.

Applicant has invented a lawn mower that is, as explained in the Summary of the Invention portion of Applicant's specification, a tremendous improvement over the known prior art, because a rotary mower typically requires substantially less maintenance than a reel mower. Applicant has invented the first rotary mower that is suitable for cutting a golf course rough. Applicant's invention is not just an arbitrary, minor improvement over the prior art. Applicant's invention is a significant step forward in the art, as has been demonstrated by the commercial success of Applicant's lawn mower, which has now been copied by at least two competitors.

Accordingly, claim 1 and dependent claims 2, 4-6 and 10 are allowable. In view of the foregoing, entry of the above amendment and allowance of claims 1, 2, 4-6 and 10, in addition to the previous allowance of claims 7-9 and 11-20, are respectfully requested.

The undersigned is available for telephone consultation at any time.

Respectfully submitted,

David R. Price
Reg. No. 31,557

File No. 782090909

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
(414) 271-6560

Application/Control Number: 08/794,141                                    Page 2
Art Unit: 3671

## DETAILED ACTION

*Response to Amendment*

## Claim Rejections - 35 USC § 103

1.    The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness
rejections set forth in this Office action.

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

2.    Claims 1, 2, 5, 6 and 10 are rejected under 35 U.S.C. 103(a) as being unpatentable over
Smith '378 in view of the Mountfield brochure as set forth in the previous office action.

In reference to the applicant's arguments in the following: The Smith reference is
employed to clearly show that it is well known in the art to position "ganged" mower units in
locations with respect to the vehicle frame and wheels as claimed by the applicant. The Nunes
reference was also employed in an earlier rejection (paper #4) to display the obviousness of
providing mowers having vertical cutting shafts in such a "ganged" relationship. This rejection
has since been vacated in view of the above rejection and therein rendering the applicant's
arguments in reference to Nunes moot. However, because the applicant has discussed Nunes as a
teaching of the general state of the art, the examiner will address those issues. Finally, as shown

Application/Control Number: 08/794,141

Art Unit: 3671

Page 3

by both Smith and Nunez, it is clearly well known in the art to mount a plurality of mower units having either vertical or horizontal shafts (rotary or reel type mowers) in a "ganged" arrangement. Also, both Nunez and Smith as well as other teachings in the art (i.e., Cranfall '397) show that it is well known to vary the relative positions of the ganged members and cutting blades. Further, Nunez specifically discloses (column 1, lines 5-7) that it is well known to employ a mower having vertical shafts (rotary type) in a golf course maintenance roll. Both the Mountfield brochure and Cranfall teach that it is well known to provide a rotary mower with a rear mounted support roller device and Mountfield specifically teaches to provide such a roller having a length as to exact substantially across the widths of the cutting deck. In regards to the applicant's device as claimed in claims 1, 2, 5, 6 and 10, it appears that the applicant is combining known features of known apparatuses to render an obvious device which would perform in a manner obvious to one having ordinary skill in the art.

Allowable Subject Matter

3    Claim 4 is objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

Application/Control Number: 08/794,141

Art Unit: 3671

Page 4

4.    Claims 7-9 and 11-20 are allowed.

5.    Applicant's arguments filed May 10, 1999 have been fully considered but they are not deemed to be persuasive. Accordingly, THIS ACTION IS MADE FINAL. See M.P.E.P. § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS FINAL ACTION. IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

Conclusion

6.    Any inquiry concerning this communication should be directed to Robert Pezzuto at telephone number (703) 308-1012. The examiner can normally be reached Monday through Thursday from 7:00 am to 5:00 pm, Eastern Standard Time.

Page 5

Application/Control Number: 08/794,141

Art Unit: 3671

7.    If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

Mr Thomas B Will, can be reached on (703) 308-4078. The fax phone number for this Group is

(703) 305-7687

Robert Perzatio

June 1, 1999

---

## Notice of References Cited

| | | Application No. | 08/794,141 | Applicant(s) | Robert Pradoss | | |
|---|---|---|---|---|---|---|---|
| | | Examiner | | Group Art Unit | 3671 | Page 1 of 1 | |

**U.S. PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 4,401,507 | 2/1980 | Council | 56 | 0 |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| F | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| G | | | | | | |
| H | | | | | | |
| I | | | | | | |
| J | | | | | | |
| K | | | | | | |

**NON-PATENT DOCUMENTS**

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| L | | |
| M | | |
| N | | |
| O | | |

U.S. Patent and Trademark Office
PTO-892 (Rev. 9-95)    Notice of References Cited    Part of Paper No. 12

## Document 1 (Request for Extension of Time)

IN THE UNITED    PTS PATENT AND TRADEMARK OFFICE
GROUP ART UNIT 3671

In re

Patent Application of

Richard D. Brdar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: R. Franzia

GANG-TYPE ROTARY LAWN MOWER

### REQUEST FOR EXTENSION OF TIME

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

Applicant hereby requests a 2-month extension of time extending the date for response until November 4, 1999. Charge Deposit Account No. 13-3080 for $380.00 in payment of the fee required under 37 CFR 1.17(a)(2). Please charge any underpayments or overpayment of fees to this account.

Respectfully submitted,

David R. Price
Reg. No. 31,557

File No. 78209/9009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI  53202-4108
(414) 271-6560

## Document 2 (Declaration Under Rule 132)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re

Patent Application of

Richard D. Brdar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: Franzia, R.

GANG-TYPE ROTARY LAWN MOWER

Assistant Commissioner for Patents
Washington, D.C. 20231

### DECLARATION UNDER RULE 132

I, Richard D. Brdar, do hereby declare that:

1.  I am an inhabitant citizen of the United States, residing in Lake Mills, Wisconsin.

2.  I am the inventor of the invention claimed in the above-referenced patent application (hereinafter the "Gang-type Rotary Mower").

3.  As one skilled in the art of mowers and their design and construction, I conclude that my invention would not have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains. My invention provides a unique solution to a long-term answer problem, as described herein. With the inventor's knowledge back in the current industry of mowers and their shortcomings, my invention would have been made long ago it it had been obvious. In fact, conventional wisdom, as described herein, teaches manufacturers away from my invention as a solution to existing problems with mowers.

4.  I am told that some of the claims of my patent application have been rejected as being obvious based on a combination of features found in a number of patent applications

and a publication. With the vast number of mower designs and mower manufacturers in the industry, any obvious combination of features that might give a company a competitive edge has likely been tried. Rotary mowers have typically not been used to cut golf course roughs, which require close trimming and the ability to cut a cultivated terrain at a relatively short length, because nobody prior to me has recognized the desirability of using, or figured out how to use, gang-type rotary mowers to cut golf course roughs. Conventional wisdom in the art of gang-type mowers held that rotary mowers could not be used to cut golf course roughs. My invention of individual cutting units with the addition of rear rollers, however, makes the use of gang-type rotary mowers possible to cut golf course roughs. To the best of my knowledge, gang-type rotary mowers have never had such rear rollers.

5.   My Gang-type Rotary Mower invention, which was unknown in the industry only a few years ago, is now worth many millions of dollars in annual sales to my company and to the competitors that copied my invention.

6.   For many years, the mower industry had unsuccessfully sought a solution to the problem of bunching grass while mowing over undulating terrain. Previous rotary mowers are ineffective in compensating for uneven changes in the turf being mowed, resulting in uneven cut heights. This is particularly problematic when the turf is cut at or below ground level, leaving barren spots.

7.   My invention provides a solution to that problem by teaching an apparatus with excellent ground-following and end-scalp characteristics.

8.   The effectiveness of my invention as a solution to a long-term problem is evidenced by the extraordinary commercial success of my invention. Annual sales of my company's previous gang-type mowers averaged approximately $4.5 million over the years 1993 to 1997, with no significant increase or decrease from year to year. Our new model embodying my invention was introduced in 1997. The addition of my invention was the only significant change from the prior model. Sales of the new model totaled $13.3 million in 1997, jumped to $51.5 million in 1998, and are projected to exceed $60 million in 1999. The addition of my invention has more than doubled our mower sales, as compared to our previous model. Because market demand for gang-type mowers remained relatively constant between 1997

and 1999, the doubling of our mower sales and the nearly tripled increase in sales of the new model itself can only be attributed to the addition of my invention to my company's mowers.

9.   The effectiveness of my invention as a solution to the long-term problem previously described is also evidenced by the prompt copying of my invention by competitors. Following public disclosure of my invention in 1997, at least two major competing mower manufacturers, Noros and Toro, realized the efficacy of my solution to the problem. These two competitors now enjoy significant sales of this mowers method copying my invention.

10.   I enclose as Appendix A a copy of a Toro advertisement from 1999 highlighting a gang-type single-spindle rotary mower in which the mower decks include rear rollers. These Toro units were new in 1999 and were not previously available.

11.   I enclose as Appendix B copies of Noros advertisements from 1999 highlighting gang-type single-spindle rotary mowers, including rear rollers, as replacements for Toro and John Deere units. These Noros replacement units were new in 1999 and were not previously available.

12.   I understand the scope of pending Claim 1 of my application and conclude that Claim 1 covers the features of my invention that have resulted in the mower's commercial success and copying by competition. In other words, it is my invention as claimed that produced that mower's success and copying.

13.   I believe that the mowers of the Gang-type Rotary Mower embodying my invention demonstrate that this Gang-type Rotary Mower fulfills a long-felt need for a solution to the problems encountered in mowing undulating terrain. The substantial recent sales of the Gang-type Rotary Mower and the prompt copying by competitors indicate that consumers and the mower industry, respectively, are my Gang-type Rotary Mower as a previously-unknown solution to their mowing problems.

14.   I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true, and further that these statements were made with the knowledge that willful false statements and the like so

-2-

-3-



# Groundsmaster® with Contour® 66 Deck

**APPENDIX A**

*Product Preview*

**TORO**

- ◆ Patent pending Sidewinder™ system slides decks 24" (61 cm) left and right for overhang and varying size tasks

- ◆ 3 full floating 25" (64 cm) mulching decks follow ground contours superbly

- ◆ 66" (168 cm) width of cut

- ◆ Powerful 35 hp Kubota Turbo Diesel

- ◆ HOC range of 1"-4" (2.5-10 cm) in ¼" (.64 cm) increments

- ◆ Rear rollers provide attractive striping

- ◆ Patented Series/Parallel 3-wheel drive traction minimizes spin-outs

---

made are punishable by fine or imprisonment, or both, under Section 1001 of the Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

*Richard D. Becker*
_____
Richard D. Becker

11-4-99
_____
Date

Nov-04-99 01:55pm From-MICHAEL BEST T-143 P.01/11 F-858

MICHAEL BEST & FRIEDRICH LLP
Attorneys at Law

[illegible] Michael Best & Friedrich LLP
Milwaukee Office
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
Telephone (414) 271-6560
FAX (414) 277-0656

#15

FAX RECEIVED [illegible] GROUP 3600

# FACSIMILE TRANSMISSION

DATE: November 4, 1999

TO:

| NAME | FAX NO. | PHONE NO. |
|---|---|---|
| Robert Pezzuto<br>USPTO Art Unit 3671 | (703) 305-3597 | (703) 308-1012 |

FROM: Randall W. Fieldhack 920 PHONE: (414) 225-4929 Mary 30SE

RE: Response to Final Rejection

| | |
|---|---|
| NUMBER OF PAGES, INCLUDING COVER: | 11 |
| CLIENT MATTER NUMBER: | 78209/9009 |

NOTES/COMMENTS:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, OR MAY BE PROPRIETARY CONFIDENTIAL INFORMATION OF A CLIENT AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR ANY AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU

IF YOU DO NOT RECEIVE ALL OF THE PAGES OR IF YOU EXPERIENCE FAX TRANSMISSION PROBLEMS, PLEASE CALL FAX DEPARTMENT AT (414) 277-6560, Ext. 5467 AS SOON AS POSSIBLE.

Nov-04-99 04:02pm From-MICHAEL BEST T-140 P.11/11 F-858

APPENDIX B

Nunes Manufacturing is proud to introduce to you the newest hydraulic rotary mower with 22 ½" decks for the John Deere Model 3235A. The mower can be mounted in place of the reel mower with no modification to the power unit. Each deck has one high efficiency hydraulic motor, with special bearings to provide excellent support for blades. For more information please call our sales department and they will be happy to answer any questions.

Nunes Manufacturing, Inc.
1707 Magnolia Ave
Patterson, CA 95363
(209) 892-8773 or
Fax (209) 892-5627

"Specializing in adapting rotary mowers to fit most traction units"

Nunes Manufacturing is proud to introduce to you our newest hydraulic rotary mower with 22 ½" decks for the Toro Model 6500 or the Toro Model 6700. The mower can be mounted in place of the reel mower with no modification to the power unit. Each deck has one high efficiency hydraulic motor, with special bearings to provide excellent support for blades. For more information please call our sales department and they will be happy to answer any questions.

Nunes Manufacturing, Inc.
1707 Magnolia Ave
Patterson, CA 95363
(209) 892-8773 or
Fax (209) 892-5627

"Specializing in adapting rotary mowers to fit most traction units"

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
GROUP ART UNIT 3671

I, Mary K. Vok, hereby certify that this correspondence is being sent by facsimile transmission addressed to Assistant Commissioner for Patents, Washington, D.C. 20231, on the date of my signature.

_Mary K. Vok_
Name

_Mary K. Vok_
Signature

November 4, 1999
Date of Signature

In re

Patent Application of

Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: Pezzuto, R.

GANG-TYPE ROTARY LAWN
MOWER

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

**RESPONSE TO FINAL REJECTION**

This is an response to the Final Rejection dated June 4, 1999. A request for an extension of time for response is attached.

The Examiner's indication that claims 7-9 and 11-20 remain allowable and that claim 4 contains allowable subject matter is gratefully acknowledged.

On the merits, the Examiner has essentially repeated his rejections from the prior Office Action to which Applicant responded in the Amendment dated May 3, 1999.

Claims 1, 2, 5, 6 and 10 have been rejected as being unpatentable over Smith in view of Mountfield or Oxcraft. Reconsideration is respectfully requested.

Claim 1 specifies a gang-type rotary lawn mower comprising, among other things, at least two side-by-side front rotary cutting deck assemblies mounted on the frame in front of the front wheels, and at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies and between the front and rear wheels, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies, each of the front and rear deck assemblies including a single-spindle cutting deck and a rear roller supporting the deck for movement over the ground, the deck having a width such that the roller extends across substantially its entire width of the deck. This construction is not

---

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
GROUP ART UNIT 3671

I hereby certify that this correspondence is being sent by facsimile transmission to Patent ... on the date of my signature.

_Mary K. Vok_
Name

_Mary K. Vok_
Signature

November 4, 1999
Date of Signature

In re

Patent Application of

Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: R. Pezzuto

GANG-TYPE ROTARY LAWN MOWER

**REQUEST FOR EXTENSION OF TIME**

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

Applicant hereby requests a 2-month extension of time extending the date for response until November 4, 1999. Charge Deposit Account No. 13-3080 for $380.00 in payment of the fee required under 37 CFR 1.17(a)(2). Please charge any underpayment or over-payment of fees to this account.

Respectfully submitted,

[signature]
David R. Price
Reg. No. 31,557

File No. 76209/9009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
(414) 271-6560

suggested by any of the cited references taken alone, and is not suggested by either Smith or Neary, the references which were originally relied upon by the Examiner and which teach gang-type mowers. The Examiner has taken the position that it would have been obvious to modify Smith in view of Metzenfield, which teaches a walk-behind rotary mower with a rear roller, in view of Cheraft. Applicant respectfully disagrees.

Cheraft does not change the conclusions of Applicant's Amendment dated May 1, 1999, because Cheraft does not teach rollers that extend across substantially the entire width of the deck. Cheraft simply has rollers that extend a small part of the distance across the deck and serve the same function as wheels, not the function of Applicant's wider roller.

Applicant has invented a lawn mower that is, as explained in the Summary of the Invention portion of Applicant's specification, a tremendous improvement over the known prior art, because a rotary mower typically requires substantially less maintenance than a reel mower. Applicant has invented the first rotary mower that is suitable for cutting a golf course rough. Applicant's invention is not just an arbitrary, minor improvement over the prior art. Applicant's invention is a significant step forward in the art, at last been demonstrated by the commercial success of Applicant's lawn mower, which has now been copied by at least two competitors.

To further demonstrate the unobviousness of Applicant's mower, Applicant submits herewith a Declaration of Richard D. Bednar, the inventor, demonstrating the commercial success and prevalent copying of the invention. As shown by the Declaration, Applicant, in less than three years, has made nearly $20 million in sales to date of the mower embodying the invention, and at least two competitors have attempted to appropriate a share of this market by copying the invention.

The commercial success and copying of Applicant's product demonstrate that Applicant's mower is not obvious, and that there is a long-felt need for a mower that can effectively mow over undulating terrain, a need which has not been met by any other product. The aforementioned Declaration establishes the nexus between the claimed invention and the commercial success and copying of the product embodying the invention.

Accordingly, independent claim 1 and dependent claims 2, 4-6 and 10 are allowable. In view of the foregoing, allowance of claims 1, 2, 4-6 and 10, in addition to the previous allowance of claims 7-9 and 11-20, is respectfully requested.

2

The undersigned is available for telephone consultation at any time.

Respectfully submitted,

David R. Price
Reg. No. 31,357

File No. 78200/0009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
(414) 271-6560

3

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/794,141 | 02/03/97 | BEDNAR | 78209/5009 |

PM92/1122

| | EXAMINER |
|---|---|
| | PEZZUTO,JR R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3671 | 16 |

DATE MAILED: 11/22/99

DAVID R PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

---

**Advisory Action**

| Application No. | Applicant(s) |
|---|---|
| 08/794,141 | Bednar |
| Examiner | Group Art Unit |
| Robert Pezzuto | 3671 |

THE PERIOD FOR RESPONSE: (check only a) or b))

☐ a) ☐ expires _____ months from the mailing date of the final rejection.

☒ b) ☒ expires three months from the mailing date of the final rejection, or as of the mailing date of this Advisory Action, whichever is later. In no event, however, will the statutory period for the response expire later than six months from the date of the final rejection.

Any extension of time must be obtained by filing a petition under 37 CFR 1.136(a), the proposed response and the appropriate fee. The date on which the response, the petition, and the fee have been filed is the date of the response and also the date for the purposes of determining the period of extension and the corresponding amount of the fee. Any extension fee pursuant to 37 CFR 1.17 will be calculated from the date of the originally set shortened statutory period for response or as set forth in b) above.

☐ Appellant's Brief is due two months from the date of this Advisory Action, whichever is later. See 37 CFR 1.191(d) and 37 CFR 1.192(a). (or within any period for response as set forth above, whichever is later). _____ has been considered with the following effect,

Applicant's response to the final rejection, filed on _____ June 4, 1999 _____ has been considered with the following effect, but is NOT deemed to place the application in condition for allowance.

☐ The proposed amendment(s):

☐ will be entered upon the filing of a Notice of Appeal and an Appeal Brief.
☐ will not be entered because:
 ☐ they raise new issues that would require further consideration and/or search. (See note below).
 ☐ they raise the issue of new matter. (See note below).
 ☐ they are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal.
 ☐ they present additional claims without cancelling a corresponding number of finally rejected claims.

NOTE: _____

☐ Applicant's response has overcome the following rejection(s): _____

☐ Newly proposed or amended claims _____ would be allowable if submitted in a separate, timely filed amendment cancelling the non-allowable claims.

☒ The affidavit, exhibit or request for reconsideration has been considered but does NOT place the application in condition for allowance because: _____

The request for reconsideration does not overcome the subject matter of the claimed subject matter as allowed by the Examiner as set forth in the last Office Action (Art Unit 3671).

☐ The affidavit or exhibit will NOT be considered because it is not directed SOLELY to issues which were newly raised by the Examiner in the final rejection.

☒ For purposes of Appeal, the status of the claims is as follows (see attached written explanation, if any):

Claims allowed: _____ 7-9 and 11-20 _____
Claims objected to: _____ 4 _____
Claims rejected: _____ 1, 2, 3, 5, 6, and 10 _____

☐ The proposed drawing correction filed on _____ ☐ has ☐ has not been approved by the Examiner.

☐ Note the attached Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Other _____

Robert Pezzuto
PRIMARY EXAMINER
ART UNIT 3671

U.S. Patent and Trademark Office
PTO-303 (Rev. 6-99)          Advisory Action          Part of Paper No. 16

MISSING PAGE(S) FROM THE

U.S. PATENT OFFICE

OFFICIAL FILE WRAPPER

# 15 - Fax Page 1

Patent Imaging Corporation
*Patent Legal and Scientific Information Service*
2001 Jefferson Davis Highway
Crystal Plaza One, Suite 600
Arlington, VA 22202-3510
(703) 553-0000

---

OFFICIAL

#17/By 54 12/2/99

PTO RECEIVED
DEC. 05, 1999
Patent Application of
GROUP 3671
Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: R. Pazmio

GANG-TYPE ROTARY LAWN MOWER

I, Mary K. Volz, hereby certify that this
correspondence is being sent by facsimile
transmission addressed to Assistant Commissioner
for Patents, Washington, D.C. 20231, on the date of
my signature.

_Mary K. Volz_
Signature

_November 1, 1999_
Date of Signature

REQUEST FOR EXTENSION OF TIME

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

Applicant hereby requests a 3-month extension of time extending the date for response until December 4, 1999. Applicant previously requested and paid for a 2-month extension of time extending the date for response until November 4, 1999. Charge Deposit Account No. 13-3080 (or $490.00 to payment of the fee required as the difference between the $380.00 fee required under 37 CFR 1.17(a)(2) and the $870.00 fee required under 37 CFR 1.17(a)(3). Please charge any underpayment or overpayment of fees to this account.

Respectfully submitted,

_David R. Price_
David R. Price
Reg. No. 31,157

File No. 782090009
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
(414) 271-6560

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

GROUP ART UNIT 1671

OFFICIAL

I, Mary K. Vu, hereby certify that this correspondence is being posted by First class mail in an envelope addressed to Assistant Commissioner for Patents, Washington, D.C. 20231, on the date set out above.

*Mary K. Vu*
Signature

December 3, 1999
Date of signature

In re Application of
Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: Pezzuto, R.

GANG-TYPE ROTARY LAWN MOWER

SUPPLEMENTAL RESPONSE TO FINAL REJECTION

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

This is in response to the Final Rejection dated June 4, 1999 and supplements the response to final rejection submitted on November 4, 1999. A request for an extension of the time for the additional month needed for this response is attached.

The Examiner's indication that the claims 7-9 and 11-20 remain allowable and that claim 4 contain allowable subject matter is gratefully acknowledged.

Claims 1, 2, 5, 6 and 10 have been rejected as being unpatentable over Smith in view of Meyersfield or Conrad. Reconsideration is respectfully requested.

Obviousness under 35 U.S.C. § 103 is a legal conclusion, which requires the resolution of four preliminary factual inquiries:

1) the scope and content of the prior art;

2) the differences between the claims and the prior art;

3) the level of ordinary skill in the pertinent art; and

4) secondary considerations, if any, of nonobviousness.

See Universal v. Rudkin-Wiley Corp., 837 F.2d 1044, 1050 (Fed. Cir. 1988), cert. denied, 488 U.S. 825 (1988). Secondary considerations include objective indicia of nonobviousness such as commercial success due to the invention, long-felt but unresolved need, and copying of the

---

invention in preference to copying the prior art. See Graham v. John Deere & Co., 383 U.S. 1, 17-18 (1966); Panduit Corp. v. Dennison Mfg. Co., 810 F.2d 1561, 1566-1568 (Fed. Cir. 1987), cert. denied, 481 U.S. 1051 (1987). Such objective evidence of obviousness must always when present be considered en route to a determination of obviousness because secondary considerations may often be the most probative and cogent evidence in the record. It may often establish that an invention appearing to have been obvious in light of the prior art was not. It is to be considered as part of all the evidence, and that when the decisionmaker remains in doubt after reviewing the art.

Universal, 837 F.2d at 1051 (emphasis added) (quoting Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1538-39 (Fed. Cir. 1983)). See also Graham, 383 U.S. at 35; Gillette Co. v. S.C. Johnson & Son, Inc., 919 F.2d 720, 725 (Fed. Cir. 1990) ("[A]n analysis of obviousness must address objective evidence of nonobviousness").

Although often termed "secondary," the Federal Circuit has noted that these objective factors highlighted in Graham v. John Deere are often the most probative evidence of non-obviousness, because all other evidence is potentially vitiated by hindsight. W.L. Gore & Assocs. v. Garlock, Inc., 721 F.2d 1540, 1553 (Fed. Cir. 1983), cert. denied, 469 U.S. 851 (1984). See Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1538 (Fed. Cir. 1983) (evidence of secondary considerations "must always, when present, be considered en route to a determination of obviousness"); In Re GPAC Inc., 57 F.3d 1573, 33 U.S.P.Q.2d 1116, 1121 (Fed. Cir. 1995).

Courts consider commercial success of an invention because, "had the invention been obvious, inventors would have been produced it earlier to reap the necessary rewards." Indian Head Indus. v. Ted Smith Equip., 859 F. Supp. 1095, 1105 (E.D. Mich. 1994). The Supreme Court has long recognized the relevance of commercial success. For example, in Graham v. John Deere Co., 383 U.S. 1 (1966), the Court noted that commercial success is an indication of non-obviousness that must be considered in patentability analysis and that the commercial response to an invention is entitled to fair weight. Id. at 17-18, 35-36; see also Lindemann Maschinenfabrik GmbH v. American Hoist & Derrick, 730 F.2d 1452, 1461 (Fed. Cir. 1984).

Federal Circuit decisions regularly rely on evidence of commercial success for a determination of non-obviousness. For example, in Fromson v. Advance Offset Plate, 755 F.2d 1549 (Fed. Cir. 1985), the court held that the patented invention's market-dominating

2

properties underminded argument that the success was attributable to developments in related technology, especially when the related technology existed for a number of years before the invention. Id. at 1557-58; see also Gillette Co. v. S.C. Johnson & Son, Inc., 919 F.2d 720, 726 (Fed. Cir. 1990) (district court found patentee's product was new and radically different from previously marketed products and its success was due to its innovative properties).

"[T]he commercial success of a product embodying a claimed invention to have true relevance to the issue of non-obviousness, that success must be shown to have in some way been due to the nature of the claimed invention, as opposed to other economic and commercial factors unrelated to the mechanical quality of the patented subject matter." Cable Elec. Prods. v. Genmark, Inc., 770 F.2d 1015, 1027 (Fed. Cir. 1985). This "nexus" between the commercially successful product and the invention is satisfied by the inventor simply by showing that the product that "is commercially successful is the invention disclosed and claimed in the patent." Demaco Corp. v. F. Von Langsdorff Licensing, 851 F.2d 1387, 1392 (Fed. Cir. 1988), cert. denied, 488 U.S. 956 (1988); see also Rite-Hite Corp. v. Kelley Co., 629 F. Supp. 1042, 231 U.S.P.Q. 161, 166, (E.D. Wis. 1986) ("While one can never be certain of the precise causal relationship in this case, it appears from all of the evidence that the invention of the '847 patent was a very significant factor."), aff'd, 919 F.2d 1120 (Fed. Cir. 1987).

Numerous decisions rely upon facts showing a long-felt need for an invention, and the failure of others to meet that need, as evidence probative of patentability. See e.g. Goodyear Tire & Rubber v. Ray-O-Vac, 321 U.S. 275; Ebel Process v. Minnesota & Ontario Paper, 261 U.S. 45, 53-54, 68 (1923); Great Northern Corp. v. Henry Molded Prods., 864 F. Supp. 865 (E.D. Wis. 1994). As one court noted:

> The existence of an ordinary, unmet need is strong evidence that the invention is novel, not obvious, and not anticipated. If people are clamoring for a solution, and the best minds do not find it for years, that is practical evidence—the kind that can't be bought from a hired expert, the kind that does not depend on fallible memories or doubtful inferences—of the state of knowledge.

In re Mahurkar Patent Litig. 831 F. Supp. 1354, 1378 (N.D. Ill. 1993), aff'd, 71 F.3d 1573 (Fed. Cir. 1995).

One of the most relevant objective factors of non-obviousness is a competitor's copying of the invention rather than copying the prior art reference that supposedly rendered the invention obvious. Specialty Composites v. Cabot Corp. 845 F.2d 981, 991, (Fed. Cir.

3

1988) ("[C]opying the claimed invention, rather than one in the public domain, is indicative of non-obviousness"). See Windsurfing Int'l v. AMF, 782 F.2d 995, 1000 (Fed. Cir. 1986), cert. denied, 477 U.S. 905 (1986). The reason for the importance of this factor is that if the invention was so obvious from the prior art, then the copier could use the prior art and would not need to use the invention. See Kurtz v. Belle Hat Lining, 280 F. 277, 281 (2d Cir. 1922) ("The imitation of a thing patented by a defendant, who deems invention, has often been regarded . . . as conclusive evidence of what the defendant thinks of the patent, and persuasive of what the rest of the world ought to think").

In a number of cases, courts have considered deliberate copying of the inventor's device by the defendant as evidence supporting patentability. In Diamond Rubber v. Consolidated Rubber Tire, 220 U.S. 428 (1911), the Supreme Court viewed such copying of a narrow patent claim in a "crowded art" as significant.

> The prior art was open to the [Defendant] Rubber Company. That "art was crowded." It says "with numerous prototype and predecessors, of the Grant tire." And they, it is asserted, persisted all of the realities which the dreams of experts attributed to the Grant Tire. And yet the rubber company uses the Grant tire. It gives the tribute of its praise to the prior art, but gives the Grant tire the tribute of its imitation, as others have done.

Id. at 441; see also Pluto Press v. Fujitsu, 591 F.2d 772, 782 (9th Cir. 1978) ("The Court properly considered Ferrari's copying of Photoelectron's machine as evidence of non-obviousness").

Numerous Federal Circuit decisions consider copying as evidence of non-obviousness. See, e.g., Avia Group Int'l v. L.A. Gear California, 853 F.2d 1557, 1564 (Fed. Cir. 1988) ("Copying is additional evidence of non-obviousness."); Diversitech Corp. v. Century Steps, 850 F.2d 675, 679 (Fed. Cir. 1988) ("Copying is an indicium of non-obviousness, and is to be given more weight"); Specialty Composites v. Cabot Corp. 845 F.2d 981, 991 (Fed. Cir. 1988) (The Infringer "closely copied the invention in the patent. . . . (Copying the claimed invention, rather than one in the public domain, is indicative of nonobviousness").

To demonstrate the nonobviousness of Applicant's mower, Applicant submitted previously a Declaration of Richard D. Bednar, the inventor, demonstrating the commercial success and prevalent copying of the invention. As shown by the Declaration, Applicant, in less than three years, has made nearly $20 million in sales to date of the mower embodying

4

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/794,141 | 02/03/97 | DEDNOR | R | 782091/9009 |

EXAMINER
PEZZUTO, R

FM02/1207

DAVID R PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

| ART UNIT | PAPER NUMBER |
|---|---|
| 3671 | 19 |

DATE MAILED: 12/07/99

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

---

the invention, and at least two competitors have attempted to appropriate a share of this market by copying the invention.

The commercial success and copying of Applicant's product demonstrate that Applicant's mower is not obvious, and that there is a long-felt need for a mower that can effectively mow over undulating terrain, a need which has not been met by any other product.

The aforementioned Declaration establishes the nexus between the claimed invention and the commercial success and copying of the product embodying the invention.

Applicant has invented a lawn mower that is, as explained in the Summary of the Invention portion of Applicant's specification, a tremendous improvement over the known prior art, because a rotary mower typically requires substantially less maintenance than a reel mower. Applicant has invented the first rotary mower that is suitable for cutting a golf course rough. Applicant's invention is not just an arbitrary, minor improvement over the prior art. Applicant's invention is a significant step forward in the art, as has been demonstrated by the commercial success of Applicant's lawn mower, which has now been copied by at least two competitors.

Accordingly, independent claim 1 and dependent claims 2, 4-6 and 10 are allowable. In view of the foregoing, allowance of claims 1, 2, 4-6 and 10, in addition to the previous allowance of claims 7-9 and 11-20, is respectfully requested.

The undersigned is available for telephone consultation at any time.

Respectfully submitted,

David R. Price
Reg. No. 31,557

File No. 782091/9009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
(414) 271-6560

5

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office

F982/1207

# NOTICE OF ALLOWANCE AND ISSUE FEE DUE

DAVID R PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/794,141 | 02/03/97 | 019 | PEZZUTO, R | 3671 | 12/07/99 |

First named applicant: BEHNKE,
Title: GANG-TYPE ROTARY LAWN MOWER
35 USC 154(b) term ext. = 0 Days.

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3 | 78209/9009 | 056-006.000 | F35 | UTILITY | NO | $1210.00 | 03/07/00 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.

THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.

HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or

B. If the status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:

A. Pay FEE DUE shown above, or

B. File verified statement of Small Entity status before, or with, payment of 1/2 the FEE DUE shown above.

II. Part B–Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part B–Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to assure timely payment of maintenance fees when due.

PATENT AND TRADEMARK OFFICE COPY

---

# Notice of Allowability

| Application No. | Applicant(s) |
|---|---|
| 08/794,141 | Robert Pezzuto |
| Examiner | Group Art Unit |
| | 3671 |

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

☒ This communication is responsive to request for reconsideration filed December 1, 1999.

☒ The allowed claim(s) is/are 1, 3, and 4-20.

☐ The drawings filed on ___ are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).
☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been
☐ received.
☐ received in Application No. (Series Code/Serial Number) ___.
☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: ___.

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☒ Applicant MUST submit NEW FORMAL DRAWINGS

☐ because the originally filed drawings were declared by applicant to be informal.

☒ including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. 7 , which has been approved by the examiner.

☐ including changes required by the proposed drawing correction filed on ___, which has been approved by the examiner.

☐ including changes required by the attached Examiner's Amendment/Comment.

Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)
☐ Notice of References Cited, PTO-892
☐ Information Disclosure Statement(s), PTO-1449, Paper No(s).
☐ Notice of Draftsperson's Patent Drawing Review, PTO-948
☐ Notice of Informal Patent Application, PTO-152
☐ Interview Summary, PTO-413
☐ Examiner's Amendment/Comment
☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
☒ Examiner's Statement of Reasons for Allowance

ROBERT PEZZUTO
PRIMARY EXAMINER
ART UNIT 3671

Part of Paper No. 10

PTO-37 (Rev. 9-95)    Notice of Allowability



■ 5 Deck All Hydraulically Driven
■ High Quality Finish Cut
■ High Productivity
■ 7.25 Acres an Hour at 5 M.P.H.
■ Low Maintenance
■ No Belts or Pulleys to Adjust or Maintain
■ Easily Attached and Detached

■ Raises Units for Transportation, Storage and Maintenance
■ Blades Shut Off Automatically When Raised
■ Height of Cut $3/4$ to $4 1/4$
■ Cutting Width 140"
■ Transportation Width 90"
■ Nunes Model 355

**Nunes Manufacturing**
P.O. Box 125 • 1957 Lafayette Ave. • Petaluma, California 94952 • (707) 678-4371 • FAX (707) 693-1153

---

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
Group Art Unit 3671

In re

Patent Application of

Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: Pezzuto, R.

GANG-TYPE ROTARY LAWN MOWER

**INFORMATION DISCLOSURE STATEMENT**
PURSUANT TO 37 CFR §1.97(i)

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

This paper is being filed for the purpose of having the attached reference ("Nunes Rotary Mower") placed in the file of the above-identified application pursuant to 37 CFR §1.97(i). Applicant believes that this reference is not material because it is cumulative to information already of record, but Applicant is filing this paper to assure compliance with Applicant's duty of candor. Applicant does **not** wish to abandon or withdraw this application.

Respectfully submitted,

David R. Price
Reg. No. 31,557

File No. 78209/9005

Michael, Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
(414) 271-6560

Application/Control Number: 08/794,141                                                    Page 2

Art Unit: 3671

## DETAILED ACTION

1.      In response to applicant's Information Disclosure Statement filed December 21, 1999 is the following: The reference "Namm Rotary Mower" did not include the necessary petition, 1449 or fee to have it considered, however, in pursuant with the applicant's request the reference has been placed in the file.

## Conclusion

2.      Any enquiry concerning this communication should be directed to Robert Pezzuto at telephone number (703) 308-1012. The examiner can normally be reached Monday through Thursday from 7:00 am to 5:00 pm, Eastern Standard Time.

3.      If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Thomas B Will, can be reached on (703) 308-4078. The fax phone number for this Group is (703) 305-159978.

Robert Pezzuto

March 10, 2000

---

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, DC 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/794,141 | 02/03/97 | BEHNKE | R | 7620/97/9909 |

| | EXAMINER |
|---|---|
| | PEZZUTO,R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3671 | 9/ |

DATE MAILED: 03/13/00

DAVID A PRICE
MICHAEL, BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4100

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)                                                          1- File Copy

6047530



Fig. 2





Batch F35

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
GROUP ART UNIT NO. 3671

In re

Patent Application of

Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: Pezzuto, R.

"GANG-TYPE ROTARY LAWN MOWER"

SUBMISSION OF FORMAL DRAWINGS

Box Issue Fee
Assistant Commissioner for Patents
ATTENTION: Official Draftsperson
Washington, D.C. 20231

Sir:

Enclosed for filing are the formal drawings for the
above-identified application.

Entry of the enclosed drawings is respectfully
requested.

Respectfully submitted,

David R. Price
Reg. No. 31,557

File No. 78209/9009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
(414) 271-6560







_Fig. 6_



_Fig. 5_

PART B—ISSUE FEE TRANSMITTAL

Complete and mail this form, together with applicable fees, to:  Box ISSUE FEE
Assistant Commissioner for Patents
Washington, D.C. 20231

MAILING INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

DAVID R PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

Certificate of Mailing
I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

Tamera A. Stevga
December 16, 1999

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
| 08/794,141 | 02/03/97 | 019 | 3671 | 12/07/99 |

First named applicant: BEEMAN
TITLE OF INVENTION: GANG-TYPE ROTARY LAWN MOWER

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 78209/9099 | 056-006.000 | P96Z/1207 | UTILITY | NO | $1210.00 | 03/07/00 |

35 USC 154(b) term ext. = 0 Days.

PEZZUTO, R    F35

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
Use of PTO form(s) and Customer Number are recommended, but not required.
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached.

2. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE    Textron, Inc.
(B) RESIDENCE: (CITY & STATE OR COUNTRY)   Providence, RI

Please check the appropriate assignee category indicated below (will not be printed on the patent)
☐ individual   ☐ corporation or other private group entity   ☐ government

4a. The following fees are enclosed (make check payable to Commissioner of Patents and Trademarks):
☒ Issue Fee
☐ Advance Order - # of Copies ___

4b. The following fees should be charged to:
DEPOSIT ACCOUNT NUMBER   13-3300
(ENCLOSE AN EXTRA COPY OF THIS FORM)
☒ Issue Fee
☐ Advance Order - # of Copies ___

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above.

(Authorized Signature)   MICHAEL BEST & FRIEDRICH LLP

12/16/99

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner of Patents, Washington D.C. 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

TRANSMIT THIS FORM WITH FEE

PTOL-85B (REV 10-98) Approved for use through 06/30/99. OMB 0651-0033    Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

---

PART B—ISSUE FEE TRANSMITTAL

Complete and mail this form, together with applicable fees, to:  Box ISSUE FEE
Assistant Commissioner for Patents
Washington, D.C. 20231

MAILING INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

DAVID R PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

Certificate of Mailing
I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

Tamera A. Stevga
December 16, 1999

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
| 08/794,141 | 02/03/97 | 019 | 3671 | 12/07/99 |

First named applicant: BEEMAN
TITLE OF INVENTION: GANG-TYPE ROTARY LAWN MOWER

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 78209/9099 | 056-006.000 | P96Z/1207 | UTILITY | NO | $1210.00 | 03/07/00 |

35 USC 154(b) term ext. = 0 Days.

PEZZUTO, R    F35

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
Use of PTO form(s) and Customer Number are recommended, but not required.
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached.

2. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE    Textron, Inc.
(B) RESIDENCE: (CITY & STATE OR COUNTRY)   Providence, RI

Please check the appropriate assignee category indicated below (will not be printed on the patent)
☐ individual   ☐ corporation or other private group entity   ☐ government

4a. The following fees are enclosed (make check payable to Commissioner of Patents and Trademarks):
☒ Issue Fee
☐ Advance Order - # of Copies ___

4b. The following fees should be charged to:
DEPOSIT ACCOUNT NUMBER   13-3300
(ENCLOSE AN EXTRA COPY OF THIS FORM)
☒ Issue Fee
☐ Advance Order - # of Copies ___

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above.

(Authorized Signature)   MICHAEL BEST & FRIEDRICH LLP

12/16/99

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner of Patents, Washington D.C. 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

TRANSMIT THIS FORM WITH FEE

PTOL-85B (REV 10-98) Approved for use through 06/30/99. OMB 0651-0033    Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

**PATENT APPLICATION FEE DETERMINATION RECORD**
Effective October 1, 1996

Application or Docket Number: 794/141

## CLAIMS AS FILED - PART I

| FOR | NUMBER FILED | NUMBER EXTRA | SMALL ENTITY RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 385.00 | OR | | 770.00 |
| TOTAL CLAIMS | 20 | minus 20 = | x$11= | | OR | x$22= | |
| INDEPENDENT CLAIMS | 3 | minus 3 = | x$40= | | OR | x$80= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +$130= | | OR | +$260= | |
| | | | TOTAL | | | TOTAL | 770.00 |

*If the difference in column 1 is less than zero, enter "0" in column 2*

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | 19 | Minus | 20 | x$11= | | OR | x$22= | |
| Independent | 6 | Minus | 3 | x$40= | | OR | x$80= | 240 |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +$130= | | OR | +$260= | |
| | | | TOTAL ADDIT. FEE | | | OR | TOTAL ADDIT. FEE | 240 |

### AMENDMENT B

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | | Minus | | x$11= | | OR | x$22= | |
| Independent | | Minus | | x$40= | | OR | x$80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +$130= | | OR | +$260= | |
| | | | TOTAL ADDIT. FEE | | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | | Minus | | x$11= | | OR | x$22= | |
| Independent | | Minus | | x$40= | | OR | x$80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +$130= | | OR | +$260= | |
| | | | TOTAL ADDIT. FEE | | | OR | TOTAL ADDIT. FEE | |

---

ORIGINAL CLASSIFICATION

| CLASS | SUBCLASS |
|---|---|
| 56 | 6 |

CROSS REFERENCE(S)

| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) |
|---|---|
| 56 | 136 | 64.5 | 10.2 | 10.4 | 10.6 |

INTERNATIONAL CLASSIFICATION

| | |
|---|---|
| A 01 D | 34 / 66 |
| | / |

APPLICATION SERIAL NUMBER
08/794,141

APPLICANT(S) (FIRST NAMED PARTY)
Kajiwara

ISSUE CLASSIFICATION SLIP





