Form PTO-948 (Rev. 10-94)     U.S. DEPARTMENT OF COMMERCE - Patent and Trademark Office     Application No. *794141*

## NOTICE OF DRAFTSPERSON'S PATENT DRAWING REVIEW

PTO Draftpersons review all originally filed drawings regardless of whether they are designated as formal or informal. Additionally, patent Examiners will review the drawings for compliance with the regulations. Direct telephone inquiries concerning this review to the Drawing Review Branch, 703-305-8404.

The drawings filed (insert date) **2/3/97** are
A. ____ not objected to by the Draftperson under 37 CFR 1.84 or 1.152.
B. ✗ objected to by the Draftperson under 37 CFR 1.84 or 1.152 as indicated below. The Examiner will require submission of new, corrected drawings when necessary. Corrected drawings must be submitted according to the instructions on the back of this Notice.

1. DRAWINGS. 37 CFR 1.84(a): Acceptable categories of drawings:
   Black ink.  Color.
   ____ Not black solid lines. Fig(s)____
   ____ Color drawings are not acceptable until petition is granted.
   Fig(s)____
2. PHOTOGRAPHS. 37 CFR 1.84(b)
   ____ Photographs are not acceptable until petition is granted.
   Fig(s)____
   ____ Photographs not properly mounted (must use brystol board or photographic double-weight paper). Fig(s)____
   ____ Poor quality (half-tone). Fig(s)____
3. GRAPHIC FORMS. 37 CFR 1.84 (d)
   ____ Chemical or mathematical formula not labeled as separate figure. Fig(s)____
   ____ Group of waveforms not presented as a single figure, using common vertical axis with time extending along horizontal axis. Fig(s)____
   ____ Individuals waveform not identified with a separate letter designation adjacent to the vertical axis. Fig(s)____
4. TYPE OF PAPER. 37 CFR 1.84(e)
   ____ Paper not flexible, strong, white, smooth, nonshiny, and durable. Sheet(s)____
   ____ Erasures, alterations, overwritings, interlineations, cracks, creases, and folds copy machine marks not accepted. Fig(s)____
   ____ Mylar, velum paper is not acceptable (too thin). Fig(s)____
5. ⊙ SIZE OF PAPER. 37 CFR 1.84(f): Acceptable sizes:
   ____ 21.0 cm. by 33.0 cm. (8 1/2 by 14 inches)
   ____ 21.6 cm. by 33.1 cm. (8 1/2 by 13 inches)
   ____ 21.6 cm. by 27.9 cm. (8 1/2 by 11 inches)
   ____ 21.0 cm. by 29.7 cm. (DIN size A4)
   ____ All drawing sheets not the same size. Sheet(s)____
   ____ Drawing sheet not an acceptable size. Sheet(s)____
6. MARGINS. 37 CFR 1.84(g): Acceptable margins:  ⊙

   Paper size

   | | 21.0cm. X 33.6 cm. 21.6cm. X 33.1 cm. 21.6 cm. X 27.9 cm. 21.0 cm. X 29.7 cm. | | | |
   |---|---|---|---|---|
   | | ( 8 1/2X 14 inches) (8 1/2 X 13 inches) (8 1/2 X 11 inches) (DIN Size A4) | | | |
   | T | 5.1 cm. (1/2") | 2.5 cm. (1") | 2.5cm. (1") | 2.5cm. |
   | L | 64 cm. (1/4") | 64 cm. (1/4") | 64cm. (1/4") | 2.5 cm. |
   | R | 64 cm. (1/4") | 64 cm. (1/4") | 64 cm. (1/4") | 1.5 cm. |
   | B | 64 cm. (1/4") | 64 cm. (1/4") | 64 cm. (1/4") | 1.0 cm. |

   Margins do not conform to chart above.
   Sheet(s)____
   ____ Top (T)____ Left (L)____ Right (R)____ Bottom (B)
7. VIEWS. 37 CFR 1.84(h)
   REMINDER: Specification may require revision to correspond to drawing changes.
   ____ All views not grouped together. Fig(s)____
   ____ Views connected by projection lines or lead lines.
   Fig(s)____
   ____ Partial views. 37 CFR 1.84(h) 2

____ View and enlarged view not labeled separatly or properly.
Fig(s)____
____ Sectional views. 37 CFR 1.84 (h) 3
____ Hatching not indicated for sectional portions of an object.
Fig(s)____
____ Cross section not drawn same as view with parts in cross section with regularly spaced parallel oblique strokes. Fig(s)____
8. ARRANGEMENT OF VIEWS. 37 CFR 1.84(i)
   ____ Words do not appear on a horizontal, left-to-right fashion when page is either upright or turned so that the top becomes the right side, except for graphs. Fig(s)____
9. SCALE. 37 CFR 1.84(k)
   ____ Scale not large enough to show mechanism with crowding when drawing is reduced in size to two-thirds in reproduction. Fig(s)____
   ____ Indication such as "actual size" or scale 1/2" not permitted. Fig(s)____
10. CHARACTER OF LINES, NUMBERS, & LETTERS. 37 CFR 1.84(l)
    ✗ Lines, numbers & letters not uniformly thick and well defined, clean, durable, and black (except for color drawings).
    Fig(s)____
11. SHADING. 37 CFR 1.84(m)
    ____ Solid black shading areas not permitted.
    Fig(s)____
    ____ Shade lines, pale, rough and blurred. Fig(s)____
12. NUMBERS, LETTERS, & REFERENCE CHARACTERS. 37 CFR 1.84(p)
    ✓ Numbers and reference characters not plain and legible. 37 CFR 1.84(p)(1) Fig(s) **1-6**
    ____ Numbers and reference characters not oriented in same direction as the view. 37 CFR 1.84(p)(1) Fig(s)____
    ____ English alphabet not used. 37 CFR 1.84(p)(2) Fig(s)____
    ✓ Numbers, letters, and reference characters do not measure at least .32 cm. (1/8 inch) in height. 37 CFR(p)(3)
    Fig(s) **1-6** *part*
13. LEAD LINES. 37 CFR 1.84(q)
    ____ Lead lines cross each other. Fig(s)____
    ____ Lead lines missing. Fig(s)____
14. NUMBERING OF SHEETS OF DRAWINGS. 37 CFR 1.84(t)
    ____ Sheets not numbered consecutively, and in Arabic numerals, beginning with number 1. Sheet(s)____
15. NUMBER OF VIEWS. 37 CFR 1.84(u)
    ____ Views not numbered consecutively, and in Arabic numerals, beginning with number 1. Fig(s)____
    ____ View numbers not preceded by the abbreviation Fig. Fig(s)____
16. CORRECTIONS. 37 CFR 1.84(w)
    ____ Corrections not made from prior PTO-948.
    Fig(s)____
17. DESIGN DRAWING. 37 CFR 1.152
    ____ Surface shading shown not appropriate. Fig(s)____
    ____ Solid black shading not used for color contrast.
    Fig(s)____

COMMENTS:

ATTACHMENT TO PAPER NO. **4**     REVIEWER **Tank**     DATE **4/12/97**

PTO Copy

JA - 0101

**Notice of References Cited**

| Application No. | Applic...e) |
|---|---|
| 08/ 794 141 | Richard D. Bednar |
| Examiner | Group Art Unit | Page 1 of 1 |
| Terry Lee Melius | 3616 | |

## U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| | A | 5, 280, 695 | 1-1994 | Nunes, Jr. et al. | 56 | DIG-14 X |
| | B | | | | | |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|---|
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |
| | R | | | | | | |
| | S | | | | | | |
| | T | | | | | | |

## NON-PATENT DOCUMENTS

| * | | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|---|
| | U | | |
| | V | | |
| | W | | |
| | X | | |

* A copy of this reference is not being furnished with this Office action.
(See Manual of Patent Examining Procedure, Section 707.05(a).)

Part of Paper No. 4

U.S. Patent and Trademark Office
PTO-892 (Rev. 9-96)

*U.S. GPO: 1996-420-311/40179

GP 3616

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
GROUP ART UNIT 3616

In re

Patent Application of

Richard D. Bednar

Serial No. 08/794,141

Filed:  February 3, 1997

Examiner:  Melius, T.

GANG-TYPE ROTARY LAWN MOWER

I, Tamara A. Stevens hereby certify that this correspondence is being deposited with the US Postal Service as first class mail in an envelope addressed to Assistant Commissioner for Patents, Washington, D.C. 20231, on the date of my signature.

*Tamara A. Stevens*
Signature

*July 2, 1998*
Date of Signature

INFORMATION DISCLOSURE STATEMENT
PURSUANT TO 37 CFR §1.97(c) and (e)(1)

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

The Examiner's attention is directed to the references which are listed on the attached Form PTO-1449 and copies of which are attached.  Citation of these references is respectfully requested.

In accordance with 37 CFR 1.97(c) and (e)(1), the undersigned hereby certifies that each item of information contained in this information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing hereof.

Respectfully submitted,

*David R. Price*
David R. Price
Reg. No. 31,557

File No. 78209/9009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI  53202-4108
(414) 271-6560

Sheet 1 of 2

| Form PTO 1449 (Rev. 2-32) | U.S. Department of Commerce Patent and Trademark Office | Atty. Docket No. 78209/9009 | Serial No. 08/794,141 |
|---|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Applicant  Richard D. Bednar | |
| (Use several sheets if necessary) | | Filing Date  February 3, 1997 | Group  3616 |

## U.S. PATENT DOCUMENTS

| Examiner Initial | Document Number | Date | Name | Class | Subclass | Filing Date If Appropriate |
|---|---|---|---|---|---|---|
| *Mn* | 1,961,710 | 6/5/34 | J. B. Pol | 56 | 7 | 3/2/32 |
| *Mn* | 2,936,561 | 5/17/60 | C. E. Grimes | 56 | 7 | 9/9/58 |
| *My* | ~~5,280,695~~ | ~~1/25/94~~ | ~~Nunes, Jr., et al.~~ | ~~56~~ | ~~8~~ | ~~2/7/82~~ |
| *Tm* | 5,497,604 | 3/12/96 | Dana R. Lonn | 56 | 10.2H | 2/3/94 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Examiner  *Terry Lee Melius*          Date Considered  *8-25-1998*

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

JA - 0104

Sheet 2 of 2

Form PTO-1449
(Rev. 2-32)

U.S. Department of Commerce
Patent and Trademark Office

INFORMATION DISCLOSURE
STATEMENT BY APPLICANT

(Use several sheets if necessary)

| Atty. Docket No. | Serial No. |
|---|---|
| 78209/9009 | 08/794,141 |

| Applicant |
|---|
| Richard D. Bednar |

| Filing Date | Group |
|---|---|
| February 3, 1997 | 3616 |

## FOREIGN PATENT DOCUMENTS

| Examiner Initial | Document Number | Date | Country | Class | Subclass | Translation Yes | Translation No |
|---|---|---|---|---|---|---|---|
| _illegible_ | 0 342 700 | 11/23/89 | EP | — | — | X | |
| _illegible_ | 7804519 | 8/31/78 | NL | — | — | | X |
| _illegible_ | 88/05998 | 8/23/88 | WO | — | — | X | |
| _illegible_ | 0 596 836 | 11/18/93 | EP | — | — | | X |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| Examiner | Terry Lee Melius | Date Considered | 8-25-118 |
|---|---|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

PTO1443J

JA - 0105

GP 3613
#6 $

Assistant Commissioner for Patents
Washington, D.C. 20231

In re Application of Richard D. Bednar
Serial No. 08/794,141
Filed: February 3, 1997
Group Art Unit: 3616
Examiner: Melius, T.
For: Gang-Type Rotary Lawn Mower

I, Tamara A. Stevens hereby certify that this correspondence is being deposited with the US Postal Service as first class mail in an envelope addressed to Assistant Commissioner for Patents, Washington, D.C. 20231, on the date of my signature.

_Tamara A. Stevens_
Signature

_July 13, 1998_
Date of Signature

Sir:

Transmitted herewith is an Amendment in the above-identified application.

The fee has been calculated as shown below.

| | CLAIMS AS AMENDED | | | | | |
|---|---|---|---|---|---|---|
| (1) | (2) CLAIMS REMAINING AFTER AMENDMENT | (3) | (4) HIGHEST NO. PREVIOUSLY PAID FOR | (5) PRESENT EXTRA | (6) RATE | (7) ADDITIONAL FEE |
| TOTAL CLAIMS | * 19 | MINUS | ** 20 | = 0 | X $22 | = .0 |
| INDEP. CLAIMS | * 6 | MINUS | *** 3 | = 3 | X $82 | = 246.00 |
| | | | TOTAL ADDITIONAL FEE FOR THIS AMENDMENT → | | | $246.00 |

* If the entry in Column 2 is less than the entry in Column 4, write "0" in Column 5.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, write "20" in this space.
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, write "3" in this space.

Charge Deposit Account No. 133080 for the above fee. A duplicate copy of this sheet is enclosed. IN NO EVENT CAN THE ISSUE FEE BE CHARGED TO THE DEPOSIT ACCOUNT.

Respectfully submitted

**Attorneys of Record**
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
(414) 271-6560

_David R. Price_
David R. Price
Reg. No. 31,557

File No. 78209/9009

JA - 0106

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
GROUP ART UNIT 3616

In re

Patent Application of

Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: Melius, T.

GANG-TYPE ROTARY LAWN MOWER

I, Tamara A. Stevens hereby certify that this correspondence is being deposited with the US Postal Service as first class mail in an envelope addressed to Assistant Commissioner for Patents, Washington, D.C. 20231, on the date of my signature.

_Tamara A. Stevens_
Signature

_July 13, 1998_
Date of Signature

AMENDMENT

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

   In response to the Patent Office action mailed April 13, 1998, please amend the application as follows.

IN THE SPECIFICATION

   On page 4, line 19, in the blank insert --787,384--.

   On page 7, line 24, in the blank insert --787,383--.

IN THE CLAIMS

07/20/1998 HMARMOL 00000008 133060 08794141
01 FC:102    246.00 CH

1. (First Amendment) A gang-type rotary lawn mower comprising

a frame supported by wheels for movement over the ground,

a power source which is mounted on the frame and which drives at least two of the wheels,

an operator's seat mounted on the frame,

a steering system enabling the operator to steer the lawn mower,

at least two side-by-side front rotary cutting deck assemblies mounted on the frame, the front deck assemblies defining a gap between adjacent front deck assemblies, and

at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies,

each of the front and rear deck assemblies including a single-spindle cutting deck defining a downwardly opening space, a single spindle mounted for rotation about a generally vertical axis within the space, [and] at least one cutting blade mounted on the spindle for rotation therewith, and a rear roller supporting the deck for movement over the ground, the deck having a width such that the roller extends across substantially the entire width of the deck.

Cancel claim 3.

-2-

4.  (First Amendment) A lawn mower as set forth in [claim 3] claim 1 wherein each of the front and rear deck assemblies includes a pair of laterally-spaced, generally vertically-extending side plates having forward ends, a first front wheel supporting one of the side plates for movement over the ground, and a second front wheel supporting the other of the side plates for movement over the ground, wherein the rear roller extends between the side plates and supports the side plates for movement over the ground, wherein the associated deck is located between the side plates and in front of the roller and is mounted on the side plates such that the height of the deck relative to the ground is adjustable by changing the position of the deck relative to the side plates.

-3-

JA - 0109

7.  (First Amendment) A [lawn mower as set forth in claim 1] gang-type rotary lawn mower comprising

a frame supported by wheels for movement over the ground,

a power source which is mounted on the frame and which drives at least two of the wheels,

an operator's seat mounted on the frame,

a steering system enabling the operator to steer the lawn mower,

at least two side-by-side front rotary cutting deck assemblies mounted on the frame, the front deck assemblies defining a gap between adjacent front deck assemblies, and

at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies,

each of the front and rear deck assemblies including a single-spindle cutting deck defining a downwardly opening space, a single spindle mounted for rotation about a generally vertical axis within the space, and at least one cutting blade mounted on the spindle for rotation therewith, wherein each deck assembly is connected to the frame in part by a cross member connected to the frame for pivotal movement about a generally vertical axis and about a generally horizontal axis extending in the forward-rearward direction, the cross member having opposite, laterally-spaced ends, one of the cross member ends being connected to one

-4-

of the side plates of the associated deck assembly for pivotal movement about a generally horizontal, laterally-extending axis adjacent the forward ends of the side plates, and the other of the cross member ends being connected to the other of the side plates of the associated deck assembly for pivotal movement about the generally horizontal, laterally-extending axis, the ends of the cross member having thereon respective downwardly extending arms, the arms having respective lower ends, the lower end of one of the arms being connected to one of the side plates for pivotal movement about the generally horizontal, laterally-extending axis, and the lower end of the other of the arms being connected to the other of the side plates for pivotal movement about the generally horizontal, laterally-extending axis.

-5-

JA - 0111

8.   (First Amendment) A [lawn mower as set forth in claim 7] gang-type rotary lawn mower comprising

a frame supported by wheels for movement over the ground,

a power source which is mounted on the frame and which drives at least two of the wheels,

an operator's seat mounted on the frame,

a steering system enabling the operator to steer the lawn mower,

at least two side-by-side front rotary cutting deck assemblies mounted on the frame, the front deck assemblies defining a gap between adjacent front deck assemblies, and

at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies,

each of the front and rear deck assemblies including a single-spindle cutting deck defining a downwardly opening space, a single spindle mounted for rotation about a generally vertical axis within the space, and at least one cutting blade mounted on the spindle for rotation therewith, wherein each deck assembly is connected to the frame in part by a cross member connected to the frame for pivotal movement about a generally vertical axis and about a generally horizontal axis extending in the forward-rearward direction, the cross member having opposite, laterally-spaced ends, one of the cross member ends being connected to one

-6-

of the side plates of the associated deck assembly for pivotal movement about a generally horizontal, laterally-extending axis adjacent the forward ends of the side plates, and the other of the cross member ends being connected to the other of the side plates of the associated deck assembly for pivotal movement about the generally horizontal, laterally-extending axis, wherein each of the deck assemblies is connected to the frame by a respective generally L-shaped, horizontally-extending arm having a laterally-extending inner leg with an inner end connected to the frame for pivotal movement about a generally horizontal axis extending in the forward-rearward direction, and the arm having an outer leg extending in the forward-rearward direction, the outer leg having an outer end, and wherein the cross member is mounted on the outer end of the outer leg.

-7-

JA - 0113

12. (First Amendment) A rotary lawn mower comprising

a frame supported by wheels for movement over the ground,

a power source which is mounted on the frame and which drives at least two of the wheels,

an operator's seat mounted on the frame,

a steering system enabling the operator to steer the lawn mower, and

a rotary cutting deck assembly including a pair of laterally-spaced, generally vertically-extending side plates which have forward ends and which are supported for movement over the ground, a single-spindle cutting deck defining a downwardly opening space, the deck being located between the side plates and being mounted on the side plates such that the height of the deck relative to the ground is adjustable by changing the position of the deck relative to the side plates, a single spindle mounted for rotation about a generally vertical axis within the space, and at least one cutting blade mounted on the spindle for rotation therewith, the deck assembly being connected to the frame in part by a cross member connected to the frame for pivotal movement about a generally vertical axis and about a generally horizontal axis extending in the forward-rearward direction, the cross member having opposite, laterally-spaced ends, one of the cross member ends being connected to one of the side plates for pivotal movement about a generally horizontal, laterally-extending axis adjacent the forward ends of the side

-8-

JA - 0114

plates, and the other of the cross member ends being connected to the other of the side plates for pivotal movement about the generally horizontal, laterally-extending axis.

-9-

16. (First Amendment) A [lawn mower as set forth in claim 11] rotary lawn mower comprising

a frame supported by wheels for movement over the ground,

a power source which is mounted on the frame and which drives at least two of the wheels,

an operator's seat mounted on the frame,

a steering system enabling the operator to steer the lawn mower, and

a rotary cutting deck assembly including a pair of laterally-spaced, generally vertically-extending side plates which have forward ends and which are supported for movement over the ground, a single-spindle cutting deck defining a downwardly opening space, the deck being located between the side plates and being mounted on the side plates such that the height of the deck relative to the ground is adjustable, a single spindle mounted for rotation about a generally vertical axis within the space, and at least one cutting blade mounted on the spindle for rotation therewith, the deck assembly being connected to the frame in part by a cross member connected to the frame for pivotal movement about a generally vertical axis and about a generally horizontal axis extending in the forward-rearward direction, the cross member having opposite, laterally-spaced ends, one of the cross member ends being connected to one of the side plates for pivotal movement about a generally horizontal, laterally-extending axis adjacent the forward ends of the side

-10-

plates, and the other of the cross member ends being connected to the other of the side plates for pivotal movement about the generally horizontal, laterally-extending axis, wherein the deck assembly is connected to the frame by a generally L-shaped, horizontally-extending arm having a laterally-extending inner leg with an inner end connected to the frame for pivotal movement about a generally horizontal axis extending in the forward-rearward direction, and the arm having an outer leg extending in the forward-rearward direction, the outer leg having an outer end, and wherein the cross member is mounted on the outer end of the outer leg.

-11-

JA - 0117

<u>REMARKS</u>

The Examiner's indication that claims 18-20 are allowed and that claims 8, 9, 12 and 13 contain allowable subject matter is gratefully acknowledged. Claims 8 and 12 have been rewritten to overcome the Section 112 rejection and in independent form including all of the limitations of the base claim and any intervening claims. Claims 8, 9, 12 and 13 are therefore allowable.

The specification has been amended as required by the Examiner.

Claims 7 and 11 have been amended in response to the Section 112 rejection. Specifically, these claims have been amended to specify that the deck is connected to the frame <u>in part</u> by the cross member. This is consistent with the specification and drawings, which disclose that the cross member and the L-shaped arm connect the deck to the frame. Claim 11 has further been amended as required by the Examiner.

Therefore, withdrawal of the Section 112 rejection is respectfully requested.

Claims 1-7, 10, 11 and 14-17 have been rejected as being unpatentable over Smith in view of Nunes. Reconsideration in view of the above amendments is respectfully requested.

Claim 1 has been amended to include the subject matter of original claim 3, which has been canceled. Claim 1 consequently specifies that each deck assembly includes a rear roller supporting the deck for movement over the ground, the

-12-

roller extending across substantially the entire width of the deck.

Assuming for the sake of argument that it would have been obvious to combine these references as proposed by the Examiner, and Applicant does not concede this, none of the cited references teach or suggest a cutting deck as claimed by Applicant with a roller extending across substantially the entire width of the deck. As explained in Applicant's specification, the claimed roller resists scalping and stripes the grass, both of which are aesthetically pleasing. The cited references do not provide any motivation to provide a cutting deck as claimed by Applicant with a roller extending across substantially the entire width of the deck. Nunes' rotary decks do not have rollers, as has been the rule in the prior art, and Smith does not teach rotary decks. The cited references do not suggest either modifying Nunes' decks to have the claimed rollers, or replacing Smith's reels with rotary decks and keeping Smith's rollers. If one skilled in the art had been combining Smith and Nunes, he would have replaced Smith's reel assemblies entirely with Nunes' rotary decks, resulting in rotary decks without Applicant's claimed rollers. Given the teaching of the prior art away from a rotary deck with a roller extending across substantially the entire width of the deck, the combination of Smith and Nunes would not have led one skilled in the art to Applicant's claimed construction.

-13-

Accordingly, claim 1 and dependent claims 2, and 4 through 6 and 10 are allowable.

Claim 4 has been amended to depend from claim 1 and is allowable for the reasons set forth above. Claim 4 has also been amended to specify that the height of the deck relative to the ground is adjustable by changing the position of the deck relative to the side plates. This construction is clearly not suggested by any of the cited references.

Smith does not teach or suggest adjusting the height of either a reel or a rotary cutting deck by changing the position of the reel or deck relative to side plates. Nunes does not teach side plates, and certainly does not teach or suggest adjusting the height of a cutting deck by changing the position of the deck relative to side plates. The other cited references do not cure the deficiencies of Smith and Nunes.

Claim 4 therefore contains additional patentable subject matter.

Claim 7 has been rewritten in independent form including all of the limitations of the base claim and any intervening claims. Claim 7 has also been amended to include the limitations of claim 17. Claim 7 thus specifies that the ends of the cross member have thereon respective downwardly extending arms, the arms having respective lower ends, the lower end of one of the arms being connected to one of the side plates for pivotal movement about the generally horizontal, laterally-extending axis, and the lower end of the other of the arms being connected

-14-

to the other of the side plates for pivotal movement about the generally horizontal, laterally-extending axis. This construction is not suggested by any of the cited references.

Smith teaches a cross member with downwardly extending arms on its ends, but Smith's arms pivot relative to the cross-member and do not pivot relative to the side plates, exactly the opposite of Applicant's claimed construction. There is no teaching in any of the cited references to modify the Smith construction to provide Applicant's claimed construction. Nunes does not even suggest the claimed side plates, let alone the claimed arms pivotally connected to the side plates. The other cited references also do not cure the deficiency of Smith.

Therefore, claim 7 is allowable.

Claim 11 has been amended to include the limitation discussed above with respect to claim 4 and is therefore allowable.

Claims 14 through 16 depend from claim 11 and are therefore also allowable.

Claim 16 includes the roller limitation discussed above with respect to claim 1 and therefore contains additional patentable subject matter.

Claim 17 includes the limitations discussed above with respect to claim 7 and therefore also contains additional patentable subject matter.

In view of the foregoing, entry of the above amendment and allowance of claims 1, 2, and 4 through 17, in addition to

-15-

JA - 0121

the previous allowance of claims 18 through 20, are respectfully requested.

The undersigned is available for telephone consultation at any time.

Respectfully submitted,

*David R. Price*

David R. Price
Reg. No. 31,557

File No. 78209/9009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI  53202-4108
(414) 271-6560

-16-

JA - 0122



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/794,141 | 02/03/97 | BEDNAR | R      78209/9009 |

PM21/0826

DAVID R PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

| EXAMINER |
|---|
| MELIUS. T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3616 | 7 |

DATE MAILED:          08/26/98

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

## NOTICE OF ALLOWABILITY

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Due or other appropriate communication will be mailed in due course.

☑ This communication is responsive to *the amendment submitted on July 16, 1998*

☑ The allowed claim(s) is/are *1,2 and 4-20*

☐ The drawings filed on _____ are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None   of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) _____

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☑ Applicant MUST submit NEW FORMAL DRAWINGS

☐ because the originally filed drawings were declared by applicant to be informal.

☑ including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. *4*

☐ including changes required by the proposed drawing correction filed on _____, which has been approved by the examiner.

☐ including changes required by the attached Examiner's Amendment/Comment.

Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)

☐ Notice of References Cited, PTO-892

☑ Information Disclosure Statement(s), PTO-1449, Paper No(s). *5*

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

☐ Interview Summary, PTO-413

☐ Examiner's Amendment/Comment

☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

☐ Examiner's Statement of Reasons for Allowance

TERRY LEE MELIUS
PRIMARY EXAMINER
GROUP 360 *Au. 3616*

JA - 0123

PTOL-37 (Rev. 10/95)

*U.S. GPO. 1997-417-381/62714

JA - 0123



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

## NOTICE OF ALLOWANCE AND ISSUE FEE DUE

PM21/0826

DAVID R PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
| 08/794,141 | 02/03/97 | 019 | MELIUS, T | 3616 | 08/28/98 |

| First Named Applicant | BEDNAR, | RICHARD D |
|---|---|---|

TITLE OF INVENTION   GANG-TYPE ROTARY LAWN MOWER

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3   76209/9009 | 056-006.000 | 124 | UTILITY | NO | $1320.00 | 11/27/98 |

*THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.*
*PROSECUTION ON THE MERITS IS CLOSED.*

*THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS*
*APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.*

### HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
 If the SMALL ENTITY is shown as YES, verify your
 current SMALL ENTITY status:

  A. If the status is changed, pay twice the amount of the
    FEE DUE shown above and notify the Patent and
    Trademark Office of the change in status, or
  B. If the status is the same, pay the FEE DUE shown
    above.

If the SMALL ENTITY is shown as NO:

  A. Pay FEE DUE shown above, or

  B. File verified statement of Small Entity Status before, or with,
    payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your
ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal
should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part
B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

*IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of*
*maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance*
*fees when due.*

PATENT AND TRADEMARK OFFICE COPY

PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033)



| | CONTINUED PROSECUTION APPLICATION (CPA) REQUEST TRANSMITTAL | Attorney Docket No. | 78209/9009 |
|---|---|---|---|
| | Submit an original, and a duplicate for fee processing. | First Named Inventor | Richard D. Bednar |
| | (Only for Continuation or Divisional applications under 37 CFR 1.53(d)) | Express Mail Label No. | EM609597318US |

Assistant Commissioner for Patents
Box CPA
Washington, D.C.  20231

Sir:

This is a request for filing a continuation application under 37 CFR 1.53(d), of the below-identified copending patent application which is hereby abandoned:

Serial No. 08/794,141
Filed:  February 3, 1997
Richard D. Bednar
Group Art Unit 3501
Examiner:  T. Melius
"GANG-TYPE ROTARY LAWN MOWER"

An Information Disclosure Statement is enclosed including copies of cited patents/references.

The filing fee has been calculated as shown below.

| (1) FOR | (2) NUMBER FILED | (3) NUMBER EXTRA | (4) RATE | (5) BASIC FEE $790.00 |
|---|---|---|---|---|
| TOTAL CLAIMS | 19- 20 | 0 | X $22.00 | 0 |
| INDEPENDENT CLAIMS | 6- 3 | 3 | X $80.00 | $246.00 |
| | | | TOTAL FILING FEE | $1,036.00 |

Enclosed is a check in the amount of $1,036.00 to cover the filing fee.

Charge or credit Deposit Account No. 133080 with any shortage or overpayment of the above fee. A duplicate of this sheet is enclosed. IN NO EVENT CAN THE ISSUE FEE BE CHARGED TO THE DEPOSIT ACCOUNT.

Please address all correspondence to:     David R. Price
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108

Respectfully submitted,

David R. Price
Reg. No. 31,557

Date: 78209/9009

cc: Docketing
Wkg Atty. DRP
Resp Atty. DRP

-2-

JA - 0126





IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
GROUP ART UNIT 3616

In re

Patent Application of

Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: Melius, T.

GANG-TYPE ROTARY LAWN MOWER

I, Tamara A. Stevens hereby certify that this correspondence is being deposited with the US Postal Service as first class mail in an envelope addressed to Assistant Commissioner for Patents, Washington, D.C. 20231, on the date of my signature.

*Tamara a. Stevens*
Signature

*November 25, 1998*
Date of Signature

INFORMATION DISCLOSURE STATEMENT
PURSUANT TO 37 CFR §1.97(b)

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

The Examiner's attention is directed to the reference which is listed on the attached Form PTO-1449 and a copy of which is attached. Citation of this reference is respectfully requested. This information disclosure statement accompanies a continued prosecution application that is being filed solely for the purpose of allowing the Examiner to consider this reference. This reference is relevant in that it discloses a walk-behind rotary mower with a rear roller. Applicant submits that this reference does not affect the allowability of the claims. Although the date of this reference is not known, Applicant admits that it is prior art.

Respectfully submitted,

*David R. Price*
David R. Price
Reg. No. 31,557

File No. 78209/9009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
(414) 271-6560

JA - 0127

Sheet 1 of 1

| Form PTO-1449 (Rev. 2-32) | U.S. Department of Commerce Patent and Trademark Office | Atty. Docket No. 78209/9009 | | Serial No. 08/784,141 | |
|---|---|---|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Applicant Richard D. Bednar | | | |
| (Use several sheets if necessary) | | Filing Date February 3, 1998 | | Group 3616 | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initial | | Document Number | Date | Country | Class | Subclass | Translation | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Yes | No |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | | |
|---|---|---|---|
| *am* | | | Mountfield "Domestic Grass Machinery"   ( DATE UNKNOWN ) |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner   *Terry Lee Melius* | Date Considered   *1-25-1998* |
|---|---|

**EXAMINER:** Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

PTO1449J

JA - 0128

## EXCELLENCE

G.D. Mountfield, in Maidenhead, is the Group's domestic grasscutting arm whose core business is selling rotary mowers for home use through retail dealers, chain stores and garden centres.

As leaders in the home market, with a nationwide reputation for high quality machines, Mountfield have taken major steps to maintain that reputation and remain profitable in the face of fierce competition in today's markets.

To maximise cost-effectiveness without compromising their standards, Mountfield tackled areas like inventory and space problems head-on. Key factors in their success have been two guiding principles, "Just in Time" and "Total Quality Creation".

"Just in Time" means that manufacturing materials are timed to arrive just before they are actually needed in the work process. This reduces the space needed for excessive storage, and frees the finance previously committed to stocks of supplies and parts.

"Total Quality Creation" means creating quality at source: a system where everybody takes personal responsibility for the work. With this new approach, work-in-progress has been almost completely eliminated, there has been a massive 75% reduction in change-over times, and Mountfield can produce 28% more mowers in the same factory area while reducing total stocks by around 20%.

New production facilities in France and Italy have also made sure that at Mountfield we can continue to keep pace with growing European demand for our products.

• Mountfield's best selling Empress 16" features a new virtually indestructible Xenoy casing guaranteed for 10 years. The self-propelled 16 SPES model comes with electric start and was voted the Garden Machinery Association's "best grass cutting machine".





• "Just in time" cell, Mountfield manufacturing plant, Maidenhead.



• The new 310H ride-on from Simplicity by Mountfield features a powerful 11 horse power Briggs and Stratton engine.



● The Mirage 3.5HP. A hand-propelled four wheeled model with 18" cut.



● The new Princess 14" electric lawnmower.



● The electric model in the new range of Emblem 15" four wheeled machines, now with polyester grasscatcher and improved collection.



● The Mountfield Empress rear roller mower.



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/794,141 | 02/03/97 | BEDNAR | R | 78209/9009 |

EXAMINER

```
┌                                          ┐        MELIUS, T
  DAVID R PRICE            PM21/0129         ─┐
  MICHAEL BEST & FRIEDRICH                         ART UNIT      PAPER NUMBER
  100 EAST WISCONSIN AVENUE                                          10
  MILWAUKEE WI 53202-4108                          3671
                                                   DATE MAILED:
                                                             01/29/99
```

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

1- File Copy

| **Office Action Summary** | Application No. 08/ 794,141 | Applicant(s) Richard D. Bidwar |
| | Examiner Tracy Lee Melius | Group Art Unit 3671 |

—The MAILING DATE of this communication appears on the cover sheet beneath the correspondence address—

**Period for Response**

A SHORTENED STATUTORY PERIOD FOR RESPONSE IS SET TO EXPIRE ___3___ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a response be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for response is specified above, such period shall, by default, expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to respond within the set or extended period for response will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).

**Status**

(CPA)

☑ Responsive to communication(s) filed on _November 25, 1998_

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 1 1; 453 O.G. 213.

**Disposition of Claims**

☑ Claim(s) _1,2 and 4-20_ is/are pending in the application.

   Of the above claim(s) _____ is/are withdrawn from consideration.

☑ Claim(s) _7-9 and 11-20_ is/are allowed.

☑ Claim(s) _1,2,5,6 and 10_ is/are rejected.

☑ Claim(s) _4_ is/are objected to.

☐ Claim(s) _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119 (a)-(d)**

☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 11 9(a)-(d).

   ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

   ☐ received.

   ☐ received in Application No. (Series Code/Serial Number) _____

   ☐ received in this national stage application from the International Bureau (PCT Rule 1 7.2(a)).

   *Certified copies not received: _____

**Attachment(s)**

☑ Information Disclosure Statement(s), PTO-1449, Paper No(s). _9_    ☐ Interview Summary, PTO-413

☐ Notice of References Cited, PTO-892    ☐ Notice of Informal Patent Application, PTO-152

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948    ☐ Other:

**Office Action Summary**

U.S. Patent and Trademark Office  
PTO-326 (Rev 3-97)       *U.S. GPO: 1997-417-381/82710       Part of Paper No. _10_

Application/Control Number: 08/794,141                          Page 2

Art Unit:

## DETAILED ACTION

### Response to Amendment – CPA Filing

The request for filing of a CPA has been granted with the following effect :

  1) Claims 7-9 and 11-20 remain allowable over the art of record.

  2) Claim 3 remains canceled.

  3) The remaining claims will be addressed below.

### Claim Rejections – 35 USC § 103

1.    The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

2.    Claims 1, 2, 5, 6 and 10 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Smith (5,297,378) in view of the Mountfield brochure.

    The Smith reference was set forth in the previous Office action.

    The Mountfield brochure shows the use of a rear mounted roller for a **rotary blade**

mower (see the Mountfield Empress on the second page for example).

Application/Control Number: 08/794,141                                    Page 3

Art Unit:

As for the claims, to modify the Smith device to include a plurality of **rotary blade assemblies** (with associated rear rollers) would have been considered an obvious modification to those skilled in the art at the time the present invention was made, particularly in view of such an arrangement for a rotary mower as set forth by the Mountfield brochure.

*Allowable Subject Matter*

3.    Claim 4 is objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

*Conclusion*

Any inquiry concerning this communication should be directed to Examiner Terry Melius at (703) 308-1113.

The Examiner can normally be contacted any time Monday-Thursday.

Terry Lee Melius

Primary Examiner

Art Unit  -  3671

T.L.M./tlm

1-25-1999

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

GROUP ART UNIT 3616

In re

Patent Application of

Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: Melius, T.

GANG-TYPE ROTARY LAWN
MOWER

I, Tamara A. Stevens hereby certify that this
correspondence is being deposited with the US
Postal Service as first class mail in an envelope
addressed to Assistant Commissioner for
Patents, Washington, D.C. 20231, on the date
of my signature.

*Tamara A. Stevens*
Signature

*April 29, 1999*
Date of Signature

AMENDMENT B

RECEIVED

MAY 1 0 1999

GROUP 3600

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

    In response to the Patent Office action mailed January 29, 1999, please amend

the application as follows.

IN THE CLAIMS

1. (Second Amendment) A gang-type rotary lawn mower comprising

a frame supported by front and rear wheels for movement over the ground,

a power source which is mounted on the frame and which drives at least two of the wheels,

an operator's seat mounted on the frame,

a steering system enabling the operator to steer the lawn mower,

at least two side-by-side front rotary cutting deck assemblies mounted on the frame in front of the front wheels. the front deck assemblies defining a gap between adjacent front deck assemblies, and

at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies and between the front and rear wheels, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies,

each of the front and rear deck assemblies including a single-spindle cutting deck defining a downwardly opening space, a single spindle mounted for rotation about a generally vertical axis within the space, at least one cutting blade mounted on the spindle for rotation therewith, and a rear roller supporting the deck for movement over the ground, the deck having a width such that the roller extends across substantially the entire width of the deck.

2

7. (Second Amendment) A gang-type rotary lawn mower comprising

a frame supported by wheels for movement over the ground,

a power source which is mounted on the frame and which drives at least two of the wheels,

an operator's seat mounted on the frame,

a steering system enabling the operator to steer the lawn mower,

at least two side-by-side front rotary cutting deck assemblies mounted on the frame, the front deck assemblies defining a gap between adjacent front deck assemblies, and

at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies,

each of the front and rear deck assemblies including a pair of laterally-spaced, generally vertically-extending side plates, a single-spindle cutting deck defining a downwardly opening space, the deck being mounted between the side plates, a single spindle mounted for rotation about a generally vertical axis within the space, and at least one cutting blade mounted on the spindle for rotation therewith, wherein each deck assembly is connected to the frame in part by a cross member connected to the frame for pivotal movement about a generally vertical axis and about a generally horizontal axis extending in the forward-rearward direction, the cross member having opposite, laterally-spaced ends, one of the cross member ends being connected to one of the side plates of the associated deck assembly for pivotal movement about a generally horizontal, laterally-extending axis adjacent the forward ends of the side plates, and the other of the cross member ends being connected to the other of the side plates of the associated deck assembly for pivotal movement about the generally horizontal, laterally-extending axis, the ends of the cross member having thereon respective downwardly extending arms, the arms having respective lower ends, the lower end of one of the arms being connected to one of the side plates for pivotal movement about the generally horizontal, laterally-extending axis, and the lower end of the other of the arms being connected to the other of the side plates for pivotal movement about the generally horizontal, laterally-extending axis.

3

8. (Second Amendment) A gang-type rotary lawn mower comprising

a frame supported by wheels for movement over the ground,

a power source which is mounted on the frame and which drives at least two of the wheels,

an operator's seat mounted on the frame,

a steering system enabling the operator to steer the lawn mower,

at least two side-by-side front rotary cutting deck assemblies mounted on the frame, the front deck assemblies defining a gap between adjacent front deck assemblies, and

at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies,

each of the front and rear deck assemblies including a pair of laterally-spaced, generally vertically-extending side plates, a single-spindle cutting deck defining a downwardly opening space, the deck being mounted between the side plates, a single spindle mounted for rotation about a generally vertical axis within the space, and at least one cutting blade mounted on the spindle for rotation therewith, wherein each deck assembly is connected to the frame in part by a cross member connected to the frame for pivotal movement about a generally vertical axis and about a generally horizontal axis extending in the forward-rearward direction, the cross member having opposite, laterally-spaced ends, one of the cross member ends being connected to one of the side plates of the associated deck assembly for pivotal movement about a generally horizontal, laterally-extending axis adjacent the forward ends of the side plates, and the other of the cross member ends being connected to the other of the side plates of the associated deck assembly for pivotal movement about the generally horizontal, laterally-extending axis, wherein each of the deck assemblies is connected to the frame by a respective generally L-shaped, horizontally-extending arm having a laterally-extending inner leg with an inner end connected to the frame for pivotal movement about a generally horizontal axis extending in the forward-rearward direction, and the arm having an outer leg extending in the forward-rearward direction, the outer leg having an outer end, and wherein the cross member is mounted on the outer end of the outer leg.

4

## REMARKS

The Examiner's indication that claims 7-9 and 11-20 remain allowable and that claim 4 contains allowable subject matter is gratefully acknowledged. Claims 7 and 8 have been amended to provide antecedent basis for the side plates.

Claims 1, 2, 5, 6 and 10 have been rejected as being unpatentable over Smith in view of Mountfield. Reconsideration is respectfully requested.

Claim 1 specifies a gang-type rotary lawn mower comprising, among other things, at least two side-by-side front rotary cutting deck assemblies mounted on the frame in front of the front wheels, and at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies and between the front and rear wheels, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies, each of the front and rear deck assemblies including a single-spindle cutting deck and a rear roller supporting the deck for movement over the ground, the deck having a width such that the roller extends across substantially the entire width of the deck. This construction is not suggested by any of the cited references taken alone, and is not suggested by either Smith or Nunes, the references which were originally relied upon by the Examiner and which teach gang-type mowers. The Examiner has taken the position that it would have been obvious to modify Smith in view of Mountfield, which teaches a walk-behind rotary mower with a rear roller. Applicant respectfully disagrees.

Claim 1 has been amended to emphasize the fact that Applicant's invention is a frame-mounted, gang-type, single-blade rotary deck mower with each deck having a rear roller extending substantially all the way across the deck. This construction is not suggested by the cited references.

A lawn mower designer faces many choices. Rotary or reel? Riding or walk-behind? One reel/deck or gang-type? Frame-mounted or tow-behind? Single-blade deck or multiple-blade? Rear roller or not? Not all combinations of these features are possible or desirable, or perhaps more importantly, thought to be desirable. The choices are influenced by many factors, but the intended use of the mower is probably most significant.

As explained in the Background of the Invention portion of Applicant's specification, rotary mowers have typically not been used to cut golf course roughs, which require close trimming and the ability to cut undulating terrain at a relatively short length. Tow-behind gangs are also undesirable for this purpose. Frame-

5

JA - 0139

mounted reel mowers, usually gang-type, have been used almost exclusively for cutting golf course roughs. Nobody prior to Applicant has recognized the desirability of using, or figured out how to use, gang-type rotary mowers to cut golf course roughs.

Smith and Nunes reflect the state of the art with respect to gang-type lawn mowers. While gang-type mowers and walk-behind mowers often have common features, features of the two types of mowers are not necessarily interchangeable. Smith and Nunes teach that both reel mowers and rotary mowers can be used in gang-type mowers, but neither suggests using a rotary mower with a rear roller that extends substantially all the way across the deck. It is interesting to note that although reel mowers, both gang-type and walk-behind, have had such rear rollers for decades, gang-type rotary mowers have never (to the best of Applicant's knowledge) had such rear rollers, and even walk-behind rotary mowers have rarely (Mountfield is the exception) had such rear rollers. It cannot simply be concluded, with the benefit of hindsight, that it would have been obvious to make a change that was contrary to conventional wisdom in the art of gang-type mowers.

Referring to the above-mentioned choices faced by a lawn mower designer, it has not been merely a matter of picking any combination of the listed options. As explained above, certain combinations were thought to be either desirable or undesirable, depending on the intended purpose. If the intended purpose was cutting a golf course rough, it was not thought desirable to use a frame-mounted, gang-type, single-blade rotary deck mower with each deck having a rear roller extending substantially all the way across the deck. In fact, it was not known to use such a construction for any purpose. That is why Smith and Nunes do not suggest such a construction. Moreover, the fact that Mountfield teaches a rear roller extending substantially all the way across the deck on a single-deck walk-behind mower does not make it obvious to use such a rear roller on a frame-mounted, gang-type, rotary deck mower as claimed by Applicant. The considerations are completely different, and the combination would not have been obvious, as is evidenced by the fact that, notwithstanding the hundreds of patents directed to lawn mowers, not a single one suggests the claimed combination. (Applicant is aware of the standard counter-argument saying the absence of a patent showing a claimed construction does not make that construction non-obvious, and that such absence may simply indicate that the combination was so obvious that nobody bothered to claim it, but that counter-

6

argument is specious in this crowded art in which lawn mower manufacturers patent every little improvement made.)  In this case, Applicant has made a significant improvement that was not obvious to those of ordinary skill in the art.

Applicant has invented a lawn mower that is, as explained in the Summary of the Invention portion of Applicant's specification, a tremendous improvement over the known prior art, because a rotary mower typically requires substantially less maintenance than a reel mower.  Applicant has invented the first rotary mower that is suitable for cutting a golf course rough.  Applicant's invention is not just an arbitrary, minor improvement over the prior art.  Applicant's invention is a significant step forward in the art, as has been demonstrated by the commercial success of Applicant's lawn mower, which has now been copied by at least two competitors.

Accordingly, claim 1 and dependent claims 2, 4-6 and 10 are allowable.

In view of the foregoing, entry of the above amendment and allowance of claims 1, 2, 4-6 and 10, in addition to the previous allowance of claims 7-9 and 11-20, are respectfully requested.

The undersigned is available for telephone consultation at any time.

Respectfully submitted,

David R. Price
Reg. No. 31,557

File No. 78209/9009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI  53202-4108
(414) 271-6560

7



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/794,141 | 02/03/97 | BEDNAR | R | 78209/9009 |

| EXAMINER |
|---|
| PEZZUTO, R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3621 | 12 |

PM82/0604

DAVID R PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

DATE MAILED:
06/04/99

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/85).

1- File Copy

JA - 0142

| *Office Action Summary* | Application No. 08/794,141 | Applicant(s) Bodner | | |
|---|---|---|---|---|
| | Examiner Robert Pezzuto | Group Art Unit 3871 | | |

☒ Responsive to communication(s) filed on *May 3, 1999*                                                     .

☒ This action is **FINAL.**

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____ 3 _____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

    ☒ Claim(s) *1, 2, and 4-20* _____ is/are pending in the application.

        Of the above, claim(s) _____ is/are withdrawn from consideration.

    ☒ Claim(s) *7-9 and 11-20* _____ is/are allowed.

    ☒ Claim(s) *1, 2, 5, 6, and 10* _____ is/are rejected.

    ☒ Claim(s) *4* _____ is/are objected to.

    ☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

    ☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

    ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

    ☐ The proposed drawing correction, filed on _____ is    ☐ approved    ☐ disapproved.

    ☐ The specification is objected to by the Examiner.

    ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

    ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

        ☐ All  ☐ Some*  ☐ None   of the CERTIFIED copies of the priority documents have been

            ☐ received.

            ☐ received in Application No. (Series Code/Serial Number) _____ .

            ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

        *Certified copies not received: _____ .

    ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

    ☒ Notice of References Cited, PTO-892

    ☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

    ☐ Interview Summary, PTO-413

    ☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

    ☐ Notice of Informal Patent Application, PTO-152

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

U.S. Patent and Trademark Office
PTO-326 (Rev. 9-95)                    Office Action Summary                    Part of Paper No. ___ 12 ___

JA - 0143

Application/Control Number: 08/794,141

Art Unit: 3671

## DETAILED ACTION

*Response to Amendment*

*Claim Rejections - 35 USC § 103*

1.  The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action.

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

2.  Claims 1, 2, 5, 6 and 10 are rejected under 35 U.S.C. 103(a) as being unpatentable over Smith '378 in view of the Mountfield brochure as set forth in the previous office action.

In reference to the applicant's arguments is the following: The Smith reference is employed to clearly show that it is well known in the art to position "ganged" mower units in locations with respect to the vehicle frame and wheels as claimed by the applicant. The Nunes reference was also employed in an earlier rejection (paper #4) to display the obviousness of providing mowers having vertical cutting shafts in such a "ganged" relationship. This rejection has since been vacated in view of the above rejection and therein rendering the applicant's arguments in reference to Nunes moot. However, because the applicant has discussed Nunes as a teaching of the general state of the art, the examiner will address these issues. Firstly, as shown

Application/Control Number: 08/794,141

Page 3

Art Unit: 3671

by both Smith and Nunes, it is clearly well known in the art to mount a plurality of mower units having either vertical or horizontal shafts (rotary or reel type mowers) in a "ganged" arrangement. Also, both Nunes and Smith as well as other teachings in the art (i.e., Cracraft '507) show that it is well known to vary the relative positions of the ganged members and cutting blades. Further, Nunes specifically discloses (column 1, lines 5-7) that it is well known to employ a mower having vertical shafts (rotary type) in a golf course maintenance roll. Both the Mountfield brochure and Cracraft teach that it is well known to provide a rotary mower with a rear mounted support roller device and Mountfield specifically teaches to provide such a roller having a length as to exist substantially across the width of the cutting deck. In regards to the applicant's device as claimed in claims 1, 2, 5, 6 and 10, it appears that the applicant is combining known features of known apparatuses to render an obvious device which would preform in a manner obvious to one having ordinary skill in the art.

*Allowable Subject Matter*

3.    Claim 4 is objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

JA - 0145

Application/Control Number: 08/794,141                                      Page 4

Art Unit: 3671

4.    Claims 7-9 and 11-20 are allowed.

5.    Applicant's arguments filed May 10, 1999 have been fully considered but they are not

deemed to be persuasive. Accordingly, THIS ACTION IS MADE FINAL. See M.P.E.P.

§ 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 C.F.R.

§ 1.136(a).

     A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION
IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS FINAL ACTION. IN
THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING
DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL
AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN
THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE
ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R.
§ 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY
ACTION. IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE
LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

*Conclusion*

6.    Any inquiry concerning this communication should be directed to Robert Pezzuto at

telephone number (703) 308-1012. The examiner can normally be reached Monday through

Thursday from 7:00 am to 5:00 pm, Eastern Standard Time.

JA - 0146

Application/Control Number: 08/794,141                                    Page 5

Art Unit: 3671


7.      If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

Mr Thomas B Will, can be reached on (703) 308-4078.  The fax phone number for this Group is

(703) 305-7687



Robert Pezzuto

June 1, 1999

*Notice of References Cited*

| | Application No.<br>08/794,141 | Applic... | Bednar |
| --- | --- | --- | --- |
| | Examiner<br>Robert Pazzuto | Group Art Unit<br>3671 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
| --- | --- | --- | --- | --- | --- |
| A | 4,901,507 | 2/1990 | Cracraft | 56 | 8 |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
| --- | --- | --- | --- | --- | --- | --- |
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

### NON-PATENT DOCUMENTS

| | DOCUMENT (including Author, Title, Source, and Pertinent Pages) | DATE |
| --- | --- | --- |
| U | | |
| V | | |
| W | | |
| X | | |

U. S. Patent and Trademark Office
PTO-892 (Rev. 9-95)

Notice of References Cited

Part of Paper No. _12_

JA - 0148

IN THE UNITED    TES PATENT AND TRADEMARK OFFICE
GROUP ART UNIT 3671

In re

Patent Application of

Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: R. Pezzuto

GANG-TYPE ROTARY LAWN MOWER

I hereby certify that this correspondence
is being tendered for mailing to the
Patent and Trademark Office on the date
of my signature.

Mary K. Vuk
Name

Mary K. Vuk
Signature

November 4, 1999
Date of Signature

FAX REC

NOV 4 1999

REQUEST FOR EXTENSION OF TIME

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

Applicant hereby requests a 2-month extension of time extending the date for response

until November 4, 1999. Charge Deposit Account No. 13-3080 for $380.00 in payment of the

fee required under 37 CFR 1.17(a)(2). Please charge any underpayment or overpayment of fees

to this account.

Respectfully submitted,

David R. Price
Reg. No. 31,557

File No. 78209/9009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
(414) 271-6560

JA - 0149