Nov-04-99  03:58pm  From-MICHAEL BEST                                    T-140  P.06/11  F-859

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
Group Art Unit 3616

In re

Patent Application of

Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: Pezzuto, R.

GANG-TYPE ROTARY LAWN MOWER

I, Mary K. Vuk, hereby certify that this correspondence is being sent by facsimile transmission addressed to Assistant Commissioner for Patents, Washington, D.C. 20231, on the date of my signature.

_Mary K. Vuk_
Signature

_November 4, 1999_
Date of Signature

Assistant Commissioner for Patents
Washington, D.C  20231

## DECLARATION UNDER RULE 132

I, Richard D. Bednar, do hereby declare that:

1.    I am an adult citizen of the United States, residing in Lake Mills, Wisconsin.

2.    I am the inventor of the invention claimed in the above-referenced patent application (hereinafter the "Gang-type Rotary Mower").

3.    As one skilled in the art of mowers and their design and construction, I conclude that my invention would not have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains. My invention provides a unique solution to a long-term mower problem, as described herein. With the extensive knowledge base in the mower industry of mowers and their shortcomings, my invention would have been made long ago if it had been obvious. In fact, conventional wisdom, as described herein, steered manufacturers away from my invention as a solution to existing problems with mowers.

4.    I am told that some of the claims of my patent application have been rejected as being obvious based on a combination of features found in a number of patent applications

JA - 0150

and a publication. With the vast number of mower designs and mower manufacturers in the industry, any obvious combination of features that might give a company a competitive edge has likely been tried. Rotary mowers have typically not been used to cut golf course roughs, which require close trimming and the ability to cut undulating terrain at a relatively short length, because nobody prior to me has recognized the desirability of using, or figured out how to use, gang-type rotary mowers to cut golf course roughs. Conventional wisdom in the art of gang-type mowers held that rotary mowers could not be used to cut golf course roughs. My invention of individual cutting units with the addition of rear rollers, however, made the use of gang-type rotary mowers possible to cut golf course roughs. To the best of my knowledge, gang-type rotary mowers have never had such rear rollers.

5.    My Gang-type Rotary Mower invention, which was unknown in the industry only a few years ago, is now worth millions of dollars in annual sales to my company and to the companies that copied my invention.

6.    For many years, the mower industry had unsuccessfully sought a solution to the problem of scalping grass while mowing over undulating terrain. Previous rotary mowers are ineffective in compensating for elevation changes in the turf being mowed, resulting in uneven cut heights. This is particularly problematic when the turf is cut at or below ground level, leaving barren spots.

7.    My invention provides a solution to that problem by teaching an apparatus with excellent ground-following and anti-scalp characteristics.

8.    The effectiveness of my invention as a solution to this long-term problem is evidenced by the extraordinary commercial success of my invention. Annual sales of my company's previous gang-type mower averaged approximately $4.5 million over the years 1995 to 1997, with no significant increases or decreases from year to year. Our new model embodying my invention was introduced in 1997. The addition of my invention was the only significant change from the prior model. Sales of the new model totaled $1.3 million in 1997, jumped to $8.5 million in 1998, and are projected to be $10 million in 1999. The addition of my invention has more than doubled our mower sales, as compared to our previous model. Because market demand for gang-type mowers remained relatively constant between 1997

-2-

JA - 0151

and 1999, the doubling of our mower sales and the nearly tenfold increase in sales of the new model itself can only be attributed to the addition of my invention to my company's mowers.

9.    The effectiveness of my invention as a solution to the long-term problem previously described is also evidenced by the prompt copying of my invention by competitors. Following public disclosure of my invention in 1997, at least two major competing mower manufacturers, Nunes and Toro, realized the efficacy of my solution to the problem. These two companies copied my invention by altering their previous designs to produce and market mowers embodying my invention. These two companies now enjoy significant sales of the models incorporating my invention.

10    I enclose as Appendix A a copy of a Toro advertisement from 1999 highlighting a gang-type single-spindle rotary mower in which the mower decks include rear rollers. These Toro units were new in 1999 and were not previously available.

11.    I enclose as Appendix B copies of Nunes advertisements from 1999 highlighting gang-type single-spindle rotary mowers, including rear rollers, as replacements for Toro and John Deere units. These Nunes replacement units were new in 1999 and were not previously available.

12.    I understand the scope of pending Claim 1 of my application and conclude that Claim 1 covers the features of my invention that have resulted in the mower's commercial success and copying by competitors. In other words, it is the invention as claimed that produced the mower's success and copying.

13.    I believe that the success of the Gang-type Rotary Mower embodying my invention demonstrates that this Gang-type Rotary Mower fulfills a long-felt need for a solution to the problems encountered in mowing undulating terrain. The substantial recent sales of the Gang-type Rotary Mower and the prompt copying by competitors indicate that consumers and the mower industry, respectively, see my Gang-type Rotary Mower as a previously-unknown solution to their mowing problems

14.    I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so

-3-

made are punishable by fine or imprisonment, or both, under Section 1001 of the Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

_Richard D. Bednar_
Richard D. Bednar

_11-4-99_
Date

-4-

No.~04-88  04:00pm  From-MICHAEL BES"                    T-140  P.10/11  F-859

APPENDIX A

# Groundsmaster° with Contour™ 66 Deck







◆ Powerful 35 hp Kubota
Turbo Diesel

◆ Patent pending Sidewinder™
system slides decks 24″ (61 cm)
left and right for overhang and
varying tire tracks

◆ HOC range of 1″-4″
(2.5-10 cm) in ¹/₄″
(.64 cm) increments

◆ 3 full floating 25″ (64 cm)
mulching decks follow
ground contours superbly

◆ Rear rollers provide
attractive striping

◆ 66″ (168 cm)
width of cut

◆ Patented Series/
Parallel 3-wheel drive
traction minimizes
spin-outs

  

TORO IS PROUD TO SUPPORT THE NATION'S TURF PROFESSIONALS
WITH TOP QUALITY EQUIPMENT, SERVICE AND PARTS

Visit Toro on the World Wide Web at www.toro.com

Product Preview

JA - 0154

APPENDIX B





Nunes Manufacturing is proud to introduce to you the newest hydraulic rotarymower with 22 ½" decks for the John Deere Model 3235A . The mower can be mounted in place of the reel mower with no modification to the power unit. Each deck has one high efficiency hydraulic motor, with special bearings to provide excellent support for blades. For more information please call our sales department and they will be happy to answer any questions

1707 Magnolia Ave
Patterson, CA 95363
(209) 892-8773 or
Fax (209) 892-5627

Nunes, Inc. manufactures equipment today

"Specializing in adapting rotary mowers to fit most traction units"



Nunes Manufacturing is proud to introduce to you our newest hydraulic rotary mower with 22 ½" decks for the Toro Model (x580) or the Toro Model (6700). The mower can be mounted in place of the reel mower with no modification to the power unit. Each deck has one high efficiency hydraulic motor, with special bearings to provide excellent support for blades. For more information please call our sales department and they will be happy to answer any questions

1707 Magnolia Ave
Patterson, CA 95363
(209) 892-8773 or
Fax (209) 892-5627

Nunes, Inc. manufactures equipment today

"Specializing in adapting rotary mowers to fit most traction units"

Nov-04-99 03:55pm From-MICHAEL BEST                                    T-140   P.01/11   F-859

## MICHAEL BEST
## & FRIEDRICH LLP
*Attorneys at Law*

el Best & Friedrich LLP
Mil aukee Office
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
Telephone (414) 271-6560
FAX (414) 277-0656

#15

FAX RECEIVED
NOV   4 1999
GROUP 3600

## FACSIMILE TRANSMISSION

**DATE:**    November 4, 1999

**TO:**

| NAME | FAX NO. | PHONE NO. |
|---|---|---|
| Robert Pezzuto<br>USPTO · Art Unit 3671 | (703) 305-3597 | (703) 308-1012 |

**FROM:**    Randall W. Fieldback    920       **PHONE:**    (414) 225-4929    Mary 30SE

**RE:**    Response to Final Rejection

| NUMBER OF PAGES, INCLUDING COVER: | 11 |
|---|---|
| CLIENT MATTER NUMBER: | 78209/9009 |

**NOTES/COMMENTS:**

THE INFORMATION CONTAINED IN THIS FACSIMILE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED
RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, OR MAY BE PROPRIETARY CONFIDENTIAL
INFORMATION OF A CLIENT, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT
OR ANY AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS
DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU
HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US
BY MAIL. THANK YOU.

IF YOU DO NOT RECEIVE ALL OF THE PAGES OR IF YOU EXPERIENCE FAX TRANSMISSION
PROBLEMS, PLEASE CALL FAX DEPARTMENT AT (414) 277-6560, Ext. 5467 AS SOON AS POSSIBLE.

Nov-04-99  03:56pm   From-MICHAEL BEST                                    T-140  P.02/11  F-859

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## GROUP ART UNIT 3671

In re

Patent Application of

Richard D. Bednar

Serial No. 08/794,141

Filed:  February 3, 1997

Examiner: R. Pezzuto

GANG-TYPE ROTARY LAWN MOWER

I hereby certify that this correspondence
is being transmitted to the
Patent and Trademark Office on this date
of my signature.

Mary K. Vuk
Name

Mary K. Vuk
Signature

November 4, 1999
Date of Signature

FAX HEE

NOV  4 1999

GROUP 3600

## REQUEST FOR EXTENSION OF TIME

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

Applicant hereby requests a 2-month extension of time extending the date for response

until November 4, 1999.  Charge Deposit Account No.  13-3080 for $380.00 in payment of the

fee required under 37 CFR 1.17(a)(2).  Please charge any underpayment or overpayment of fees

to this account.

Respectfully submitted,

David R. Price
Reg. No. 31,557

File No. 78209/9009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
(414) 271-6560

JA - 0157

Nov-04-99  03:57pm  From-MICHAEL F'ST                              T-140  P.03/11  F-858

#15/ Recor
11/17/99

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

### GROUP ART UNIT 3671

In re

Patent Application of

Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: Pezzuto, R.

GANG-TYPE ROTARY LAWN
MOWER

I, Mary K. Vuk, hereby certify that this correspondence is
being sent by facsimile transmission addressed to Assistant
Commissioner for Patents, Washington, D.C. 20231, on the
date of my signature.

_Mary K. Vuk_
Signature

_November 4, 1999_
Date of Signature

### RESPONSE TO FINAL REJECTION

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

This is in response to the Final Rejection dated June 4, 1999. A request for an
extension of the time for response is attached.

The Examiner's indication that claims 7-9 and 11-20 remain allowable and that claim
4 contains allowable subject matter is gratefully acknowledged.

On the merits, the Examiner has essentially repeated his rejections from the prior
Office Action to which Applicant responded in the Amendment dated May 3, 1999.

Claims 1, 2, 5, 6 and 10 have been rejected as being unpatentable over Smith in view
of Mountfield or Cracraft. Reconsideration is respectfully requested.

Claim 1 specifies a gang-type rotary lawn mower comprising, among other things, at
least two side-by-side front rotary cutting deck assemblies mounted on the frame in front of
the front wheels, and at least one rear rotary cutting deck assembly mounted on the frame
behind the front deck assemblies and between the front and rear wheels, each rear deck
assembly being aligned with a respective gap between adjacent front deck assemblies, each of
the front and rear deck assemblies including a single-spindle cutting deck and a rear roller
supporting the deck for movement over the ground, the deck having a width such that the
roller extends across substantially the entire width of the deck. This construction is not

JA - 0158

Nov-04-99  03:57pm  From-MICHAEL B°°F°                    T-140  P.04/11  F-859

suggested by any of the cited references taken alone, and is not suggested by either Smith or Nunes, the references which were originally relied upon by the Examiner and which teach gang-type mowers. The Examiner has taken the position that it would have been obvious to modify Smith in view of Mountfield, which teaches a walk-behind rotary mower with a rear roller, or in view of Cracraft. Applicant respectfully disagrees.

Cracraft does not change the conclusions of Applicant's Amendment dated May 3, 1999, because Cracraft does not teach rollers that extend across substantially the entire width of the deck. Cracraft simply has rollers that extend a small part of the distance across the deck and serve the same function as wheels, not the function of Applicant's wider roller.

Applicant has invented a lawn mower that is, as explained in the Summary of the Invention portion of Applicant's specification, a tremendous improvement over the known prior art, because a rotary mower typically requires substantially less maintenance than a reel mower. Applicant has invented the first rotary mower that is suitable for cutting a golf course rough. Applicant's invention is not just an arbitrary, minor improvement over the prior art. Applicant's invention is a significant step forward in the art, as has been demonstrated by the commercial success of Applicant's lawn mower, which has now been copied by at least two competitors.

To further demonstrate the unobviousness of Applicant's mower, Applicant submits herewith a Declaration of Richard D. Bednar, the inventor, demonstrating the commercial success and prevalent copying of the invention. As shown by the Declaration, Applicant, in less than three years, has made nearly $20 million in sales to date of the mower embodying the invention, and at least two competitors have attempted to appropriate a share of this market by copying the invention.

The commercial success and copying of Applicant's product demonstrate that Applicant's mower is not obvious, and that there is a long-felt need for a mower that can effectively mow over undulating terrain, a need which has not been met by any other product.

The aforementioned Declaration establishes the nexus between the claimed invention and the commercial success and copying of the product embodying the invention.

Accordingly, independent claim 1 and dependent claims 2, 4-6 and 10 are allowable.

In view of the foregoing, allowance of claims 1, 2, 4-6 and 10, in addition to the previous allowance of claims 7-9 and 11- 20, is respectfully requested.

2

The undersigned is available for telephone consultation at any time.

Respectfully submitted,

David R. Price
Reg. No. 31,557

File No. 78209/9009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
(414) 271-6560

3

JA - 0160



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/794,141 | 02/03/97 | BEDNAR | R | 78209/9009 |

PMB2/1122

| EXAMINER |
|---|
| PEZZUTO,R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3671 | 16 |

DAVID R PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

DATE MAILED:    11/22/99

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)                                                                    1- File Copy

JA - 0161

| | Application No. | Applicant(s) |
|---|---|---|
| **Advisory Action** | 08/794,141 | Bednar |
| | Examiner | Group Art Unit |
| | Robert Pezzuto | 3871 |

**THE PERIOD FOR RESPONSE:** [check only a) or b)]

a) ☐ expires _____ months from the mailing date of the final rejection.

b) ☒ expires either three months from the mailing date of the final rejection, or on the mailing date of this Advisory Action, whichever is later. In no event, however, will the statutory period for the response expire later than six months from the date of the final rejection.

Any extension of time must be obtained by filing a petition under 37 CFR 1.136(a), the proposed response and the appropriate fee. The date on which the response, the petition, and the fee have been filed is the date of the response and also the date for the purposes of determining the period of extension and the corresponding amount of the fee. Any extension fee pursuant to 37 CFR 1.17 will be calculated from the date of the originally set shortened statutory period for response or as set forth in b) above.

☐ Appellant's Brief is due two months from the date of the Notice of Appeal filed on _____ (or within any period for response set forth above, whichever is later). See 37 CFR 1.191(d) and 37 CFR 1.192(a).

Applicant's response to the final rejection, filed on **Nov 4, 1999**, has been considered with the following effect, but is NOT deemed to place the application in condition for allowance:

☐ The proposed amendment(s):

    ☐ will be entered upon filing of a Notice of Appeal and an Appeal Brief.

    ☐ will not be entered because:

        ☐ they raise new issues that would require further consideration and/or search. (See note below).

        ☐ they raise the issue of new matter. (See note below).

        ☐ they are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal.

        ☐ they present additional claims without cancelling a corresponding number of finally rejected claims.

    NOTE: _____

    _____

    _____

    ☐ Applicant's response has overcome the following rejection(s): _____

    _____

☐ Newly proposed or amended claims _____ would be allowable if submitted in a separate, timely filed amendment cancelling the non-allowable claims.

☒ The affidavit, exhibit or request for reconsideration has been considered but does NOT place the application in condition for allowance because: _The request for reconsideration does not overcome the obviousness of the claimed subject matter as shown by the rejection as set forth in the last Office Action (paper #12)._

☐ The affidavit or exhibit will NOT be considered because it is not directed SOLELY to issues which were newly raised by the Examiner in the final rejection.

☒ For purposes of Appeal, the status of the claims is as follows (see attached written explanation, if any):

Claims allowed: _7-9 and 11-20_

Claims objected to: _4_

Claims rejected: _1, 2, 5, 6, and 10_

☐ The proposed drawing correction filed on _____ ☐has ☐has not been approved by the Examiner.

☐ Note the attached Information Disclosure Statement(s), PTO-1449, Paper No(s). _____.

☐ Other _____

ROBERT PEZZUTO
PRIMARY EXAMINER
ART UNIT 3871

JA - 0162

#17 Req Ext
12/2/99
**OFFICIAL**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
GROUP ART UNIT 3671

FAX RECEIVED
DEC 1 1999
Patent Application of
GROUP 3600

Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: R. Pezzuto

GANG-TYPE ROTARY LAWN MOWER

I, Mary K. Vuk, hereby certify that this correspondence is being sent by facsimile transmission addressed to Assistant Commissioner for Patents, Washington, D.C. 20231, on the date of my signature.

*Mary K. Vuk*
Signature

*December 1, 1999*
Date of Signature

REQUEST FOR EXTENSION OF TIME

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

Applicant hereby requests a 3-month extension of time extending the date for response until December 4, 1999. Applicant previously requested and paid for a 2-month extension of time extending the date for response until November 4, 1999. Charge Deposit Account No. 13-3080 for $490.00 in payment of the fee required as the difference between the $380.00 fee required under 37 CFR 1.17(a)(2) and the $870.00 fee required under 37 CFR 1.17(a)(3). Please charge any underpayment or overpayment of fees to this account.

Respectfully submitted,

*David R. Price*

David R. Price
Reg. No. 31,557

File No. 78209/9009
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
(414) 271-6560

# MISSING PAGE(S) FROM THE

# U.S. PATENT OFFICE

# OFFICIAL FILE WRAPPER

# 18 - PAX PAGE 1

Patent Imaging Corporation
*Patent Legal and Scientific Information Service*
2001 Jefferson Davis Highway
Crystal Plaza One, Suite 600
Arlington, VA 22202-3610
(703) 553-0000

JA - 0164

$14/Recap

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

GROUP ART UNIT 3671

OFFICIAL

12/2/99

FAX RECEIVED
In re
DEC 1 1999    Patent Application of
GROUP 3600    Richard D. Bodnar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: Pezzuto, R.

GANG-TYPE ROTARY LAWN
MOWER

I, Mary K. Vuk, hereby certify that this correspondence is being sent by facsimile transmission addressed to Assistant Commissioner for Patents, Washington, D.C. 20231, on the date of my signature.

Mary K. Vuk
                    Signature
December 1, 1999
                    Date of Signature

## SUPPLEMENTAL RESPONSE TO FINAL REJECTION

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

This is in response to the Final Rejection dated June 4, 1999 and supplements the response to final rejection submitted on November 4, 1999. A request for an extension of the time for the additional month needed for this response is attached.

The Examiner's indication that claims 7-9 and 11-20 remain allowable and that claim 4 contains allowable subject matter is gratefully acknowledged.

Claims 1, 2, 5, 6 and 10 have been rejected as being unpatentable over Smith in view of Mountfield or Cracraft. Reconsideration is respectfully requested.

Obviousness under 35 U.S.C. § 103 is a legal conclusion, which requires the resolution of four preliminary factual inquiries:

1) the scope and content of the prior art;

2) the differences between the claims and the prior art;

3) the level of ordinary skill in the pertinent art; and

4) secondary considerations, if any, of nonobviousness.

See Uniroyal v. Rudkin-Wiley Corp., 837 F.2d 1044, 1050 (Fed. Cir. 1988), cert. denied, 488 U.S. 825 (1988). Secondary considerations include objective indicia of nonobviousness such as commercial success due to the invention, long-felt but unresolved need, and copying of the

invention in preference to copying the prior art. See Graham v. John Deere & Co., 383 U.S. 1, 17-18 (1966); Panduit Corp. v. Dennison Mfg., 810 F.2d 1561, 1566-1568 (Fed. Cir. 1987), cert. denied, 481 U.S. 1052 (1987). Such objective evidence of obviousness

> must always when present be considered en route to a determination of obviousness because: evidence of secondary considerations may often be the most probative and cogent evidence in the record. It may often establish that an invention appearing to have been obvious in light of the prior art was not. It is to be considered as part of all the evidence, not just when the decisionmaker remains in doubt after reviewing the art.

Uniroyal, 837 F.2d at 1053 (emphasis added) (quoting Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1538-39 (Fed. Cir. 1983)). See also Graham, 383 U.S. at 35; Gillette Co. v. S.C. Johnson & Son, Inc., 919 F.2d 720, 725 (Fed. Cir. 1990) ("[A]n analysis of obviousness must address objective evidence of nonobviousness").

Although often termed "secondary," the Federal Circuit has noted that these objective factors highlighted in Graham v. John Deere are often the most probative evidence of non-obviousness, because all other evidence is potentially tainted by hindsight. W.L. Gore & Assocs. v. Garlock, Inc., 721 F.2d 1540, 1553 (Fed. Cir. 1983), cert. denied, 469 U.S. 851 (1984). See Stratoflex, Inc v. Aeroquip Corp., 713 F.2d 1530, 1538 (Fed. Cir. 1983) (evidence of secondary considerations "must always, when present, be considered en route to a determination of obviousness"): In Re GPAC, Inc., 57 F.3d 1573, 35 U.S.P.Q.2d 1116, 1121 (Fed. Cir. 1995).

Courts consider commercial success of an invention because, "had the invention been obvious, inventors would have produced it earlier to reap the monetary rewards." Indian Head Indus. v. Ted Smith Equip., 859 F. Supp. 1095, 1105 (E.D. Mich. 1994). The Supreme Court has long recognized the relevance of commercial success. For example, in Graham v. John Deere Co., 383 U.S. 1 (1966), the Court noted that commercial success is an indication of non-obviousness that must be considered in a patentability analysis and that the commercial response to an invention is entitled to fair weight. Id. at 17-18, 35-36; see also Lindemann Maschinenfabrik GmbH v. American Hoist & Derrick, 730 F.2d 1452, 1461 (Fed. Cir. 1984).

Federal Circuit decisions regularly rely on evidence of commercial success for a determination of non-obviousness. For example, in Fromson v. Advance Offset Plate, 755 F.2d 1549 (Fed. Cir. 1985), the court held that the patented invention's market-dominating

2

JA - 0166

properties undermined arguments that the success was attributable to developments in related technology, especially when the related technology existed for a number of years before the invention. Id. at 1557-58; see also Gillette Co. v. S.C. Johnson & Son, Inc., 919 F.2d 720, 726 (Fed. Cir. 1990) (district court found patentee's product was new and radically different from previously marketed products and its success was due to its innovative properties).

"[F]or commercial success of a product embodying a claimed invention to have true relevance to the issue of non-obviousness, that success must be shown to have in some way been due to the nature of the claimed invention, as opposed to other economic and commercial factors unrelated to the technical quality of the patented subject matter." Cable Elec. Prods. v. Genmark, Inc., 770 F.2d 1015, 1027 (Fed. Cir. 1985). This "nexus" between the commercially successful product and the invention is satisfied by the inventor simply by showing that the product that "is commercially successful is the invention disclosed and claimed in the patent." Demaco Corp. v. F. Von Langsdorff Licensing, 851 F.2d 1387, 1392 (Fed. Cir. 1988), cert. denied, 488 U.S. 956 (1988); see also Rite-Hite Corp. v. Kelley Co., 629 F. Supp. 1042, 231 U.S.P.Q. 161, 166, 169 (E.D. Wis. 1986) ("While one can never be certain of the precise causal relationship of commercial success, nevertheless in this case, it appears from all of the evidence that the invention of the '847 patent was a very significant factor"), aff'd, 819 F.2d 1120 (Fed. Cir. 1987).

Numerous decisions rely upon facts showing a long-felt need for an invention, and the failure of others to meet that need, as evidence probative of patentability. See, e.g., Goodyear Tire & Rubber v. Ray-O-Vac, 321 U.S. 275; Eibel Process v. Minnesota & Ontario Paper, 261 U.S. 45, 53-54, 68 (1923); Great Northern Corp. v. Henry Molded Prods., 864 F. Supp. 865 (E.D. Wis. 1994). As one court noted:

> The existence of an enduring, unmet need is strong evidence that the invention is novel, not obvious, and not anticipated. If people are clamoring for a solution, and the best minds do not find it for years, that is practical evidence—the kind that can't be bought from a hired expert, the kind that does not depend on fallible memories or doubtful inferences—of the state of knowledge.

In re Mahurkar Patent Litig., 831 F. Supp. 1354, 1378 (N.D. Ill. 1993), aff'd, 71 F.3d 1573 (Fed. Cir. 1995).

One of the most relevant objective factors of non-obviousness is a competitor's copying of the invention rather than copying the prior art reference that supposedly rendered the invention obvious. Specialty Composites v. Cabot Corp., 845 F.2d 981, 991 (Fed. Cir.

3

1988) ("[C]opying the claimed invention, rather than one in the public domain, is indicative of unobviousness"). See Windsurfing Int'l v. AMF, 782 F.2d 995, 1000 (Fed. Cir. 1986), cert. denied, 477 U.S. 905 (1986). The reason for the importance of this factor is that if the invention was so obvious from the prior art, then the copier could use the prior art and would not need to use the invention. See Kurtz v. Belle Hat Lining, 280 F. 277, 281 (2d Cir. 1922) ("The imitation of a thing patented by a defendant, who denies invention, has often been regarded . . . as conclusive evidence of what the defendant thinks of the patent, and persuasive of what the rest of the world ought to think").

In a number of cases, courts have considered deliberate copying of the inventor's device by the defendant as evidence supporting patentability. In Diamond Rubber v. Consolidated Rubber Tire, 220 U.S. 428 (1911), the Supreme Court viewed such copying of a narrow patent claim in a "crowded art" as significant.

The prior art was open to the [Defendant] Rubber Company. That "art was crowded," it says "with numerous prototypes and predecessors, of the Grant tire," and they, it is insisted, possessed all of the qualities which the dreams of experts attributed to the Grant Tire. And yet the rubber company uses the Grant tire. It gives the tribute of its praise to the prior art, but gives the Grant tire the tribute of its imitation, as others have done.

Id. at 441; see also Photo Elecs. v. England, 581 F.2d 772, 782 (9th Cir. 1978) ("The Court properly considered Ferrex's copying of Photoelectronic's machine as evidence of non-obviousness").

Numerous Federal Circuit decisions consider copying as evidence of non-obviousness. See, e.g., Avia Group Int'l v. L.A. Gear California, 853 F.2d 1557, 1564 (Fed. Cir. 1988) ("Copying is additional evidence of non-obviousness"); Diversitech Corp. v. Century Steps, 850 F.2d 675, 679 (Fed. Cir. 1988) ("Copying is an indicium of non-obviousness, and is to be given proper weight"); Specialty Composites v. Cabot Corp., 845 F.2d 981, 991 (Fed. Cir. 1988) (The infringer "closely copied the invention in the patent. . . . [C]opying the claimed invention, rather than one in the public domain, is indicative of unobviousness").

To demonstrate the unobviousness of Applicant's mower, Applicant submitted previously a Declaration of Richard D. Bednar, the inventor, demonstrating the commercial success and prevalent copying of the invention. As shown by the Declaration, Applicant, in less than three years, has made nearly $20 million in sales to date of the mower embodying

4

Dec-01-98  01:27pm  From-MICHAEL BEST & FRIEDRICH LLP  +114277069552  T-252  P.05  F-078

the invention, and at least two competitors have attempted to appropriate a share of this market by copying the invention.

The commercial success and copying of Applicant's product demonstrate that Applicant's mower is not obvious, and that there is a long-felt need for a mower that can effectively mow over undulating terrain, a need which has not been met by any other product.

The aforementioned Declaration establishes the nexus between the claimed invention and the commercial success and copying of the product embodying the invention.

Applicant has invented a lawn mower that is, as explained in the Summary of the Invention portion of Applicant's specification, a tremendous improvement over the known prior art, because a rotary mower typically requires substantially less maintenance than a reel mower. Applicant has invented the first rotary mower that is suitable for cutting a golf course rough. Applicant's invention is not just an arbitrary, minor improvement over the prior art. Applicant's invention is a significant step forward in the art, as has been demonstrated by the commercial success of Applicant's lawn mower, which has now been copied by at least two competitors.

Accordingly, independent claim 1 and dependent claims 2, 4-6 and 10 are allowable.

In view of the foregoing, allowance of claims 1, 2, 4-6 and 10, in addition to the previous allowance of claims 7-9 and 11-20, is respectfully requested.

The undersigned is available for telephone consultation at any time.

Respectfully submitted,

*David R. Price*
David R. Price
Reg. No. 31,557

File No. 78209/9009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
(414) 271-6560

X:\XP\CLIENTS\78209\9009\RWP0542

5

JA - 0169



**UNITED STATES DE ..RTMENT OF COMMERCE**
Patent and Trademark Office
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/794,141 | 02/03/97 | BEDNAR | R | 78209/9009 |

PM82/1207

DAVID R PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

| EXAMINER |
|---|
| PEZZUTO,R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3671 | 19 |

DATE MAILED:    12/07/99

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

1- File Copy

JA - 0170

| | Application No. | Applica....el | | Bednar |
|---|---|---|---|---|
| *Notice of Allowability* | 08/794,141 | | | |
| | Examiner | | Group Art Unit | |
| | Robert Pezzuto | | 3671 | |

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee or other appropriate communication will be mailed in due course.

☒ This communication is responsive to *request for reconsideration filed December 1, 1999* .

☒ The allowed claim(s) is/are *1, 2, and 4-20* .

☐ The drawings filed on _____ are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None   of the CERTIFIED copies of the priority documents have been

      ☐ received.

      ☐ received in Application No. (Series Code/Serial Number) _____

      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☒ Applicant MUST submit NEW FORMAL DRAWINGS

    ☐ because the originally filed drawings were declared by applicant to be informal.

    ☒ including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. _4_ .

    ☐ including changes required by the proposed drawing correction filed on _____ , which has been approved by the examiner.

    ☐ including changes required by the attached Examiner's Amendment/Comment.

    Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal lettter addressed to the Official Draftsperson.

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)

    ☐ Notice of References Cited, PTO-892

    ☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

    ☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

    ☐ Notice of Informal Patent Application, PTO-152

    ☐ Interview Summary, PTO-413

    ☐ Examiner's Amendment/Comment

    ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

    ☐ Examiner's Statement of Reasons for Allowance

ROBERT PEZZUTO
PRIMARY EXAMINER
ART UNIT 3671

JA - 0171



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

## NOTICE OF ALLOWANCE AND ISSUE FEE DUE

PM82/1207

DAVID R PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/794,141 | 02/03/97 | 019 | PEZZUTO, R | 3671 | 12/07/99 |

| First Named Applicant | BEDNAR, | 35 USC 154(b) term ext. = | 0 Days. |
|---|---|---|---|

TITLE OF INVENTION  GANG-TYPE ROTARY LAWN MOWER

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3  78209/9009 | 056-006.000 | F95 | UTILITY | NO | $1210.00 | 03/07/00 |

*THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.*
*PROSECUTION ON THE MERITS IS CLOSED.*

*THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.*

### HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
  If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

  A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or
  B. If the status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:

  A. Pay FEE DUE shown above, or

  B. File verified statement of Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
  Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

*IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.*

PATENT AND TRADEMARK OFFICE COPY

PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033)                    *U.S. GPO: 1999-454-457/24601

JA - 0172

PATENT
Batch No. F35

#20
3/2/00

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
Group Art Unit 3671

In re

Patent Application of

Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: Pezzuto, R.

GANG-TYPE ROTARY LAWN MOWER

I, Tamara A. Stevens, hereby certify that this
correspondence is being deposited with the US Postal
Service as first class mail in an envelope addressed to
Assistant Commissioner for Patents, Washington, D.C.
20231, on the date of my signature.

_Tamara A. Stevens_
Signature

_December 16, 1999_
Date of Signature

INFORMATION DISCLOSURE STATEMENT
PURSUANT TO 37 CFR §1.97(i)

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

This paper is being filed for the purpose of having
the attached reference ("Nunes Rotary Mower") placed in the
file of the above-identified application pursuant to 37 CFR
§1.97(i). Applicant believes that this reference is not
material because it is cumulative to information already of
record, but Applicant is filing this paper to assure
compliance with Applicant's duty of candor. Applicant does
not wish to abandon or withdraw this application.

Respectfully submitted,

_David R. Price_
David R. Price
Reg. No. 31,557

File No. 78209/9009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI  53202-4108
(414) 271-6560

JA - 0173

Sent by: RANSOMES TEXTRON          9206903683;          12/06/99 10:30AM; Jetfax #863;Page 2/2



**All HYDRAULICALLY DRIVEN!**

Introducing tomorrow's          equipment today...

# Nunes Rotary Mower

**John Deere 3365 Deck Attachment**

- 5 Deck All Hydraulically Driven
- High Quality Finish Cut
- High Productivity
- 7.25 Acres an Hour at 5 M.P.H.
- Low Maintenance
- No Belts or Pulleys to Adjust or Maintain
- Easily Attached and Detached
- Raise Units for Transportation, Storage and Maintenance
- Blades Shut Off Automatically When Raised
- Height of Cut $3/4$" to $4 1/4$
- Cutting Width 140"
- Transportation Width 96"
- Nunes Model 355

Nunes Mfg. Inc. reserve the right to make design, material and/or specification changes without notice or history

## Nunes Manufacturing
P.O. Box 135 • 1707 Magnolia Ave. • Patterson, California 95363 • (209) 892-8773 • FAX (209) 892-5627

JA - 0174



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/794,141 | 02/03/97 | BEDNAR. | R | 78209/9009 |

| | EXAMINER |
|---|---|
| PM92/0313 | PEZZUTO, R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3671 | 21 |

DAVID R PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

DATE MAILED:

03/13/00

Please find below and/or attached an Office communication concerning this application or
proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

1- File Copy

JA - 0175

Application/Control Number: 08/794,141                                    Page 2

Art Unit: 3671

## DETAILED ACTION

1.    In response to applicant's Information Disclosure Statement filed December 21, 1999 is

the following: The reference "Nunes Rotary Mower" did not include the necessary petition, 1449

or fee to have it considered, however, in pursuant with the applicant's request the reference has

been placed in the file.

### Conclusion

2.    Any inquiry concerning this communication should be directed to Robert Pezzuto at

telephone number (703) 308-1012. The examiner can normally be reached Monday through

Thursday from 7:00 am to 5:00 pm, Eastern Standard Time.

3.    If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

Thomas B Will, can be reached on (703) 308-4078. The fax phone number for this Group is

(703) 305-3597/8

Robert Pezzuto

March 10, 2000



Batch F35

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
GROUP ART UNIT NO. 3671

In re

Patent Application of

Bednar

Serial No. 08/794,141

Filed:  February 3, 1997

Examiner:  Pezzuto, R.

"GANG-TYPE ROTARY LAWN MOWER"

I, Tamara A. Stevens, hereby certify that this correspondence is being deposited with the US Postal Service as first class mail in an envelope addressed to Assistant Commissioner for Patents, Washington, D.C. 20231, on the date of my signature.

_Tamara A. Stevens_
Signature

_December 16, 1999_
Date of Signature

SUBMISSION OF FORMAL DRAWINGS

Box Issue Fee
Assistant Commissioner for Patents
ATTENTION:  Official Draftsperson
Washington, D.C. 20231

Sir:

        Enclosed for filing are the formal drawings for the
above-identified application.
        Entry of the enclosed drawings is respectfully
requested.

                        Respectfully submitted,

                        _David R. Price_
                        David R. Price
                        Reg. No. 31,557

File No. 78209/9009

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI  53202-4108
(414) 271-6560

JA - 0177

6047530







*Fig. 3*

*Fig. 4*

JA - 0180



Fig. 5

JA - 0181



PART B—ISSUE FEE TRANSMITTAL

Complete and mail this form, together with applicable fees, to:    Box ISSUE FEE
Assistant Commissioner for Patents
Washington, D.C. 20231

*MAILING INSTRUCTIONS:* This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

PM82/1207

DAVID R PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

Note: The certificate of mailing below can only be used for domestic mailings of the Issue Fee Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

**Certificate of Mailing**

I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

Tamara A. Stevens                                            (Depositor's name)

_Tamara A. Stevens_                                          (Signature)

December 16, 1999                                            (Date)

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/794,141 | 02/03/97 | 019 | PEZZUTO, R | 3671 | 12/07/99 |

| First Named Applicant | BEDNAR, | 35 USC 154(b) term ext. = | 0 Days. |
|---|---|---|---|

TITLE OF INVENTION: GANG-TYPE ROTARY LAWN MOWER

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| · 3  78209/9009 | 056-006.000 | F35 | UTILITY | NO | $1210.00 | 03/07/00 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" Indication (or "Fee Address" Indication form PTO/SB/47) attached.

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 MICHAEL BEST
& FRIEDRICH LLP
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE    Textron, Inc.

(B) RESIDENCE: (CITY & STATE OR COUNTRY)    Providence, RI

Please check the appropriate assignee category indicated below (will not be printed on the patent)

☐ individual   ☒ corporation or other private group entity   ☐ government

4a. The following fees are enclosed (make check payable to Commissioner of Patents and Trademarks):
☒ Issue Fee
☐ Advance Order - # of Copies

4b. The following fees or deficiency in these fees should be charged to:
DEPOSIT ACCOUNT NUMBER_____ 13-3080
(ENCLOSE AN EXTRA COPY OF THIS FORM)
☒ Issue Fee    l
☐ Advance Order - # of Copies_____

The COMMISSIONER OF PATENTS AND TRADEMARKS IS requested to apply the Issue Fee to the application identified above.

(Authorized Signature) _David R. Price_          (Date) 12/16/99

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

*Burden Hour Statement:* This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

12/22/1999 MIEKEL   00000017 08794141   1210.00
01 FC:142

**TRANSMIT THIS FORM WITH FEE**

PTOL-85B (REV.10-98) Approved for use through 06/30/99. OMB 0651-0033          Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

JA - 0183

PART B—ISSUE FEE TRANSMITTAL

Complete and mail this form, together with applicable fees, to:    Box ISSUE FEE
Assistant Commissioner for Patents
Washington, D.C. 20231

MAILING INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

PM82/1207

DAVID R PRICE
MICHAEL BEST & FRIEDRICH
100 EAST WISCONSIN AVENUE
MILWAUKEE WI 53202-4108

Note: The certificate of mailing below can only be used for domestic mailings of the Issue Fee Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

Certificate of Mailing

I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

Tamara A. Stevens _____ (Depositor's name)

_Tamara A. Stevens_ _____ (Signature)

December 16, 1999 _____ (Date)

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/794,141 | 02/03/97 | 019 | PEZZUTO, R | 3671 | 12/07/99 |
| First Named Applicant | BEDNAR, | | 35 USC 154(b) term ext. = | 0 Days. | |

TITLE OF INVENTION    GANG-TYPE ROTARY LAWN MOWER

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3  78209/9009 | 056-006.000 | F35 | UTILITY | NO | $1210.00 | 03/07/00 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached.

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  MICHAEL , BEST

2  & FRIEDRICH LLP

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE    Textron, Inc.

(B) RESIDENCE: (CITY & STATE OR COUNTRY)    Providence, RI

Please check the appropriate assignee category indicated below (will not be printed on the patent)

☐ individual    ☒ corporation or other private group entity    ☐ government

4a. The following fees are enclosed (make check payable to Commissioner of Patents and Trademarks):
☒ Issue Fee
☐ Advance Order - # of Copies _____

4b. The following fees or deficiency in these fees should be charged to:
DEPOSIT ACCOUNT NUMBER  13-3050
(ENCLOSE AN EXTRA COPY OF THIS FORM)
☒ Issue Fee
☐ Advance Order - # of Copies _____

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above.

(Authorized Signature) _David R. Price_    (Date) 12/16/99

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

TRANSMIT THIS FORM WITH FEE

PTOL-85B (REV.10-96) Approved for use through 06/30/99. OMB 0651-0033    Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

JA - 0184

STAPLE     AREA     © U.S. GOVERNMENT PRINTING OFFICE: 1996-446-110

| | ORIGINAL CLASSIFICATION | | |
|---|---|---|---|
| PATENT NUMBER | CLASS | SUBCLASS | |
| | 56 | 6 | |

APPLICATION SERIAL NUMBER

08/794 141

APPLICANT'S NAME (PLEASE PRINT)

Bednar

☑ REISSUE: ORIGINAL PATENT NUMBER

| CROSS REFERENCE(S) | | | | |
|---|---|---|---|---|
| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | |
| 56 | 13.6 | Fig. 3 | Fig. 10 | Fig. 14 |
| | | | | |
| | | | | |
| | | | | |

| INTERNATIONAL CLASSIFICATION | | |
|---|---|---|
| A 0 1 D | 34 / 66 | |

GROUP ART UNIT

3671

ASSISTANT EXAMINER (PLEASE STAMP OR PRINT FULL NAME)

PRIMARY EXAMINER (PLEASE STAMP OR PRINT FULL NAME)

Robert E. Pezzuto

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK

PTO 270
(REV. 6-91)

ISSUE CLASSIFICATION SLIP

JA - 0185

| PATENT APPLICATION FEE DETERMINATION RECORD | Application or Docket Number |
|---|---|
| Effective October 1, 1996 | 794141 |

### CLAIMS AS FILED - PART I

| | (Column 1) | (Column 2) | | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | | RATE | FEE | | RATE | FEE |
| BASIC FEE | | | | | 385.00 | OR | | 770.00 |
| TOTAL CLAIMS | 20 | minus 20 = | | x$11= | | OR | x$22= | |
| INDEPENDENT CLAIMS | 3 | minus 3 = | | x40= | | OR | x80= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | | +130= | | OR | +260= | |
| | | | | TOTAL | | OR | TOTAL | 770⁰⁰ |

\* If the difference in column 1 is less than zero, enter "0" in column 2

### CLAIMS AS AMENDED - PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| AMENDMENT A | Total | 19 | Minus ** 20 | = 6 | x$11= | | OR | x$22= | 240 |
| | Independent | 6 | Minus *** 3 | = 3 | x40= | | OR | x80= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| AMENDMENT B | Total | | Minus ** | = | x$11= | | OR | x$22= | |
| | Independent | | Minus *** | = | x40= | | OR | x80= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| AMENDMENT C | Total | | Minus ** | = | x$11= | | OR | x$22= | |
| | Independent | | Minus *** | = | x40= | | OR | x80= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20"
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3"
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev. 10/96)

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

JA - 0186



| SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| 56 | 6 | 6-1-1988 | |
| | 7 | | |
| | 13.6 | | |
| | 13.7 | | |
| | 13.8 | | |
| | 255 | | |
| | 285 | | |
| | DIG-3 | | |
| | DIG-9 | | |
| | DIG-10 | / | |
| | DIG-11 | | |
| | DIG-12 | | |
| | DIG-13 | | |
| | DIG-14 | | |
| Search updated | | 8-25-1988 | |
| updated search | | 4/7/99 | ② |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| 56 | 6,7, | 8-25-1988 | |
| | 13.6,13.7, | | |
| | 13.8, 255, | | |
| | 285 | | |
| | updated search | 12/3/99 | ② |

| SEARCH NOTES | | |
|---|---|---|
| | Date | Exmr. |
| NONE | 8-25-1988 | |

(RIGHT OUTSIDE)

JA - 0187



Staple Issue Slip Here

INDEX OF CLAIMS

(LEFT INSIDE)

JA - 0188



PATENT APPLICATION

03794141

APPROVED FOR LICENSE

Date
Received
or
Mailed

Date
Entered
or
Counted

# CONTENTS

1. Application _____ 5 _____ papers.          5/6/97
2. IDS                                              6/04/97
3. IDS                                             APR 13 1998
4. Rej 3M                                          July 9, 1998
5. IDS                                             July 16, 1998
6. Amdt A C/m 6/13/98                              AUG 26 1998
7. PTOL-37                                         Nov 25, 1998
8. Rej for CPA                                     Nov 25, 1998
9. IDS                                             JAN 29 1999
10. Rej 3M                                         May 3 1999
11. Amdt B 4/29/99                                 JUN 04 1999
12. Final Rej 3M                                   11/4/99
13. Req Ext (2)                                    11/4/99
14. affidavits                                     11/4/99
15. Reconsideration                               11-22-99
16. Advy Act                                       12/1/99
17. Req EA (2)                                     12/1/99
18. Reconsideration                               12-7-99
19. Notice allowance                              12/21/99
20. IDS                                             3/13/00
21. Letter                                         12-21-99
3-20-00  22. Format Drawings ( 5 sheet set )       12-21-99
23.
24.
25.
26.
27.
28.
29.
30.
31.
32.
(FRONT)

JA - 0189

09/546145

ISSUE CLASSIFICATION

| | |
|---|---|
| Subclass | 6 |
| Class | 56 |

PATENT

**U.S. UTILITY Patent Application**

O.I.P.E.
SCANNED W3 QA C5³

PATENT DATE
JAN 0 8 2002

| APPLICATION NO. | CONT/PRIOR | CLASS | SUBCLASS | ART UNIT | EXAMINER |
|---|---|---|---|---|---|
| 09/546145 | D | 056 | 6 | 3671 | Pezzuto |

**APPLICANTS**

Richard Dednar

**TITLE**

Gangstyle rotary lawn mower

PTO-2040
12/98

## ISSUING CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | |
|---|---|---|---|
| CLASS | SUBCLASS | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) |
| 56 | 6 | 56 | 13.6 |

| INTERNATIONAL CLASSIFICATION | | | | |
|---|---|---|---|---|
| A 0 1 D | 34/66 | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

☐ Continued on Issue Slip Inside File Jacket

| ☑ TERMINAL DISCLAIMER | DRAWINGS | | | CLAIMS ALLOWED | |
|---|---|---|---|---|---|
| | Sheets Drwg. | Figs. Drwg. | Print Fig. | Total Claims | Print Claim for O.G. |
| | 5 | 6 | 1 | 12 | 1 |

☐ The term of this patent subsequent to _____ (date) has been disclaimed.

☑ The term of this patent shall not extend beyond the expiration date of U.S Patent. No. 6,047,530

☐ The terminal _____ months of this patent have been disclaimed.

ROBERT E. PEZZUTO
PRIMARY EXAMINER
A. Kent 3671
(Primary Examiner) (Date)

(Legal Instruments Examiner) 10/2/01

**NOTICE OF ALLOWANCE MAILED**

9-28-01

**ISSUE FEE**

| Amount Due | Date Paid |
|---|---|
| 1260.cc | 11/28/01 |

**ISSUE BATCH NUMBER**

M 75

**WARNING:**
The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A (Rev. 6/99)    FORM PTO-1287 (Rev. 11-82)    U.S. Department of Commerce Patent and Trademark Office

FILED WITH: ☐ DISK (CRF)  ☐ FICHE  ☐ CD-ROM
(Attached in pocket on right inside flap)

**DISCLAIMER LABEL**

Application No. _____

A terminal disclaimer has been entered and recorded under 35 U.S.C. 253 in this file.
**DO NOT DESTROY**

Formal Drawings (____ shts) set

(FACE)

PATENT APPLICATION SERIAL NO. _____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

04/19/2000 ASELLMAN 00000018 09546145
01 FC:101                    690.00 OP

PTO-1556
(5/87)
*U.S. GPO: 1996-453-063/19144.



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

Bib Data Sheet

CONFIRMATION NO. 2655

| SERIAL NUMBER 09/548,145 | FILING DATE 04/10/2000 RULE | CLASS 056 | GROUP ART UNIT 3671 | ATTORNEY DOCKET NO. 7016R-000015/COA |
|---|---|---|---|---|

**APPLICANTS**

Richard D. Bednar, Lake Mills, WI;

\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
THIS APPLICATION IS A CON OF 08/794,141 02/03/1997 PAT 6,047,530

\*\* FOREIGN APPLICATIONS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IF REQUIRED, FOREIGN FILING LICENSE GRANTED \*\* 06/13/2000

| Foreign Priority claimed ☐ yes ☒ no 35 USC 119 (a-d) conditions met ☐ yes ☐ no ☐ Met after Allowance Verified and Acknowledged    Examiner's Signature    Initials | STATE OR COUNTRY WI | SHEETS DRAWING 5 | TOTAL CLAIMS 1 | INDEPENDENT CLAIMS 1 |
|---|---|---|---|---|

**ADDRESS**

Harness Dickey & Pierce PLC
PO Box 828
Bloomfield Hills ,MI 48303

**TITLE**

Gang-type rotary lawn mower with rear roller

| FILING FEE RECEIVED 690 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |
| | | ☐ Other |
| | | ☐ Credit |

JA - 0192

NEW, CONTINUATION, DIVISIONAL OR
CONTINUATION-IN-PART APPLICATION
UNDER 37 C.F.R. §1.53(b)

Attorney Docket No.  7016R-000015/COA

Express Mail Label No.  EJ948538840US

Date  April 10, 2000

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Hon. Commissioner of Patents and Trademarks
Washington, D. C.  20231

Sir:

Transmitted herewith for filing under 37 C.F.R §1.53(b) is a patent application for

GANG-TYPE ROTARY LAWN MOWER

    identified by:    [ ]  First named inventor _____
           or  [ X ] Attorney Docket No. (see above)

1.   Type of Application

    [ ]  This application is a new (non-continuing) application.

    [ X ] This application is a [X] continuation / [ ] divisional / [ ] continuation-in-part of prior application
        No. 08/794,141. Amend the specification by inserting before the first line the sentence:

            --This is a continuation of United States patent application No. 08/794,141,
            filed February 3, 1997.--

        [ X ]  The entire disclosure of the prior application, from which a copy of the oath or declaration
            is supplied, is considered part of the disclosure of the accompanying application and is
            hereby incorporated by reference therein.

    If for some reason applicant has not requested a sufficient extension of time in the parent
    application, and/or has not paid a sufficient fee for any necessary response in the parent
    application and/or for the extension of time necessary to prevent the abandonment of the parent
    application prior to the filing of this application, please consider this as a Request for an Extension
    for the required time period and/or authorization to charge our Deposit Account No. 08-0750 for
    any fee that may be due. THIS FORM IS BEING FILED IN TRIPLICATE: one copy for this
    application; one copy for use in connection with the Deposit Account (if applicable); and one copy
    for the above-mentioned parent application (if any extension of time is necessary).

2.   Contents of Application

    a.  Specification of 21 pages;
            [ ]  A microfiche computer program (Appendix);
            [ ]  A nucleotide and/or amino acid sequence submission;

        [ ]  Because the enclosed application is in a non-English language, a verified English
            translation [ ] is enclosed [ ] will be filed.

        [ x ]  Cancel original claims 2-20  of the prior application before calculating the filing fee.  (At
            least one original independent claim must be retained for filing date purposes.)

    b.  [ X ] Drawings on 5 sheets;

**HARNESS, DICKEY & PIERCE, P.L.C.**
ATTORNEYS AND COUNSELORS
P.O. BOX 828
BLOOMFIELD HILLS, MICHIGAN 48303
U.S.A.

TELEPHONE
(248) 641-1600

TELEFACSIMILE
(248) 641-0270

April 10, 2000

Hon. Commissioner of Patents
and Trademarks
Washington, D.C. 20231

Sir:

## EXPRESS MAILING CERTIFICATE

| | |
|---|---|
| Applicant: | Richard D. Bednar |
| Serial No.: | To be designated |
| For: | GANG-TYPE ROTARY LAWN MOWER |
| Docket: | 7016R-000015/COA |
| Attorney: | David P. Utykanski |

"Express Mail" Mailing Label Number ..............................EJ948538840US

Date of Deposit................................................................. April 10, 2000

I hereby certify and verify that the accompanying return postcard, Check for $690.00; 3-page Transmittal letter (in triplicate); a copy of 21-page patent application with attached (Signed) Declaration and Power of Attorney, Drawings on 5 sheets showing Figures 1-6, are being deposited with the United States Postal Service "Express Mail Post Office To Addressee" service under 37 C.F.R. 1.10 on the date indicated above and is (are) addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231.

_Geraldine A. Pasco_
Geraldine A. Pasco

JA - 0194

| | |
|---|---|
| Attorney Docket No. | 7016R-000109 |
| Express Mail Label No. | EJ 948538640US |
| Date | April 10, 2000 |

c.    [ x ] A signed Oath/Declaration [ x ] is enclosed / [ ] will be filed in accordance with 37 C.F.R. §1.53(f).

      The enclosed Oath/Declaration is [ ] newly executed / [ x ] a copy from a prior application under 37 C.F.R. §1.63(d) / [ ] accompanied by a statement requesting the deletion of person(s) not inventors in the continuing application.

d.    Fees

| FILING FEE | Number | | Number | | Basic Fee |
|---|---|---|---|---|---|
| CALCULATION | Filed | | Extra | Rate | $690.00 |
| Total Claims | 1 − | 20 = | 0 × | $18.00 = | $0.00 |
| Independent Claims | 1 − | 3 = | 0 × | $78.00 = | $0.00 |
| Multiple Dependent Claim(s) Used ............................ | | | | $260.00 = | |
| FILING FEE – NON-SMALL ENTITY ................................... | | | | | $690.00 |
| FILING FEE - SMALL ENTITY: Reduction by 1/2 ................... [ ] Verified Statement under 37 C.F.R. §1.27 is enclosed. [ ] Verified Statement filed in prior application. | | | | | |
| Assignment Recordal Fee ($40.00) ............................... | | | | | |
| 37 C.F.R. §1.17(k) Fee (non-English application) ............... | | | | | |
| TOTAL ......................................................... | | | | | $690.00 |

     [ x ] A check is enclosed to cover the calculated fees. The Commissioner is hereby authorized to charge any additional fees that may be required, or credit any overpayment, to Deposit Account No. 08-0750. A duplicate copy of this document is enclosed.

     [ ] The calculated fees will be paid within the time allotted for completion of the filing requirements.

     [ ] The calculated fees are to be charged to Deposit Account No. 08-0750. The Commissioner is hereby authorized to charge any additional fees that may be required, or credit any overpayment, to said Deposit Account. A duplicate copy of this document is enclosed.

3.   **Priority Information**

     [ ] **Foreign Priority:** Priority based on _____ Application No. _____ filed _____ is claimed.

        [ ] A copy of the above referenced priority document [ ] is enclosed / [ ] will be filed in due course, pursuant to 35 U.S.C. §119(a)-(d).

     [ ] **Provisional Application Priority:** Priority based on United States Provisional Application No. _____, filed _____, is claimed under 35 U.S.C. §119(e).

Harness, Dickey & Pierce Rev. 1/10/96 (g:\home\forms\patent\xmit\rule53b)        Sheet 2 of 3

JA - 0195

Attorney Docket No. 7016R-000109

Express Mail Label No. EJ948538840US

Date April 10, 2000

4.  **Other Submissions**

[ ] A Preliminary Amendment is enclosed.

[ ] An Information Disclosure Statement, ____ sheets of PTO Form 1449, and ____ patent(s)/publications/documents are enclosed.

[ ] A power of attorney

    [ ] Is submitted [ ] with the new Oath/Declaration.

    [ ] Is of record in the prior application and [ ] is in the original papers / [ ] a copy is enclosed.

[x] An Assignment of the Invention

    [ ] Is enclosed with a cover sheet pursuant to 37 C.F.R. §§3.11, 3.28 and 3.31.

    [x] Is of record in a prior application. The assignment is to Ransomes America Corporation, and is recorded at Reel ____, Frame(s) ____.

[ ] An Establishment of Assignee's Right To Prosecute Application Under 37 C.F.R. §3.73(b), and Power Of Attorney is enclosed.

[x] An Express Mailing Certificate is enclosed.

[x] Other: Return Postcard; a Preliminary Amendment will follow.

Attention is directed to the fact that the correspondence address for this application is:

    Harness, Dickey & Pierce, P.L.C.
    P.O. Box 828
    Bloomfield Hills, Michigan 48303
    (248) 641-1600.

Respectfully,

David P. Utykanski

Date  4/10/00
Harness, Dickey & Pierce, P.L.C.
P.O. Box 828
Bloomfield Hills, Michigan 48303
(248) 641-1600

David P. Utykanski
Reg. No. 39,052

Harness, Dickey & Pierce Rev. 1/10/98 (g:\home\forms\patent\xmit\rule53b)

Sheet 3 of 3

JA - 0196

GANG-TYPE ROTARY LAWN MOWER with rear roller

## BACKGROUND OF THE INVENTION

The invention relates to rotary lawn mowers and to gang-type lawn mowers.

Historically, reel mowers have been used to cut golf course roughs. It is generally recognized that rotary mowers are better suited for cutting tall grass, where scalping is not a problem, while reel mowers are better for shorter cutting. A gang of reels can be either attached directly to the frame on which the operator rides, or pulled behind a tractor. Pull-behind or tow-behind rotary gangs are also known. These can be driven either by a power takeoff or by a separate engine. Tow-behind gangs, whether reel or rotary, are generally undesirable for cutting a golf course rough because close trimming is difficult. Thus, rotary mowers have not been used to cut golf course roughs, which require close trimming and the ability to cut undulating terrain at a relatively short length.

## SUMMARY OF THE INVENTION

The invention provides a gang-type rotary lawn mower suitable for cutting a golf course rough. This is a tremendous improvement over the known prior art, because a rotary mower typically requires substantially less maintenance than a reel mower. The lawn mower has single-spindle cutting decks attached directly to the frame on which the operator rides, with a front row of two or more cutting decks in front of the front wheels,

and with a rear row of one or more cutting decks between the front and rear wheels. The invention also provides an improved arrangement for mounting a rotary cutting deck on a lawn mower frame. Each deck is mounted on its own lifting arm so that the deck can move vertically relative to the frame and can pivot relative to the frame about three mutually perpendicular axes.

More particularly, the invention provides a gang-type rotary lawn mower comprising a frame supported by front and rear wheels, an operator's seat mounted on the frame, at least two side-by-side front cutting deck assemblies mounted on the frame in front of the front wheels, and at least one rear cutting deck assembly mounted on the frame behind the front wheels and in front of the rear wheels. Each of the front and rear deck assemblies includes a pair of laterally-spaced, generally vertically-extending side plates, front wheels supporting the side plates for movement over the ground, and a rear roller extending between the side plates and supporting the side plates for movement over the ground. Each deck assembly also includes a single-spindle cutting deck located between the side plates and in front of the roller, the deck being mounted on the side plates such that the height of the deck relative to the ground is adjustable. The roller extends across substantially the entire width of the deck. The roller resists scalping and stripes the grass, both of which are aesthetically desirable.

Each deck assembly is connected to the frame by a generally L-shaped, horizontally-extending lifting arm operable to lift the

-2-

deck assembly relative to the frame. Each deck assembly is connected to the frame by its own lifting arm. Each lifting arm has an inner end pivotally connected to the frame. A cross member is mounted on the outer end of the lifting arm for pivotal movement about a generally vertical axis and about a generally horizontal axis extending in the forward-rearward direction. One end of the cross member is connected to one of the deck assembly side plates for pivotal movement about a generally horizontal, laterally-extending axis adjacent the forward ends of the side plates, and the other end of the cross member is connected to the other side plate for pivotal movement about the same axis.

This construction enables the lawn mower to cut the undulating terrain of a golf course rough and to be controlled for close trimming. Also, as mentioned above, the lawn mower requires much less maintenance than the reel mowers historically used to cut a golf course rough.

Other features and advantages of the invention will become apparent to those skilled in the art upon review of the following detailed description, claims and drawings.

## DESCRIPTION OF THE DRAWINGS

Fig. 1 is a top plan view of a lawn mower embodying the invention.

Fig. 2 is a perspective view of a cutting deck assembly.

Fig. 3 is a top plan view of the cutting deck assembly.

-3-

Fig. 4 is a side elevational view of the cutting deck assembly.

Fig. 5 is a rear elevational view of the cutting deck assembly.

Fig. 6 is a view taken along line 6--6 in Fig. 3.

Before one embodiment of the invention is explained in detail, it is to be understood that the invention is not limited in its application to the details of the construction and the arrangements of components set forth in the following description or illustrated in the drawings. The invention is capable of other embodiments and of being practiced or being carried out in various ways. Also, it is understood that the phraseology and terminology used herein is for the purpose of description and should not be regarded as limiting.

DESCRIPTION OF THE PREFERRED EMBODIMENT

A lawn mower 10 embodying the invention is illustrated in Fig. 1. Except as described below, the lawn mower 10 is identical to the lawn mower disclosed in U.S. Patent Application Serial No. 08/787, 315, filed January 22, 1997, titled "PARALLEL-SERIES FOUR-WHEEL-DRIVE HYDRAULIC CIRCUIT FOR A RIDING LAWN MOWER" and assigned to the assignee hereof. The lawn mower 10 comprises a frame 12 (partially shown in Figs. 2-5) supported by front wheels 14 and rear wheels 16 for movement over the ground. While the illustrated lawn mower 10 is rear-steering and has

-4-