# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TEXTRON INNOVATIONS INC., )
)
Plaintiff, )
)
v. ) C. A. No. 05-486 (GMS)
)
THE TORO COMPANY, )
)
Defendant. )

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| 1. | The Court must determine whether the preambles of the independent claims are limitations. If so, the term **"gang-type rotary lawn mower"** must be construed by the Court.<br><br>'530 Patent:[1] claim 1 | **Proposed Construction**<br><br>The preamble is relevant to the scope of the claim and claim construction because it is a limitation on the claimed invention. To determine whether the preamble is relevant to claim construction the Court reviews the body of the claim, the patent, and the prosecution history.<br><br>The phrase "gang-type rotary lawn mower" as recited in the claim preambles provides antecedence for terms recited later in the claims, and thus is required as a limitation. Furthermore, the patent specification and prosecution history makes it clear that the claims | **Proposed Construction**<br><br>Toro disagrees that the preamble phrase "gang-type rotary lawn mower" is a limitation. A preamble phrase in a claim is a limitation if it is necessary to breathe life into the claim. Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc., 289 F.3d 801, 808 (Fed. Cir. 2002). In this case the preamble is not required to breathe life into any claim. Each claim provides for a mower that has multiple decks, and as such, the claim limitations explicitly define a "gang-type" mower with blades rotating on a vertical spindle.<br><br>Alternatively, should the Court decide that it is a |

[1] For brevity, only independent claims are listed. By definition, all claims depending from the listed independent claims also include the claim terms in question.

[2] The '311 and '312 patents' written description sections are identical to the '530 patent's written description. However, due to the "continuation" status of the '311 and '312 patents the line numbers are not exactly the same. Citations herein are made to the '530 patent. Finally, because the '312 patent is a continuation in part, it add additional matter starting at Col. 5:10. Reference to the additional material in the '312 patent is cited thereto.

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | '311 Patent: claims 1, 2 and 10<br>'312 Patent: claims 1, 19 and 24 | are limited to such vehicles.<br><br>The words "gang-type rotary lawn mower" use their ordinary and accustomed meaning and require no construction by the Court. However, if the Court determines that they do require construction, "gang-type rotary lawn mower" means: *a lawn mower having a rotary gang-type mower configuration*.<br><br>**Intrinsic Evidence**<br><br>**Patent Specifications:**[2]<br><br>'530 Patent, Title: "Gang-Type Rotary Lawn Mower"<br><br>'530 Patent col. 1, ll. 4-5: "This invention relates to rotary lawn mowers and to gang-type lawn mowers."<br><br>'530 Patent col. 1, ll. 22-23: "The invention provides a gang-type rotary lawn mower suitable for cutting a golf course rough."<br><br>'530 Patent col. 1, ll. 38-44: "More particularly, the invention provides a gang-type rotary lawn mower comprising a frame supported by front and rear wheels, an operator's seat mounted on the frame, at least two side-by-side front cutting deck assemblies mounted on the frame in front of the front wheels, and at least one rear cutting deck assembly mounted on the frame behind the front wheels and in front of the rear wheels." | limitation, Toro believes it should be construed as follows: **A mower having at least two cutting devices of the rotary type.**<br><br>**Intrinsic Evidence**<br><br>**Specification:**[3]<br><br>**Background of the Invention:**<br><br>"A gang of reels can be either attached directly to the frame on which the operator rides, or pulled behind a tractor. Pull-behind or tow-behind rotary gangs are also known. These can be driven either by a power takeoff or by a separate engine." Col. 1:10-14.<br><br>**Summary of the Invention:**<br><br>"The lawn mower has single-spindle cutting decks attached directly to the frame on which the operator rides, with a front row of two or more cutting decks in front of the front wheels, and with a rear row of one or more cutting decks between the front and rear wheels." Col. 1:26-31.<br><br>"More particularly, the invention provides a gang-type rotary lawn mower comprising a frame supported by front and rear wheels, an operator's seat mounted on the frame, at least two side-by-side front cutting deck assemblies mounted on the frame in front of the front wheels, and at least one rear cutting |

[3] The '311 and '312 patents' written description sections are identical to the '530 patent's written description. However, due to the "continuation" status of the '311 and '312 patents the line numbers are not exactly the same. Citations herein are made to the '530 patent. Finally, because the '312 patent is a continuation in part, it add additional matter starting at Col. 5:10. Reference to the additional material in the '312 patent is cited thereto.

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | '530 Patent Figure 1: Illustrating a gang-type lawn mower.<br><br>**Prosecution Histories:**<br><br>'530 Patent Prosecution History<br><br>Amendment of Apr. 29, 1999 at 5-6: Applicant distinguished invention over prior art based, in part, on the fact that it claims a gang-type rotary mower<br><br>Declaration Under Rule 132 dated Nov. 4, 1999 at ¶ 4: Applicant submitted Declaration of Richard Bednar describing invention in context of using gang-type rotary mowers to cut golf course roughs, and referring to invention as a "Gang-Type Rotary Mower."<br><br>Amendment of Nov. 4, 1999 at 1: "Claim 1 specifies a gang-type rotary lawn mower comprising...a rear roller supporting the deck for movement over the ground, the deck having a width such that the roller extends across substantially the entire width of the deck." | deck assembly mounted on the frame behind the front wheels and in front of the rear wheels." Col. 2:38-44.<br><br>**Description of the Drawings:**<br><br>Figure 1 is incorporated herein.<br><br>**Description of the Preferred Embodiment:**<br><br>"The lawn mower 10 further comprises front and rear rows 26 and 30, respectively, of cutting deck assemblies 34. More particularly, in the illustrated construction, the lawn mower 10 has three side-by-side front cutting deck assemblies 34 in front of the front wheels 14, and two rear cutting deck assemblies 34 behind the front wheels 14 and in front of the rear wheels 16. As is known in the art, each rear deck assembly 34 is aligned with the gap between two adjacent front deck assemblies 34." Col. 2:64 – Col. 3:5.<br><br>**Claims:**<br><br>'530 Patent:<br><br>Claim 1 (relevant representative portions):<br><br>"at least two side-by-side front rotary cutting deck assemblies mounted on the frame in front of the front wheels, the front deck assemblies defining a gap between adjacent front deck assemblies, and<br><br>at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies and between the front and rear wheels, |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | | each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies," Col. 1:50-58. |
| 2. | **"front and rear wheels"**<br><br>'530 Patent: claim 1<br>'311 Patent: claims 2 and 10<br>'312 Patent: none | **Proposed Construction**<br><br>The words in this phrase use their ordinary and accustomed meaning and require no construction by the Court. However, if the Court determines that they do require construction, "front and rear wheels" means: *at least one front wheel and at least one rear wheel*.<br><br>**Intrinsic Evidence**<br><br>The phrase "front and rear wheels" has no special meaning in the art of lawn mowers. As such, the Plaintiff's proposed construction adopts the ordinary meaning of this phrase. The use of the word "wheels" indicates that there must be at least two wheels. The use of the words "front" and "rear" indicates that the claimed "wheels" must be located at the front and rear of the vehicle. Because there are at least two wheels, and because they must be located at the front and the rear of the vehicle, there must be at least one front wheel, and at least one rear wheel. This is consistent with the ordinary meaning of the claim. For example, a bicycle has "front and rear wheels."<br><br>**Patent Specifications:**<br><br>The '530 and '311 Patents disclose four-wheeled | **Proposed Construction**<br><br>At least two front wheels and at least two rear wheels.<br><br>**Intrinsic Evidence**<br><br>**Specification:**<br><br>**Summary of the Invention:**<br><br>"The lawn mower has single-spindle cutting decks attached directly to the frame on which the operator rides, with a front row of two or more cutting decks in front of the front wheels, and with a rear row of one or more cutting decks between the front and rear wheels." Col. 1:27-31<br><br>"the invention provides a gang-type rotary lawn mower comprising a frame supported by front and rear wheels, an operator's seat mounted on the frame, at least two side-by-side front cutting deck assemblies mounted on the frame in front of the front wheels, and at least one rear cutting deck assembly mounted on the frame behind the front wheels and in front of the rear wheels." Col. 1:38-44<br><br>**Description of the Drawings:** |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | vehicles, *see, e.g.*, '530 Patent Fig. 1, and the '312 patent further discloses a three-wheeled vehicle. *See, e.g.*, '312 Patent Fig. 12. These configurations are exemplary. *See* '530 Patent, col. 2, ll. 25-34. | Figures 1, 7, and 8 are incorporated herein by reference.<br><br>**Detailed Description of the Preferred Embodiment:**<br><br>"The lawn mower 10 comprises a frame 12 (partially shown in FIGS. 2-5) supported by front wheels 14 and rear wheels 16 for movement over the ground." Col. 2:45-48.<br><br>"the steering system is hydraulic and is connected to the rear wheels 16 to steer the lawn mower 10." Col. 2:61-63.<br><br>"More particularly, in the illustrated construction, the lawn mower 10 has three side-by-side front cutting deck assemblies 34 in front of the front wheels 14, and two rear cutting deck assemblies 34 behind the front wheels 14 and in front of the rear wheels 16." Col. 2:65-Col. 3:3.<br><br>**Patent Claims:**<br><br>'530 Patent:<br><br>Claim 1 (relevant representative portions):<br><br>"a frame supported by front and rear wheels for movement over the ground" Col. 4:41-44.<br><br>"at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies and between the front and rear wheels" |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | | Col. 4:54-56.<br><br>Claim 2 (relevant representative portions):<br><br>"A lawn mower as set forth in claim 1 wherein the front deck assemblies are mounted on the frame in front of the front wheels, and the rear deck assembly is mounted on the frame behind the front wheels and in front of the rear wheels." Col. 5:1-4.<br><br>'312 Patent:<br><br>Claim 1 (relevant representative portions):<br><br>"a frame supported by front wheels and at least one rear wheel for movement over the ground;" Col. 8:20-21. |
| 3. | **"rotary cutting deck assemblies / assembly"**<br><br>'530 Patent: claim 1<br>'311 Patent: claims 1, 2 and 10<br>'312 Patent: claims 1 and 24 | **Proposed Construction**<br><br>The words in this phrase use their ordinary and accustomed meaning and require no construction by the Court. However, if the Court determines that they do require construction, "rotary cutting deck assemblies/assembly" means: *a cutting deck assembly that has a rotary blade, as distinguished from a reel blade*.<br><br>**Intrinsic Evidence**<br><br>**Patent Specifications:**<br><br>'530 Patent, Title: "Gang-Type Rotary Lawn Mower"<br><br>'530 Patent col. 1, ll. 4-5: "This invention relates to rotary lawn mowers and to gang-type lawn mowers." | **Proposed Construction**<br><br>A cutting unit having laterally-spaced, generally vertically-extending side plates, a cross member, front wheels supporting the side plates, a rear roller extending between and supporting the side plates, and a single spindle rotary deck mounted between the side plates.<br><br>**Intrinsic Evidence**<br><br>**Patent Specification:**<br><br>**Summary of the Invention:**<br><br>"The invention also provides an improved arrangement for mounting a rotary cutting deck on a lawn mower frame. Each deck is mounted on its own |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | '530 Patent col. 1, ll. 6-20: Describing and distinguishing between "reel" mowers and "rotary" mowers.<br><br>'530 Patent col. 1, ll. 22- 56: Describing the invention as being a "gang-type rotary lawn mower" and distinguishing the same from "reel" mowers.<br><br>'530 Patent col. 3, ll. 45-65: Describing the cutting deck, and explaining that deck blades may be like those shown in an application entitled "Rotary Lawn Mower Mulching Deck," corresponding to U.S. Patent Application Ser. No. 08/787,382.<br><br>'530 Patent Figs 2-6: showing perspective, top plan, side elevational, rear elevational, and cross-sectional section view of the "cutting deck assembly."<br><br>**Prosecution Histories:**<br><br>'530 Patent Prosecution History<br><br>Office Action of Apr. 13, 1998 at 5: Examiner distinguishing claims as being drawn towards "rotary cutting assembly instead of a reel-type cutting assembly"<br><br>Office Action of Jan. 29, 1999 at 2-3: Examiner citing to Mountfield reference as being a "rotary blade mower" and suggesting modifying the reel mower disclosed in the Smith reference (5,297,378) to include "a plurality of rotary blade assemblies."<br><br>Amendment of Nov. 4, 1999 at 1: "Claim 1 specifies a gang-type rotary lawn mower comprising...a rear roller supporting the deck for movement over the | lifting arm so that the deck can move vertically relative to the frame and can pivot relative to the frame about three mutually perpendicular axes." Col. 1:31-37.<br><br>"More particularly, the invention provides a gang-type rotary lawn mower comprising . . . Each of the front and rear deck assemblies includes a pair of laterally-spaced, generally vertically-extending side plates, front wheels supporting the side plates for movement over the ground, and a rear roller extending between the side plates and supporting the side plates for movement over the ground. Each deck assembly also includes a single-spindle cutting deck located between the side plates and in front of the roller, the deck being mounted on the side plates such that the height of the deck relative to the ground is adjustable. The roller extends across substantially the entire width of the deck." Col. 1:38-55.<br><br>"A cross member is mounted on the outer end of the lifting arm for pivotal movement about a generally vertical axis and about a generally horizontal axis extending in the forward-rearward direction. One end of the cross member is connected to one of the deck assembly side plates for pivotal movement about a generally horizontal, laterally-extending axis adjacent the forward ends of the side plates, and the other end of the cross member is connected to the other side plate for pivotal movement about the same axis." Col. 1:62 - Col. 2:3.<br><br>"This construction enables the lawn mower to cut the undulating terrain of a golf course rough and to be controlled for close trimming." Col. 2:4-6. |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | ground, the deck having a width such that the roller extends across substantially the entire width of the deck."<br><br>Amendment of Nov. 4, 1999 at 2: Describing invention as being a rotary mower, as distinguished from a "reel" type mower.<br><br>Amendment of Nov. 4, 1999 at 2: "Applicant has invented a lawn mower that is, as explained in the Summary of the invention portion of Applicant's specification, a tremendous improvement over the known prior art, because a rotary mower typically required substantially less maintenance than a reel mower." | **Description of the Drawings:**<br><br>Figures 1-6 are incorporated herein by reference.<br><br>**Description of The Preferred Embodiment:**<br><br>"Each of the cutting deck assemblies 34 includes (see FIGS. 2-5) a single-spindle mulching deck 38 defining a downwardly opening space 42 (FIG. 4). The deck 38 is located between and supported by a pair of laterally-spaced, generally vertically-extending side plates 46 and 48. The term "lateral" is used herein to mean the direction from one side of the lawn mower to the other, i.e., perpendicular to the forward-rearward direction. Two front wheels 50 rotate about an axle 54 (FIGS. 2 and 3) extending between the side plates 46 and 48 in front of the deck 38, such that each front wheel 50 supports one of the side plates 46 and 48 and the deck 38 for movement over the ground. A rear roller 58 extends between the side plates 46 and 48 and also supports the side plates 46 and 48 and the deck 38 for movement over the ground. The roller 58 is behind the deck 38 and extends across substantially the entire width of the deck 38. The roller 58 resists scalping and stripes the grass." Col. 3:5-21.<br><br>'312 Patent:<br><br>"With reference to FIG. 7, an alternate lawn mower embodiment is depicted at reference numeral 150. It should be appreciated that lawn mower 150 includes common components and functions substantially similarly to lawn mower 10. Accordingly, similar |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | | components will be identified with like reference numerals. Lawn mower 150 preferably includes three side-by-side front cutting deck assemblies 34 in front of the wheels 14 and two rear cutting deck assemblies 152 positioned between the front wheels 14 and in front of the rear wheels 16." Col. 5:10-20.<br><br>**Patent Claims:**<br><br>'530 Patent:<br><br>Claim 1 (relevant representative portions):<br><br>"at least two side-by-side front rotary cutting deck assemblies mounted on the frame in front of the front wheels, the front deck assemblies defining a gap between adjacent front deck assemblies, and<br><br>at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies and between the front and rear wheels, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies" Col. 4:50-58. |
| 4. | **"mounted on the frame"**<br><br>'530 Patent:<br>claim 1<br>'311 Patent:<br>claims 1, 2 and 10<br>'312 Patent:<br>claims 1 and 24 | **Proposed Construction**<br><br>The words in this phrase use their ordinary and accustomed meaning and require no construction by the Court. However, if the Court determines that they do require construction, "mounted on the frame" means: *connected to the frame*.<br><br>This limitation does not recite, and therefore does not require: attachment directly to the frame; the ability to move vertically relative to the frame; the ability to | **Proposed Construction**<br><br>Attached directly to the frame so that the deck can move vertically relative to the frame and can pivot relative to the frame about three mutually perpendicular axes.<br><br>**Intrinsic Evidence**<br><br>**Patent Specification** |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | pivot relative to the frame about three mutually perpendicular axes; or any other unrecited limitations.<br><br>**Intrinsic Evidence**<br><br>**Patent Specifications:**<br><br>'530 Patent Claim 3 (col. 5, ll. 5-9): "3. A lawn mower as set forth in claim 1 wherein each deck assembly is *connected to the frame* by a respective lifting arm operable to lift the associated deck assembly relative to the frame, such that each of the deck assemblies is connected by its own lifting arm to the frame."<br><br>'530 Patent Abstract: "A gang-type rotary lawn mower including … *a power source which is mounted on the frame* …*an operator's seat mounted on the frame*, …at least two side-by-side *front rotary cutting deck assemblies mounted on the frame*, … at least one *rear rotary cutting deck assembly mounted on the frame* … at least one cutting blade *mounted on the spindle* …"<br><br>'530 Patent Fig. 1: Illustrating deck assemblies (34) mounted on a lawn mower frame (12).<br><br>'530 Patent col. 1, ll. 34-37: "*Each deck is mounted on its own lifting arm* so that the deck can move vertically relative to the frame and can pivot relative to the frame about three mutually perpendicular axes."<br><br>'530 Patent col. 1, ll. 38-44: "More particularly, the invention provides a gang-type rotary lawn mower | **Summary of the Invention:**<br><br>The '530, '311 and '312 patents all have the same Summary of the Invention section of the patent, which is the inventor's own description of the scope of his invention.<br><br>"The lawn mower has single-spindle cutting decks attached directly to the frame on which the operator rides, with a front row of two or more cutting decks in front of the front wheels, and with a rear row of one or more cutting decks between the front and rear wheels." Col. 1:26-31.<br><br>"The invention also provides an improved arrangement for mounting a rotary cutting deck on a lawn mower frame. Each deck is mounted on its own lifting arm so that the deck can move vertically relative to the frame and can pivot relative to the frame about three mutually perpendicular axes." Col. 1:31-37.<br><br>"Each deck assembly is connected to the frame by a generally L-shaped, horizontally-extending lifting arm operable to lift the deck assembly relative to the frame. Each deck assembly is connected to the frame by its own lifting arm. Each lifting arm has an inner end pivotally connected to the frame. A cross member is mounted on the outer end of the lifting arm for pivotal movement about a generally vertical axis and about a generally horizontal axis extending in the forward-rearward direction. One end of the cross member is connected to one of the deck assembly side plates for pivotal movement about a generally horizontal, laterally-extending axis adjacent |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | comprising … *an operator's seat mounted on the frame*, at least two side-by-side *front cutting deck assemblies mounted on the frame* in front of the front wheels, and at least one *rear cutting deck assembly mounted on the frame* behind the front wheels and in front of the rear wheels."<br><br>'530 Patent col. 1, ll. 50-54: "Each deck assembly also includes a single-spindle cutting deck located between the side plates and in front of the roller, the deck being mounted on the side plates such that the height of the deck relative to the ground is adjustable."<br><br>'530 Patent col. 1, ll. 57-65: "Each deck assembly is connected to the frame by a generally L-shaped, horizontally-extending lifting arm operable to lift the deck assembly relative to the frame. Each deck assembly is connected to the frame by its own lifting arm. … A cross member is mounted on the outer end of the lifting arm for pivotal movement about a generally vertical axis and about a generally horizontal axis extending in the forward-rearward direction."<br><br>'530 Patent col. 3, ll. 23-35: "The deck 38 is mounted on the side plates 46 and 48 such that the height of the deck 38 relative to the ground is adjustable."<br><br>'530 Patent col. 3, ll. 51-52: "A set of cutting blades is mounted on the spindle 84 for rotation therewith."<br><br>'530 Patent col. 3, l. 66 - col. 4, l. 11: "Each of the deck assemblies 34 is mounted on the frame 12 by a generally L-shaped, horizontally-extending lifting arm 112, such that each deck assembly is mounted on | the forward ends of the side plates, and the other end of the cross member is connected to the other side plate for pivotal movement about the same axis." Col. 1:57-Col. 2:3.<br><br>"This construction enables the lawn mower to cut the undulating terrain of a golf course rough and to be controlled for close trimming." Col. 2:4-6.<br><br>**Description of the Drawings:**<br><br>Figures 2-6 show the cutting decks of the invention as described in the summary of the invention.<br><br>**Description of The Preferred Embodiment:**<br><br>"The connection of the deck 38 to the arm 112 via the cross member 128 allows the deck 38 to pivot relative to the frame 12 about the three mutually perpendicular axes 132, 136 and 144. This mounting arrangement enables the deck 38 to adjust to undulating terrain, thereby substantially avoiding scalping." Col. 4:26-31.<br><br>"Each of the deck assemblies 34 is mounted on the frame 12 by a generally L-shaped, horizontally-extending lifting arm 112, such that each deck assembly is mounted on its own lifting arm 112. The lifting arm 112 has (see FIGS. 2 and 3) a laterally-extending inner leg 116 with an inner end connected to the frame 12 for pivotal movement about a generally horizontal axis 120 extending in the forward-rearward direction. The arm 112 also has an outer leg 124 extending in the forward-rearward direction. A cross member 128 is mounted on the |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | its own lifting arm 112. The lifting arm 112 has (see FIGS. 2 and 3) a laterally-extending inner leg 116 with an inner end connected to the frame 12 for pivotal movement about a generally horizontal axis 120 extending in the forward-rearward direction. The arm 112 also has an outer leg 124 extending in the forward-rearward direction. … A cross member 128 is mounted on the outer end of the outer leg 124 for pivotal movement about a generally vertical axis 132 and about a generally horizontal axis 136 extending in the forward-rearward direction."<br><br>'530 Patent Claim 1 (col. 4, l. 44): "a power source which is mounted on the frame"<br><br>'530 Patent Claim 1 (col. 4, l. 46): "an operator's seat mounted on the frame"<br><br>'530 Patent Claim 1 (col. 4, ll. 50-51): "at least two side-by-side front rotary cutting deck assemblies mounted on the frame in front of the front wheels"<br><br>'530 Patent Claim 1 (col. 4, ll. 54-55): "at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies and between the front and rear wheels"<br><br>'530 Patent Claim 1 (col. 4, ll. 62-64): "at least one cutting blade mounted on the spindle for rotation therewith"<br><br>'530 Patent Claim 2 (col. 5, ll. 1-4): "2. A lawn mower as set forth in claim 1 wherein the front deck assemblies are mounted on the frame in front of the front wheels, and the rear deck assembly is mounted on the frame behind the front wheels and in front of | outer end of the outer leg 124 for pivotal movement about a generally vertical axis 132 and about a generally horizontal axis 136 extending in the forward-rearward direction. Each of the opposite, laterally-spaced ends of the cross member 128 has thereon (see FIGS. 2, 3, 5 and 6) a downwardly and slightly rearwardly extending arm 140. The lower end of one arm 140 is connected to the side plate 46 for pivotal movement about a generally horizontal, laterally-extending axis 144 adjacent the forward ends of the side plates 46 and 48. The lower end of the other arm 140 is connected to the side plate 48 for pivotal movement about the axis 144." Col. 3:66-Col. 4:19<br><br>"A hydraulic assembly 148 (partially shown only in FIG. 5) connected between the arm 112 and the frame 12 pivots the arm about the axis 120 for lifting an d [sic] lowering the deck 38. When the deck is lowered for cutting, the hydraulic assembly allows the lifting arm to "float," thereby allowing the deck 38 to move vertically relative to the frame 12." Col. 4:20-26.<br><br>'312 Patent:<br><br>In addition to that described in the '530 and '311 patent specification, the '312 patent includes additional language.<br><br>"Each of the deck assemblies includes a lifting arm 176 to pivotally interconnect each of the deck assemblies with frame 12. Each lifting arm 176 includes a first end 178 pivotally coupled to deck 160 and a second end 180 pivotally coupled to frame 12. |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | the rear wheels."<br>'530 Patent Claim 3 (col. 5, ll. 5-9): "3. A lawn mower as set forth in claim 1 wherein each deck assembly is connected to the frame by a respective lifting arm operable to lift the associated deck assembly relative to the frame, such that each of the deck assemblies is connected by its own lifting arm to the frame."<br><br>'530 Patent Claim 4 (col. 5, ll. 18-22): "wherein the associated deck is located between the side plates and in front of the roller and is mounted on the side plates such that the height of the deck relative to the ground is adjustable by changing the position of the deck relative to the side plates"<br><br>'312 Patent col. 7, ll. 62-65: "Rear roller assembly 310 also includes an inboard set of rollers 318 positioned between side plates 314 and 316 and rotatably mounted on a stepped axle shaft 320."<br><br>**Claim Differentiation:**<br><br>The interpretation of the term "mounted on the frame" is further elucidated, under the doctrine of claim differentiation, by referring to other claims of the patents-in-suit.<br><br>'530 Patent Claim 7: Unasserted claim 7 recites that the cutting deck assemblies are "mounted on the frame," and separately further recites that they are mounted by various additional elements that allow pivotal movement about a generally vertical axis, about a generally horizontal axis extending in the forward-rearward direction, are about a generally horizontal, laterally-extending axis. *See* '530 Patent, | Specifically, first end 178 cooperates with a pin 182 to define an axis of rotation 184 extending laterally across deck 160 perpendicular to the forward-rearward direction of travel. Pin 182 rotatably couples second end 180 to a bracket 186. Bracket 186 is in turn pivotally coupled to a pair of stantions 188 extending from deck 160. A second pin 190 rotatably interconnects bracket 186 and stantions 188 for rotation about an axis 192 longitudinally extending in the forward-rearward direction of the mower 154." Col. 5:66-Col. 6:12.<br><br>**Background of the Invention:**<br><br>"Historically, reel mowers have been used to cut golf course roughs. It is generally recognized that rotary mowers are better suited for cutting tall grass, where scalping is not a problem, while reel mowers are better for shorter cutting." Col. 1:7-10.<br><br>"Thus, rotary mowers have not been used to cut golf course roughs, which require close trimming and the ability to cut undulating terrain at a relatively short length." Col. 1:17-20.<br><br>**Patent Claims:**<br><br>'530 Patent:<br><br>Claim 1 (representative relevant portions):<br><br>"at least two side-by-side front rotary cutting deck assemblies **mounted on the frame** in front of the front wheels, the front deck assemblies defining a gap between adjacent front deck assemblies," Col. 4:50- |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | col. 5, l. 55 - col. 6, l. 16. The separate, additional recitation of structures to provide certain pivoting capabilities demonstrates that the term "mounted on the frame" does not, in and of itself, include these limitations, because if it did, claim 7 would be redundant. | 53.<br><br>Claim 7 (representative relevant portions):<br><br>"each deck assembly is connected to the frame in part by a cross member connected to the frame for pivotal movement about a generally vertical axis and about a generally horizontal axis extending in the forward-rearward direction, the cross member having opposite, laterally-spaced ends, one of the cross member ends being connected to one of the side plates of the associated deck assembly for pivotal movement about a generally horizontal, laterally-extending axis adjacent the forward ends of the side plates, and the other of the cross member ends being connected to the other of the side plates of the associated deck assembly for pivotal movement about the generally horizontal, laterally-extending axis, the ends of the cross member having thereon respective downwardly extending arms, the arms having respective lower ends, the lower end of one of the arms being connected to one of the side plates for pivotal movement about the generally horizontal, laterally-extending axis, and the lower end of the other of the arms being connected to the other of the side plates for pivotal movement about the generally horizontal, laterally-extending axis." Col. 5:62-Col. 6:17.<br><br>**Prosecution Histories:**<br><br>'530 Patent Prosecution History<br><br>Paper 4, pp. 4-6. |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | | Paper 6. |
| 5. | **"deck defining a downwardly opening space"**<br><br>'530 Patent: claim 1<br>'311 Patent: claims 1 and 2<br>'312 Patent: claims 1, 19 and 24 | **Proposed Construction**<br><br>The words in this phrase use their ordinary and accustomed meaning and require no construction by the Court. However, if the Court determines that they do require construction, "deck defining a downwardly opening space" means: *the deck has a downwardly opening space*.<br><br>This limitation does not recite, and therefore does not require: a continuous solid vertical wall open at the bottom; a wall of uniform height; or any other unrecited limitations.<br><br>**Intrinsic Evidence**<br><br>**Patent Specifications:**<br><br>'530 Patent Abstract: "…each of the front and rear deck assemblies including a single-spindle mulching deck defining a downwardly opening space, a single spindle mounted for rotation about a generally vertical axis within the space…"<br><br>'530 Patent col. 3, ll. 6-8: "Each of the cutting deck assemblies 34 includes (see FIGS. 2-5) a single-spindle mulching deck 38 defining a downwardly opening space 42 (FIG. 4)."<br><br>'530 Patent col. 3, ll. 45-47: "A single spindle 84 (FIG. 4) is mounted for rotation about a generally vertical axis within the space 42 defined by the deck 38." | **Proposed Construction**<br><br>A deck defined by a continuous solid vertical wall of uniform height open on the bottom.<br><br>**Intrinsic Evidence**<br><br>**Specification:**<br><br>**Description of the Drawings:**<br><br>Figures 2-6 are incorporated herein.<br><br>**Description of the Preferred Embodiment:**<br><br>"*Each* of the cutting deck assemblies 34 includes (see FIGS. 2-5) a single-spindle *mulching deck 38* defining a downwardly opening space 42 (FIG. 4)." Col. 3:6-8.<br><br>A single spindle 84 (FIG. 4) is mounted for rotation about a generally vertical axis within the space 42 defined by the deck 38. Col. 3:44-46.<br><br>A set of cutting blades is mounted on the spindle 84 for rotation therewith. In the illustrated construction, as shown in FIGS. 3 and 4, each blade set includes a lower, leading blade 92 and an upper, trailing blade 96. The leading blade 92 has a leading cutting edge and an upwardly angled trailing edge or lift. Preferably, the lift of the leading blade 92 is angled upwardly at an angle of approximately forty-five degrees. The trailing blade 96 has a leading cutting |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | '530 Patent Figs 4 & 6: Showing a deck (38) that forms a downwardly opening space (42).<br><br>'312 Patent col. 5, ll. 48-50: "With reference to FIGS. 9 and 10, each of the cutting deck assemblies 156 and 158 includes a single spindle mulching deck 160 defining a downwardly opening space." | edge for cutting clippings deflected upwardly by the lift of the leading blade 92. The blades are preferably identical to those disclosed in U.S. patent application Ser. No. 08/787,382, filed Jan. 22, 1997, titled "ROTARY LAWN MOWER MULCHING DECK" and assigned to the assignee hereof. In alternative embodiments of the invention, different blade arrangements can be employed. Col. 3:51-65.<br><br>'312 Patent:<br><br>"With reference to FIGS. 9 and 10, each of the cutting deck assemblies 156 and 158 includes a single spindle mulching deck 160 defining a downwardly opening space." Col. 5:48-50.<br><br>**Patent Claims:**<br><br>'530 Patent:<br><br>Claim 1(relevant representative portions):<br><br>"single spindle cutting deck defining a downwardly opening space, a single spindle mounted for rotation about a generally vertical axis within the space, at least one cutting blade mounted on the spindle for rotation therewith" Col. 4:59-64.<br><br>Claim 6 (relevant representative portions):<br><br>"the trailing blade extending at a non-perpendicular angle relative to the leading blade so that clippings coming off the trailing edge of the leading blade are cut immediately by the trailing blade *before the clippings start swirling around within the space.*" |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | | Col. 5:34-36 (emphasis added).<br><br><u>'311 Patent:</u><br><br>Claim 10 (relevant representative portions):<br><br>"wherein each of said front and rear deck assemblies has at least one cutting blade mounted on a spindle for rotation therewith"<br><br>Col. 6:27-30.<br><br>**Abstract:**<br><br>"each of the front and rear deck assemblies including a single-spindle mulching deck defining a downwardly opening space" |
| 6. | **"roller extends across substantially the entire width of the deck"**<br><br><u>'530 Patent</u>: claim 1<br><u>'311 Patent</u>: claims 2 and 10[4] | **<u>Proposed Construction</u>**<br><br>The words in this phrase use their ordinary and accustomed meaning and require no construction by the Court. However, if the Court determines that they do require construction, "roller extends across substantially the entire width of the deck" means: <u>*the roller extends across substantially the entire width of the deck, but is not required to be exactly as wide as the deck*</u>.<br><br>This limitation does not recite, and therefore does not require: a roller that extends across the full width of the deck; or any other unrecited limitations. | **<u>Proposed Construction</u>**<br><br>This term is indefinite and not capable of construction.<br><br>**<u>Intrinsic Evidence</u>**<br><br>**<u>Specification:</u>**<br><br>**Summary of the Invention:**<br><br>The summary of the invention for all three patents explains that the invention provides a gang-type rotary lawn mower where "each of the front and rear deck assemblies includes . . . a rear roller extending |

[4] '311 Patent claim 10 uses the phrase "said roller extending substantially across the entire width of said *cutting path*."

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | **Intrinsic Evidence**<br><br>**Patent Specifications:**<br><br>'530 Patent col. 1, ll. 44-56: "Each of the front and rear deck assemblies includes a pair of laterally-spaced, generally vertically-extending side plates, front wheels supporting the side plates for movement over the ground, and a rear roller extending between the side plates and supporting the side plates for movement over the ground. … *The roller extends across substantially the entire width of the deck.* The roller resists scalping and stripes the grass, both of which are aesthetically desirable."<br><br>'530 Patent col. 3, ll. 16-21: "A rear roller 58 extends between the side plates 46 and 48 and also supports the side plates 46 and 48 and the deck 38 for movement over the ground. *The roller 58 is behind the deck 38 and extends across substantially the entire width of the deck 38.* The roller 58 resists scalping and stripes the grass."<br><br>'530 Patent Figs. 2, 3 & 5: Showing a roller (58) extending substantially across the entire width of the deck (38).<br><br>'312 Patent col. 5, ll. 60-65: "A continuous, unitary roller 174 extends between side plates 162 and 164 and also supports side plates 162 and 164 and deck 160 for movement over the ground. In this embodiment, roller 174 is positioned behind deck 160 and extends substantially across the entire width of deck 160."<br><br>'312 Patent col. 6, ll. 20-41: "An alternate | between the side plates and supporting the side plates for movement over the ground." Col. 1:38-49.<br><br>"The roller extends across substantially the entire width of the deck. The roller resists scalping and stripes the grass, both of which are aesthetically desirable." Col. 1:54-56.<br><br>"This construction enables the lawn mower to cut the undulating terrain of a golf course rough and to be controlled for close trimming. Also, as mentioned above, the lawn mower requires much less maintenance than the reel mowers historically used to cut a golf course rough." Col. 2:4-9.<br><br>**Description of the Drawings:**<br><br>Figures 2, 3, and 5 are incorporated herein by reference.<br><br>**Description of the Preferred Embodiment:**<br><br>"A rear roller 58 extends between the side plates 46 and 48 and also supports the side plates 46 and 48 and the deck 38 for movement over the ground. The roller 58 is behind the deck 38 and extends across substantially the entire width of the deck 38. The roller 58 resists scalping and stripes the grass." Col. 3:16-21.<br><br>'312 Patent:<br><br>"A continuous, unitary roller 174 extends between side plates 162 and 164 and also supports side plates 162 and 164 and deck 160 for movement over the |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | embodiment cutter deck assembly 198 is depicted in FIG. 11. A segmented first roller 200 is positioned behind a deck 201 laterally extending a distance less than the width of deck 201. Segmented roller 200 includes a plurality of roller segments 200A, 200B, 200C and 200D. … A second roller 202 is positioned forward of first roller 200. Second roller 202 is coupled to a side plate 203 and generally aligned with an outside edge of deck 201. A third roller 204 is aligned laterally with second roller 202 and positioned forward of first roller 200. Third roller 204 is coupled to a side plate 205 and generally aligned with an outside edge of deck 201. First roller 200, second roller 202 and third roller 204 are positioned to define a substantially uninterrupted rolling path 206 to provide an aesthetically pleasing striping of the grass. Second roller 202 and third roller 204 may be sized such that a portion of each of these rollers overlaps first roller 200. Alternatively, an inner edge 208 of second roller 202 may be aligned with an outer edge 210 of first roller 200 to provide the substantially uninterrupted roller path."<br><br>'312 Patent col. 6, l. 66 - col. 7, l. 12: "Another cutting deck assembly is depicted at reference numeral 234 in FIG. 13. Cutting deck assembly 234 includes a plurality of separate rollers 236 aligned and rotatably mounted to axle 238. Axle 238 is coupled to a first side plate 242 and a second side plate 244. Accordingly, rollers 236 support the side plates and a deck 245 for movement over the ground. Rollers 236 are preferably axially spaced apart a predetermined distance along axle 238 to provide an alternate striping effect. It should be appreciated that rollers 236 are positioned such that they do not | ground. In this embodiment, roller 174 is positioned behind deck 160 and extends substantially across the entire width of deck 160." Col. 5:60-65.<br><br>"An alternate embodiment cutter deck assembly 198 is depicted in FIG. 11. A segmented first roller 200 is positioned behind a deck 201 laterally extending a distance less than the width of deck 201. Segmented roller 200 includes a plurality of roller segments 200A, 200B, 200C and 200D." Col. 6:20-24.<br><br>"Another cutting deck assembly is depicted at reference numeral 234 in FIG. 13. Cutting deck assembly 234 includes a plurality of separate rollers 236 aligned and rotatably mounted to axle 238. Axle 238 is coupled to a first side plate 242 and a second side plate 244. Accordingly, rollers 236 support the side plates and a deck 245 for movement over the ground. Rollers 236 are preferably axially spaced apart a predetermined distance along axle 238 to provide an alternate striping effect. It should be appreciated that rollers 236 are positioned such that they do not extend substantially across the entire width of a mower deck 245. In similar fashion and in reference to FIG. 14, a single one-piece unitary roller 246 may be incorporated to support the side plates and deck. Roller 246 does not extend the entire width of the mower deck." Col. 6:66 – Col. 7:12.<br><br>"As shown in FIG. 15, another embodiment 250 of a cutting deck assembly includes a pair of rear wheels 252 coupled to a pair of side plates 254 and 256, respectively. Rear wheels 252 function to support side plates 254 and 256 along with a mower deck 258 for movement over the ground. Additionally, cutter |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | extend substantially across the entire width of a mower deck 245. In similar fashion and in reference to FIG. 14, a single one-piece unitary roller 246 may be incorporated to support the side plates and deck. Roller 246 does not extend the entire width of the mower deck."<br><br>'312 Patent col. 7, ll. 13-21: "As shown in FIG. 15, another embodiment 250 of a cutting deck assembly includes a pair of rear wheels 252 coupled to a pair of side plates 254 and 256, respectively. Rear wheels 252 function to support side plates 254 and 256 along with a mower deck 258 for movement over the ground. Additionally, cutter deck assembly 250 includes a unitary, one-piece roller 260 extending between side plates 254 and 256 a distance less than the entire width of deck 258."<br><br>'312 Patent col. 7, ll. 59-67: "FIG. 20 depicts yet another cutting deck assembly 308 having a stepped and segmented rear roller assembly 310. Rear roller assembly 310 includes a pair of outboard rollers 312 coupled to side plates 314 and 316. Rear roller assembly 310 also includes an inboard set of rollers 318 positioned between side plates 314 and 316 and rotatably mounted on a stepped axle shaft 320. Rear roller assembly 310 provides a striped pattern having a width greater than the width of a deck 322."<br><br>'312 Patent col. 8, ll. 7-9: "FIG. 22 includes a "V" shaped offset, segmented roller assembly 328 similar to the assembly shown in FIG. 20 and depicted at reference numeral 310."<br><br>'312 Patent Figures 2, 3, 5, 7-9, 11, 20 and 22: | deck assembly 250 includes a unitary, one-piece roller 260 extending between side plates 254 and 256 a distance less than the entire width of deck 258." Col. 7:13-21.<br><br>"FIG. 20 depicts yet another cutting deck assembly 308 having a stepped and segmented rear roller assembly 310. Rear roller assembly 310 includes a pair of outboard rollers 312 coupled to side plates 314 and 316. Rear roller assembly 310 also includes an inboard set of rollers 318 positioned between side plates 314 and 316 and rotatably mounted on a stepped axle shaft 320. Rear roller assembly 310 provides a striped pattern having a width greater than the width of a deck 322." Col. 7:59-67.<br><br>**Claims:**<br><br>'530 Patent:<br><br>Claim 1 (relevant representative portions):<br><br>"a rear roller supporting the deck for movement over the ground, the deck having a width such that the roller extends across substantially the entire width of the deck." Col. 4:64-67.<br><br>Claim 4 (relevant representative portions):<br><br>"the rear roller extends between the side plates and supports the side plates for movement over the ground" Col. 5:16-18.<br><br>Claim 15 (relevant representative portions): |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | Showing various arrangements of rollers that extend substantially across the with of the cutting deck.<br><br>**Prosecution Histories:**<br><br>'530 Patent Prosecution History<br><br>Amendment of July 16, 1998 at 13: "Assuming for the sake of argument that it would have been obvious to combine these references as proposed by the Examiner, the Applicant does not concede this, none of the cited references teach or suggest a cutting deck as claimed by Applicant with *a roller extending across substantially the entire width of the deck.*"<br><br>Amendment of July 16, 1998 at 13: "The cited references do not provide an motivation to provide a cutting deck as claimed by Applicant with *a roller extending across substantially the entire width of the deck.*"<br><br>Amendment of July 16, 1998 at 13: "Given the teaching of the prior art away from a rotary deck with *a roller extending across substantially the entire width of the deck*, the combination of Smith and Nunes would not have led one skilled in the art to Applicant's claimed construction."<br><br>Amendment of May 3, 1999 at 6: "Smith and Nunes teach that both reel mowers and rotary mowers can be used in gang-type mowers, but neither suggests using a rotary mower with *a rear roller that extends substantially all the way across the deck.*"<br><br>Amendment of May 3, 1999 at 6: "If the intended purpose was cutting a golf course rough, it was not | "a rear *roller extending between the side plates* and supporting the side plates for movement over the ground, wherein the deck is located in front of the roller, and wherein the deck has a width such that the roller extends across substantially the entire width of the deck." Col. 8:32-37.<br><br>'311 Patent:<br><br>Claim 10 (relevant representative portions):<br><br>"at least one roller to support each of said deck assemblies for movement over the ground, said roller extending substantially across the entire width of said cutting path." Col. 6:30-33.<br><br>'312 Patent:<br><br>Claim 1 (relevant representative portions):<br><br>"each of said front and rear deck assemblies including a deck defining a downwardly opening space, at least one cutting blade mounted on a spindle for rotation therewith and a first roller supporting said deck for movement over the ground, *said first roller extending only partially across the width of said deck.*" Col. 8:41-42.<br><br>**Prosecution History:**<br><br>'530 Patent:<br><br>Paper 6 at p. 2 and 12-13.<br>Paper 11 at p. 5-6.<br>Paper 15 at p. 1-2. |

| # | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | thought desirable to use a frame-mounted, gang-type, single-blade rotary deck mower with each deck having *a rear roller extending substantially all the way across the deck*."<br><br>Amendment of May 3, 1999 at 6: "Moreover, the fact that Mountfield teaches a rear roller extending substantially all the way across the deck on a single-deck walk-behind mower does not make it obvious to use such a rear roller on a frame-mounted, gang-type, rotary deck mower as claimed by Applicant."<br><br>Office Action of June 4, 1999 at 3: "Both the Mountfield brochure and Cracraft teach that it is well known to provide a rotary mower with a rear mounted support roller device and Mountfield specifically teaches to provide such a roller having a length as to exist substantially across the width of the cutting deck."<br><br>Amendment of Nov. 4, 1999 at 1:<br><br>"Claim 1 specifies a gang-type rotary lawn mower comprising...a rear roller supporting the deck for movement over the ground, the deck having a width such that the roller extends across substantially the entire width of the deck." | |
| 7. | **"Lifting arm"**<br><br>'530 Patent: claim 3<br>'311 Patent: claims 3 and 11 | **Proposed Construction**<br><br>The words in this phrase use their ordinary and accustomed meaning and require no construction by the Court. However, if the Court determines that they do require construction, "lifting arm" means: *an* | **Proposed Construction**<br><br>A generally L-shaped, horizontally-extending device having inner and outer ends operable to lift the deck assembly relative to the frame, the inner end pivotally connected to the frame, the outer end pivotally |