IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-486 (GMS) |
| | ) | |
| THE TORO COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

1.  On July 12, 2005, the plaintiff, Textron Innovations Incorporated ("TII") filed the above-captioned action against The Toro Company ("Toro"), alleging infringement of United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312, which are directed to a gang type rotary mower.

2.  On February 7, 2006, the court issued a Scheduling Order, setting June 1, 2006, as the cut-off date for amended pleadings.

3.  On June 1, 2006, Toro filed a motion for leave to file a second amended answer and counterclaims (D.I. 56).  Toro's motion seeks to add the defenses of laches and patent unenforceability due to inequitable conduct, as well as a counterclaims for declaratory judgment of unenforceability.

4.  On June 13, 2006, Textron filed an answering brief (D.I. 58) opposing Toro's motion. Textron contends that the court should deny Toro's motion because Toro has not pled inequitable conduct with particularity, as required by the Federal Rules of Civil Procedure; Toro's allegation of inequitable conduct is baseless and futile; and Toro has acted with undue delay and bad faith in bringing its motion.

5.  Leave to amend an answer should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The court has discretion to deny leave to amend when there exists undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

6.  After having considered Toro's proposed amendment, the parties' submissions on the issue, and the pertinent law, the court concludes that Toro has pled inequitable conduct with the level of particularity required by Federal Rule of Civil Procedure 9(b), because Toro has set forth the circumstances constituting Textron's alleged inequitable conduct, and generally averred intent to deceive the United States Patent and Trademark Office. The court further concludes that Toro's amendment is not futile, because it includes facts that are sufficient to support a finding of unenforceability, when viewed in a light most favorable to Toro. Finally, because Toro filed its motion prior to the amendment cut-off date, the court finds that Toro did not act with delay or bad faith in bringing the motion.

Therefore, IT IS HEREBY ORDERED that:

1.  Toro's Motion for Leave to File a Second Amended Answer and Counterclaims (D.I. 56) is GRANTED.
2.  Toro's amended answer and counterclaim, which is attached to its motion to amend, is deemed filed.

Dated: September 11 , 2006                                  /s/ Gregory M. Sleet
                                                            _____
                                                            UNITED STATES DISTRICT JUDGE