# THE BAYARD FIRM
## ATTORNEYS

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

302-429-4227
ejohnson@bayardfirm.com

September 14, 2006

**VIA ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, DE 19801

Re: *Textron Innovations Inc. v. The Toro Company*
*Civil Action No. 05-486*

Dear Judge Sleet:

Pursuant to the Scheduling Order in this case, this letter is to advise the Court of the discovery issues that Plaintiff, Textron Innovations, Inc. ("TII") wishes to raise with the Court at the hearing set for Tuesday, September 19. TII previously contacted the Court in order to arrange for these discovery issues to be considered at the hearing.

The issues that TII wishes to raise are as follows:

First, to date defendant The Toro Company ("Toro") has not produced any documents pertaining to its sales, marketing, design process, or development of its products accused of infringement in this action. The parties agreed to exchange documents on July 17. At that time, Toro's document production pertaining to its accused products consisted merely of a set of publicly available parts, service and operators' manuals. After prompting from TII, Toro supplemented its production approximately one month later by providing engineering drawings for its accused products, which documents Toro was required to produce under the Court's Scheduling Order. However, Toro's supplementation did not include any sales or marketing documents pertaining to its accused products, nor did it contain a single document from its engineers and designers showing the design process or any subsequent changes in the designs of the accused products over time. As of this date, it has been approximately two months since the parties agreed to exchange documents, and TII has asked Toro to supplement to provide these documents on at least two occasions, the first of which was seven weeks ago. TII therefore asks that the Court compel Toro to produce these

635967v1

THE BAYARD FIRM

The Honorable Gregory M. Sleet
September 14, 2006
Page 2

documents immediately so that important depositions can take place with the benefit of full document discovery.

    Second, Toro's document production with respect to this case contained almost no electronic documents, including e-mails. On the eve of the parties' exchange of documents, after TII had already engaged in collecting, reviewing and copying its own electronic documents, Toro raised for the first time the question of a protocol for searching for electronic documents. Toro's document production then included no such documents. Toro subsequently supplemented its production with the Court-mandated engineering drawings, but otherwise it has not supplemented its production to provide any electronically-maintained documents. While TII does not wish to impose unduly burdensome electronic discovery requirements on the parties, the parties are not entitled to withhold documents simply because they are electronically stored. TII therefore asks that the Court compel Toro to produce the design, development, sales, and marketing documents pertaining to its accused products, regardless whether those documents are maintained electronically or otherwise.

Respectfully,

Edmond D. Johnson (# 2257)

EDJ/kw
cc:    Clerk of the Court (via hand delivery)
       Richard L. Horwitz, Esq. (via electronic filing)
       David E. Moore, Esq. (via electronic filing)
File No. 31527-1

635967v1