**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TEXTRON INNOVATIONS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C. A. No. 05-486 (GMS) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| THE TORO COMPANY, | ) |
| | ) |
| Defendant. | ) |

**TORO'S MOTION FOR LEAVE TO FILE A
THIRD AMENDED ANSWER AND COUNTERCLAIMS**

## I.     INTRODUCTION

Out of an abundance of caution and Pursuant to Rules 15 and 16 of the Federal

Rules of Civil Procedure, Defendant, The Toro Company ("Toro"), respectfully moves

the Court for leave to file its Third Amended Answer and Counterclaims in the form

attached to this motion as Exhibit 1.[1]  Because patent unenforceability should be pled

with particularity, Toro seeks to add specific facts supporting two additional independent

bases for its defense and counterclaim of patent unenforceability.  The Court recently

granted Toro's Motion for Leave to file a Second Amended Answer and Counterclaims

which included specific facts supporting Toro's defense of unenforceability – repeated

false statements made by the patentee and his patent attorney to the U.S. Patent and

Trademark Office in order to obtain issuance of one of the patents in suit.  Two additional

acts of inequitable conduct before the Patent Office were discovered at a deposition taken

on August 31, 2006, the transcript of which was received on September 11, 2006.

---

[1]  In compliance with the Court's Local Rules, Toro has attached a black-lined
comparison to the Second Amended Answer and Counterclaims (Exhibit 2 hereto).

Toro wants to plead these two additional independent bases of unenforceability with specificity so that Plaintiff, Textron Innovations, Inc. ("Textron") cannot claim at trial that Toro is precluded from raising these additional bases because it failed to plead them with specificity. Only one deposition has been taken in this case, discovery does not close until December 1, 2006. Plaintiff Textron will not be prejudiced, and no changes need to be made to the current scheduling of this case, including the trial date of June 25, 2007, to accommodate this amendment. Leave to amend under Rule 15 is normally freely and liberally granted, and is proper in this case. [2] Good cause under Rule 16 also exists to support Toro's motion.

## II.   NATURE AND STAGE OF THE PROCEEDINGS

This is an action for patent infringement filed on July 12, 2005. Plaintiff is asserting that Toro infringes U.S. Patent Nos. 6,047,530 ('530 patent), 6,336,311 ('311 patent), and 6,336,312 ('312 patent) (hereinafter collectively referred to as the "patents-in-suit"). The claims of the patents-in-suit are directed to gang-type rotary mowers. Toro answered on August 29, 2005, denying Plaintiff's allegations and raising defenses, including that the patents-in-suit are not infringed and are invalid.

On February 7, 2006, the Court entered a scheduling order which set June 1, 2006 as the deadline to file motions to amend the pleadings. The parties served written discovery, but before any documents were exchanged the parties agreed to stay formal discovery while they explored settlement options. During this period, Toro continued pursuing informal discovery from public sources and non-parties and recently discovered

---

[2]  Counsel for Toro met and conferred with Plaintiff, Textron, regarding this motion. Textron informed Toro that it would oppose such motion and no agreement could be reached.

a 1991 published article written by Textron employees that demonstrates the falsity of statements made to the Patent Office by the inventor of the patents-in-suit and his counsel.

On June 1, 2006, Toro brought a motion to amend its Answer and Counterclaims to add, among other things, its defense of inequitable conduct based on the false statements made to the Patent Office. (D.I. 56) Toro's motion was granted on September 11, 2006.

Toro took the first deposition in this case on August 31, 2006. The deposition was of patent attorney David Price, the attorney that prosecuted the parent application of the three patents in this lawsuit. The transcript was received on September 11, 2006. During the deposition two additional independent bases for patent unenforceability were uncovered: (1) one or more individuals, including the patentee's attorneys associated with the filing and prosecution of the application that became the '530 patent, breached the duty of disclosure to the United States Patent and Trademark Office by at least failing to disclose U.S. Patent 5,305,589 to Rodriguez et al., issued April 26, 1994; and (2) one or more individuals, including the patentee's attorneys associated with the filing and prosecution of the application that became the '530 patent, also breached the duty of disclosure to the United States Patent and Trademark Office by intentionally submitting the 1993 Nunes Rotary Mower, John Deere 3364 Deck Attachment brochure so that it could not be considered by the Examiner during the prosecution of the application that became the '530 patent.

Plaintiff's counsel was asked to consent to the amended pleading, but would not. The parties have exchanged some written discovery in this case and some documents, but

3

no depositions have been taken other than that of Mr. Price. Defendant brings this
motion only two weeks after receiving the transcript of Mr. Price. Discovery does not
close until December 1, 2006. Trial is set for June 25, 2007.

### III.    STATEMENT OF FACTS

Richard D. Bednar is the named inventor on two of the patents-in-suit, and a co-
inventor of the third. The patents-in-suit are all related. The '530 patent was filed first.
The '311 patent is a continuation of the '530 patent. The '312 patent is a continuation-in-
part of the '311 patent. The application that became the '530 patent was filed February 3,
1997. The application stated that "rotary mowers have not been used to cut golf course
roughs, which require close trimming and the ability to cut undulating terrain at a
relatively short length."

However, Mr. Bednar and his attorneys did not disclose highly material prior art
in their possession that demonstrated the falsity of the above statement. In a separate
patent application filed on January 22, 1997 by Mr. Bednar and the same patent attorneys
that filed the application that became the '530 patent, Mr. Bednar and his attorneys
disclosed to the Patent Office U.S. Patent No. 5,305,589 to Rodriguez et al. ("Rodriguez"
or the '589 patent). The Rodriguez reference, which was *not* provided to the Patent
Office in the application that became the '530 patent, states that rotary mowers had been
used to cut golf course roughs:

> The conventional lawn tractor, garden tractor, or commercial mowing tractor has
> a plurality of *rotary* cutting blades, typically numbering from two to five,
> although larger commercial models may include many more. They are used to
> mow a variety of types of grass under a variety of conditions: household lawns,
> landscaping lawns adjacent public and corporate buildings, *golf course* fairway
> and *roughs*, fields and weeds alongside roadways, to name a few.

(Exhibit 3 hereto, '589 pat., col. 1, ll. 15-24.)

4

During his deposition, Mr. Price testified that the '589 patent should have been cited to the Patent Office, but was not:

> Q: And [the '589 patent] is describing, is it not, using rotary mower to cut golf course roughs?
>
> O: Objection. Form.
>
> A: Yes.
>
> Q: And if you had had [the '589 patent], would you have considered this possibly relevant to the '530 patent application?
>
> A: We certainly would have cited it.

(Exhibit 4, hereto, Price dep. 108.)

Mr. Bednar's attorneys had the '589 patent during the prosecution of the application of the '530 patent. (*Id.* at 182-83.) However, despite being in their possession during the prosecution of the application that became the '530 patent, the '589 patent was not cited to the Patent Office. (*Id.* at 108.)

Further, Mr. Bednar and his attorneys intentionally prevented the Patent Office from examining another highly material piece of prior art. On December 16, 1999, during the prosecution of the application that became the '530 patent, Mr. Bednar's attorneys intentionally sent important prior art to the Patent Office *without* the necessary form and fee knowing that it would not be considered by the examiner. (*Id.* at 209) ("I knew that they would examine it."). The prior art was the 1993 Nunes Rotary Mower, John Deere 3364 Deck Attachment brochure. Mr. Price testified that he intentionally sent the brochure to the Patent Office without the proper form and fee so that it would *not* be considered by the examiner. (*Id.* 209-211.)

5

IV.    **ARGUMENT**

A.    **Toro's Motion For Leave To Amend Should Be Granted Under Federal Rule of Civil Procedure 15**

Rule 15(a) of the Federal Rules of Civil Procedure states that, after a responsive pleading has been served, "a party may amend the party's pleading only by leave of Court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a) (emphasis added). The Third Circuit Court of Appeals has interpreted the liberal amendment policy of Rule 15(a) to mean that the rule "embodies a liberal approach to pleading." *Arthur v. Maersk*, 434 F.3d 196 (3rd Cir. 2006). Moreover, the Third Circuit Court has held that Rule 15(a) allows a party to amend upon leave of court and that leave to amend shall be freely given. *Id.* Further, Courts in the Third Circuit follow the Supreme Court's counsel to the "lower federal courts to heed the liberal policy of amendment embodied in Rule 15(a)" *Callaway Golf Co. v. Dunlop Slazenger Group Ams., Inc.,* 295 F.Supp. 2d 430 (D. Del. 2003) (citing *Foman v. Davis,* 371 U.S. 178, 181-82, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)). Further, "denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Foman v. Davis,* 371 U.S. 178 (1962).

The amendment sought here is to a defense already a subject for relief, and the additional withheld references will not delay the case or significantly change the shape of the case. *Symbol Technologies, Inc. v. Proxim Inc.*, C. A. No. 01-801-SLR, 2003 WL 1905637 at *1 (D. Del. April 17, 2003) (Exhibit 5 hereto).

### 1.    Toro Has Not Delayed In Seeking To Amend

In this case, Toro has not unduly delayed in seeking this amendment to add additional specific facts and independent bases of inequitable conduct. Toro's motion to add the defense and counterclaim of inequitable conduct was granted by this Court on September 11, 2006. On that same date, Toro received the transcript of Mr. Price's deposition. On September 21, 2006, just ten days after receiving the transcript, Toro provided its draft proposed third Amended Answer and Counterclaims to Textron's counsel with a request that they consent to the amendments. On September 25, Textron informed Toro that they would not consent. This motion is being filed just 15 days after receiving the transcript and is not untimely. Further, Toro has only recently discovered these additional bases of unenforceability – the Price deposition occurring on August 31, 2006, and Toro could not have moved to amend any earlier.

There has been no dilatory conduct on Toro's part. *See Symbol Technologies, Inc. v. Proxim Inc.*, 2003 WL 1905637 at * 1 (Exhibit 5) (Court allowed amendment to add new inequitable conduct allegations after the conclusion of fact discovery where movant contended that the facts supporting the new allegations did not come to light until the end of discovery and beyond); *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp.2d 484 (D. Del. 2003) (after deadline to amend pleadings had passed, Court allowed amendment that added inequitable conduct defense to the case *for the first time*, finding no undue delay despite the argument that the pertinent facts were contained in publicly available patent file histories and known long before depositions had concluded).

### 2.    The Proposed Amendment Is Not Made In Bad Faith, Is Not Futile, and Is Sufficiently Pled

Given the circumstances of Toro's recent discovery of the facts underlying its proposed amendment, there can be no suggestion that the proposed amendment is not being made in good faith. Moreover, it is not futile. As discussed above, inequitable conduct is already part of this case. Toro's inequitable conduct allegations based on the '589 patent (Rodriguez) and the 1993 Nunes brochure are not futile because all the elements of inequitable conduct are present and will be alleged with particularity:

- Rodriguez and the Nunes brochure were highly material because the former directly contradict statements made to the Patent Office about the use of rotary mowers on golf course roughs and the latter because it was highly material to the rejected claims and should have been considered by the Examiner;
- The patentee and his counsel all knew about the Rodriguez reference; and
- Rodriguez was withheld from the Examiner in the prosecution of the '530 patent with intent to deceive and the Nunes brochure was intentionally submitted to the Examiner so that it would not be considered.

There is more than sufficient basis to find inequitable conduct based on the withholding of Rodriguez and the Nunes brochure. In any event, even if Toro is not allowed to allege Rodriguez and the Nunes brochure as separate instances of inequitable conduct at this time, Toro is aware of nothing that would prevent it from presenting the withholding of Rodriguez and the Nunes brochure as part of a pattern of deceit that supports an inference of an intent to deceive with respect to the art already a part of Toro's case. Because Rodriguez and the Nunes brochure will be offered to show a pattern of intent to deceive in support of Toro's existing inequitable conduct allegations, Textron will need to fully address the withholding of Rodriguez and the improper submission of the Nunes brochure whether or not Toro is allowed to assert Rodriguez and

8

the Nunes brochure as separate instances of inequitable conduct. Also, since the Court

could amend the pleadings at trial to conform to the evidence of Rodriguez and the Nunes

brochure that will be offered by Toro whether or not the instant motion is granted, the

Court should secure a more orderly determination of this action by allowing amendment

now. See FRCP 1.

Further, the amendment is pled according to the standards of sufficiency for

inequitable conduct pleadings. The Third Circuit uses the "Seville Test" to determine the

sufficiency of an inequitable conduct pleading. *Martek Biosciences Corp. v. Nutrinova*

*Inc.*, 2004 U.S. Dist. LEXIS 20469 (D. Del. October 8, 2004) (Exhibit 6 hereto). Rule

9(b) of the Federal Rules of Civil Procedure applies to pleadings of inequitable conduct.

In the context of alleged inequitable conduct before the Patent Office during patent

prosecution, Rule 9(b) does not require that a party plead the "date, place or time" of the

fraud, so long as that party uses an "alternative means of injecting precision and some

measure of substantiation into their allegations of fraud." *Seville Indus. Mach. Corp. v.*

*Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984), *cert denied,* 469 U.S. 1211, 84

L. Ed. 2d 327, 105 S. Ct. 1179 (1985); see *EMC Corp. v. Storage Tech. Corp.*, 921 F.

Supp. 1261, 1262-63 (D. Del. 1996).

### 3.    The Proposed Amendment Will Not Unduly Prejudice Textron

To show undue prejudice, Textron must show that it will be unfairly

disadvantaged or deprived of an opportunity to present its case if the Court grants Toro

leave to amend. "Conclusory allegations of 'prejudice'" are not sufficient to justify denial

of leave to amend under Fed. R. Civ. P. 15(a). *Coca-Cola Bottling Co. v. The Coca-Cola*

*Co.*, 668 F.Supp. 906, 922 (D. Del. 1987) (allowing leave to amend when the non-

moving party solely argued that the possibility of additional discovery inherent in

amendment constituted undue prejudice). Toro's proposed amendment to add these additional bases of unenforceability will not prejudice Textron because Textron has not taken a single deposition yet, documents have only recently been produced, and no expert reports have been submitted (other than for claim construction purposes). The trial date is set for June 25, 2007 -- almost one year away. Moreover, the discovery cut-off is not until December 1, 2006. This Court has allowed motions to amend, even when the discovery order would need to be modified to extend fact discovery. See, *Synopsys, Inc. v. Magma Design Automation*, 2006 U.S. Dist. LEXIS 33751 (D. Del. 2006) (Exhibit 7 hereto). Allowing Toro's motion to amend will not delay the present case and the Scheduling Order need not be modified.

### B.    <u>Toro Meets The Good Cause Standard Of Rule 16(b)</u>

"Good cause" is needed to amend a pleading after the date set in a Scheduling Order. <u>See</u> FRCP 16(b).

Under Rule 16(b) this Court has previously allowed a defendant to allege inequitable conduct <u>for the very first time</u> under less compelling circumstances than those present here. For example, in *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp.2d 484 (D. Del. 2003), the defendant moved six months after the deadline for leave to allege inequitable conduct as a new legal theory altogether. Specifically, the defendant sought to add allegations concerning, among other things, the withholding and mischaracterization of material prior art. *See id.* at 488. The plaintiff opposed the motion, arguing that the facts underlying the defendant's new inequitable conduct allegations were available to the defendant in the public prosecution history of the patent-in-suit. *See id.* at 488-489.

The Court rejected the plaintiff's argument and found that the defendant did not unduly delay in moving for leave to amend. Notwithstanding the plaintiff's contention that the key facts were available to defendant in the public prosecution history of the patent in suit, the Court concluded that the defendant properly took the time to confirm its factual allegations through discovery. *See id.*

In the present case, Toro has a more compelling reason for its amendment than did the defendant in *Enzo*. Here, the key information that supports Toro's new allegations was not to be found in the prosecution histories of the patents-in-suit -- but rather, in the deposition testimony of one of the attorneys involved. Thus, there is even greater cause to allow amendment here than in *Enzo*.

Finally, other reasons that the *Enzo* Court cited for finding "good cause" to amend, no dilatory motive and no prejudice, are also present in this case. For example, here, as in *Enzo*, Toro filed its motion promptly after Bayer refused to consent. *See id.* at 489.

11

## V.     CONCLUSION

Leave to amend should be freely given as justice requires. Toro should be given leave to amend its existing inequitable conduct defense to include the withholding of the highly material Rodriguez reference and the 1993 Nunes brochure. Toro did not delay. There is no prejudice to Textron. Toro acted in good faith. The proposed amendment is not futile. Moreover, Toro's recent discovery of these new facts at a recent deposition is good cause.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Earl D. Reiland
Anthony R. Zeuli
Thomas J. Leach
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 332-5300

By:   /s/ David E. Moore
        Richard L. Horwitz
        David E. Moore
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, Delaware 19899-0951
        (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com

Dated: September 27, 2006
752752 / 29362

*Attorneys for Defendant The Toro Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 27, 2006, the attached

document was electronically mailed and hand delivered to the following persons and was

electronically filed with the Clerk of the Court using CM/ECF which will send

notification to the registered attorney(s) of record that the document has been filed and is

available for viewing and downloading:

Edmond D. Johnson
Peter B. Ladig
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
tjohnson@bayardfirm.com
pladig@bayardfirm.com
KWright@bayardfirm.com

I hereby certify that on September 27, 2006, I have Electronically Mailed and

Federal Expressed the documents to the following:

Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.
Washington, DC 20006-1109
srobertson@hunton.com
ccampbell@hunton.com
mlouey@hunton.com
lmarlatt@hunton.com
fmckeon@hunton.com
dmckim@hunton.com

Michael P. F. Phelps
David Young
Hunton & Williams LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
mpphelps@hunton.com
dyoung@hunton.com

By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

695031