# EXHIBIT B

Westlaw

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2003 WL 1905637 (D.Del.)  
(Cite as: Not Reported in F.Supp.2d)

Page 1

**H**
Briefs and Other Related Documents
Symbol Technologies, Inc. v. Proxim Inc.D.Del.,2003.Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
SYMBOL TECHNOLOGIES, INC., Plaintiff,
v.
PROXIM INCORPORATED, Defendant.
No. 01-801-SLR.

April 17, 2003.

Andre G. Bouchard, and Karen L. Pascale, of Bouchard, Margules & Friedlander, Wilmington, Delaware, for Plaintiff.
Eric J. Lobenfeld, Ira J. Schaefer, and Jonathan M. Sobel, of Clifford, Chance, US, LLP, New York, New York, of counsel.
Richard L. Horwitz, of Potter, Anderson & Corroon, LLP, Wilmington, Delaware, for Defendant.
Harry J. Roper, George S. Bosey, Raymond N. Nimrod, Aaron A. Barlow, and Timothy J. Barron, of Roper & Quigg, Chicago, Illinois, of counsel.

MEMORANDUM OPINION
ROBINSON, Chief J.

I. INTRODUCTION

*1 On December 4, 2001, plaintiff Symbol Technologies, Incorporated ("Symbol") filed this action against defendant Proxim, Incorporated ("Proxim") alleging infringement of four U.S. Patents owned by plaintiff. (D.I.1) On December 18, 2001, Proxim answered the complaint and asserted, *inter alia,* a counterclaim of infringement of one of its own patents. (D.I.6) On January 9, 2002, this court entered a scheduling order requiring all amendments to the pleadings to be submitted by August 1, 2002, with discovery to be concluded by January 31, 2003. Trial is currently scheduled to begin on September 8, 2003. Presently before the court is plaintiff's motion for leave to amend its complaint. (D.I.160) This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. For the reasons that follow, plaintiff's motion to amend is granted.

II. STANDARD OF REVIEW

"A party may amend the party's pleading once as a matter of course at anytime before a responsive pleading is served...." Fed.R.Civ.P. 15(a). "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be given freely when justice so requires." *Id.* Courts may deny leave to amend where they find "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment...." *Foman v. Davis,* 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.*

III. DISCUSSION

Plaintiff seeks leave of the court to amend its complaint to add additional allegations of inequitable conduct by defendant in procuring U.S. Patent No. 5,231,634 ("the '634 patent"), the patent asserted in defendant's counterclaim of infringement against plaintiff. (D.I.160) Plaintiff also seeks to re-style its prior request for declaratory relief of invalidity, non-infringement and unenforceability of the '634 patent as an affirmative count seeking a declaratory judgment of said requests. Finally, plaintiff seeks to amend its complaint to reflect the fact that it is no longer asserting one of its patents, U.S. Patent No. 5,688,803 ("the '803 patent"), in this case.

In support of its motion to amend, plaintiff contends that the facts supporting its inequitable conduct claims did not come to light until the end and beyond of discovery. Plaintiff states that although fact discovery ended on October 17, 2002, the parties have both been actively taking numerous fact discovery depositions into early December 2002. Based on these facts, plaintiff contends that it has not delayed in bringing its inequitable conduct allegations and defendant would not be unduly prejudiced by the amendment.

*2 Defendant opposes plaintiff's motion for leave to amend on a number of grounds. (D.I.161) First, defendant argues that plaintiff's motion is untimely. In support of this argument, defendant contends that at no time prior to December 2002 did plaintiff

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2003 WL 1905637 (D.Del.)  
**(Cite as: Not Reported in F.Supp.2d)**

indicate that it would be pursing additional inequitable conduct claims. Furthermore, all the documents relied on by plaintiff for its inequitable conduct allegations were produced as early as May 24, 2002. Plaintiff also deposed numerous witnesses about many of these documents with regard to any potential inequitable conduct in September 2002. Thus, defendant argues plaintiff's delay is undue and solely the fault of plaintiff.

Next, defendant argues that allowing the amendment will prejudice it and burden the court. Defendant argues that allowing the amendment at this late date would require it to take additional discovery which would increase its costs and potentially delay the case. Furthermore, the inequitable conduct allegations would certainly be raised on summary judgment and, therefore, the amendment would delay this briefing as well.

Finally, defendant argues that plaintiff's amendment would be futile. In support of this argument, defendant asserts that plaintiff's inequitable conduct charge is legally deficient for at least two reasons. First, plaintiff alleges in its amended complaint that defendant committed inequitable conduct. As a matter of law, only a natural person, not a corporation, can commit inequitable conduct. Plaintiff's complaint fails to point to any specific person who committed inequitable conduct during the prosecution of the '634 patent. Second, plaintiff fails to properly plead inequitable conduct under Fed.R.Civ.P. 9(b).

Defendant's final concern is that plaintiff's amendment removing references to the now non-asserted '803 patent may curtail its unfair competition claims and claims for attorneys fees based on this patent.

In its reply, plaintiff argues that it did not delay seeking to amend and, additionally, delay alone is not the basis for denial of a motion for leave to amend. (D.I.166) It asserts that it conducted a reasonable and diligent investigation of the facts surrounding inequitable conduct despite defendant's efforts to hinder the investigation. The documents defendant produced in May 2002 were "buried among 200 boxes of documents" produced within a two-week period. The facts supporting its inequitable conduct claims did not come to light until the September 2002 depositions and then plaintiff began conducting an investigation to confirm these facts. A key fact needed was the source code related to the charges which defendant delayed in providing until December 2002.

Next, plaintiff argues that allowing the amendment will not prejudice defendant or burden the court. In support of this argument, plaintiff contends that defendant has been on notice of its charges since December 2002 and its on-sale bar affirmative defense (related to the inequitable conduct charge) has been in the case since the beginning. Therefore, no extensive additional discovery will be required and all of the facts related to the conduct of the inventors is under the control of defendant.

*3 Finally, plaintiff argues that its amendment is not futile. It argues that its amended complaint names specific individuals who were aware of material references and failed to disclose them to the patent office. It also asserts that its complaint is properly pled under Rule 9(b)

Upon review of the parties' arguments and the amendments to the complaint, the court shall grant plaintiff's motion. The court agrees with plaintiff that allowing the amendment will not unfairly prejudice defendant or cause delay to the case. Plaintiff's proposed amendment is narrow and largely based on facts defendant has known throughout the case. Furthermore, based on the record, there is no evidence that the delay of plaintiff's amendment is undue or that it is being made in bad faith or for a dilatory motive.

The court does not believe the amendment will prolong discovery or delay trial. To the extent defendant needs to conduct any additional depositions related to the narrow issue of inequitable conduct, the court will allow the discovery and plaintiff shall produce any requested witness promptly. Furthermore, inequitable conduct is rarely appropriately decided on summary judgment so defendant's concerns about its ability to brief the issue are not persuasive.

Finally, defendant's concerns that plaintiff's amendments will curtail its unfair competition claims and claims for attorneys fees based on the '803 patent shall be assuaged. Defendant will still be entitled to pursue these claims against plaintiff at trial.

### IV. CONCLUSION

For the reasons stated, plaintiff's motion for leave to amend its complaint (D.I.160) is granted. An appropriate order shall issue.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 3
Not Reported in F.Supp.2d, 2003 WL 1905637 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

ORDER

At Wilmington this 17th day of April 2003, consistent with the memorandum opinion issued this same day;

IT IS ORDERED that plaintiff's motion for leave to amend its complaint (D.I.160) is granted.

D.Del.,2003.
Symbol Technologies, Inc. v. Proxim Inc.
Not Reported in F.Supp.2d, 2003 WL 1905637 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 2003 WL 24302583 () Supplemental Expert Report of Dr. Izhakrubin (Mar. 2, 2003) Original Image of this Document (PDF)
• 2003 WL 24302584 () Deposition of Izhak Rubin (Mar. 2, 2003) Original Image of this Document (PDF)
• 2003 WL 24307200 (Trial Pleading) Amended Complaint (Jan. 2, 2003) Original Image of this Document (PDF)
• 2002 WL 33003952 () Rebuttal Expert Report of Joseph V. Colaianni (Dec. 24, 2002) Original Image of this Document (PDF)
• 2002 WL 33003953 () Expert Report of Joseph V. Colaianni (Dec. 20, 2002) Original Image of this Document (PDF)
• 2002 WL 33003954 () Videotaped Deposition of Kurt F. Bauer (Dec. 4, 2002)
• 2002 WL 33006690 (Trial Motion, Memorandum and Affidavit) Opening Brief in Support of Symbol's Motion to Dismiss Proxim's Sixth, Seventh and Eighth Counterclaims, and to Strike Proxim's Tenth Affirmative Defense (Jan. 31, 2002) Original Image of this Document (PDF)
• 1:01CV00801 (Docket) (Dec. 04, 2001)
• 2001 WL 34900760 () (Partial Testimony) (2001) Original Image of this Document (PDF)
• 2001 WL 34900761 () Expert Report of Joseph V. Colaianni (2001) Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.