# EXHIBIT E

Nov-04-89  03:58pm  From-MICHAEL BEST                    T-140  P.06/11  F-858

#14
11/19/89

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
Group Art Unit 3616

In re

Patent Application of

Richard D. Bednar

Serial No. 08/794,141

Filed: February 3, 1997

Examiner: Pezzuto, R.

GANG-TYPE ROTARY LAWN MOWER

I, Mary K. Vuk, hereby certify that this correspondence is being sent by facsimile transmission addressed to Assistant Commissioner for Patents, Washington, D.C. 20231, on the date of my signature.

Mary K. Vuk
Signature

November 4, 1999
Date of Signature

Assistant Commissioner for Patents
Washington, D.C  20231

## DECLARATION UNDER RULE 132

I, Richard D. Bednar, do hereby declare that:

1.    I am an adult citizen of the United States, residing in Lake Mills, Wisconsin.

2.    I am the inventor of the invention claimed in the above-referenced patent application (hereinafter the "Gang-type Rotary Mower").

3.    As one skilled in the art of mowers and their design and construction, I conclude that my invention would not have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains. My invention provides a unique solution to a long-term mower problem, as described herein. With the extensive knowledge base in the mower industry of mowers and their shortcomings, my invention would have been made long ago if it had been obvious. In fact, conventional wisdom, as described herein, steered manufacturers away from my invention as a solution to existing problems with mowers.

4.    I am told that some of the claims of my patent application have been rejected as being obvious based on a combination of features found in a number of patent applications

TXTA000104

and a publication. With the vast number of mower designs and mower manufacturers in the industry, any obvious combination of features that might give a company a competitive edge has likely been tried. Rotary mowers have typically not been used to cut golf course roughs, which require close trimming and the ability to cut undulating terrain at a relatively short length, because nobody prior to me has recognized the desirability of using, or figured out how to use, gang-type rotary mowers to cut golf course roughs. Conventional wisdom in the art of gang-type mowers held that rotary mowers could not be used to cut golf course roughs. My invention of individual cutting units with the addition of rear rollers, however, made the use of gang-type rotary mowers possible to cut golf course roughs. To the best of my knowledge, gang-type rotary mowers have never had such rear rollers.

5.     My Gang-type Rotary Mower invention, which was unknown in the industry only a few years ago, is now worth millions of dollars in annual sales to my company and to the companies that copied my invention.

6.     For many years, the mower industry had unsuccessfully sought a solution to the problem of scalping grass while mowing over undulating terrain. Previous rotary mowers are ineffective in compensating for elevation changes in the turf being mowed, resulting in uneven cut heights. This is particularly problematic when the turf is cut at or below ground level, leaving barren spots.

7.     My invention provides a solution to that problem by teaching an apparatus with excellent ground-following and anti-scalp characteristics.

8.     The effectiveness of my invention as a solution to this long-term problem is evidenced by the extraordinary commercial success of my invention. Annual sales of my company's previous gang-type mower averaged approximately $4.5 million over the years 1995 to 1997, with no significant increases or decreases from year to year. Our new model embodying my invention was introduced in 1997. The addition of my invention was the only significant change from the prior model. Sales of the new model totaled $1.3 million in 1997, jumped to $8.5 million in 1998, and are projected to be $10 million in 1999. The addition of my invention has more than doubled our mower sales, as compared to our previous model. Because market demand for gang-type mowers remained relatively constant between 1997

-2-

TXTA000105

Nov-04-89  03:59pm    From-MICHAEL BEST
Nov-04-88  02:15pm    From-MICHAEL B

T-140  P.08/11  F-859

and 1999, the doubling of our mower sales and the nearly tenfold increase in sales of the new model itself can only be attributed to the addition of my invention to my company's mowers.

9.    The effectiveness of my invention as a solution to the long-term problem previously described is also evidenced by the prompt copying of my invention by competitors. Following public disclosure of my invention in 1997, at least two major competing mower manufacturers, Nunes and Toro, realized the efficacy of my solution to the problem. These two companies copied my invention by altering their previous designs to produce and market mowers embodying my invention. These two companies now enjoy significant sales of the models incorporating my invention.

10    I enclose as Appendix A a copy of a Toro advertisement from 1999 highlighting a gang-type single-spindle rotary mower in which the mower decks include rear rollers. These Toro units were new in 1999 and were not previously available.

11.    I enclose as Appendix B copies of Nunes advertisements from 1999 highlighting gang-type single-spindle rotary mowers, including rear rollers, as replacements for Toro and John Deere units. These Nunes replacement units were new in 1999 and were not previously available.

12.    I understand the scope of pending Claim 1 of my application and conclude that Claim 1 covers the features of my invention that have resulted in the mower's commercial success and copying by competitors. In other words, it is the invention as claimed that produced the mower's success and copying.

13.    I believe that the success of the Gang-type Rotary Mower embodying my invention demonstrates that this Gang-type Rotary Mower fulfills a long-felt need for a solution to the problems encountered in mowing undulating terrain. The substantial recent sales of the Gang-type Rotary Mower and the prompt copying by competitors indicate that consumers and the mower industry, respectively, see my Gang-type Rotary Mower as a previously-unknown solution to their mowing problems

14.    I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so

-3-

TXTA000106

Nov-04-99  03:58pm   From-MICHAEL BES°                              T-140  P.08/11  F-859

made are punishable by fine or imprisonment, or both, under Section 1001 of the Title 18 of
the United States Code and that such willful false statements may jeopardize the validity of
the application or any patent issued thereon.

*Richard D. Bednar*        11-4-99
Richard D. Bednar        Date

-4-

TXTA000107