# EXHIBIT A

AO 88 (Rev 11/92) Subpoena in a Civil Case

# United States District Court

<u>NORTHERN</u>     DISTRICT OF     <u>GEORGIA</u>

Textron Innovations Inc.

## SUBPOENA IN A CIVIL CASE

V.

**The Toro Company**

CASE NUMBER: **05-cv-486(GMS)**
United States District Court
for the District of Delaware

TO:  **Jerry Pate Turf & Irrigation, Inc.**
**4250 Boulder Ridge Dr SW**
**Atlanta, GA , 30336-2690**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See Attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| Hunton & Williams LLP | October 27, 2006 |
| ATTN: Robert A. King, Esq. | |
| Bank Of America Plaza, Suite 4100 | |
| 600 Peachtree Street, N.E. | |
| Atlanta, Georgia 30308-2216 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 10/18/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
    Robert A. King (GA #142221), Hunton & Williams LLP, Bank Of America Plaza, Suite 4100, 600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 11/92) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
DATE                                                          SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is

employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## INSTRUCTIONS

1.     Pursuant to Federal Rule of Civil Procedure 45 and as directed by the subpoena attached hereto, which has been issued by the United States District Court for the Northern District of Georgia, you are requested to produce all documents and things within the scope of the following definitions and descriptions that are within your possession, custody, or control. Due to the potential that documents that fall within the scope of the things and documents requested, a copy of the Stipulated Protective Order filed with the Court in this case (and soon to be entered by the Court) is attached. You may avail yourself of the protection of the Stipulated Protective Order if desired.

2.     The documents or things requested shall be produced as they are kept in the ordinary course of business, or they shall be organized and labeled to correspond with the document requests to which they are responsive. If there are no documents or things responsive to any particular document request, you are requested to indicate so in writing.

3.     Should you come into possession, custody, or control of responsive documents or things after the initial production, you should supplement the production by promptly producing such documents or things.

4.     With respect to documents and things withheld under a claim of privilege, you are required under Rule 45 to describe the nature of the documents and things withheld in a manner sufficient to enable the demanding party to contest the claims, as set forth herein. In so doing, you should provide a list identifying the specific grounds upon which the information, documents or things are withheld, as well as the identification of the withheld document or thing as follows:

(i)     its date;

1

(ii)    the identity of all persons who prepared, signed, and/or were involved with the document or thing;

(iii)    the general nature of the document or thing (for example, memorandum, letter, etc.);

(iv)    the identities, affiliations, job titles, and addresses of all persons to whom the document, thing, or copies thereof were circulated or its contents communicated; and

(v)    the specific grounds for withholding the document or thing, including the nature of the privilege or other basis for withholding the document or thing, and the facts supporting those grounds.

To the extent any purportedly privileged document contains non-privileged subject matter, the non-privileged portion must be produced with the purportedly privileged material excised.

1.    In addition, to the extent any of the documents or things requested have been lost, discarded, destroyed, or are otherwise not available for production, they shall be identified as specifically as possible by stating:

(i)    what requested information they contained;

(ii)    the date of disposal;

(iii)    the manner of disposal;

(iv)    the reason for disposal;

(v)    the identification of all persons involved in the disposal; and

(vi)    the identification of any person or entity that may have a partial or complete copy of the document.

## DEFINITIONS

As used herein, the following terms have the following meanings:

1.    "Person" means any natural person, group of natural persons, a partnership of any kind, a corporation, or any business, legal or governmental entity or association including the parties, and the "acts" of a person shall include the acts of directors, officers, employees, agents, representatives, consultants, and attorneys acting on the person's behalf.

2.    "Toro" means the Defendant The Toro Company, and includes Toro's parents, subsidiaries, affiliates, successors and assigns, and all of their officers, directors, principal owners, partners or shareholders, employees, agents, attorneys and representatives.

3.    The word "document" is used herein in its broadest sense to mean every document or other record of any kind to the broadest extent permitted under the Federal Rules of Civil Procedure, including, without limitation, any written, printed, typed, recorded, filmed or graphic matter, however produced or reproduced, and any written or original, master, duplicate, paper copy or electronic copy. "Documents" shall further include all aural, visual records or representations (including, without limitation, photographs, negatives and prints), microfiche, microfilm, film, videotape, sound recordings, and motion pictures and computer, electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, programs, etc.). "Documents" shall include, without limitation, any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report or other similar matter, and also shall include, without limitation, all correspondence,

papers, e-mail, cablegrams, mailgrams, telegrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, plats, charts, plans, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of appraisers or consultants, projections, corporate records, minutes of board of directors or committee meetings, desk calendars, appointment books, diaries, diary entries and notes, newspapers, magazines, or periodical articles, and other record of any kind.

4.     The word "thing" is used herein in its broadest sense to mean each item, sample, specimen, concrete or tangible object.

5.     "Communication" means any discussion or any written or electronic correspondence, of any kind.

6.     "Disclosure" means an act or instance of communicating information, including written, oral or electronic communication. "Disclosures" include, without limitation, all oral, written or electronic communications, whether or not in person, by telephone, computer, Internet or otherwise, between two or more individuals.

7.     "Employee" means any director, trustee, officer, manager, supervisor, employee, or servant of the designated entity, whether active or retired, full-time or part-time, current or former, and compensated or not.

8.     "Entity" means any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit.

9.     "Individual" means a human being unless Defendant cannot identify such individual by name. In such case, "individual" shall mean the entity with which such individual was or is employed, engaged or associated. "Individual" includes, without limitation, employees and representatives.

4

10.    "Relate," "related," or "relating" means constituting, comprising, evidencing, reflecting, respecting, discussing, referring, pertaining, stating, describing, recording, noting, considering, embodying, evaluating, analyzing, mentioning, containing, or studying, or any other term synonymous with or similar to the foregoing.

11.    The terms "identify" and "identification" when used in reference to an individual person mean to state, in whole or in part, to the fullest extent of the knowledge of the respondent, that individual's full name, residence and business telephone numbers, and present residence and business addresses, if known, and the present or last known title, position and business affiliation. To the extent such specific information is not known, but other contact information, such as e-mail or post office address, is known, such information shall be provided.

12.    The terms "identify" and "identification" when used in reference to a document mean to state its date, type (*e.g.*, memo, telecopy), and its author(s), addressee(s), persons or entities who received a copy, title, if any, and, if no title, a brief description of the subject matter of the document and its present or last known location and custodian. If any document once was, but is no longer, in your possession, custody, or control, state what disposition was made of it and the reason for such disposition.

13.    The terms "identify" and "identification" when used in reference to any act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement, or communication, mean to: (a) describe the nature and substance of the act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement or communication; (b) state the date when and place where it occurred; (c) identify each person who was a participant therein;

5

(d) identify each other person who was a witness thereto; and (e) state the amount of money, if any, paid to or from Toro in connection with the act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement or communication.

14.    "Representative" means any consultant, expert, attorney, contractor, agent or other individual or entity engaged by the designated entity to perform some task or assignment for the entity.

15.    The singular includes the plural number and vice versa, any use of gender includes both genders, and a verb tense includes all other verb tenses where the clear meaning is not distorted by addition of another tense or tenses.

16.    "All" shall be construed to mean all or any, and "any" shall be construed to mean all or any.

17.    The "'530 Patent" means United States Patent Number 6,047,530.

18.    The "'311 Patent" means United States Patent Number 6,336,311.

19.    The "'312 Patent" means United States Patent Number 6,336,312.

20.    "The Patents-in-Suit" mean, individually or collectively, the '530 Patent, the '311 Patent and the '312 Patent.

21.    "Complaint" means the Complaint filed by Textron against Toro in this action in the U.S. District Court for the District of Delaware.  A copy of the Complaint, including the Patents In Suit, is attached as part of this subpoena.

22.    "You" means Jerry Pate Turf & Irrigation, Inc..

6

## SCHEDULE A - Documents

You are hereby requested to produce the following documents:

### Request for Production No. 1

All documents and things referring or relating to any communication or correspondence between Fred Eberlein and The Toro Company regarding the purported Lesco 500 Rotary Mower referenced in the Declaration of Fred Eberlein (Attached hereto as Exhibit A).

### Request for Production No. 2

All email correspondence between Fred Eberlein and The Toro Company regarding the purported Lesco 500 Rotary Mower.

### Request for Production No. 3

All documents and things regarding the purported Lesco 500 Rotary Mower.

### Request for Production No. 4

All documents and things in your possession, custody or control that refer or relate to the purported Lesco 500 Rotary referenced in the Declaration of Fred Eberlein.

### Request for Production No. 5

Drafts of the Declaration of Fred Eberlein.

### Request for Production No. 6

All correspondence, including emails, with The Toro Company regarding the purported Lesco 500 Rotary mower.

### Request for Production No. 7

All correspondence, including emails, regarding the Declaration of Fred Eberlein.

7

**Request for Production No. 8**

       All documents in your possession, custody or control referring to the Patents-In-

Suit.