IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEXTRON INNOVATIONS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C. A. No. 05-486 (GMS) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| THE TORO COMPANY, | ) |
| | ) |
| Defendant. | ) |

**TORO'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE
A THIRD AMENDED ANSWER AND COUNTERCLAIMS**

OF COUNSEL:

Earl D. Reiland
Anthony R. Zeuli
Thomas J. Leach
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 332-5300

Dated: October 23, 2006
757138 / 29362

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant The Toro Company*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.  INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 1

III. ARGUMENT ................................................................................................................... 2

    A.  Toro's Proposed Amendment Is Not Futile ........................................................ 2

        1.  Toro's Amendment Supports an Intent to Deceive ................................ 3

        2.  Toro's Amendment Supports Materiality ............................................... 4

    B.  Toro's Motion Is Timely ..................................................................................... 5

        1.  Toro's Claim of Inequitable Conduct with Respect to the
           Rodriguez Reference is Timely ............................................................. 7

        2.  Toro's Claim of Inequitable Conduct with Respect to the
           John Deere Reference is Timely ............................................................ 7

        3.  Toro's Conduct Is More Akin to Enzo Life Sciences than
           Inline Connection Corp. ......................................................................... 8

IV. CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

## CASES

*Critikon, Inc. v. Becton Dickinson Vascular Access*,
  120 F.3d 1253 (Fed. Cir. 1997) .................................................................................7

*Dayco Prod., Inc. v. Total Containment, Inc.*,
  329 F.3d 1358 (Fed. Cir. 2003) .................................................................................4

*Digital Control Inc. v. Charles Machine Works*,
  437 F.3d 1309 (Fed. Cir. 2006) .................................................................................5

*E.I. du Pont de Nemours & Co. v. Berkley & Co., Inc.*,
  620 F.2d 1247 (8th Cir. 1980) ..............................................................................4, 5

*Enzo Life Sciences, Inc. v. Digene Corp.*,
  270 F. Supp. 2d 484 (D. Del. 2003) ................................................................6, 8, 9

*Hebert v. Lisle Corp.*,
  99 F.3d 1109 (Fed. Cir. 1996) ...................................................................................7

*Inline Connection Corp. v. AOL Time Warner*,
  C.A. No. 02-272-MPT, C.A. No. 02-477-MPT,
  2006 WL 2440822 (D. Del. Aug. 23, 2006) ..........................................................8, 9

*Molins PLC v. Textron*,
  48 F.3d 1172 (Fed. Cir. 1995) ...............................................................................2, 5

*Ranke v. Sanofi-Synthelabo Inc.*,
  436 F.3d 197 (3d Cir. 2006) .......................................................................................3

*Smith v. NCAA*,
  139 F.3d 180 (3d Cir. 1998) .......................................................................................2

## STATUTES & RULES

Fed. R. Civ. P. 9 ...................................................................................................................6

Fed. R. Civ. P. 9(b) ..........................................................................................................6, 9

Fed. R. Civ. P. 12 (b)(6) .....................................................................................................2

## I. INTRODUCTION

Textron's arguments that Toro's motion for leave to file its Third Amended Answer and Counterclaims is futile and untimely are misplaced. Textron's argument that Toro's amendment is futile fails to appreciate the standard for determining futility. Textron's argument that Toro's amendment is untimely fails to appreciate that Toro is required to plead inequitable conduct with a particularity not possible prior to the deposition of David Price, the prosecution attorney ("the Price deposition"). Thus, Toro's amendment is neither futile nor untimely.

## II. BACKGROUND

In this action, Textron asserts that Toro infringes U.S. Patent Nos. 6,047,530 ("the '530 patent"), 6,336,311 ("the '311 patent"), and 6,336,312 ("the '312 patent"). On June 1, 2006, Toro moved for leave to amend its Answer and Counterclaims to add as a defense and counterclaim that the '530, '311, and '312 patents are unenforceable due to inequitable conduct before the U.S. Patent and Trademark Office ("Patent Office"). Toro pled its bases for inequitable conduct with particularity. The Court granted leave on September 11, 2006.

That same day, Toro received the transcript of the Price deposition; Toro's first deposition in this case. Toro took the Price deposition first because it suspected that two additional acts of inequitable conduct may have been committed but Toro could not make such allegations without deposing Mr. Price first. Just fifteen days later, Toro filed a motion to further amend its Answer and Counterclaims in light of the Price deposition. The Price deposition did reveal two additional independent bases of inequitable conduct before the Patent Office. First, the duty to disclose material prior art was breached by failure to disclose U.S. Patent No. 5,305,589 issued to Rodriguez et al. ("the Rodriguez

1

reference"), which Mr. Price testified he would have submitted in prosecution of the '530 patent. Second, the duty to disclose material prior art was breached by failure to disclose the 1993 Nunes Rotary Mower, John Deere 3364 Attachment brochure ("the John Deere reference"), which Mr. Price testified was intentionally submitted so that the Examiner could *not* evaluate it.

### III. ARGUMENT

#### A. Toro's Proposed Amendment Is Not Futile

Toro's amendment is not futile because Toro's proposed amendment pleads a claim upon which relief can be granted. Alleging inequitable conduct arising from a failure to disclose requires alleging that the reference is material, there was knowledge of the reference and its materiality, and the failure to disclose the prior art was coupled with an intent to deceive the Patent Office. *Molins PLC v. Textron*, 48 F.3d 1172, 1178 (Fed. Cir. 1995).

Textron argues that Toro's amendment is futile for two reasons. First, Textron argues that Toro's amendment cannot allege an intent to deceive with respect to the John Deere reference. (Textron's Br. (D.I. 110), pp. 6-12, Oct. 12, 2006). Second, the amendment cannot allege that the Rodriguez reference is material. (Textron Br., pp. 12-15). These arguments, however, misunderstand the standard for determining futility.

An amendment to add a claim of inequitable conduct is not futile if it complies with Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir. 1998). Thus, an amendment is futile "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" after "accept[ing] the allegations of the complaint as true and draw[ing] all

2

reasonable inferences in the light most favorable to the plaintiffs." *See Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 200 (3d Cir. 2006).

### 1. Toro's Amendment Supports an Intent to Deceive

Textron argues that absent a breach of the duty of disclosure, there is no intent to deceive. (Textron Br., pp. 16-17). Textron argues that Toro's amendment is futile because it alleges two facts that are inconsistent with a breach of the duty of disclosure. (*Id.*) First, the John Deere reference was made part of the public record, even if it was kept from the Examiner. (Textron Br., p. 16). Second, Textron thought the John Deere reference was cumulative. (*Id.* at 17). Neither fact is inconsistent with a breach of the duty of disclosure.

Textron's first argument misunderstands the purpose behind the duty of disclosure. Textron argues that the duty to disclose was met when the John Deere reference was filed, because the public was informed, even though the Examiner was prevented from evaluating it. (Textron Br., p. 16). The duty of disclosure, however, assures that the Patent Office "is aware of *and evaluates* the teachings of all information material to patentability," not the public. 37 CFR 1.56(a). Intentionally filing a reference to avoid evaluation by the Examiner can violate the duty of disclosure. M.P.E.P. § 2001.04 (2005)[1] ("If the noncompliance is intentional, however, the applicant will have assumed the risk that the failure to submit the information in a manner that will result in its being considered by the examiner may be held to be a violation [of the duty of disclosure].") Thus, Toro's allegation that the John Deere reference was filed so that the Examiner could not evaluate it is consistent with a breach of the duty of disclosure.

---

[1] All M.P.E.P. sections cited herein are attached at Ex. 1 hereto.

3

Textron's second argument misunderstands what makes a reference cumulative and improperly assumes facts in its own favor. Textron argues that that the John Deere reference need not have been disclosed because Textron thought it was cumulative. (Textron Br., pp. 16-17). Mr. Price admitted, however that he could not recall to what the John Deere was cumulative. (Price Dep., 210-12, Aug. 31, 2006 (Ex. 2 hereto)). Nevertheless, Textron argues the John Deere reference was cumulative to its disclosure in the two continuation applications of the application that matured in the '530 patent. (Textron Br., p. 17). A reference cited in a continuation application, however, does not affect whether that reference is cumulative with respect to the parent. *See* M.P.E.P. § 2001.06(b) (citing *Dayco Prod., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1369 (Fed. Cir. 2003)). Thus, the John Deere reference was not cumulative and whether Textron believed it was cumulative is an issue of fact, which is insufficient to render futile Toro's allegation of a breach of the duty of disclosure.

### 2. Toro's Amendment Supports Materiality

Textron argues for two reasons that Toro's amendment is futile because it cannot allege that the Rodriguez recluse is material. (Textron Br., pp. 12-15). First, the Examiner allowed the '530 patent after searching the class in which the Rodriguez reference issued. (*Id.* at 12-13). Second, the materiality of the Rodriguez reference is based on interpretations of the inventor's statements and the Rodriguez reference. (*Id.* at 14-15). Neither fact prevents Toro from alleging that the Rodriguez reference is material.

Textron's first argument misunderstands the holding of *E.I. du Pont de Nemours & Co. v. Berkley & Co., Inc.* 620 F.2d 1247 1266 (8th Cir. 1980). Textron, citing *E.I. du Pont*, argues that because the Examiner allowed the '530 patent after searching the class in which the Rodriguez reference issued, but not citing the reference, the Rodriguez

4

reference is not material. (Textron Br., p. 13). The court's holding, however, is not as broad as Textron claims because it was considering whether the "presumption of validity is limited to those references actually cited by the examiner," not whether a reference is material or should have been cited by the applicant. *E.I. du Pont*, 620 F.2d at 1266. The presumption that the Examiner searched, even if it did not cite, the Rodriguez reference does not prevent Toro from alleging that the reference is material or that it should have been disclosed. (*Id.*); *Molins PLC*, 48 F.3d at 1178 ("Nor is a reference immaterial simply because the claims are eventually deemed by an examiner to be patentable thereover.").

Textron's second argument improperly assumes facts in its own favor. Textron argues that the Rodriguez reference is not material because its language is "innocuous." (Textron Br., p. 15). Nevertheless, "the scope and content of prior art and what the prior art teaches are questions of fact." *Digital Control Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1319 (Fed. Cir. 2006). On its face the Rodriguez reference discloses the use of rotary mowers used to cut golf course rough, which directly contradicts the Background of the Invention in the '530 patent, which states that "rotary mowers have not been used to cut golf course rough." Textron's interpretation of the Rodriguez reference is a matter of fact and does not prevent Toro from alleging that the reference is material. Mr. Price testified that he would have submitted the Rodriguez patent. He could not explain why he did not do so despite the directly contradictory statements.

### B. Toro's Motion Is Timely

Toro's motion is timely because Toro could not properly plead the two additional bases of inequitable conduct any earlier. Textron argues that Toro knew of the references

5

before the deadline for amending pleadings, but did not file its motion until four months after the deadline. (Textron's Br., pp. 6-12).

Prior to the Price deposition, however, Toro could not plead with particularity, as required by the Rule 9 of Federal Rules of Civil Procedure, that theses two additional bases of inequitable conduct had occurred. *Enzo Life Scis., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 488-89 (D. Del. 2003). Textron argues that Toro had sufficient information to plead inequitable conduct from the prosecution history of the '530 patent, which was available prior to the Price deposition. (Textron Br., pp. 7-8). Generally, however, the prosecution history of a patent is insufficient to plead inequitable conduct with particularity. *See Enzo Life Scis.*, 270 F. Supp. 2d at 489 ("Although Enzo contends that the facts underlying the inequitable conduct allegations were available to Digene in the public prosecution history of the '581 Patent, the Court concludes that since the Rule 9(b) 'pleading with particularity' requirement is implicated with regard to an inequitable conduct claim, Digene was prudent and possibly required to confirm the factual allegations through discovery."). Thus, although Toro may have been able to speculate whether inequitable conduct had been committed, Toro "was prudent and possibly required to confirm the factual allegations through discovery." (*Id.*)

In particular, Toro confirmed two important facts. First, Mr. Price knew about the Rodriquez reference (not found in the file history of any of the patents-in-suit) and he "would have cited it." (Price Dep., pp. 108-10). Second, the John Deere reference was *intentionally* submitted so that it would not be evaluated by the Examiner. (*Id.* at 209-11).

6

### 1.  Toro's Claim of Inequitable Conduct with Respect to the Rodriguez Reference is Timely

Textron argues that the prosecution history of the '530 patent sufficiently discloses the facts necessary to plead inequitable conduct based on the failure to disclose the Rodriguez reference. (Textron Br., pp. 8-9). The Rodriguez patent was never mentioned in any of the file histories of the patents-in-suit, let alone in the '530 file history. Toro was not even aware of the Rodriguez reference until just before the Price deposition, so it had no reason to notice the absence. Toro discovered the Rodriguez patent when it researched other patent applications filed by Mr. Price on behalf of Textron's inventor, Mr. Bednar. That the prosecution histories did not include citation to the Rodriguez reference is insufficient, alone, to plead inequitable conduct with particularity. *See Hebert v. Lisle Corp.*, 99 F.3d 1109, 1116 (Fed. Cir. 1996) ("Intent to deceive cannot be inferred solely from the fact that information was not disclosed."). Rather, only after confirming that Mr. Price knew of the Rodriguez reference and that he "would have cited it," could Toro plead with particularity that the failure to disclose resulted from an intent to deceive. *Critikon, Inc. v. Becton Dickinson Vascular Access*, 120 F.3d 1253, 1256 (Fed. Cir. 1997) ("For example, intent may be inferred where a patent applicant knew, or should have known, that withheld information would be material to the [Patent Office's] consideration of the patent application.").

### 2.  Toro's Claim of Inequitable Conduct with Respect to the John Deere Reference is Timely

The Price deposition also confirmed that the John Deere reference was intentionally submitted so that it would not be considered by the Examiner. (Price Dep., pp. 209-11). Textron argues that the prosecution history of the '530 patent sufficiently discloses the facts necessary to plead inequitable conduct based on the improper filing of

7

the John Deere reference. (Textron Br., pp. 9-10). All the prosecution history suggests is that the John Deere reference was improperly filed, not that it was intentional noncompliance. *See* M.P.E.P. §2001.04 (2005) ("The Office does not believe that courts should, or will, find violations of the duty of disclosure because of unintentional noncompliance."). Rather, only after confirming that the John Deere reference was *intentionally* improperly filed could Toro plead with particularity that the improper filing resulted from an intent to mislead the Patent Office. 37 C.F.R. § 1.56(a) ("However, no patent will be granted on an application in connection with which . . . the duty of disclosure was violated through . . . intentional misconduct."); M.P.E.P. §2001.04 ("If the noncompliance is intentional, however, the applicant will have assumed the risk that the failure to submit the information in a manner that will result in its being considered by the examiner may be held to be a violation [of the duty of disclosure].").

### 3. Toro's Conduct Is More Akin to Enzo Life Sciences than Inline Connection Corp.

*Enzo Life Sciences* and *Inline Connection Corp.* represent the dichotomy of cases in the District of Delaware considering whether to grant leave to amend a pleading to add claims of inequitable conduct: *Enzo Life Sciences* granting leave and *Inline Connection Corp.*, denying it. *Inline Connection Corp. v. AOL Time Warner*, C.A. No. 02-272-MPT, C.A. No. 02-477-MPT, 2006 WL 2440822, *6 (D. Del. Aug. 23, 2006) (Ex. 3 hereto); *Enzo Life Scis.*, 270 F. Supp. 2d at 489. Toro's motion should be granted because its conduct is more akin to *Enzo Life Sciences* than *Inline Connection Corp.*

In *Enzo Life Sciences*, as in this case, the prosecution history of a patent was insufficient to plead inequitable conduct with particularity. 270 F. Supp. 2d at 489. Like Textron, the non-moving party in *Enzo Life Sciences* argued that the prosecution history

8

of a patent alone was sufficient. (*Id.*) While the Court did not disagree that the moving party could make factual allegation based on the prosecution history, the Court held that "since the Rule 9(b) 'pleading with particularity' requirement is implicated with regard to an inequitable conduct claim, [the moving party] was prudent and possibly required to confirm the factual allegations through discovery." (*Id.*) Likewise, Toro prudently and possibly requisitely confirmed factual allegations through the Price deposition, the first deposition it took to confirm its contentions, before alleging its added bases of inequitable conduct just fifteen days later.

      Conversely, in *Inline Connection Corp.*, unlike in this case, the moving party had sufficient information to plead inequitable conduct with particularity for *over two years* before it moved for leave to amend. 2006 WL 2440822, at *6. Moreover, the Court, in *Inline Connection Corp.*, suggested that it would have granted the motion if it had come close in time to when the party had the necessary information – even up to seven months after the deadline to amend. (*Id.*) Thus, Toro's motion should be granted as it filed its motion only four months after the deadline to amend and only fifteen days after confirming the necessary information.

IV.     **CONCLUSION**

Textron has not raised any arguments that would prevent leave to amend. Toro's amendment is not futile because it alleges a set of facts upon which relief can be granted. Toro's amendment is not untimely because the requirement to plead inequitable conduct with particularity precluded Toro from amending any earlier.

Thus, leave to amend should be freely given as justice requires. Toro should be given leave to amend its existing inequitable conduct defense and counterclaim to include the withholding of the Rodriguez reference and the improper filing of the John Deere reference.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Earl D. Reiland
Anthony R. Zeuli
Thomas J. Leach
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 332-5300

Dated: October 23, 2006
757138 / 29362

By: */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant The Toro Company*

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on October 23, 2006, the attached document was electronically mailed and hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Edmond D. Johnson
Peter B. Ladig
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
tjohnson@bayardfirm.com
pladig@bayardfirm.com
KWright@bayardfirm.com

I hereby certify that on October 23, 2006, I have Electronically Mailed and Federal Expressed the documents to the following:

| | |
|---|---|
| Christopher C. Campbell<br>Hunton & Williams LLP<br>1900 K Street, N.W.<br>Washington, DC 20006-1109<br>srobertson@hunton.com<br>ccampbell@hunton.com<br>mlouey@hunton.com<br>lmarlatt@hunton.com<br>fmckeon@hunton.com<br>dmckim@hunton.com | David Young<br>Hunton & Williams LLP<br>1751 Pinnacle Drive, Suite 1700<br>McLean, Virginia 22102<br>dyoung@hunton.com |

By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

695031