

HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VIRGINIA 22102

TEL   703 • 714 • 7400
FAX  703 • 714 • 7410

CHRISTOPHER C. CAMPBELL
Direct Dial: 703-714-7553
EMAIL:  CCAMPBELL@HUNTON.COM

FILE NO:  66866.000002

October 23, 2006

**Via E-Mail and Federal Express**

Kathleen Minahan, Esq.
Chief Administrative Officer and General Counsel
LESCO, Inc.
1301 E.9th St.
Suite 1300
Cleveland, OH 44114-1849

Re:    <u>Textron Innovations Inc. v. The Toro Company</u>
       <u>Civil Action No. 05-486 (GMS)</u>

Dear Kathleen:

As you know, my firm represents Textron Innovations Inc. in a lawsuit against The Toro
Company.  I am attaching a copy of a deposition and document subpoena of LESCO, Inc., and
we understand that you have agreed to accept service of the subpoena on behalf of LESCO, Inc.
I would appreciate it if you would so indicate your consent to accept service by signing and
returning the second page of this letter to my attention.  We have also included a copy of the
Protective Order to assure you that the documents you produce will be handled appropriately.

While the subpoena calls for the deposition to occur at Frantz Ward, we will certainly
accommodate a request to conduct the deposition in LESCO's office.

Thank you very much for your cooperation in this matter.  If you have any questions, please do
not hesitate to contact me.

Very truly yours,

Christopher C. Campbell

CCC/dpm
Enclosures

cc:    Neil Raines



Kathleen Minahan
LESCO, Inc.
October 23, 2006
Page 2

CONSENT TO ACCEPT SERVICE OF SUBPOENA

I, Kathleen Minahan, hereby agree to accept service of a subpoena served upon LESCO, Inc. in
the matter of Textron Innovations Inc. v. The Toro Company.


_____          Date:_____

Name: Kathleen Minahan
Title:  Chief Administrative Officer
        and General Counsel of LESCO, Inc.

AO 88 (Rev 11/92) Subpoena in a Civil Case

# United States District Court

| NORTHERN | DISTRICT OF | OHIO |

Textron Innovations Inc.

## SUBPOENA IN A CIVIL CASE

V.

The Toro Company

CASE NUMBER: **05-cv-486(GMS)**
United States District Court
for the District of Delaware

TO: **World Headquarters LESCO, Inc.**
**ATTN: Kathleen Minahan, Esq.**
**1301 East 9th Street**
**Suite 1300**
**Cleveland, OH 44114-1849**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to produce a witness under Rule 30(b)(6) of the Federal Rules of Civil Procedure at the place, date, and time specified below to testify in the above case. The deposition will be videotaped and recorded by stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Frantz Ward LLP<br>2500 Key Center<br>127 Public Square<br>Cleveland, OH 44114-1230 | November 7, 2006<br>9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See Attached Schedule B**

| PLACE | DATE AND TIME |
|---|---|
| Frantz Ward<br>c/o Neil Raines<br>2500 Key Center<br>127 Public Square<br>Cleveland, OH 44114-1230 | November 1, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ATTORNEY FOR PLAINTIFF | October 23, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher C. Campbell (VA #36244), Hunton & Williams LLP, 1751 Pinnacle Drive, McLean, VA 22102

(See Rule 45, Federal Rules of Civil Procedure. Parts C & D on Reverse)

AO 88 (Rev. 11/92) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |

SERVED

---

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

---

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is

employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## INSTRUCTIONS

1.      Pursuant to Federal Rule of Civil Procedure 45 and as directed by the subpoena attached hereto, which has been issued by the United States District Court for the Northern District of Ohio, you are requested to produce all documents and things within the scope of the following definitions and descriptions that are within your possession, custody, or control. Due to the potential that documents that fall within the scope of the things and documents requested, a copy of the Stipulated Protective Order filed with the Court in this case (and soon to be entered by the Court) is attached. Lesco may avail itself of the protection of the Stipulated Protective Order if desired.

2.      In addition, pursuant to Rule 30(b)(6), Lesco shall designate one or more officers, directors, managing agents, or other representatives to testify on its behalf as to the matters set forth in Schedule A attached hereto.

3.      The documents or things requested shall be produced as they are kept in the ordinary course of business, or they shall be organized and labeled to correspond with the document requests to which they are responsive. If there are no documents or things responsive to any particular document request, you are requested to indicate so in writing.

4.      Should you come into possession, custody, or control of responsive documents or things after the initial production, you should supplement the production by promptly producing such documents or things.

5       With respect to documents and things withheld under a claim of privilege, you are required under Rule 45 to describe the nature of the documents and things withheld in a manner sufficient to enable the demanding party to contest the claims, as set forth herein. In so doing, you should provide a list identifying the specific grounds upon

1

which the information, documents or things are withheld, as well as the identification of
the withheld document or thing as follows:

     (i)     its date;

     (ii)    the identity of all persons who prepared, signed, and/or were involved
with the document or thing;

     (iii)   the general nature of the document or thing (for example, memorandum,
letter, etc.);

     (iv)   the identities, affiliations, job titles, and addresses of all persons to whom
the document, thing, or copies thereof were circulated or its contents communicated; and

     (v)    the specific grounds for withholding the document or thing, including the
nature of the privilege or other basis for withholding the document or thing, and the facts
supporting those grounds.

     6.     To the extent any purportedly privileged document contains non-
privileged subject matter, the non-privileged portion must be produced with the
purportedly privileged material excised.

     7.     In addition, to the extent any of the documents or things requested have
been lost, discarded, destroyed, or are otherwise not available for production, they shall
be identified as specifically as possible by stating:

     (i)     what requested information they contained;

     (ii)    the date of disposal;

     (iii)   the manner of disposal;

     (iv)   the reason for disposal;

     (v)    the identification of all persons involved in the disposal; and

(vi)    the identification of any person or entity that may have a partial or complete copy of the document.

## DEFINITIONS

As used herein, the following terms have the following meanings:

1.    "Person" means any natural person, group of natural persons, a partnership of any kind, a corporation, or any business, legal or governmental entity or association including the parties, and the "acts" of a person shall include the acts of directors, officers, employees, agents, representatives, consultants, and attorneys acting on the person's behalf.

2.    "Textron" refers to Plaintiff Textron Innovations Inc., and includes Textro's parents, subsidiaries, affiliates, successors and assigns, and all of their officers, directors, principal owners, partners or shareholders, employees, contractors, agents, attorneys and representatives.  The group of persons falling under this definition and to which the discovery requests, including the following interrogatories, shall apply include those persons falling under this definition in the past, present and during and throughout this lawsuit going into the future.

3.    "Toro" means the Defendant The Toro Company, and includes Toro's parents, subsidiaries, affiliates, successors and assigns, and all of their officers, directors, principal owners, partners or shareholders, employees, agents, attorneys and representatives.

4.    The word "document" is used herein in its broadest sense to mean every document or other record of any kind to the broadest extent permitted under the Federal Rules of Civil Procedure, including, without limitation, any written, printed, typed, recorded, filmed or graphic matter, however produced or reproduced, and any written or

3

original, master, duplicate, paper copy or electronic copy. "Documents" shall further include all aural, visual records or representations (including, without limitation, photographs, negatives and prints), microfiche, microfilm, film, videotape, sound recordings, and motion pictures and computer, electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, programs, etc.). "Documents" shall include, without limitation, any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report or other similar matter, and also shall include, without limitation, all correspondence, papers, e-mail, cablegrams, mailgrams, telegrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, plats, charts, plans, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of appraisers or consultants, projections, corporate records, minutes of board of directors or committee meetings, desk calendars, appointment books, diaries, diary entries and notes, newspapers, magazines, or periodical articles, and other record of any kind.

     5.    The word "thing" is used herein in its broadest sense to mean each item, sample, specimen, concrete or tangible object.

     6.    "Communication" means any discussion or any written or electronic correspondence, of any kind.

     7.    "Disclosure" means an act or instance of communicating information, including written, oral or electronic communication. "Disclosures" include, without limitation, all oral, written or electronic communications, whether or not in person, by telephone, computer, Internet or otherwise, between two or more individuals.

8.     "Employee" means any director, trustee, officer, manager, supervisor, employee, or servant of the designated entity, whether active or retired, full-time or part-time, current or former, and compensated or not.

9.     "Entity" means any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit

10.     "Individual" means a human being unless Defendant cannot identify such individual by name. In such case, "individual" shall mean the entity with which such individual was or is employed, engaged or associated. "Individual" includes, without limitation, employees and representatives.

11.     "Relate," "related," or "relating" means constituting, comprising, evidencing, reflecting, respecting, discussing, referring, pertaining, stating, describing, recording, noting, considering, embodying, evaluating, analyzing, mentioning, containing, or studying, or any other term synonymous with or similar to the foregoing.

12.     The terms "identify" and "identification" when used in reference to an individual person mean to state, in whole or in part, to the fullest extent of the knowledge of the respondent, that individual's full name, residence and business telephone numbers, and present residence and business addresses, if known, and the present or last known title, position and business affiliation. To the extent such specific information is not known, but other contact information, such as e-mail or post office address, is known, such information shall be provided.

13.     The terms "identify" and "identification" when used in reference to a document mean to state its date, type (*e.g.*, memo, telecopy), and its author(s), addressee(s), persons or entities who received a copy, title, if any, and, if no title, a brief description of the subject matter of the document and its present or last known location

5

and custodian. If any document once was, but is no longer, in your possession, custody, or control, state what disposition was made of it and the reason for such disposition.

14.    The terms "identify" and "identification" when used in reference to any act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement, or communication, mean to: (a) describe the nature and substance of the act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement or communication; (b) state the date when and place where it occurred; (c) identify each person who was a participant therein; (d) identify each other person who was a witness thereto; and (e) state the amount of money, if any, paid to or from Toro in connection with the act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement or communication.

15.    "Representative" means any consultant, expert, attorney, contractor, agent or other individual or entity engaged by the designated entity to perform some task or assignment for the entity.

16.    The singular includes the plural number and vice versa, any use of gender includes both genders, and a verb tense includes all other verb tenses where the clear meaning is not distorted by addition of another tense or tenses.

17.    "All" shall be construed to mean all or any, and "any" shall be construed to mean all or any.

18.    The "'530 Patent" means United States Patent Number 6,047,530.

19.    The "'311 Patent" means United States Patent Number 6,336,311.

20.    The "'312 Patent" means United States Patent Number 6,336,312.

6

21.    "The Patents-in-Suit" mean, individually or collectively, the '530 Patent, the '311 Patent and the '312 Patent.

22.    "Complaint" means the Complaint filed by Textron against Toro in this action in the U.S. District Court for the District of Delaware. A copy of the Complaint, including the Patents In Suit, is attached as part of this subpoena.

## SCHEDULE A - Deposition Topics

You are hereby requested to produce a witness to testify on behalf of Lesco regarding the following topics:

1.     The accuracy of any assertions made in the Declaration of Fred Eberlein (the "Eberlein Declaration"), attached hereto as Exhibit A.

2.     The design of Lesco's "500 Rotary" mower referenced in the Eberlein Declaration, including the design of the cutting decks and the component parts of the cutting decks.

3.     Any communications with The Toro Company, including its counsel, with respect to this litigation, the validity of the patents asserted as infringed in this litigation, Fred Eberlein, and/or the Lesco 500 Rotary mower.

8

## SCHEDULE B - Documents

You are hereby requested to produce the following documents:

### Request for Production No. 1

The employment file for Fred Eberlein.

### Request for Production No. 2

All documents and things referring or relating to the purported display of the "500 Rotary" at the 1988 GCSAA show referenced in paragraphs 8-9 of the Eberlein Declaration (Exhibit A hereto).

### Request for Production No. 3

All documents and things referring or relating to the purported showing of the "500 Rotary" at the Florida Turf Grass Association annual show referenced in paragraph 10 of the Eberlein Declaration.

### Request for Production No. 4

All documents and things referring or relating to the design of the "500 Rotary".

### Request for Production No. 5

All documents and things referring or relating to any offers for sale, sales and public displays of the "500 Rotary."

### Request for Production No. 6

All documents and things referring or relating to any communications with The Toro Company, including its counsel, with respect to the captioned litigation, the validity of the Patents-In-Suit, Fred Eberlein, and/or the "500 Rotary" mower.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TEXTRON INNOVATIONS INC ,      )
                                )
            Plaintiff,          )
                                )      C.A. No. 05-486 (GMS)
      v.                        )
                                )
THE TORO COMPANY,               )
                                )
            Defendant           )
_____ )

## STIPULATED PROTECTIVE ORDER

The discovery procedures in this case may require disclosure of information, either documentary or testimonial or both, regarded by the producing party as confidential information incorporating proprietary data, know-how, trade secrets, or other valuable commercial information. Accordingly, the parties, by and through their respective attorneys, stipulate and agree to the following terms and conditions, which shall apply to this civil action:

1    Any document or testimonial information provided by either party, which that party in good faith contends contains information proprietary to it or to a third party and entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, may be designated as confidential and, except as permitted by further Order of a Court of competent jurisdiction, or by subsequent written agreement of the producing party, such designated documents or testimonial information shall be received by counsel of record for the receiving party upon the terms and conditions of this Stipulated Protective Order ("this Protective Order").

2    Documents or tangible items shall be designated confidential within the meaning of this Protective Order in the following ways:

(a)     In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(b)     In the case of interrogatory answers, responses to requests for admission, or other written discovery responses, and the information contained therein, designation shall be made by placing on the pages containing the confidential information the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(c)     In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(d)     In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection   For the purposes of the inspection, all documents made available for inspection shall be considered as marked "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

3     With respect to all documents, information, or tangible items produced or furnished by a party during this litigation, which are designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by the producing party, such information

shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, by the receiving party to any person not authorized to receive the information under the terms of this Protective Order

4    If, in the course of this proceeding, depositions are conducted that involve confidential information, counsel for the witness or party producing such information may state, on the record, the portion of the deposition which counsel believes may contain confidential information  If such designation is made, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such confidential information in accordance with this Protective Order, the reporter, and (if used) videographer  Subject to the terms hereof, "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information may be disclosed by a receiving party in a deposition, to the extent that its use is necessary, only at the deposition(s) of:

    (a)    the present officers, employees, contractors or present and former directors, of the producing party;

    (b)    an author, addressee, or other person indicated as a recipient of a document containing the information;

    (c)    an independent advisor, consultant or expert otherwise qualified under this Protective Order to receive such information; or

    (d)    any person for whom prior authorization is obtained from the producing party or the Court

Each party shall have until twenty (20) calendar days after receipt of the final deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as "CONFIDENTIAL" or

3

"CONFIDENTIAL - ATTORNEYS' EYES ONLY " The right to make such designation shall be waived unless a party states on the record during the deposition that the deposition contains confidential information, or unless such designations are made within the twenty (20) calendar day period  Prior to such designation, or expiration of the twenty (20) calendar day period, the entire deposition transcript, including the rough draft, shall be deemed to be designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information  Transcripts of testimony, or portions thereof, designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be filed only under seal as described in paragraph 5, until further order of the Court.

5.    Any document, pleading, or tangible item which contains confidential information, if filed or submitted to the Court, shall be filed in a sealed envelope marked "CONFIDENTIAL - NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT "

6    Any confidential document or testimonial information produced by any party that contains information proprietary to the producing party or another and is particularly sensitive competitive information including but not limited to sales and finance, products in development not currently marketed. and future marketing plans may be designated in writing as "CONFIDENTIAL - ATTORNEYS' EYES ONLY." The parties agree to designate information as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on a good-faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit

7    Before disclosure of any information designated as confidential under this Protective Order is made to any in-house counsel of the non-producing party pursuant to this Protective Order, or to any consultant or expert retained by the non-producing party pursuant to this Protective Order, or to any witness or prospective witness, counsel for the party disclosing the information shall obtain a written affidavit, in the form attached hereto as Appendix A, from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order and that such person is aware that contempt sanctions may be entered for violation of this Protective Order  The affidavits shall be provided to opposing counsel ten (10) calendar days in advance of the first disclosure of any such information to such person  If no written objection is made by the disclosing party to such person receiving such information within such ten (10) calendar day period, then "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information may be disclosed to such person  If objection is made, then any party seeking to make the disclosure may bring before the Court the question of whether the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information may be disclosed to such person  The burden of establishing that information has been properly designated as confidential is on the party making such designation  All signed affidavits shall be maintained through the conclusion of this action.

8    Except as permitted by further order of this Court or by subsequent written agreement of the producing party, disclosure of "CONFIDENTIAL - ATTORNEYS' EYES

ONLY" documents or information, including summaries thereof shall be limited to the following:

    (a)    the law firms of MERCHANT & GOULD, P C ; POTTER ANDERSON & CORROON LLP, THE BAYARD FIRM, HUNTON & WILLIAMS LLP and/or any other law firm acting as counsel of record for the parties, and one in-house counsel of each of the parties. The in-house counsel for Toro who may have access to "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information is Larry Buckley. The in-house counsel for Textron Innovations Inc who may have access to "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information is Julie Duffy. "However, distribution of any material identified as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by a producing party, shall be limited to the foregoing outside or in-house counsel who will not be involved in reviewing or drafting claims or arguments on behalf of the receiving party in any patent prosecution before the United States Patent and Trademark Office or foreign patent office involving: 1) any drive systems for riding vehicles, including sand trap rakes, or gang-type mowers; or 2) any gang-type rotary mowers; for a period of time beginning with the date of entry of this protective order and continuing for a period of one year after the conclusion of this litigation. The parties represent that the in-house counsel identified in this sub-paragraph and any outside counsel with access to the producing party's "confidential - attorney's eyes only" materials are not and will not be involved in reviewing or drafting claims

or arguments on behalf of the parties in any patent prosecution before the United States Patent and Trademark Office or foreign patent office involving the subject matter set forth above

(b)   consultants, translators or experts, subject to the requirements of Paragraph 7;

(c)   persons who authored, received, or had access to the documents or information;

(d)   qualified court reporters and videographers taking testimony and their necessary stenographic and clerical personnel;

(e)   mock jurors (who may have no relationship to any party or any competitor of either party) who have signed a document agreeing to be bound by the terms of this Protective Order in the form attached as Exhibit A (such signed documents of the mock jurors to be maintained by counsel for the designating party);

(f)   support vendors retained by outside attorneys for such functions as copying and document management or graphics and audio and/or video production who have signed a document agreeing to be bound by the terms of this Protective Order in the form attached as Exhibit A (such signed document to be maintained by counsel of the party designating such person);

(g)   the Court and its personnel

9.    Disclosure of information designated as "CONFIDENTIAL," including summaries thereof, shall be limited to (a) the person(s) and entities identified in paragraphs 8 and 9; and (b) Tony Ferguson on behalf of Toro and Jim Berkeley on behalf of Textron.

10.    "CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents shall be stored and maintained at the offices of outside counsel of record only, and in no event will they be stored and maintained at the offices or other facilities of either party.

Copies of documents under this Protective Order may be made or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation, as long as reasonable steps are taken to protect the confidentiality of such documents.

11.    If it becomes necessary for counsel for a party receiving "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to seek the assistance of any other person, other than those referred to in paragraphs 8 and 9 such as any employee of the receiving party, and to disclose "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to such person in order to properly prepare this litigation for trial, the following procedures shall be employed:

(a)    Counsel for the receiving party shall notify, in writing, counsel for the party producing the "CONFIDENTIAL -ATTORNEYS' EYES ONLY" information of their desire to disclose such CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information and shall identify the person(s) to whom they intend to make disclosure.

(b)    If no objection to such disclosure is made by counsel for the producing party within ten (10) calendar days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall

8

serve upon opposing counsel, prior to disclosure, an affidavit in the form attached hereto as Appendix A, whereby such person agrees to comply with and be bound by this Protective Order.

(c)     If the producing party objects to such disclosure in writing within such ten (10) calendar day period, no disclosure shall be made. Any party may bring before the court the question of whether the particular "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information can be disclosed to the designated person(s)

12.    If, through inadvertence, a producing party provides or produces any information pursuant to this litigation without marking the information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" information, or improperly marks a type of confidential information as another type of confidential information, the producing party may subsequently inform the receiving party of the improper marking, the nature of the disclosed information improperly marked, and the manner in which the improperly marked information should have been marked, and the receiving party shall treat the disclosed information as if it had been properly marked upon receipt of written notice from the producing party, to the extent the receiving party has not already disclosed this information, and shall collect from any persons no longer entitled to access such information any copies of documents containing such information, determine to whom the information has been disclosed, and inform such persons that the information should no longer be used by them and report these activities to the producing party within ten (10) calendar days of receiving notice from the producing party of the confidential nature of the information.

13.  The restrictions set forth in this Protective Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents which would be in violation of this order.  If such public information is designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," the receiving party must inform the producing party of the pertinent circumstances before the restrictions of this Protective Order will be inapplicable.

14.  No person or party shall directly or indirectly utilize or disclose any information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY", except for the purpose of preparation for and trial of this action and the action styled as The Toro Company v. Textron, Inc., et al., Civil Action No. 05-cv-1835 (MJD/SRN), pending in the United States District Court for the District of Minnesota, and in accordance with any further order issued by the Court.

15.  Acceptance by a party of any information, document, or thing designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not constitute a concession that the information, document or thing is confidential.  Either party may contest a claim of confidentiality.  If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," then the parties shall first try to resolve such disputes on an informal basis.  If agreement cannot be reached between counsel, then such dispute may be presented to the Court by either party by motion or otherwise.  In the resolution of such matter,

the burden of establishing confidentiality shall be on the party who made the claim of confidentiality.

16.    This Protective Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

17    This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court

18    Within one hundred twenty (120) days after conclusion of this action, including the exhaustion of any appeals, all documents including "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information furnished pursuant to this Protective Order. and all copies thereof, shall be returned to the producing attorneys of record, or, at the producing party's option, destroyed by counsel for the receiving party, except for a master copy of such documents as may be included in documents filed with the court and except for attorney memos or notes that may include such information    If documents are destroyed in accordance with this paragraph, the receiving party shall give written notification to the producing party as to when and how destruction was accomplished.  The provisions of this Protective Order, insofar as it restricts the disclosure, communication of, and use of, "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information produced hereunder, shall continue to be binding after the conclusion of this action

19    If discovery is sought of a person not a party to this action ("third party") requiring disclosure of such third party's "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, including information of such third party, the "CONFIDENTIAL"

or "CONFIDENTIAL -ATTORNEYS' EYES ONLY" information disclosed by such third party will be accorded the same protection as the parties' "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, and will be subject to the same procedures as those governing disclosure of the parties' "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information pursuant to this Stipulated Protective Order

20. When a party wishes to designate as confidential materials produced by someone other than the designating party, such designation shall be made within twenty-five (25) days from the date that the designating party receives copies of such materials from the producing or disclosing entity. The designating party shall provide notice to all parties to this action and to the producing party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material) Such notice shall be sent by facsimile and regular mail Upon notice of designation pursuant to this provision, all persons receiving notice of the requested designation shall: a) make no further disclosure of such designated materials or information contained therein. except as allowed in this Protective Order; b) take reasonable steps to notify any persons known to have possession of or access to such designated materials of the effect of such designation under this Protective Order; and c) take reasonable steps to reclaim or prevent access to such designated materials or information in the possession or control of any person not permitted to have access under the terms of this Protective Order.

21 Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of materials designated under this Protective Order In rendering such advice and

otherwise communicating with the client, however, counsel shall not disclose the contents, substance or source of any designated materials, except as permitted by this Protective Order.

22    Neither the provisions of this Protective Order, nor the filing of any designated materials, under seal, shall prevent the use in court, at any hearing, or at trial of this action of any designated material that is subject to this Protective Order or filed under seal pursuant to its provisions    Prior to the pretrial conference, the parties shall meet and confer concerning appropriate methods for dealing with designated material at trial

23.    Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action

24.    In the event that one of the law firms that is counsel of record or counsel for a Designating Party in this action (or a responsible attorney for a non-party) learns or discovers that a document subject to immunity from discovery on the basis of attorney-client privilege, work product or other valid basis has been produced inadvertently, counsel shall notify the Receiving Party or Parties within ten business days after so learning or discovering that such inadvertent production has been made.  The inadvertently disclosed documents and all copies shall be returned to the producing party and the Receiving Party shall not seek an order compelling production of the inadvertently disclosed documents on the ground that the producing party has waived or is estopped from asserting the applicable privilege or immunity on the basis that the document has been voluntarily produced  Such inadvertent disclosure shall not result in the waiver of any associated privilege, provided that the producing party has given timely notice as provided in this paragraph  Counsel shall cooperate to restore the confidentiality of any such inadvertently produced information

The foregoing is hereby stipulated by and between counsel.

STIPULATED AND AGREED TO:

Dated: February 23 2006

/s/ Edmond D. Johnson (EJ2257)
Edmond D. Johnson (#2257)
Peter B. Ladig (# 3513)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Scott L. Robertson
Christopher C. Campbell
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
(202) 955-1500

**ATTORNEYS FOR PLAINTIFF
TEXTRON INNOVATIONS INC.**

Dated: February 23, 2006

/s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000

Earl D. Reiland, (MN Reg. #90426)
Thomas R. Johnson (MN Reg. #242032)
Thomas J. Leach, Esq (#311844)
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 332-5300

**ATTORNEYS FOR DEFENDANT
THE TORO COMPANY**

**SIGNED AND ENTERED** this _____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE

618292v1

14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE TORO COMPANY, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Textron Innovations Inc. ("Textron" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendant The Toro Company ("Toro" or "Defendant") as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.* to enjoin and obtain damages resulting from Defendant's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products that infringe one or more claims of United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312 (attached hereto as Exhibits A, B and C, respectively). Plaintiff seeks injunctive relief to prevent Defendant from continuing to infringe Plaintiff's patents. In addition, Plaintiff seeks a recovery of monetary damages resulting from Defendant's past infringement of these patents.

2.      This action for patent infringement involves Defendant's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing lawn mower products.

## THE PARTIES

3.      Plaintiff Textron Innovations Inc. is a corporation organized and existing under the laws of the State of Delaware and has its principal office at 40 Westminster Street, Providence, RI 02903.

4.      On information and belief, Defendant The Toro Company is a corporation organized and existing under the laws of the State of Delaware having its principal office at 8111 Lyndale Avenue South, Bloomington, MN 55420.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement that arises under the patent laws of the United States, Title 35 U.S.C. §1 et seq. and seeks damages and injunctive relief as provided in 35 U.S.C. §§281 and 283-285. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

6.      Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c) and 1400(b). Defendant has in the past purposefully availed itself of the jurisdiction of this Court.

7.      This Court has personal jurisdiction over Defendant because Defendant has done and is doing substantial business in this judicial District, both generally and with respect to the allegations in this Complaint, and Defendant has committed one or more acts of infringement in this District.

593689v1

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,047,530

8.    Plaintiff incorporates paragraphs 1 through 7 as if fully set forth herein.

9.    On April 11, 2000, United States Patent No. 6,047,530 (the "'530 Patent'"), entitled "Gang-Type Rotary Lawn Mower" (Exhibit A), duly and legally issued. Plaintiff owns all rights, title, and interest in and to the '530 Patent and has the right to sue for past infringement.

10.    Defendant has manufactured, used, imported, offered for sale, or sold lawn mowers that infringe, either literally or under the doctrine of equivalents, at least one claim of the '530 Patent, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. §271. Plaintiff has complied with the requirements of 35 U.S.C. §287. Defendant's infringement will continue unless enjoined by this Court.

11.    Defendant's infringement has damaged and continues to damage and injure Plaintiff. The injury to Plaintiff is irreparable and will continue unless and until Defendant is enjoined from further infringement.

12.    Defendant is engaging in willful and deliberate infringement of the '530 Patent which justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. §285.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,336,311

13.    Plaintiff incorporates paragraphs 1 through 12 as if fully set forth herein.

593689v1

-3-

14.    On January 8, 2002, United States Patent No. 6,336,311 (the "'311 Patent'"), entitled "Gang-Type Rotary Lawn Mower With Rear Roller" (Exhibit B), duly and legally issued. Plaintiff owns all rights, title, and interest in and to the '311 Patent and has the right to sue for past infringement.

15.    Defendant has manufactured, used, imported, offered for sale, or sold lawn mowers that infringe, either literally or under the doctrine of equivalents, at least one claim of the '311 Patent, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. §271. Plaintiff has complied with the requirements of 35 U.S.C. §287. Defendant's infringement will continue unless enjoined by this Court.

16.    Defendant's infringement has damaged and continues to damage and injure Plaintiff. The injury to Plaintiff is irreparable and will continue unless and until Defendant is enjoined from further infringement.

17.    Defendant is engaging in willful and deliberate infringement of the '311 Patent which justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. §285.

## COUNT III
### INFRINGEMENT OF U.S. PATENT NO. 6,336,312

18.    Plaintiff incorporates paragraphs 1 through 17 as if fully set forth herein.

19.    On January 8, 2002, United States Patent No. 6,336,312 (the "'312 Patent'"), entitled "Gang-Type Rotary Lawn Mower With Multiple Rear Rollers" (Exhibit C), duly and legally issued. Plaintiff owns all rights, title, and interest in and to the '312 Patent and has the right to sue for past infringement.

593689v1

20.    Defendant has manufactured, used, imported, offered for sale, or sold lawn mowers that infringe, either literally or under the doctrine of equivalents, at least one claim of the '312 Patent, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. §271. Plaintiff has complied with the requirements of 35 U.S.C. §287. Defendant's infringement will continue unless enjoined by this Court.

21.    Defendant's infringement has damaged and continues to damage and injure Plaintiff. The injury to Plaintiff is irreparable and will continue unless and until Defendant is enjoined from further infringement.

22.    Defendant is engaging in willful and deliberate infringement of the '312 Patent which justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. §285.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

A.    That the Court adjudge and decree that the United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312 are valid and enforceable against Defendant;

B.    That the Court adjudge and decree that United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312 are infringed by Defendant;

C.    That the Court adjudge and decree that Defendant's infringement of United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312 is willful;

D.    That the Court preliminarily and permanently enjoin Defendant, and its parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in

593689v1