## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TEXTRON INNOVATIONS INC.,     )
     )
     Plaintiff,     )
     )   C. A. No. 05-486 (GMS)
     v.     )
     )   **JURY TRIAL DEMANDED**
THE TORO COMPANY,     )
     )
     Defendant.     )

### NOTICE OF SERVICE OF SUBPOENA
### AD TESTIFICANDUM AND DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure Defendant The Toro Company has served or will serve the attached subpoena

on Randal S. Knurr c/o Christopher C. Campbell, Hunton & Williams LLP, 1751

Pinnacle Drive, Suite 1700, McLean, VA 22102.

                          POTTER ANDERSON & CORROON LLP

OF COUNSEL:

|  |  |
|---|---|
| Earl D. Reiland | By:   */s/ David E. Moore* |
| Anthony R. Zeuli |       Richard L. Horwitz |
| Thomas J. Leach |       David E. Moore |
| MERCHANT & GOULD P.C. |       Hercules Plaza, 6th Floor |
| 3200 IDS Center |       1313 N. Market Street |
| 80 South 8th Street |       Wilmington, Delaware 19899-0951 |
| Minneapolis, MN 55402 |       (302) 984-6000 |
| (612) 332-5300 |       rhorwitz@potteranderson.com |
|  |       dmoore@potteranderson.com |

Dated: November 9, 2006
761268

                          *Attorneys for Defendant The Toro Company*

AO 88 (Rev 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF WISCONSIN

TEXTRON INNOVATIONS INC.,
Plaintiff,

**SUBPOENA IN A CIVIL CASE**

v.

THE TORO COMPANY,
Defendant

CASE NUMBER : 05-486 (GMS)
(Venued in the District of Delaware)

TO:    Randal S. Knurr

C/O Christopher C. Campbell
Hunton & Williams LLP
1751 Pinnacle Drive, Suite 1700
McLean, VA 22102

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.    **See attached Notice of Videotaped Deposition**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Whyte Hirschboeck Dudek<br>555 East Wells Street<br>Suite 1900<br>Milwaukee, WI 53202 | Wednesday, November 15, 2006<br>9:00 A.M. |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Whyte Hirschboeck Dudek<br>555 East Wells Street<br>Suite 1900<br>Milwaukee, WI 53202 | Tuesday, November 14, 2006<br>10:00 A.M. |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant The Toro Co.  *Anthony R. Zeuli* | November 9, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anthony R. Zeuli, Esq.
MERCHANT & GOULD P C
3200 IDS Center, 80 South Eighth Street
Minneapolis, MN  55402        Phone: 612-332-5300

(See Rule 45. Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45. Federal Rules of Civil Procedure. Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction. which may include. but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things. or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition. hearing or trial.

(B) Subject to paragraph (d)(2) of this rule. a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides. is employed or regularly transacts business in person, except that. subject to the provisions of clause (c)(3)(B)(iii) of this rule. such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research. development. or commercial information. or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party. or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial. the court may. to protect a person subject to or affected by the subpoena. quash or modify the subpoena or. if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications. or things not produced that is sufficient to enable the demanding party to contest the claim

# SCHEDULE A

## DEFINITIONS

The following definitions are to be applied with regard to the subpoena:

Accused Products. The phrase "Accused Products" means any Toro product that Plaintiff alleges infringes any claim of the Patents-at-Issue.

Communication. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

Concerning: The term "concerning" means relating to, referring to, pertaining to, describing, evidencing, or constituting.

Defendant  The term "Defendant" as used here, refers to The Toro Company.

Document. The term "document" is defined to be synonymous in meaning and equal in scope with the broadest usage of such term in Federal Rule of Civil Procedure 34. Such term includes, without limitation, any writing and each original, master and every copy of the following items, however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, telegrams, cables, telexes, facsimile documents, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports or records, notebooks, charts, plans, sketches, drawings, information-bearing photographic products of any nature whatsoever, phonograph records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, patent appraisals, opinions of counsel, records, reports or summaries of

negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, price lists, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, notes of any nature whatsoever, marginal notes appearing on any documents, computer printouts, computer disks, computer memory files, and other data compilations from which information can be obtained or translated. Where a copy contains any marking not appearing on the original or is altered from the original, then such items shall be considered to be a separate original document.

Gang-Type Rotary Lawn Mower. The phrase "Gang-Type Rotary Lawn Mower" means gang-type lawn mowers having multiple rotary cutting units.

Patents-at-Issue. The phrase "Patents-at-Issue" means U.S. Patent No. 6,047,530; U.S. Patent No. 6,336,311; and U.S. Patent No. 6,336,312.

Plaintiff. The term "Plaintiff," or a pronoun referring to Plaintiff, means the Plaintiff Textron Innovations, Inc., Textron, Inc., including but not limited to Jacobsen, A Textron Company, Ransomes Inc., Cushman, Inc, and their officers, directors, employees, partners, past or present corporate parents, subsidiaries, affiliates, divisions, predecessors, and agents of any of the forgoing. The terms "director, " "officer," "employees," or "agent" means any individual serving as such and any individuals serving at any relevant time in such capacity, even though no longer serving in such capacity.

Covered Products. The phrase "Covered Products" means any product made by Plaintiff (including Textron, Inc , Ransomes, Inc., Ransomes America Corp., Jacobsen and their affiliates) and alleged to be covered under the Patents-at-Issue or products a licensed under the Patents-at-Issue, including, but not limited to, the AR 250, AR 2500, AR 5 and AR 3.

Roller. The term "roller" is defined to be a device that resists scalping and stripes the grass. For example, part number 58 in U.S. Pat. No. 6,047,530.

## DOCUMENTS AND THINGS REQUESTED

1.      All documents and things concerning the design, development, testing, reduction to practice of any prototype or embodiment, manufacture and/or production of the Covered Products including, but not limited to, invention records, notes, research notebooks, drawings, reports, sketches, interview reports or summaries, component part information, test reports or summaries, data compiled during such tests and any results or conclusions, designs, flowcharts, simulations, photographs, videotapes, meeting minutes, e-mails, Gant charts, diaries, time sheets, schedules and correspondence.

2.      All documents and things concerning the Covered Products, including but not limited to the following:

- Product Definitions documents
- Short Form product definition document
- Project Review documents
- Engineering change orders
- Engineering drawing sets
- Repair information documents
- Documents concerning product returns
- Warranty claim documents
- Marketing brochures
- Operations and Safety Manuals
- Setup, Parts & Maintenance documents
- Product Review documents

3.      All documents and things concerning your contributions to the Covered Products and the Patents-at-Issue.

4.      All documents concerning the Patents-at-Issue and/or the Covered Products.

3

5.    All documents and things concerning activities relating to the sale, offer for sale, disclosure, display, demonstration, marketing, or any public promotion or display of any prototype or embodiment of the Covered Products.

6.    All Product Planning Committee Meeting (PPC) Minutes and Agendas from 1988 through 2002.

7.    All documents and things concerning articles, papers, talks or presentation relating to Gang-Type Rotary Lawn Mowers or rotary cutting units having rollers.

8.    All documents concerning Gang-Type Rotary Lawn Mowers or rotary cutting units having rollers produced before February 3, 1997.

9.    All documents and things concerning any knowledge of, viewing of, inspection or testing of any non-party Gang-Type Rotary Lawn Mowers or rotary cutting units having a roller, including but not limited to the Lesco 500 Rotary or the Risboro Turf RTS Rotary Cutters used on the Beaver T24.

10.    All documents concerning any tradeshows from 1988 through 2002, including documents showing the tradeshows you attended.

11.    All product literature, marketing literature, advertising, promotional documents, business plans, sales literature, product catalogs, data books, data sheets, product selection guides, instructional marketing videos or computer disks, selling points and brochures regarding the Covered Products.

12.    Copies of your business calendar(s) from 1988 to 2000.

13.    Copies of all articles or papers published or unpublished concerning the Covered Products.

14.    Documents sufficient to identify the trade journals you had access to and when, including subscription documentation.

15.    Documents concerning the Toro Company.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No. 05-486 (GMS) |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| THE TORO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF VIDEOTAPED DEPOSITION OF RANDAL KNURR

To:     Textron Innovations Inc. and its attorneys:

> Scott L. Robertson
> Hunton & Williams LLP
> 1751 Pinnacle Drive, Suite 1700
> McLean, VA 22102

> Edmond D. Johnson
> The Bayard Firm
> 222 Delaware Ave.
> Suite 900
> Wilmington, DE 19801

PLEASE TAKE NOTICE that Defendant, The Toro Company, will take the deposition

by oral examination of Randal Knurr commencing on **Wednesday, November 15, 2006**,

beginning at **9:00 a.m.** at the offices of Whyte Hirschboeck Dudek, 555 East Wells Street, Suite

1900, Milwaukee, WI  53202, or at some other place mutually agreed upon by counsel.

Said deposition will be taken by stenographic and videographic means before a notary

public and will continue from day to day as necessary until completed.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Earl D. Reiland
Anthony R. Zeuli
Thomas J. Leach
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Tel:  (612) 332-5300

By:    /s/ David E. Moore
      Richard L. Horwitz
      David E. Moore
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, Delaware  19801
      Tel:  (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

Dated:  November 9, 2006
761263/29362

*Attorneys for Defendant The Toro Company*

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### <u>CERTIFICATE OF SERVICE</u>

I, David E. Moore, hereby certify that on November 9, 2006, the attached

document was electronically mailed and hand delivered to the following persons and was

electronically filed with the Clerk of the Court using CM/ECF which will send

notification to the registered attorney(s) of record that the document has been filed and is

available for viewing and downloading:

Edmond D. Johnson
Peter B. Ladig
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
tjohnson@bayardfirm.com
pladig@bayardfirm.com
KWright@bayardfirm.com

I hereby certify that on November 9, 2006, I have Electronically Mailed and

Federal Expressed the documents to the following:

Christopher C. Campbell          David Young
Hunton & Williams LLP            Hunton & Williams LLP
1900 K Street, N.W.              1751 Pinnacle Drive, Suite 1700
Washington, DC 20006-1109        McLean, Virginia 22102
srobertson@hunton.com            mpphelps@hunton.com
ccampbell@hunton.com             dyoung@hunton.com
mlouey@hunton.com
lmarlatt@hunton.com
fmckeon@hunton.com
dmckim@hunton.com
jalbert@hunton.com

By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

695031