

Potter
Anderson
&Corroon LLP

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

December 7, 2006

**VIA ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street, Lockbox 18
Wilmington, DE 19801

> Re:   ***Textron Innovations Inc. v. The Toro Company***, C. A. No. 05-486-GMS

Dear Judge Sleet:

Pursuant to the Court's February 7, 2006 Scheduling Order, Defendant, The Toro Company ("Toro"), seeks permission to move for summary judgment of non-infringement of numerous asserted patent claims and invalidity as to all remaining asserted claims. Toro's motion is dispositive of all claims of Textron Innovations Inc. ("Textron"). The proposed motion will completely remove this case from the Court's docket. A summary of the proposed motion follows:

1.    **Non-Infringement.**

As a matter of law, Toro does not infringe 16 claims asserted by Textron. Fourteen of the non-infringed claims concern the missing limitation "roller extends substantially the entire width of the deck." The other two non-infringed claims are 19 and 20 of the '312 patent, which require both wheels and a roller; the former limitation is missing entirely.

> ### A. Toro's Mowers Do Not Include The Claimed Structure "Roller Extends Across Substantially The Entire Width Of The Deck."

As a matter of law, the accused Toro products[1] cannot infringe any asserted patent claim that includes the limitation "roller extends across substantially the entire width of the deck."[2] The Court construed that limitation as: "the roller extends *largely but not wholly* across the entire width of the deck, *and does not extend beyond the width of the deck*."[3] All of Toro's accused products have a rear roller that extends *beyond* the width of the decks. Therefore, Toro's rear rollers cannot infringe Textron's rights. The front rollers on Toro's products extend only a small

---

[1] Textron has accused the Toro Groundsmaster® 3500-D, 3505-D, 4500-D, and 4700-D

[2] The asserted claims that include this limitation are: '530 Pat: 1-5 and '311 Pat: 2-5, 7-8, 10-12.

[3] Order Construing The Terms Of U.S. Patent Nos. 6,047,530; 6,336,311; and 6,336,312 ("Markman Order") at 8 (emphasis added).

The Honorable Gregory M. Sleet
December 7, 2006
Page 2

portion (18.9%) of the deck width, 5.3 inches each.  For that reason, Toro's front rollers do not
"extend largely, but not wholly across the entire width of the deck."





Fig. 1 – 30 in. rear roller.[4]    Fig. 2 – 5 in. front roller.        Fig. 3 – 28 inch wide deck.

        The patents make clear that there is a difference between the cutting deck *assembly* and
the *deck*, which is a part of that assembly: "Each cutting deck assembly 34 includes (see FIGS.
2-5) a single-spindle mulching deck 38 . . . ." ('530 pat., col 3, ll. 6-7.)  The roller width is
correlated to the deck width – not the assembly width: "The roller 58 is behind the deck 38 and
extends across substantially the entire width of the deck 38." (*Id.* at ll. 19-20.)  The claims at
issue use the same correlation of the roller relative to the deck 38, not the deck assembly 34:
"roller extends across substantially the entire width of the deck."



        It is settled a patent claim is not *literally* infringed if even one limitation is missing from
the accused device.  *Microstrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1352 (Fed. Cir.
2005).  All of the accused Toro mowers are missing at least the following limitation: "the roller
extends largely but not wholly across the entire width of the deck, and does not extend beyond
the width of the deck."  As illustrated above, each of Toro's 30 inch rear rollers extend beyond
the width of the deck and the small front rollers each only extend about 5 inches across the 28
inch wide deck.  Thus, the case is ripe for summary judgment of non-infringement.

---

[4] Photos taken by Textron's expert witness.  Dimensioned deck drawing by Toro.  (Ex. A.)

The Honorable Gregory M. Sleet
December 7, 2006
Page 3

In this case, the all-limitations rule precludes a finding of substantial equivalence, making summary judgment of no infringement under the doctrine of equivalents also ripe. The U.S. Supreme Court held that if a theory of doctrine of equivalents infringement vitiates a claim limitation, there can be no infringement as a matter of law. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 117 S.Ct. 1040, 1049, 1053 n. 8 (1997). Although Textron has not disclosed any theory of equivalence to date, any such theory would necessarily vitiate the Court's construction of this claim limitation.[5] Regardless of functional equivalency, a roller that extends beyond the width of the deck cannot, as a matter of law, be the equivalent of a roller that "does not extend beyond the width of the deck." *Asyst Techs., Inc. v. Emtrak, Inc.* 402 F.3d 1188, 1195 (Fed. Cir. 2005) (holding "unmounted" cannot be equivalent to "mounted"). Applying the same principle, a roller that extends only a small portion of the deck width (18.9%) cannot, as a matter of law, extend "largely" across the entire width of the deck. *Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1106 (Fed. Cir. 2000) (holding a "minority" cannot be equivalent to a "majority").

### B. Claims 19 and 20 of the '312 Patent Require Wheels and A Roller.

Claim 19, and its dependent claim 20, call out a cutting deck assembly having:

"a first front *wheel* supporting one of said side plates for movement over the ground a second front *wheel* supporting the other side plates for movement over the ground a second front *wheel* supporting the other said side plates for movement over the ground a *roller* extending between said side plates . . ." ('312 pat., col. 9, ll. 41-45) (emphasis added).

Toro's accused assemblies have a rear roller and two front rollers – not front wheels. As a matter of law, Toro's products cannot infringe, literally or under the doctrine of equivalents, claims 19 and 20 of the '312 patent. There can be no literal infringement because two limitations are missing: the two front wheels. Regardless of functional equivalency, a roller cannot be the equivalent of a wheel in this case, as a matter of law, because the '312 patent disclosed both wheels and rollers, but claimed only front wheels. *Johnson & Johnston Associates, Inc. v. R.E. Service Co.*, 285 F.3d 1046, 1054 (Fed. Cir. 2002) (*en banc*) (quoting *Sage Prods. Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1424 (Fed. Cir. 1997). If the inventors of the '312 patent had considered their invention to include front rollers, they should have claimed front rollers. They did not.

### 2.    Invalidity.

The remaining asserted claims are 1-5, 8-10, 14-15 and 24-27 of the '312 patent and claim 1 from the '311 patent. All of these claims of the '312 patent are invalid because one of the accused Toro products was publicly shown more than one year before the filing date of the

---

[5] The doctrine of claim vitiation applies to a Court's claim construction. *See Nautilus Group, Inc. v. Icon Health and Fitness, Inc.*, 437 F.3d 1376, 1378-79 (Fed. Cir. 2006); *see also TI Group Auto. Sys., Inc. v. VDO North Am. L.L.C.*, C.A. No. 00-432-GMS, 2002 U.S. Dist. LEXIS 17783, *18-21 (D. Del. Sept. 4, 2002) (Ex. B).

The Honorable Gregory M. Sleet
December 7, 2006
Page 4

application that became the '312 patent. Claim 1 of the '311 patent is also invalid based on prior art that existed more than one year before its application filing date.

## A.  All Of The Remaining Asserted Claims Of The '312 Patent Are Invalid.

Under 35 U.S.C. § 102(b), no one can patent a structure that has been in public use or on sale more than one year before the filing date of the patent application. Toro publicly displayed its first Groundsmaster®[6] in February 1999 at a tradeshow attended by Textron employees, including both named inventors of the '312 patent. That Toro product now stands accused of literally infringing several claims of the '312 patent. However, the patent application that became the '312 patent was not filed until August 22, 2000, more than one year after Toro's public display of the Groundsmaster® now accused of infringement. If Toro's accused product is more than one year prior to Textron's '312 patent application, Textron's claims are invalid.

The application that became the '312 patent was filed as a continuation-in-part ("CIP") of the '311 and '530 patents, the latter patents sharing identical disclosures and drawings. However, the '312 patent added 18 new drawings and more than three columns of new text. The claims of the '312 patent are *only* entitled to a priority date earlier than August 22, 2000, if *all* of the claim limitations are supported by the disclosure in the earlier applications. In other words, claims containing *any* matter introduced in the CIP application are accorded the filing date of the CIP application. *Waldemar Link, GmbH v. Osteonics Corp.*, 32 F.3d 556, 558 (Fed. Cir. 1999).

Randal Knurr, one of the inventors listed on the '312 patent, admitted that limitations found in all of the remaining claims included new matter not disclosed in an earlier patent. (Knurr dep. 265, (Ex. D).) As such, all of the above-listed '312 patent claims are accorded the August 22, 2000 filing date, not an earlier date. Therefore, the claims are invalid based on the public use of the accused Groundsmaster® in February 1999. Claims 1-5, 8-10, and 14-15 include three limitations disclosed for the first time in the CIP application: (1) a first roller extending only *partially* across the width of the deck (*id.*), (2) a *three-wheeled* mower (*id.*), and (3) a rear rotary cutting deck assembly *between* the front wheels (*id.* at 254). Claims 24-27 also include three new limitations: (1) three rollers, (2) a first roller extending only partially across the width of the deck, and (3) a three-wheeled mower (*id.* at 265-66). The priority date of these claims is August 22, 2000, more than one year after Toro publicly disclosed the now accused Groundsmaster® mower. These claims are invalid.

## B.  Claim 1 of the '311 Patent is Invalid.

Claim 1 of the '311 patent does not include a rear-roller limitation, or limitations correlating the location of the cutting deck assemblies to the wheels of the tractor. In essence, Claim 1 is a gang-type rotary mower having two rows of single-spindle cutting deck assemblies aligned to create a contiguous cutting swath. That is exactly what U.S. Patent No. 5, 280, 695 ("'695 patent" or "Nunes patent" (Ex. E) discloses. Issued on January 25, 1994, more than one

---

[6] Originally called the Groundsmaster® with Contour 66 Deck, the mower was later named the Groundsmaster® 3500-D. In a 1999 declaration to the Patent Office, one of the inventors called this original Groundsmaster® a "copy" of his invention. (Joint Appendix "JA" – 0152, 0154) (Ex. C).

The Honorable Gregory M. Sleet
December 7, 2006
Page 5

year before the earliest priority date of the '311 patent, the Nunes patent discloses every limitation of claim 1 of the '311 patent. Although the Nunes patent was before the examiner, it is absolutely clear that every limitation of claim 1 of the '311 patent is disclosed in the Nunes patent that summary judgment of invalidity is proper. *See Tyler Refrigeration v. Kysor Indus. Corp.*, 777 F.2d 687, 690 (Fed. Cir. 1985).

| '311 Patent, Claim 1 | U.S. Pat. No. 5,280,695 (Nunes) |
| --- | --- |
| | |
| A gang-type rotary lawn mower comprising | The Nunes mower has multiple mower decks. '695, col. 6, ll. 37. |
| a frame supported by wheels for movement over the ground, | The Nunes mower uses a frame (e.g. "U-shaped" frame 26) that envelopes and connects to the tractor frame 21. *Id.* at col. 2, ll. 54-65. See also frame 156. *Id.* at col. 6, ll. 22-23. |
| a power source which is mounted[7] on the frame and which drives at least two of the wheels, | The tractor 21 has an engine connected to the frame that drives at least two of the wheels. *Id.* at Fig. 1. |
| an operator's seat mounted on the frame, | The tractor 21 has a seat connected to the frame. *Id.* at Fig. 1. |
| a steering system enabling the operators to steer the lawn mower, | The tractor 21 has a steering system. *Id.* at Fig. 1. |
| at least two side-by-side front rotary cutting deck assemblies mounted on the frame, the front deck assemblies defining a gap between adjacent front deck assemblies, and | Figs. 13 and 20 show and describe the three side-by-side rotary cutting deck assemblies (171, 172) mounted on frame (156) and defining a gap between them. *Id.* at col. 6, ll. 37-41. |
| at least one rear rotary cutting deck assembly mounted on the frame behind the front deck assemblies, each rear deck assembly being aligned with a respective gap between adjacent front deck assemblies, | Figs. 13 and 20 show the two rear rotary cutting deck assemblies (173) connected to the frame 156 and in the respective gaps. *Id.* |
| each of the front and rear deck assemblies including a single-spindle cutting deck defining a downwardly opening space, a single spindle mounted for rotation about a generally vertical axis within the space, and at least one cutting blade mounted on the spindle for rotation therewith. | Figs. 13, 17 and 20 disclose that the cutting deck assemblies are single spindle, downwardly opening, and have at least one cutting blade. *Id.* at ll. 41-46. |

For the foregoing reasons, Toro respectfully requests permission to move for summary judgment of non-infringement and invalidity.

---

[7] The term "mounted on the frame" was construed as "connected to the frame." (Markman Order at 8.)

The Honorable Gregory M. Sleet
December 7, 2006
Page 6

Respectfully submitted,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

RLH/766265
Enclosures
cc:    Clerk of the Court (via hand delivery)(w/enc.)
        Counsel of Record (local by hand delivery; out of state by email and federal express)