

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

David E. Moore
Associate
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

December 18, 2006

**VIA ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street, Lockbox 18
Wilmington, DE 19801

**PUBLIC VERSION
DATED: December 20, 2006**

Re:   **Textron Innovations Inc. v. The Toro Company
      C. A. No. 05-486-GMS**

Dear Judge Sleet:

Toro respectfully submits this reply letter in support of its request to move for summary judgment of non-infringement of certain claims and invalidity of the remaining asserted claims. Toro's motion, if granted, will remove this case entirely from the Court's docket.

1. **Non-Infringement.**

Textron confuses the claimed "deck" with the deck assembly, as it must to avoid summary judgment of non-infringement. The deck of Textron's invention "defines a downwardly opening space" and is part of a greater assembly. The deck assembly includes non-deck parts, such as the roller, and may include side plates, front wheels, etc. The only Toro structure that has a downward opening is undisputedly *narrower* than the rear roller. Textron, recognizing this, compares the roller width to the deck assembly. That is not what it claimed.

   A. **Toro's Mowers Do Not Include The Claimed Structure "Roller Extends Across Substantially The Entire Width Of The Deck."**

Textron claimed that the roller extends across substantially the entire width of the deck, not the entire width of the deck assembly. The two claim terms are not synonymous and refer to different structure. *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 93 F.3d 1572, 1579 (Fed. Cir. 1996) ("pusher assembly" cannot mean the same as "pusher bar"). Textron's claimed deck is defined by a downward opening which houses the spindle and cutting blade. Textron cannot dispute that the only Toro structure that opens downwardly to house the blade and spindle is 28.04 inches wide. (Exh. 1 .) It is also not disputed that Toro's rollers are 29.846 inches wide. Textron's own expert's photos show the rear roller extending beyond the width of the deck. (Exh. 2.) Rather than admit the obvious, Textron now measures the width of the deck *assembly*, not the deck, at a point nowhere near the roller location. To create 30.174 inches Textron had to measure not only the width of the deck but also several non-deck parts including skid rods, plates and mounts. That is the assembly, not the deck.

The Honorable Gregory M. Sleet
December 18, 2006 (Public Version Dated: December 20, 2006)
Page 2



28 inch wide deck.    ½ inch wide skid rods (x2)    plates (x2)    mounts (x2)

Textron cannot avoid summary judgment by adding the following structure that has no functional or spatial relationship with the deck and the rear roller: two ½ inch wide skid rods, two solid-metal plates and two mounts. The drawing that Textron relies on (Exh. 3 to Textron's December 14 letter and this letter) clearly identifies the combination of these parts as an "assembly." Textron's photographs of this assembly carefully avoid showing the Court the only area that matters – near the rear roller -- because the image so clearly demonstrates that the roller extends beyond the width of the deck. Where the rear roller and the deck meet, the roller is almost two inches wider than the deck. The images attached as Exhs. 4 and 5 demonstrate this point. Exh. 4 shows just the deck relative to the rollers. Exh. 5 shows the structure Textron adds to create its 30.174 dimension. The *DePuy* decision does not change that a roller extending beyond the deck is not equivalent to one that cannot extend beyond the deck.

### B. Toro's Mowers Do Not Include The Claimed Structure "Roller Extends Across Substantially The Entire Width Of The *Cutting Path*."

Claims 10-12 of the '311 patent replace the word "deck" with "cutting path." The claimed roller extends substantially across the entire width of the *cutting path* in these claims. The Court construed these claims and their use of "substantially" to mean largely, but not wholly and not extending beyond.[1] At the hearing, Textron's counsel explained that the width of the blade used to cut the grass defines the cutting path. (Exh. 6 at 36) ("I have taken where the end of that blade is and I have superimposed a red circle. That would be the diameter of the cutting path.") There is no dispute that Toro's blades are 27 inches wide and create a 27 inch cutting path. Toro's 29.846 inch rear roller extends more than 2 inches beyond the width of cutting path. Therefore, Toro's products cannot infringe.

### C. Claims 19 and 20 of the '312 Patent Require Wheels and A Roller.

As between the patentee and the public, the patentee bears the burden to make clear what it claims as its invention. If Textron wanted to claim front rollers, rather than front wheels, it should have done so. It did not. Different words used in patent claims are presumed to have different meanings, especially where, as here, the same claim uses both words at issue. *Ethicon*, 93 F.3d at 1579. Textron is precluded from arguing in litigation that a "wheel" is literally or

---

[1] Markman Order at 8, see also Joint Claim Chart (D.I. 68 and 75) at 17 which expressly included these claims as part of the construction.

The Honorable Gregory M. Sleet
December 18, 2006 (Public Version Dated: December 20, 2006)
Page 3

equivalently a "roller" because it disclosed both but specifically chose to claim just front wheels. *Johnson & Johnston Assoc., Inc. v. R.E. Service Co.*, 285 F.3d 1046, 1054 (Fed. Cir. 2002) (en banc) (no infringement despite functional equivalency).

### 2. **Invalidity.**

Textron confuses Toro's invalidity argument concerning the Groundsmaster® publicly used more than one year before the '312 patent application was filed. The remaining asserted claims[2] of the '312 patent include the limitation "partial width roller." Textron claims this limitation is satisfied by the small *front* rollers on Toro's products. Toro's invalidity position has no relation to non-infringement the '530 and '311 claims, which turn on Toro's *rear* roller that extends beyond the width of its deck.

#### A. All Of The Remaining Asserted Claims Of The '312 Patent Are Invalid.

Textron does not dispute that a Groundsmaster® was publicly displayed at a tradeshow more than one year before the '312 patent was filed. Textron also does not dispute that this mower had the same structure as the Groundsmasters® accused of infringing the '312 patent. The only way Textron can avoid summary judgment of invalidity is by demonstrating that the claims of the '312 patent did not include *any* structure newly added in the '312 application. This Textron cannot do. This is not a fact issue, as Textron's letter explains the "court must examine whether the disclosure of the ['530 patent] reasonably convey[s] to the artisan that the inventor had possession at that time of the ['312 patent] claimed subject matter." ███████████████ Mr. Knurr, a named inventor on the '312 patent, is in the best position to determine what was new. The *Solomon* decision is not applicable – it deals with indefiniteness, not disclosure.

#### B. Claim 1 of the '311 Patent is Invalid.

That the Nunes patent was before the examiner does not avoid summary judgment. *See G.E. Co. v. Hoechst Celanese Corp.*, 740 F. Supp. 305, 313, 327 (D. Del. 1990). Nunes *does* disclose two front rotary cutting deck assemblies, 53/171. Claim 1 of the '311 patent does not require that the front deck assemblies be in front of anything, let alone the wheels of the tractor, other than at least one rear assembly. A comparison of claim 1 of the '530 patent, which added "in front of the front wheels," reveals that no such limitation exists in claim 1 of the '311 patent. Further, the Nunes patent discloses a ride-on rotary mower, not just a pull-behind, having single-spindle cutting deck assemblies. ('695 pat., col. 3, ll. 15-45) ("In the particular embodiment shown, the side decks each have two blades, but a greater or lesser number can be employed . . . .")

---

[2] Textron incorrectly lumps claims 19 and 20 of the '312 patent into this analysis – a position Toro did not take in its initial letter. Unnecessary for the purposes of this letter, claims 19 and 20 are also invalid because they too have new matter admittedly not disclosed in the '530 patent.

The Honorable Gregory M. Sleet
December 18, 2006 (Public Version Dated: December 20, 2006)
Page 4

                                            Respectfully submitted,

                                            */s/ David E. Moore*

                                            David E. Moore

/msb
768098 / 29362

Enclosures
cc:     Clerk of the Court (via hand delivery)(w/enc.)
        Counsel of Record (local by hand delivery; out of state by email and federal express)