# THE BAYARD FIRM
A T T O R N E Y S

222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(Fax) 302-658-6395

Writer's Direct Access

302-429-4219
pladig@bayardfirm.com

December 18, 2006

The Honorable United States District Judge Gregory M. Sleet
United States District Court for the District of Delaware
844 King Street
Wilmington, DE 19801

**PUBLIC VERSION**
**DATED: December 27, 2006**

Re:   Textron Innovations Inc. v. The Toro Company
      C. A. No. 05-486 (GMS) **(FILED UNDER SEAL)**

Dear Judge Sleet:

Plaintiff Textron Innovations Inc. ("Textron") respectfully submits this reply to Toro's letter of December 14, 2006 ("Toro's Answering Letter") responding to Textron's request for permission to move for summary judgment of infringement and to dismiss Toro's defense of inequitable conduct.

**Toro Erroneously Contends That Textron Has Measured the "Cutting Deck *Assembly*," Rather Than The "Cutting Deck"**

The parties do not dispute that Toro's cutting deck assembly includes a deck, a spindle, a blade and a rear roller (or the other elements of claim 1 of the '530 patent). *See* Exh. 1. The only issue is whether Toro's "deck" portion of the "deck assembly" is wider than the rear roller.[1] Just to be certain that Textron measured the correct part (and was not "confusing" the "cutting deck" and the "cutting deck assembly" as Toro alleges), Textron removed Toro's "deck" from its "deck assembly." What remained was the red structure shown in Exh. 1 hereto. That red structure, *i.e.*, the deck, is ▇▇▇ inches wide. *See* Textron's Answering Letter, Exh. 2 (showing measurement of ▇▇▇ inches).

By comparison, the patented "cutting deck assembly" and Toro's "cutting deck assembly" are indeed wider than their respective "cutting decks." Each includes various parts, one of which is the "cutting deck":

---

[1] Textron chose the 4500 as illustrative of Toro's infringement, which apparently Toro concedes literally includes all but one of the elements of claim 1 of the '530 patent.

646529_1

THE BAYARD FIRM

The Honorable United States District Judge Gregory M. Sleet
December 18, 2006
Page 2



**Patented
Cutting Deck
Assembly 34**

**Toro's Cutting
Deck Assembly**

Contrary to Toro's accusation, Textron *never* equated Toro's "deck" with the entire "deck assembly." The two are clearly different structures with different dimensions. The deck frame is the widest part of Toro's cutting deck assembly — it is about 33.5 inches wide. *See* Exh. 2. Consequently, Toro's deck assembly is wider than its deck (33.5 inches *vs.* ▮▮▮ inches) and Toro's deck is wider than its roller and end caps (▮▮▮ inches *vs* ▮▮▮ inches).[2]

With the Court's permission, Textron will proffer Toro's actual "deck" (the red structure in Exh. 1) along with its "deck assembly." That way, the Court, just like Textron, may use a tape measure to confirm the width of Toro's deck assembly, the deck and the rear roller. Textron would expect Toro to ask the Court not to measure the red deck structure at its widest part, because Toro does not and cannot controvert the undisputed fact that at its widest part, its deck (the red structure) is ▮▮▮ inches.

**No Genuine Issue of Material Fact Exists Precluding Summary Judgment Against Toro's Inequitable Conduct Defense**

Toro provides no justifiable basis for opposing summary judgment with respect to its meritless inequitable conduct defense. Without any citation whatsoever, Toro baldly declares that "factual issues exist" whether the inventor Mr. Bednar was aware of the Buchanan article that forms the sole basis for Toro's defense. However, Toro's lack of citation reveals that it has no evidence — much less clear and convincing evidence — that Mr. Bednar was aware of this article when applying for the patents-in-suit.[3]

---

[2] Toro's selective citation to "product literature" as describing the width of its deck is belied by Toro's other "product literature," *see* Textron's Opening Letter, Exh. 2 at Toro 028717 and Exh. 3 at Toro 0007206 (both describing the "cutting decks" as having welded reinforcements, wall tubes and side supports), and Toro's ▮▮▮▮▮▮▮▮▮▮ *see* Textron Answering Letter, Exh 7.

[3] Toro suggests the Court should surmise Mr. Bednar's awareness of the article because it was written by a "former Textron employee." This allegation is itself intentionally misleading, because as Toro knows, Mr. Bednar was not employed by Textron in 1991 when the article was supposedly written. Toro's

THE BAYARD FIRM

The Honorable United States District Judge Gregory M. Sleet
December 18, 2006
Page 3

The absence of evidence of Mr. Bednar's awareness of the article is dispositive of the defense. *FMC Corp. v. Manitowoc Co., Inc.*, 835 F.2d 1411, 1414 (Fed. Cir. 1987) (accused infringer must offer clear and convincing proof of: (1) material prior art or information;[4] "(2) ***knowledge chargeable to applicant of that prior art or information and of its materiality;***" (3) failure of applicant to disclose the art resulting from an intent to mislead the PTO) (emphasis added); *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1362 (Fed. Cir. 1984) (patentee did not have any duty to disclose prior art of which he was unaware). And contrary to Toro's argument, summary judgment dismissing this defense is appropriate when such critical elements are lacking. *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 547 (Fed. Cir. 1998) (affirming district court grant of summary judgment of no inequitable conduct).

Toro tacitly concedes the absence of this evidence by improperly arguing that it should be allowed to allege new and additional theories of inequitable conduct beyond those pleaded in its answer and counterclaims, and which theories are not premised upon Mr. Bednar's awareness of the Buchanan article. However, Fed. R. Civ. P. 9(b) required that Toro plead any inequitable conduct allegation with particularity, and the Buchanan article was the only basis upon which Toro even attempted to do so. *See* Exh. 4 (Toro Second Amended Answer and Counterclaims (excerpts), ¶¶ 30, 47-53). As the Court will see, the Buchanan article was the sole basis upon which Toro premised its allegation that Mr. Bednar's statements to the PTO were false and made with the intent to deceive. *Id.* at ¶ 52 ("Mr. Bednar's statements in his 132 declaration are false as shown by a 1991 article by fellow Textron employee David Buchanan (Buchanan Articale [sic]) and were made with the intent to mislead ....").[5] Having pleaded its allegations in this fashion to pass muster under Rule 9(b), Toro cannot now avoid the pleading requirements of the rule by making inequitable conduct accusations that it did not plead with particularity in its answer and counterclaims.

Accordingly, summary judgment dismissing the defense and counterclaim is appropriate.[6]

---

conjecture that Mr. Bednar "might have been" aware of the article because he supposedly had access to it at his worksite is likewise an insufficient basis for the defense. *See, e.g., Al-Site Corp v. The Bonneau Co.*, 30 U.S.P.Q.2d 1123, 1130 (C.D. Cal. 1993) (granting summary judgment against defense because the infringer's evidence was "mere conjecture") (attached as Exh. 3).

[4] Textron very much disputes that this alleged prior art was material at all, but the Court need not reach the issue given the absence of any evidence Mr. Bednar was aware of it.

[5] Again, Toro's allegation that the Buchanan article was written by a "fellow Textron employee" is itself highly and intentionally misleading, as Mr. Bednar was not employed by Textron in 1991.

[6] Moreover, even if Toro had pleaded other bases for inequitable conduct (which it did not), the Court should nonetheless grant partial summary judgment as to the defense based upon the Buchanan article.

636207v1

THE BAYARD FIRM

The Honorable United States District Judge Gregory M. Sleet
December 18, 2006
Page 4

                                                     Respectfully submitted,

                                                     Peter B. Ladig (#3513)

PBL:cms
#31527-1
cc:    Clerk of the Court
       Richard L. Horwitz, Esq.
       David E. Moore, Esq.

636207v1