IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-486 (GMS) |
| | ) | |
| THE TORO COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

1. On July 12, 2005, the plaintiff, Textron Innovations Incorporated ("TII") filed the above-captioned action against The Toro Company ("Toro"), alleging infringement of United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312, which are directed to a gang type rotary mower.

2. On February 7, 2006, the court issued a Scheduling Order, setting June 1, 2006, as the cut-off date for amended pleadings.

3. On September 27, 2006, Toro filed a motion for leave to file a third amended answer and counterclaims (D.I. 94). Toro's motion seeks to add specific facts supporting two independent bases of unenforceability with specificity.

4. On October 12, 2006, TII filed an answering brief (D.I. 110) opposing Toro's motion. TII contends that the court should deny Toro's motion because Toro has acted with undue delay and bad faith in bringing its motion almost four month's after the deadline for amending pleadings, and Toro's new allegations of inequitable conduct are baseless and futile.

5. Leave to amend an answer should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The court has discretion to deny leave to amend when there exists undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, or when the amendment would be futile.

*See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

  6. After having considered Toro's proposed amendment, the parties' submissions on the issue, and the pertinent law, the court concludes that, although filed after the June 1, 2006 amendment cut-off, Toro did not act with undue delay or bad faith in bringing the motion. In other words, the court accepts Toro's contention that its new allegations regarding inequitable conduct were confirmed during the deposition of David Price ("Price"), the prosecution attorney for the parent application of the patents-in-suit. Accordingly, Toro did not unduly delay the filing of its motion because, (1) Price's deposition was taken on August 31, 2006; (2) Toro received the deposition transcript on September 11, 2007; and (3) Toro filed its motion fifteen days after receiving Price's deposition transcript.[1,2]

---

[1] TII contends that the court should decide the motion under the "good cause" standard of Federal Rule of Civil Procedure 16(b), rather than the more liberal standard of Federal Rule of Civil Procedure 15(a), because Toro's amendment is untimely under the Scheduling Order (D.I. 40). Rule 16(b) provides, in pertinent part, that "[a] schedule shall not be modified except on a showing of good cause. . . ." Fed. R. Civ. P. 16(b). Here, the court finds that because Toro filed its motion to amend shortly after it was able to confirm its new allegations regarding inequitable conduct, and as soon as it was able to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b), Toro has satisfied the "good cause" requirement of Rule 16(b). Additionally, the court notes that the Scheduling Order has been modified by stipulation of the parties several times during the course of this litigation in order to suit their needs. (See D.I. 66, 111, 127.)

[2] In making its findings, the court concludes that Toro's conduct in this case is more similar to the defendant's conduct in *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484 (D. Del. 2003), than to the defendants' conduct in *Inline Connection Corp. v. AOL Time Warner Inc.*, 237 F.R.D. 361 (D. Del. 2006).

7. Finally, the court concludes that Toro's amendment is not futile, because it includes facts that are sufficient to support a finding of unenforceability, when viewed in a light most favorable to Toro.

Therefore, IT IS HEREBY ORDERED that:

1. Toro's Motion for Leave to File a Third Amended Answer and Counterclaims (D.I. 94) is GRANTED.

2. Toro's amended answer and counterclaim, which is attached to its motion to amend, is deemed filed.

Dated: January 5, 2007                    /s/ Gregory M. Sleet
                                          UNITED STATES DISTRICT JUDGE