# EXHIBIT 13



237 F.R.D. 361                                                                 Page 1
237 F.R.D. 361, 2006 WL 2440822 (D.Del.)
**(Cite as: 237 F.R.D. 361, 2006 WL 2440822 (D.Del.))**

**H**

**Motions, Pleadings and Filings**

United States District Court,
D. Delaware.
INLINE CONNECTION CORPORATION, Plaintiff,
v.
AOL TIME WARNER INCORPORATED, et al.,
Defendants.
Inline Connection Corporation, Plaintiff,
v.
EarthLink, Inc., Defendant.
**Nos. CIV.A. 02-272-MPT, CIV.A. 02-477-MPT.**

Aug. 23, 2006.

**Background:** Patent holder brought infringement action against competitor. Competitor brought motion for leave to file third amended and supplemental answer and counterclaims.

**Holdings:** The District Court, Thynge, United States Magistrate Judge, held that:

(1) competitor was entitled to amend its answer to assert prosecution laches, undue delay, and prejudice;

(2) competitor's supplementation of its pleadings satisfied "good cause" requirement of rule that governed scheduling orders;

(3) competitor had unduly delayed in amending its answer to make inequitable conduct allegations against patent holder under entirely new factual theories; and

(4) patent holder would have been surprised and unduly prejudiced by allowing competitor to amend its answer to plead inequitable conduct allegations against patent holder under entirely new factual theories.

Motion granted in part and denied in part.

West Headnotes



**[1] Patents** 310.11
291k310.11 Most Cited Cases
Competitor was entitled to amend its answer to assert

prosecution laches, undue delay, and prejudice, where competitor's proposed amendments supplemented previously pleaded defenses, competitor had not unduly delayed amendment, and patent holder had not suffered undue prejudice. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.



**[2] Patents** 292.4
291k292.4 Most Cited Cases
Competitor's supplementation of its pleadings satisfied "good cause" requirement of rule that governed scheduling orders, with regard to prosecution laches counterclaims which specifically recited alleged prejudice suffered as result of time lapse before patents-in-suit issued, despite lapse of time in requesting such supplementation, where case had history of multiple changes to scheduling orders, prosecution laches was not new legal theory that was being
added to case, and competitor had not unduly delayed amendment and patent holder had not suffered undue prejudice. Fed.Rules Civ.Proc.Rule 16(b), 28 U.S.C.A.



**[3] Patents** 310.11
291k310.11 Most Cited Cases
Competitor had unduly delayed in amending its answer in infringement case to make inequitable conduct allegations against patent holder on basis of non-disclosure of instant litigation to Patent and Trademark Office (PTO) regarding newly-issued patent, purportedly relevant prior art, and inventor's date of conception, where more than two years had elapsed from point in time when competitor had all information it believed was necessary to plead those entirely new factual theories with particularity; although competitor later obtained information that may have augmented its allegations, competitor had long had all evidence necessary to make those inequitable conduct allegations. Fed.Rules Civ.Proc.Rules 9(b), 16(b), 28 U.S.C.A.

**[4] Patents** 310.11

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

237 F.R.D. 361
237 F.R.D. 361, 2006 WL 2440822 (D.Del.)
**(Cite as: 237 F.R.D. 361, 2006 WL 2440822 (D.Del.))**

291k310.11 Most Cited Cases

Patent holder would have been surprised and unduly prejudiced by allowing competitor to amend its answer to plead inequitable conduct allegations concerning non-disclosure of instant litigation to Patent and Trademark Office (PTO) regarding newly-issued patent, purportedly relevant prior art, and inventor's date of conception, where theories were new and factually distinct from previously asserted defenses and they were introduced at late stage of already lengthy litigation. Fed.Rules Civ.Proc.Rule 16(b), 28 U.S.C.A.

**[5] Federal Civil Procedure** 🔑 1935.1

170Ak1935.1 Most Cited Cases

A party is unduly prejudiced if amendment to a pretrial order would cause surprise, result in additional discovery, or add cost in the preparation to defend against new facts or theories. Fed.Rules Civ.Proc.Rule 16(b), 28 U.S.C.A.

**Patents** 🔑 328(2)

291k328(2) Most Cited Cases

5,844,596, 6,236,718, 6,243,446, 6,542,585. Cited.

**\*362** Thomas C. Grimm, Esquire and Julia Heaney, Esquire, Morris, Nichols, Arsht & Tunnell LLP, Wilmington, DE, (John R. Ferguson, Esquire, Ky E. Kirby, Esquire, and C. Joël Van Over, Esquire, Bingham McCutchen LLP, Washington, D.C., of Counsel), for Plaintiff Inline Connection Corporation.

Frederick L. Cottrell, III, Esquire and Kelly E. Farnan, Esquire, Richards, Layton & Finger, P.A., One Rodney Square, Wilmington, DE (Robert J. Gunther, Jr., Esquire and Kurt M. Rogers, Esquire, Latham & Watkins LLP, New York, New York, David A. Nelson, Esquire, Latham & Watkins LLP, Chicago, Illinois, of Counsel), for Defendant America Online, Inc.

Gary W. Lipkin, Esquire, Duane Morris LLP, Wilmington, DE (L. Norwood Jameson, Esquire and Matthew C. Gaudet, Esquire, Duane Morris LLP, Atlanta, Georgia, Mark Comtois, Esquire, Duane Morris LLP, Washington, D.C., of Counsel), for Defendant EarthLink, Inc.

### MEMORANDUM OPINION

THYNGE, United States Magistrate Judge.

**\*\*1** Currently pending is America Online Inc.'s ("AOL") and EarthLink, Inc.'s ("EarthLink") Motion For Leave to File Third Amended and Supplemental Answer and Counterclaims ("Third Amended Answers").

### I. FACTUAL BACKGROUND

This is a patent infringement case. Inline Communication Corporation ("inline") [FN1] sued AOL [FN2] and AOL Time Warner Incorporated ("Time Warner") [FN3] on April 12, 2002, and EarthLink [FN4] on June 4, 2002, alleging infringement of U.S. Patent Nos. 5,844,596 ("the '596 patent"), 6,243,446 ("the '446 patent"), and 6,236,718 ("the '718 patent"). On June 24, 2002, AOL filed its Answer and Counterclaims, [FN5] raising various defenses and counterclaims, including prosecution laches. On August 23, 2002, EarthLink filed its Answer and Counterclaims, [FN6] raising various defenses and counterclaims, including prosecution laches.

> FN1. Inline is a Virginia corporation with its principal place of business in Virginia.

> FN2. AOL is a Delaware corporation with its principal place of business in Virginia.

> FN3. AOL Time Warner Incorporated is a Delaware corporation with its principal place of business in New York.

> FN4. EarthLink is a Delaware corporation with its principal place of business in Georgia.

> FN5. D.I. 10.

> FN6. D.I. 8 (docket for civil action number 02-447-MPT, subsequently consolidated with lead case number 02-272-MTP).

The original scheduling order in this case set a deadline for amendment of pleadings on March 28, 2003. [FN7] Defendants moved for an extension of the amendment deadline to April 18, 2003, which motion was granted on March 27, 2003. [FN8]

> FN7. D.I. 28 (Sched. Order Oct. 28, 2002).

> FN8. D.I. 92 (Mot. & Order Mar. 27, 2003).

On April 18, 2003, Inline moved for leave to file amended complaints against AOL and Time Warner, [FN9] and against EarthLink, [FN10] to add newly-issued U.S. Patent No. 6,542,585 ("the '585 patent")

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

237 F.R.D. 361                                                                                                Page 3
237 F.R.D. 361, 2006 WL 2440822 (D.Del.)
**(Cite as: 237 F.R.D. 361, 2006 WL 2440822 (D.Del.))**

to this litigation, [FN11] which was granted on May 1, 2003 and which order also extended the time for defendants to file *363 amended pleadings. [FN12] On May 15 and 16, 2003, EarthLink and AOL, respectively, filed their Second Amended Answer and Counterclaims ("Second Amended Answers"), [FN13] asserting various affirmative defenses and counterclaims, including inequitable conduct and prosecution laches. Fact discovery was already near conclusion at the time of these pleadings, and closed shortly thereafter. [FN14]

FN9. D.I. 102.

FN10. D.I. 103.

FN11. The '585 patent issued on April 1, 2003.

FN12. D.I. 128 (Rev. Stip. & Order May 1, 2003).

FN13. D.I. 137; D.I. 138.

FN14. D.I. 128 (extending discovery cut-off to June 27, 2003).

On April 23, 2004, the Court entered the parties' Joint Stipulation and Order of Dismissal, dismissing Time Warner from the case. [FN15]

FN15. D.I. 266 (Joint Stip. & Order Apr. 23, 2004).

The court conducted a *Markman* hearing on August, 28 2003, [FN16] and ruled on claims construction, cross-motions for summary judgment, and motions for reconsideration in 2004 and 2005. [FN17]

FN16. D.I. 207.

FN17. D.I. 239 (opinion; claim construction); D.I. 284, 285 (opinion & order; claim construction motion for reconsideration); D.I. 296, 297 (opinion & order; cross-motions for summary judgment); D.I. 319, 320 (opinion & order; summary judgment motions for reconsideration).

On February 9, 2006, defendants provided supplemental interrogatory responses to Inline which included most of the factual information concerning the prosecution laches and inequitable conduct allegations that is the subject of their proposed

amended pleadings. [FN18] On February 15, 2006, AOL provided Inline a copy of its draft Third Amended Answer, advised Inline that EarthLink sought to amend and supplement its answer and counterclaims to include the same supplemental allegations as AOL regarding inequitable conduct and prosecution laches, and requested Inline's consent to the filing of those amended pleadings. [FN19] On February, 22, 2006, the parties met and conferred to discuss, among other issues, the filing of defendants' Third Amended Answers. [FN20] During the meet and confer, Inline refused to consent to the filing of defendants' proposed amended pleadings, except with respect to the amendment and supplementation pertaining to the dismissal of Time Warner. [FN21]

FN18. D.I. 383 at 5.

FN19. D.I. 368 at 1-2 (Decl. of Kurt M. Rogers, Esq.).

FN20. *Id.* at 2.

FN21. *Id.*

**2 On April 19, 2006, defendants filed their motion, pursuant to Federal Rule of Civil Procedure 15 and Delaware Local Rule 15.1, for an order granting them leave to each file their Third Amended Answer. [FN22] Defendants assert that the purpose of its proposed amendments is to conform the pleadings to the evidence adduced in discovery.

FN22. D.I. 367 (America Online Inc.'s and EarthLink, Inc.'s Motion for Leave to File Third Amended and Supplemental Answer and Counterclaims).

Inline opposes defendants' motion on Rule 15 grounds arguing undue delay on the part of defendants in seeking leave to file the Third Amended Answers and prejudice to Inline should defendants' motion be granted. Inline also opposes defendants' motion alleging a failure to establish good cause to modify the court's scheduling order as required by Federal Rule of Civil Procedure 16(b).

This opinion is the court's ruling on defendants' motion.

## II. DISCUSSION

First, AOL asserts that its proposed Third Amended Answers reflect the fact that Inline has dismissed defendant Time Warner from the suit with prejudice and states that all allegations against Time Warner

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

237 F.R.D. 361    Page 4
237 F.R.D. 361, 2006 WL 2440822 (D.Del.)
**(Cite as: 237 F.R.D. 361, 2006 WL 2440822 (D.Del.))**

are therefore moot. Because there does not appear to be a dispute over this issue, [FN23] the court grants defendants' motion on this issue.

> FN23. Defendants state that at the February 22, 2006 meet and confer that Inline consented to the amendment regarding Time Warner, which applies only to AOL's proposed Third Amended Answer and does not apply to EarthLink. D.I. 367 at 2 n2; D.I. 368 at 2.

**\*364** Next the court considers defendants' proposed amended pleadings as they concern prosecution laches and inequitable conduct allegations. The court ordinarily considers motions to amend pleadings under Rule 15(a), which states that "[a] party may amend the party's pleading by leave of the court ... and leave shall be freely given when justice so requires." [FN24] Although the determination of whether to grant or deny a motion to amend is within the discretion of the court, the Supreme Court of the United States has instructed that leave to amend should be freely granted "[i]n the absence of ... undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." [FN25]

> FN24. Fed.R.Civ.P. 15(a).

> FN25. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Inline argues that the court should first consider whether defendants have met the "good cause" standard of Rule 16(b) because the court's original scheduling order set a deadline to amend pleadings by March, 28, 2003 and that deadline was only extended until May 2003 following Inline's amendment of its complaints to include the '585 patent. [FN26] Inline contends that, pursuant to Rule 16(b), the court's scheduling order should not be "modified except upon a showing of good cause." [FN27] Inline also contends that defendants' motion should be denied under Rule 15(a) as a result of undue delay on the part of defendants and prejudice to Inline should the motion be granted.

> FN26. *See* D.I. 128 (Apr. 18, 2003 Rev. Stip. and Order for Extension of Time).

> FN27. Fed.R.Civ.P. 16(b).

For the reasons explained below, the court determines that defendants have met the standard under Rule 15(a) to amend and supplement their pleadings with regard to their prosecution laches defenses and counterclaims but have failed to meet that standard with regard to their additional inequitable conduct theories.

**\*\*3** [1] With regard Inline's Rule 15(a) opposition to defendants' prosecution laches, undue delay and prejudice, Inline argues that defendants' Second Amended Answers include a "generic" affirmative defense of prosecution laches and "conclusory" counterclaims including allegations of "unreasonable delay in prosecuting" the patents-in-suit. [FN28] Although directed at defendants' proposed amendments with regard to both prosecution laches and inequitable conduct, Inline argues that the proposed amendments "add substantive claims not previously pled, despite two opportunities to cure the defects in the pleadings [and that] Inline would be prejudiced by the amendments, which add new theories to the case years after discovery has closed and in the middle of expert reports." [FN29]

> FN28. D.I. 279 at 1.

> FN29. *Id.* at 2.

Inline contends that defendants' prosecution laches counterclaims add two new factual allegations. First, defendants' purported prejudice by the lapse of time between Inline's original patent application and the issuance of the patents-in-suit. [FN30] Second, that the lapse in time was due to a deliberate plan by inventor David Goodman to delay prosecution of the patents-in-suit until " 'he had sufficient knowledge of ADSL to attempt to draft claims that might cover ADSL.' " [FN31] Inline also argues that it would be prejudiced "in the form of significant additional time, cost and effort to prepare to meet claims not previously advanced.... [and that] to add new theories seven months before trial and in the middle of expert reports would be highly prejudicial." [FN32]

> FN30. *Id.* at 4-5.

> FN31. *Id.* at 5 (quoting defendants' Third Amended Answers; Counterclaims ¶ 19).

> FN32. D.I. 279 at 12.

The court is unpersuaded by Inline's arguments as they relate to supplementation of defendants' prosecution laches defenses and counterclaims. This

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

237 F.R.D. 361                                                                                    Page 5
237 F.R.D. 361, 2006 WL 2440822 (D.Del.)
**(Cite as: 237 F.R.D. 361, 2006 WL 2440822 (D.Del.))**

court has previously stated that " 'the clearest cases for leave to \*365 amend [include] ... amplification of previously alleged claims or defenses.' " [FN33] Here, the court deems defendants' proposed amendments on this issue to be supplementation of a previously pled defense rather than "claims not previously advanced," as Inline argues.

> FN33. *Pegasus Dev. Corp. v. DirecTV, Inc.,* Civ. A. No. 00-1020- GMS, 2002 WL 598457, at \*1, 2002 U.S. Dist. LEXIS 6825, at \*4 (D.Del.2002) (quoting *U.S. v. Teeven,* Civ. A. No. 92-418 LON, 1992 U.S. Dist. LEXIS 22189, 1992 WL 683682, at \*7 (D.Del. Oct.27, 1992)).

 Defendants each included a defense of prosecution laches in their original pleadings, filed in June and August 2002, and in their Second Amended Answers filed in May 2003. Furthermore, AOL represents that it presented its prosecution laches contentions to Inline on June 17, 2002, prior to filing its original Answer and Counterclaims on June 24, 2002. [FN34] Part of that presentation, submitted as an exhibit to defendants' reply brief and titled "Prosecution Laches Renders Inline's '596, '446 and '718 Patents Unenforceable," includes a flow chart of multiple continuation applications filed and abandoned throughout the 1990s and the final continuation applications that resulted in the issued patents which are the subject of this suit. [FN35] Defendants' proposed Third Amended Answers include reference to these same applications in describing what defendants characterize as a "keep it alive" strategy. [FN36]

> FN34. D.I. 383 at 6.

> FN35. *See id.,* Ex. A.

> FN36. *See, e.g.,* D.I. 367, Ex. A; Counterclaims ¶ ¶ 20-26 (AOL's proposed Third Amended Answer).

**\*\*4** Furthermore, defendants' original pleadings and Second Amended Answers recite, "[b]y reason of Plaintiff's unreasonable delay in prosecuting and/or seeking the issuance of the [patents-in-suit], including Plaintiff's scheme of repeatedly delaying and then abandoning the same patent applications, with the same patent claims, during the course of patent prosecutions, [the patents-in-suit] each should be declared unenforceable." [FN37] Also, Inline does not dispute defendants' assertion that all of the evidence concerning their prosecution laches

arguments are the custody and control of Inline. Relatedly, Inline has not articulated what additional discovery would be warranted by defendants' prosecution laches supplementation and the court would be highly skeptical of such request.

> FN37. *See, e.g.,* D.I. 10; Counterclaims ¶ 14 (AOL's original Answer and Counterclaims); D.I. 138; Counterclaims ¶ 30 (AOL's Second Amended Answer).

 In light of the above, Inline cannot be surprised by defendants' supplementation in this regard and the court disagrees with Inline's contention that it will be unduly prejudiced "in the form of significant additional time, cost and effort" to defend against defendants' supplemented prosecution laches defenses and counterclaims. Additionally, the court does not agree that with regard to these defenses and counterclaims that defendants' delay in seeking leave to amend amounts to *undue* delay warranting denial of their motion. [FN38]

> FN38. *Cureton v. National Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir.2001) ("[D]elay alone is an insufficient ground to deny leave to amend.").

 [2] The court is also unpersuaded by Inline's Rule 16 arguments that defendants' motion should be denied. The court notes that its original October 28, 2002 Scheduling Order tentatively set March 1, 2004 for the beginning of trial in this matter [FN39] and that under the court's May 18, 2006 Amended Scheduling Order trial is now scheduled to start on February 5, 2007. [FN40] Between those two orders, the court has modified the schedule in this case *multiple* times. [FN41] The parties are presently briefing their final summary judgment motions and the court does not plan to further amend the schedule of this case as set forth in its May 18, 2006 order. Since defendants did not request to submit a summary judgment motion directed at prosecution laches by the time permitted in the \*366 May 18, 2006 order, there will be no briefing on such motion and no associated additional time and expense. Defendants' supplementation of their prosecution laches counterclaims to specifically recite alleged prejudice suffered as a result of the time lapse before the patents-in-suit issued is not prejudicial to Inline. Rather, that supplementation provides additional information concerning defendants' positions on a legal theory that was set forth in defendants' previous pleadings which Inline would, therefore, have to address in any event.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

237 F.R.D. 361                                                                    Page 6
237 F.R.D. 361, 2006 WL 2440822 (D.Del.)
**(Cite as: 237 F.R.D. 361, 2006 WL 2440822 (D.Del.))**

FN39. D.I. 28.

FN40. D.I. 392.

FN41. *See* D.I. 383 at 4 n1 (defendants' reply brief listing scheduling order modifications).

In light of the history of multiple changes to the scheduling orders in this case; the fact that prosecution laches is not a new legal theory being added to the case-and which Inline was on notice of prior to defendants' initial answers; and the court's finding of no undue delay by defendants and no undue prejudice to Inline, the court determines defendants' supplementation of their pleadings regarding prosecution laches satisfies the "good cause" requirement of Rule 16(b), despite the lapse of time in requesting such supplementation.

**\*5** [3] With regard to defendants' proposed amendments of their inequitable conduct allegations, the court reaches a different conclusion. Here, although their Second Amended Answers include allegations of "inequitable conduct," defendants' proposed Third Amended Answers add three entirely new factual theories under the "inequitable conduct" umbrella. Defendants' Second Amended Answers included only allegations concerning inequitable conduct with regard Inline's purported failure to disclose Robert Domnitz as a co-inventor of the patents-in-suit. [FN42]    Through their Third Amended Answers defendants seek to add allegations purporting to show inequitable conduct during the prosecution of the patents in suit by: (1) failing to disclose to the Patent & Trademark Office ("PTO") information concerning this litigation during the prosecution of the '585 patent; [FN43] (2) failing to disclose to the PTO prior art relating to ADSL; [FN44] and (3) misrepresenting Goodman's reduction to practice. [FN45]

FN42. *See, e.g.,* D.I. 138; Counterclaims ¶¶ 33-38 (AOL's Second Amended Answer).

FN43. *See, e.g.,* D.I. 367, Ex. A; Counterclaims ¶¶ 60-75 (AOL's proposed Third Amended Answer).

FN44. *See, e.g., id.,* Ex. A; Counterclaims ¶ 76-85.

FN45. *See, e.g., id.,* Ex. A; Counterclaims ¶ 86-94.

Inline contends that defendants knew of the "bulk" of the evidence cited in support of these three new theories when they filed their Second Amended Answers on May 15 and 16, 2003; "in most cases" by the end of Goodman's final day of deposition on July 2, 2003; and knew of "every piece of information" cited by the end of 2003. [FN46] Inline argues that defendants' failure to seek leave to amend to include those theories in 2003, 2004, and 2005 constitutes undue delay warranting denial of the motion.

FN46. D.I. 279 at 5.

Defendants argue that the amendment of their inequitable conduct allegations is warranted by Federal Rule of Civil Procedure 9(b), which requires that fraud, including inequitable conduct, be pled with particularity. Defendants assert they did not have all the information necessary to plead their inequitable conduct claims with the required particularity when they filed their Second Amended Answers in May 2003. Examples of this later-obtained information are: "numerous excerpts from ... Goodman's June 30, July 1 and July 2, 2003 depositions"; [FN47] "numerous documents" produced by Inline in December 2003; [FN48] prosecution files produced by Inline on February 24, 2006 and March 8, 2006; [FN49] and an undated letter from Goodman to Domnitz produced by Inline on June 1, 2006. [FN50]

FN47. D.I. 383 at 8.

FN48. *Id.*

FN49. *Id.* at 3, 8.

FN50. D.I. 399 at 2 (June 8, 2006 letter to court from defendants submitted after briefing their motion to amend was completed).

The court recognizes that defendants must plead inequitable conduct with particularity **\*367** under Rule 9(b). [FN51] The court also acknowledges that defendants did not have all of the information cited in their Third Amended Complaint at the time they filed their Second Amended Answers. The court will also accept, for the sake of argument, that defendants did not have all of the information necessary to properly plead the new inequitable conduct theories cited in their Third Amended Answers until the end of 2003. Defendants' own actions, however, demonstrate that documents produced by Inline on February, 24, 2006,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

March, 8, 2006, and June 1, 2006 were not necessary for defendants properly to plead their new inequitable conduct theories.

> FN51. *See McKesson Info. Solutions, LLC v. The Trizetto Group, Inc.*, Civ. A. No. 04-1258-SLR, 2005 WL 914776, at *3, 2005 U.S. Dist. LEXIS 6733, at *7 (D.Del. Apr. 20, 2005) ("A claim of patent unenforceability is premised upon inequitable conduct before the Patent & Trademark Office ('PTO'), which is a claim sounding in fraud. A plaintiff alleging unenforceability, therefore, must plead with particularity those facts which support the claim the patent holder acted fraudulently before the PTO.") (citing *Ferguson Beauregard/Logic Controls v. Mega Sys., L.L.C.*, 350 F.3d 1327, 1343-44 (Fed.Cir.2003)).

**\*6** Defendants trumpet the fact that they "submitted supplemental contention interrogatory responses on February 9, 2006 ... [and that] [s]hortly thereafter, on February 15, Defendants ... submitted proposed amended answers and counterclaims containing this *same* updated information." [FN52] On February 22, 2006 the parties met and conferred regarding, among other issues, the filing of defendants' Third Amended Answers, to which Inline objected. [FN53] On February 23, 2006, defendants sent Inline's counsel a letter confirming their understanding that Inline refused to consent to defendants' filing of the Third Amended Answers. [FN54] These events all preceded the Inline's subsequent production of documents on February 24, 2006, March 8, 2006, and June 1, 2006.

> FN52. D.I. 383 at 2 (emphasis added). Three pages later in their reply brief, defendants change this assertion to state that their February 9, 2006 supplemental interrogatory responses "included *most* of the factual information concerning the prosecution laches and inequitable conduct defenses," *id.* at 5 (emphasis added), and that additional documents were produced by Inline thereafter. *Id.* at 5 n2.

> FN53. D.I. 368 at 2.

> FN54. *Id.* at 2 & Ex. A.

Defendants cite no evidence or information they received from Inline's December 2003 production

until February 24, 2006 pertaining to their Third Amended Answers. Despite the fact that they may have augmented the February 15, 2006 draft of their proposed amended pleadings with later-received information, defendants had no way of knowing when they submitted that draft to Inline and requested consent to file that additional potentially relevant documents would be subsequently produced. The only conclusion that can reasonably be drawn from these facts is that, by the end of 2003, defendants had all the information they believed necessary to plead with particularity their inequitable conduct allegations concerning non-disclosure of this litigation, purportedly relevant prior art, and Goodman's date of conception.

Defendants acknowledge that their motion should be granted "*absent* a showing of undue delay *or* undue prejudice to Inline ...." [FN55] Thus, the court must determine whether defendants' waiting until 2006 to move to amend their pleadings, rather than promptly following the end of 2003 when they had the adequate relevant information, was undue delay.

> FN55. D.I. 383 at 7 (emphasis added).

In *Cureton v. National Collegiate Athletic Ass'n*, [FN56] the Third Circuit addressed the issue of delay in seeking leave to amend, stating:

> FN56. 252 F.3d 267 (3d Cir.2001).

> The mere passage of time does not require that a motion to amend ... be denied on grounds of delay.... In fact, delay alone is an insufficient ground to deny leave to amend.... However, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party.... Thus, while bearing in mind the liberal pleading philosophy of the federal rules, ... the question of undue delay requires that we focus on **\*368** the movant's reasons for not amending sooner. [FN57]

> FN57. *Id.* at 273 (internal citations and quotation marks omitted).

Initially, the court notes that defendants' position seems to be that they need offer no explanation for the April 19, 2006 filing date of their motion to amend. They argue that "Inline asserts, without explanation, that Defendants have delayed in bringing their Third Amended Answers. This assertion is flat wrong and ignores the history of the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

237 F.R.D. 361                                                                Page 8
237 F.R.D. 361, 2006 WL 2440822 (D.Del.)
**(Cite as: 237 F.R.D. 361, 2006 WL 2440822 (D.Del.))**

case." [FN58] In support of this argument, defendants point to evidence obtained in 2003 after their Second Amended Answers were filed in May of that year, and those additional documents Inline produced in 2006.

> FN58. D.I. 383 at 7.

**\*\*7** As discussed above, the court will accept that defendants did not have all the evidence necessary to plead their inequitable conduct allegations with particularity until the end of 2003, and, therefore, the absence of defendants' three new inequitable conduct theories from the Second Amended Answers is not determinative. However, defendants' drafting of their Third Amended Answers, and request for Inline's consent to file those amended pleadings prior to the receipt of the documents produced later in 2006, demonstrates that defendants had all the information they deemed necessary to seek leave to amend by December 2003. The court concludes, therefore, that the documents produced to defendants in 2006 provides no explanation at all, much less a reasonable explanation, why defendants did not file their motion in early 2004.

Next, defendants attempt to explain their delay in filing with the argument that "for the period between the August 2003 *Markman* hearing and the Court's decision on Defendants' motion for reconsideration on October 18, 2005, the focus of this litigation was on non-infringement of the patents-in-suit relating to the 'signal interface' claim term. All other aspects of this case, including invalidity and unenforceability ... were *essentially* held in abeyance." [FN59] Defendants state that during a status conference, held on November 9, 2005 shortly after the October 18, 2005 opinion issued, the court "directed all parties to supplement their discovery responses, including their responses to contention interrogatories," which defendants supplemented on February 9, 2006. [FN60]

> FN59. *Id.* at 2 (emphasis added); *see also id.* at 9 (asserting that "aspects of this case other than infringement were essentially held in abeyance from the August [28], 2003 *Markman* hearing until the November [9], 2005 conference, when the Court ordered the parties to supplement their prior discovery").

> FN60. *Id.* at 2.

First, despite defendants' characterization that the all

non-infringement aspects of this litigation were "essentially held in abeyance" for some period of time, they do not point to any instance where the parties raised supplementation of the pleadings or any suggestion by the court in connection therewith during that period. It is not for a party to unilaterally determine that it may delay moving to amend its pleadings when it has access to the information necessary for such amendment. Moreover, defendants certainly could have taken this period to reexamine their pleadings and the information in their possession and timely-filed any motion to amend they deemed warranted. The issue of amending pleadings could also have been raised at one of the "several conferences with [the parties and] the Court, which ... substantially changed the case schedule" [FN61] that defendants reference in their reply brief, but defendants cite no instance where they did so.

> FN61. *Id.* at 4.

Second, during the November 9, 2005 conference, the court reminded the parties that "Rule 26 requires supplementation.... Supplementation requires everything to be supplemented. Not just certain interrogatories or certain requests. Everything including your initial disclosures." [FN62] This comment by the court does not "clearly supercede[ ]" the court's scheduling order as suggested by defendants. [FN63]

> FN62. D.I. 326 at 31.

> FN63. *See* D.I. 383 at 11.

**\*369 \*\*8** The court finds defendants' arguments concerning the status of the case do not constitute reasonable explanation for waiting over two years to move for leave to amend their pleadings. Therefore, the court determines this was undue delay with regard to their new inequitable conduct allegations.

Case law indicates that this finding, alone, could justify denial of defendants' motion to amend to include their new inequitable conduct allegations. For example, Inline contends that this court's discussion in *Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.* [FN64] is applicable to defendants' current motion. The court agrees. The *Rose Hall* court stated:

> FN64. 93 F.R.D. 858 (D.Del.1982).

An amendment should be denied, *without requiring defendants to demonstrate prejudice,* when the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

amendment is grounded on "bad faith or dilatory motive, truly undue or unexplained delay ...." *Heyl & Patterson International, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.,* 663 F.2d 419, 425 (3d Cir.1981), a decision based upon *Foman v. Davis, supra.* In the instant case it is not necessary for the court to find that plaintiff has acted in bad faith in seeking the amendment. It is clear that plaintiff has provided no satisfactory explanation for its long delay in filing its motion to amend. Undue delay which is not satisfactorily explained is equivalent to bad faith. [FN65]

> FN65. *Id.* at 865 (emphasis added).

In *Lorenz v. CSX Corp.,* [FN66] the Third Circuit also affirmed denial of a motion to amend where the district court made no findings of prejudice to the movant and leave to amend was filed almost two years after the prior amendment. [FN67] More recently, in 2004, the Third Circuit affirmed denial of a motion to amend on the ground of unreasonable delay where the movant had sufficient knowledge more than a year before seeking leave to amend. [FN68]

> FN66. 1 F.3d 1406 (3d Cir.1993).

> FN67. *Id.* at 1414. ("In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment.... Because of [movant's] unreasonable delay in requesting leave to amend, and because of the futility of her proposed amendment, we hold that the district court did not abuse its discretion in denying her Rule 15(a) motion.").

> FN68. *USX Corp. v. Barnhart,* 395 F.3d 161 (3d Cir.2004) (The District Court denied leave to amend based on futility and unreasonable delay-with no finding of prejudice to non-movant. The Third Circuit determined district court was incorrect in its futility analysis but affirmed on unreasonable delay.).

[4] Nevertheless, the court will address the parties' contentions regarding prejudice to Inline were defendants permitted to amend their pleadings to include their new inequitable conduct allegations.

Inline contends it would suffer prejudice "in the form of significant additional time, cost and effort to meet claims not previously advanced" if defendants' motion were granted. [FN69] Inline maintains that it has relied upon defendants' current pleadings, prepared its case in accordance with those pleadings, and that to add new theories at this late date-and during the preparation of expert reports-would be highly prejudicial. [FN70] According to Inline, where, as here, a proposed amendment to the pleadings "substantially changes the theory of a party's claim ..., thereby requiring the responding party to engage in 'significant new preparation,' " the court may deny a motion to amend due to prejudice to the non-movant. [FN71]

> FN69. D.I. 279 at 12.

> FN70. *Id.* at 12. Expert reports were being prepared during the parties' briefing on this motion. The parties' expert reports, and rebuttal reports, were to have been completed by June 30, 2006. Expert depositions were to have been completed by July 21, 2006. *See* D.I. 392 (Amended Sched. Order May 18, 2006).

> FN71. D.I. 279 at 12.

Defendants argue that Inline would suffer no prejudice should their motion be granted because "[a]ll of the information supporting these defenses ... is and had been in Inline's possession, custody or control." [FN72] Defendants *370 contend that "Inline therefore cannot argue that it requires any additional discovery to respond to these supplemental allegations." [FN73] Defendants argue further that there can be no surprise to Inline since inequitable conduct was pled in their Second Amended Answers. [FN74]

> FN72. D.I. 383 at 9; *see also* D.I. 399 at 1.

> FN73. D.I. 399 at 1; *see also* D.I. 408 at 1 (stating that Inline does not argue that it requires "new discovery to respond to Defendants' supplemental allegations regarding inequitable conduct ....").

> FN74. D.I. 383 at 9-10.

**9 The court disagrees with defendants' assertion, as it pertains to inequitable conduct, that they do not seek to add new defenses and counterclaims but, rather, to supplement those previously pled. Unlike

237 F.R.D. 361, 2006 WL 2440822 (D.Del.)
**(Cite as: 237 F.R.D. 361, 2006 WL 2440822 (D.Del.))**

defendants' proposed amendment concerning prosecution laches, that the court agrees supplements previously pled allegations of which Inline was certainly on notice, the proposed amendments concerning inequitable conduct goes far beyond mere supplementation. Defendants are not requesting leave to supplement their previously pled inequitable conduct allegations concerning inventorship. Defendants seek, through the guise of supplementation, to add three new distinct factual inequitable conduct theories against which plaintiffs would now have to prepare to defend.

[5] The court also disagrees that there is no surprise to Inline as a result of defendants' new inequitable conduct allegations and that Inline will not be unduly prejudiced were defendants permitted to amend their answers to include them. "A party is unduly prejudiced if amendment would cause surprise, result in additional discovery, or add cost in the preparation to defend against new facts or theories." [FN75] The court determines that Inline would be surprised by these amendments and unduly prejudiced by having to defend against these new theories were they introduced at this stage of an already lengthy litigation. [FN76]

> FN75. *Amquip Corp. v. Admiral Ins. Co.,* 231 F.R.D. 197, 199 (E.D.Pa.2005) (granting motion to amend in light of court permitting additional discovery which cured prejudice to non-movant and requiring movant to pay for the additional cost and attorneys' fees incurred as a result of movant's delay); *see also McLaughlin v. Diamond State Port Corp.,* Civ. A. No. 03-617(GMS), 2004 WL 2958664, *4 (D.Del. Dec.21, 2004)* ("The purpose of a scheduling order is to provide concrete deadlines on which the parties can rely in planning their respective litigation strategies. If the court were to permit parties to ignore these deadlines, unfair surprise would abound.").

> FN76. In light of the court's denial of defendants' motion to amend its inequitable conduct defenses and counterclaims under Rule 15(a), it is unnecessary to address Inline's Rule 16(b) arguments as they relate to this issue.

Although there may, or may not, be additional discovery needed in connection with defendants' new inequitable conduct allegations (neither party explicitly argued their need for such), the history of this case makes the court wary that such request shall nevertheless arise. Moreover, the trial in this matter is currently scheduled for six days beginning on February 5, 2007, which the court has sharply advised shall proceed at that time. Since this matter has passed its fourth birthday, further delay for possible additional discovery is disfavored.

### III. CONCLUSION

For the reasons stated above, defendants' motion is granted in part and denied in part. The court grants defendants' motion to amend AOL's pleadings to reflect the dismissal of Time Warner. The court also grants defendants' motion to amend their respective pleadings with regard to their prosecution laches defenses and counterclaims. The court denies defendants' motion to amend their pleadings with regard to their three additional inequitable conduct allegations.

237 F.R.D. 361, 2006 WL 2440822 (D.Del.)

### Motions, Pleadings and Filings (Back to top)

• 2005 WL 2385481 (Trial Motion, Memorandum and Affidavit) Inline Connection Corporation's Sur-Reply to Aol's Motion for Reconsideration of the Court's April 13, 2005 Order (Jul. 29, 2005)Original Image of this Document (PDF)

• 2005 WL 2385624 (Trial Motion, Memorandum and Affidavit) Inline Connection Corporation's Sur-Reply to Aol's Motion for Reconsideration of the Court'S April 13, 2005 Order (Jul. 29, 2005)Original Image of this Document (PDF)

• 2005 WL 2385479 (Trial Motion, Memorandum and Affidavit) Inline Connection Corporation's Sur-Reply to Defendants' Motion for Reconsideration and/or Clarification of the Court's April 13, 2005 Order (Jul. 28, 2005)Original Image of this Document (PDF)

• 2005 WL 2385480 (Trial Motion, Memorandum and Affidavit) Inline Connection Corporation's Sur-Reply to Defendants' Motion for Reconsideration and/or Clarification of the Court's April 13, 2005 Order (Jul. 28, 2005)Original Image of this Document (PDF)

• 1:02cv00477 (Docket) (Jun. 4, 2002)

• 1:02cv00272 (Docket) (Apr. 12, 2002)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

237 F.R.D. 361
237 F.R.D. 361, 2006 WL 2440822 (D.Del.)
**(Cite as: 237 F.R.D. 361,  2006 WL 2440822 (D.Del.))**

END OF DOCUMENT

©  2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.