IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEXTRON INNOVATIONS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 05-486 (GMS) |
| ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| THE TORO COMPANY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF TEXTRON INNOVATIONS INC.'S REPLY TO THIRD AMENDED
ANSWER AND COUNTERCLAIMS OF DEFENDANT THE TORO COMPANY**

Edmond D. Johnson (Del. Bar No. 2257)
Thomas H. Kovach (Del. Bar No. 3964)
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500

OF COUNSEL:

Scott L. Robertson
Christopher C. Campbell
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
Telephone: (202) 955-1500

*Attorneys for Plaintiff
Textron Innovations Inc.*

Dated: January 22, 2007

#8272778 v1

-2-

Pursuant to Fed. R. Civ. P. 12 and 15(a), plaintiff Textron Innovations, Inc. ("TII"), by counsel, hereby demands a jury trial and replies to the Third Amended Answer and Counterclaims of the defendant The Toro Company ("Toro"), deemed filed on January 5, 2007. TII hereby responds to the numbered paragraphs of the Counterclaims, and in doing so denies the allegations of the Counterclaims except as specifically stated. In replying to the Counterclaims, TII refers to the patents-in-suit in the following manner: United States Patent No. 6,047,530 (the "'530 Patent"); United States Patent No. 6,336,311 (the "'311 Patent"); and United States Patent No. 6,336,312 (the "'312 Patent") (collectively, "the Patents-in-Suit").

Paragraphs 1 through 31 of Toro's consolidated Third Amended Answer and Counterclaims pertain only to Toro's Answer to TII's Complaint, and therefore no reply to those paragraphs is permitted or necessary. To the extent that any response is required to Paragraphs 1 through 31 of the Answer, TII realleges the allegations of its Complaint, Paragraphs 1 through 22, including the Prayer for Relief, and denies Paragraphs 23 through 31 of Toro's Answer. TII specifically denies that Toro has properly pleaded an affirmative defense of unenforceability or that it has stated a claim for unenforceability due to inequitable conduct or any other theory.

TII responds to the allegations of Toro's Third Amended Counterclaims ("the Counterclaims") as follows:

32.  TII admits the allegations of Paragraph 32 of the Counterclaims.

33.  TII admits the allegations of Paragraph 33 of the Counterclaims.

34.  In reply to Paragraph 34 of the Counterclaims, TII admits that Toro purports to allege a claim for declaratory judgment arising under 28 U.S.C. § 2201, but denies that Toro is entitled to declaratory judgment as requested by Toro.

-3-

35. In reply to Paragraph 35 of the Counterclaims, TII admits that this Court has subject matter jurisdiction over Toro's counterclaims.

36. In reply to Paragraph 36 of the Counterclaims, TII admits that venue is proper in this Court with respect to Toro's counterclaims.

37. In reply to Paragraph 37 of the Counterclaims, TII admits the allegations, except that TII denies that Toro has properly set forth a claim or defense of unenforceability with respect to any of the patents-in-suit.

38. In reply to Paragraph 38 of the Counterclaims, TII restates its responses set forth in Paragraphs 32-37 and incorporates them herein by reference.

39. TII denies the allegations of Paragraph 39 of the Counterclaims.

40. TII denies the allegations of Paragraph 40 of the Counterclaims.

41. TII denies the allegations of Paragraph 41 of the Counterclaims.

42. TII denies the allegations of Paragraph 42 of the Counterclaims.

43. In reply to Paragraph 43 of the Counterclaims, TII restates its responses set forth in Paragraphs 32-37 and incorporates them herein by reference.

44. TII denies the allegations of Paragraph 44 of the Counterclaims.

45. TII denies the allegations of Paragraph 45 of the Counterclaims.

46. TII denies the allegations of Paragraph 46 of the Counterclaims.

47. In reply to Paragraph 47 of the Counterclaims, TII restates its responses set forth in Paragraphs 32-37 and incorporates them herein by reference.

48. In reply to Paragraph 48 of the Counterclaims, TII admits that during the prosecution of the '530 Patent, the Examiner issued an Office Action rejecting pending claims 1, 2, 5, 6 and 10 as obvious in view of Smith (U.S. Patent No. 5,297,378) and the Mountfield

brochure, and that the Examiner opined that it would have been obvious to modify Smith to include a plurality of rotary blade assemblies with rear rollers. TII otherwise denies the allegations of Paragraph 48.

49. TII admits that the inventor, Richard Bednar, filed a Rule 132 declaration on or about November 4, 1999, and that selected excerpts from that declaration are quoted in the Counterclaims, but TII otherwise denies the allegations of Paragraph 49 of the Counterclaims. TII denies that Paragraph 49 contains a complete statement of Mr. Bednar's declaration, or that the Counterclaims fairly characterize Mr. Bednar's statements. TII denies Toro's attempt to characterize Mr. Bednar's statements.

50. TII denies the allegations of Paragraph 50 of the Counterclaims.

51. TII admits that the statements quoted in Paragraph 51 of the Counterclaims were made, but denies that Toro has set forth a complete and accurate rendition of the documents cited therein, or that it has fairly characterized those statements. Accordingly, TII denies Paragraph 51 of the Counterclaims.

52. TII denies the allegations of Paragraph 52 of the Counterclaims.

53. TII denies the allegations of Paragraph 53 of the Counterclaims. TII specifically denies that Toro has pleaded a cognizable defense of inequitable conduct, or that it has pleaded any facts that would support an allegation of unenforceability with respect to the three patents-in-suit.

54. TII denies the allegations of Paragraph 54 of the Counterclaims.

55. TII denies the allegations of Paragraph 55 of the Counterclaims.

56. TII denies the allegations of Paragraph 56 of the Counterclaims.

57. TII denies the allegations of Paragraph 57 of the Counterclaims.

58. TII denies the allegations of Paragraph 58 of the Counterclaims.

59. TII denies the allegations of Paragraph 59 of the Counterclaims.

60. TII denies the allegations of Paragraph 60 of the Counterclaims.

61. TII denies the allegations of Paragraph 61 of the Counterclaims.

62. TII denies the allegations of Paragraph 62 of the Counterclaims.

63. TII denies the allegations of Paragraph 63 of the Counterclaims.

64. In reply to second paragraph 54 of the Counterclaims, TII restates its responses set forth in Paragraphs 32-37 and incorporates them herein by reference

65. TII denies the allegations of second paragraph 55 of the Counterclaims, and specifically denies that TII's claims are barred, in whole or in part, by the doctrine of equitable estoppel for any of the reasons alleged or any other reason.

56. In reply to the Prayer for Relief, TII denies that Toro is entitled to any of the relief sought, for any reason whatsoever. TII specifically denies that Toro has adequately pleaded a claim or defense or stated a claim or defense of unenforceability or inequitable conduct with respect to any of the patents-in-suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Counterclaim-Defendant TII prays:

A   That the Court enter judgment in favor of TII on Toro's Counterclaims;

B.   That Toro's Counterclaims be dismissed with prejudice; and

C.   That the Court adjudge and decree that the United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312 are valid and enforceable against Toro;

D.   That the Court adjudge and decree that the United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312 are infringed by Toro;

E. That the Court adjudge and decree that Toro's infringement of United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312 is willful;

F. That the Court preliminarily and permanently enjoin Toro, and its parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering for sale, importing or distributing any infringing lawn mowers and from infringing, contributing to the infringement of, and inducing infringement of United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312, and for all further and proper injunctive relief;

G. That the Court order an accounting to determine the damages to be awarded to Plaintiff as a result of Toro's infringement;

H. That the Court, pursuant to 35 U.S.C. § 284, enter an award to TII of such damages as it shall prove at trial against Toro that are adequate to compensate TII for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

I. That the Court assess pre-judgment and post-judgment interest and costs against Toro, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

J. That the Court award TII treble damages pursuant to 35 U.S.C. § 284;

K. That the Court declare this case to be exceptional and direct Toro to pay TII's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285 or other applicable law; and

#8272778 v1

  L. That the Court grant to TII such other, further, and different relief as may be just and proper under the circumstances.

## JURY DEMAND

TII demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: January 22, 2007

By: *[signature]*
Edmond D. Johnson (Del. Bar No. 2257)
Thomas H. Kovach (Del. Bar No. 3964)
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

OF COUNSEL:

Scott L. Robertson
Christopher C. Campbell
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
Telephone: (202) 955-1500

Attorneys for Plaintiff
TEXTRON INNOVATIONS INC.