IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEXTRON INNOVATIONS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) C. A. No. 05-486 (GMS) | |
| v. ) | |
| ) **JURY TRIAL DEMANDED** | |
| THE TORO COMPANY, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF SERVICE OF SUBPOENA DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure defendant has served or will serve a subpoena duces tecum on Business Media, Inc., 9800 Metcalf Avenue, Overland Park, Kansas, 66212. The subpoena and accompanying schedule of document requests are attached hereto and were served on January 22, 2007, upon the following counsel of record at the following addresses in the manner indicated:

**VIA ELECTRONIC MAIL**

| | |
|---|---|
| Chris Campbell | ccampbell@hunton.com |
| Edmond Johnson | jonhsone@pepperlaw.com |
| Tom Kovach | kovacht@pepperlaw.com |
| Mara Louey | mlouey@hunton.com |
| Lindsey Marlatt | lmarlatt@hunton.com |
| Florence McKeon | fmckeon@hunton.com |
| David McKim | dmckim@hunton.com |
| Mike Phelps | mpphelps@hunton.com |
| Scott Robertson | srobertson@hunton.com |
| Kristen Wright | wrightk@pepperlaw.com |
| David Young | dyoung@hunton.com |

**VIA U.S. FIRST CLASS MAIL**

Edmond D. Johnson
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19899-1709

Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.
Washington, DC 20006-1109

OF COUNSEL:

Earl D. Reiland
Thomas R. Johnson
Thomas J. Leach
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 332-5300

Dated: January 23, 2007
773822/29362

POTTER ANDERSON & CORROON LLP

By:   */s/ Richard L. Horwitz*
      Richard L. Horwitz
      David E. Moore
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, Delaware 19899-0951
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

*Attorneys for Defendant The Toro Company*

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TEXTRON INNOVATIONS INC.,
Plaintiff,

v.

THE TORO COMPANY,
Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER : 05-486 (GMS)
(Venued in the District of Delaware)

TO:
Prism Business Media, Inc.     ATTN: Jerry Okabe
9800 Metcalf Avenue
Overland Park, Kansas 66212

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects:

See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Metro Legal Services, Inc.<br>c/o Hatfield Process Service<br>1669 Jefferson Street<br>Kansas City, MO 64106 | January 31, 2007<br>9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>/s/ Anthony R. Zeuli<br>Attorney for Defendant The Toro Co. | DATE<br>January 19, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anthony R. Zeuli
MERCHANT & GOULD P.C.
3200 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402     Phone: 612-332-5300

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                                                                                     SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A

### DEFINITIONS

The following definitions are to be applied with regard to the subpoena:

Communication. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

Concerning: The term "concerning" means relating to, referring to, pertaining to, describing, evidencing, or constituting.

Document. The term "document" is defined to be synonymous in meaning and equal in scope with the broadest usage of such term in Federal Rule of Civil Procedure 34.

### DOCUMENTS AND THINGS REQUESTED

1. Records demonstrating when Mr. Richard D. Bednar was a subscriber to Ground Maintenance Magazine:

    - (home address) N6804 Shorewood Hills Road, Lake Mills, Wisconsin, 53551 and
    - (work address) Ransomes, Inc., One Bob-Cat Way, Johnson Creek, WI 53038;

2. Records demonstrating in what months Ransomes, Inc., located at One, Bob-Cat Way, Johnson Creek, WI 53038-0469, received Ground Maintenance Magazine; and

3. Records demonstrating in what months Ground Maintenance Magazine was sent to the address: One Bob-Cat Way, Johnson Creek, Wisconsin 53038-0469.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on January 23, 2007, the attached document was electronically mailed and hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Edmond D. Johnson
Thomas H. Kovach
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 North Market Street
Wilmington, DE 19899-1709
Johnsone@pepperlaw.com
kovacht@pepperlaw.com

I hereby certify that on January 23, 2007, I have Electronically Mailed and Federal Expressed the documents to the following:

| | |
|---|---|
| Christopher C. Campbell<br>Hunton & Williams LLP<br>1900 K Street, N.W.<br>Washington, DC 20006-1109<br>srobertson@hunton.com<br>ccampbell@hunton.com<br>mlouey@hunton.com<br>lmarlatt@hunton.com<br>fmckeon@hunton.com<br>dmckim@hunton.com<br>jalbert@hunton.com | David Young<br>Hunton & Williams LLP<br>1751 Pinnacle Drive, Suite 1700<br>McLean, Virginia 22102<br>mpphelps@hunton.com<br>dyoung@hunton.com |

By: /s/ Richard L. Horwitz
　　Richard L. Horwitz
　　David E. Moore
　　Hercules Plaza, 6th Floor
　　1313 N. Market Street
　　Wilmington, Delaware 19899-0951
　　(302) 984-6000
　　rhorwitz@potteranderson.com
　　dmoore@potteranderson.com

695031