## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No. 05-486 (GMS) |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| THE TORO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF SUBPOENA AD TESTIFICANDUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant The Toro Company has served or will serve the attached subpoena

on Steve Yolitz, ClubCar, 4125 Washington Road, Evans, Georgia, 30809.  Please be

advised that the examination will be conducted before a person duly authorized and will

be recorded by stenographic and videographic means.  You are invited to attend and

cross-examine.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Earl D. Reiland
Anthony R. Zeuli
Thomas R. Johnson
Thomas J. Leach
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 332-5300

By:  _/s/ David E. Moore_
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Dated:  February 15, 2007
778056 / 29362

*Attorneys for Defendant The Toro Company*

AO 88 (Rev. 11-91) Subpoena in a Civil Case

## UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF GEORGIA

TEXTRON INNOVATIONS INC.,
Plaintiff,

v.

THE TORO COMPANY,
Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER : 05-486 (GMS)
(Venued in the District of Delaware)

TO:    Steve Yolitz
       ClubCar
       4125 Washington Road
       Evans, GA 30809

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. This deposition will be recorded by stenographic and videographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Augusta Marriott | Monday, February 26, 2007 |
| Two Tenth Street | At 9:00 a.m. ET |
| Augusta, GA 30901 | |

☐    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE AND TIME |
|---|---|
| | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant The Toro Co. | February 14, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anthony R. Zeuli, Esq.
MERCHANT & GOULD P.C.
3200 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402        Phone: 612-332-5300

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 15, 2007, the attached

document was electronically mailed and hand delivered to the following persons and was

electronically filed with the Clerk of the Court using CM/ECF which will send

notification to the registered attorney(s) of record that the document has been filed and is

available for viewing and downloading:

Edmond D. Johnson
Thomas H. Kovach
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 North Market Street
Wilmington, DE 19899-1709
Johnsone@pepperlaw.com
kovacht@pepperlaw.com

I hereby certify that on February 15, 2007, I have Electronically Mailed and

Federal Expressed the documents to the following:

Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.
Washington, DC 20006-1109
srobertson@hunton.com
ccampbell@hunton.com
mlouey@hunton.com
lmarlatt@hunton.com
fmckeon@hunton.com
dmckim@hunton.com
jalbert@hunton.com

David Young
Hunton & Williams LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
mpphelps@hunton.com
dyoung@hunton.com

By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

695031