**Potter**
**Anderson**
**& Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

David E. Moore
Associate
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

February 28, 2007

**VIA ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street, Lockbox 18
Wilmington, DE 19801

    Re:   **Textron Innovations Inc. v. The Toro Company**
           **C. A. No. 05-486-GMS**

Dear Judge Sleet:

     Pursuant to the Court's February 9, 2007 oral Order, the parties are writing to the Court to present their respective arguments on whether good cause exists for a fourth discovery conference.

**Toro's Position**

     Toro respectfully requests a short extension from the February 28, 2007, close of discovery to complete the deposition of Nunes Manufacturing Inc. Toro has good cause for the short extension.

     On or about February 14, 2007, Toro received the last set of documents produced pursuant to a subpoena served on the current owner of a manufacturing facility in Johnson Creek, Wisconsin, previously owned by Textron until mid-2006. The documents produced included three brochures for Nunes products constituting relevant prior art in this case. Although Toro had some information about Nunes prior to receiving these brochures, Toro believed that the Johnson Creek facility stored additional information. The documents produced confirmed Toro's belief.

     After receiving the last of the Johnson Creek documents, Toro served a subpoena on Nunes on February 20, 2007, to take its deposition on February 28, 2007. Toro did not depose Nunes earlier as deposing Nunes before having all relevant information would have been premature. Thus, Toro chose to confirm its belief that the Johnson Creek facility stored additional information before serving a subpoena on Nunes.

     In waiting for the Proof of Service of the subpoena, Toro's counsel inadvertently failed to give Textron the required five days' notice. Rather, because of the intervening weekend, giving notice on February 23 only provided three business days' notice of the deposition to take place

The Honorable Gregory M. Sleet
February 28, 2007
Page 2

on February 28. In an attempt to correct its inadvertent oversight and in response to Textron's objection to the notice, Toro's counsel immediately took responsibility by apologizing and contacted counsel for Textron asking for relief. Textron was unwilling to comply.

The limited extension sought by Toro will not materially affect the Court's Scheduling Order. Trial is still four months away; pretrial motions are not due for two months; and a two week extension will not prejudice Textron's ability to prepare for trial or pre-trial motions. Additionally, the requests to file summary judgment motions were denied. Moreover, no important dates or deadlines arise during the extension period. Furthermore, granting a short extension will allow Toro to collaborate with Textron and Nunes to set a mutually convenient time and place for the deposition. Finally, a two week extension also provides a reasonable amount of time for Textron's counsel to prepare for the depositions.

For the foregoing reasons, Toro respectfully request a two week extension from the February 28, 2007, close of discovery to complete the deposition of Nunes.

**Textron's Position**

Textron respectfully requests that the Court deny Toro's request to extend discovery. Toro's request does not present a justifiable explanation, if one could exist, for its belated request to take third party discovery of Fabritec Precision Inc. ("Nunes") that would contravene the Court's express directive of January 11, 2007 that discovery conclude by February 28, 2007. This case has been pending for over 19 months and discovery has already been extended on several occasions, most recently in January. Yet, in the last three days of discovery, Toro notified Textron that it seeks to prolong discovery again in order to take another third party deposition in a remote location (Modesto, CA) involving significant travel and expense to Textron. Toro's request would have the Court disregard the Stipulated Amended Scheduling Order, entered by the Court on January 29, 2007, which mandates that all factual and expert discovery "shall" conclude on February 28, 2007.

To be sure, Toro knew about the Nunes mowers before and throughout the pendency of this suit. Toro identified the Nunes mowers as alleged prior art in a letter to Textron prior to suit. Toro's inequitable conduct affirmative defense challenges the propriety of the inventor's submission of a Nunes brochure to the Patent Office. *See* Toro's Third Amended Answer, ¶¶ 59-63 (D.I. 94-3). Still further, on May 15, 2006 — *nearly 10 months ago* — Toro subpoenaed (and Nunes produced) documents pertaining to certain Nunes mowers. Toro has questioned several party and non-party witnesses about the Nunes mowers, including the inventors and patent counsel. And Toro cited nine (9) Nunes mower brochures and patents in its Court mandated Prior Art Statement dated June 1, 2006. Thus, Toro has been well aware of the Nunes mowers for years, yet Toro waited until the close of discovery to seek a third party deposition which provided inadequate notice pursuant to the rules of this Court.

Textron has made every effort to cooperate with Toro's deposition scheduling (nine depositions were scheduled around the country in the last three days of discovery). Moreover, Toro's attempt to pin its own neglected search of Textron's former facility on Textron is a red herring. First, prior to Textron's sale of Johnson Creek, Textron produced responsive documents

The Honorable Gregory M. Sleet
February 28, 2007
Page 3

from that facility, including at least *eight* (8) Nunes brochures. Thus, the inference that Textron failed to produce Nunes brochures from Johnson Creek is misleading. And, as the Court may recall from the discovery teleconference in November, Toro subpoenaed Johnson Creek in October, 2006. Yet, as of the discovery teleconference of January 11, 2007, Toro still had failed to timely narrow that subpoena. After belatedly negotiating a subpoena of reasonable scope, on January 31, 2007 Toro reviewed *on location* the Johnson Creek documents, leaving four weeks remaining in discovery, during which Toro had plenty of time to notice the Nunes deposition. Yet Toro did not subpoena Nunes until February 20, 2007, and did not serve Textron with that notice until February 23, only three days before the close of discovery.

The time to bring discovery to a close has arrived as the Court recognized in early January when it set a February 28 discovery cutoff. Textron has repeatedly advised Toro of its desire to comply with the Court's Scheduling Order. No one but Toro was responsible for its delay in seeking discovery of Nunes. Textron should not prejudiced by Toro's delay and failure to timely conduct discovery.

\*    \*    \*

Counsel are available at the Court's convenience if Your Honor has any questions.

Respectfully submitted,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/780330/29362
cc: Clerk of the Court (via hand delivery)
    Counsel of Record (local by hand delivery; out of state by email and federal express)