# EXHIBIT 1

DEC-12-05  11:30  FROM-Merchant & Gould          6123329801          T-998  P.002/005  F-635

# Merchant & Gould

An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact | 612.371.5299
tjohnson@merchant-gould.com

December 12, 2005

The Honorable Susan Richard Nelson
Magistrate Judge of U.S. District Court
9E U.S. Courthouse
300 S. 4th Street
Minneapolis, MN 55415

      Re:    The Toro Company v. Textron, Inc., et al.
             Court File No. 05-1835 (MJD/SRN)
             M&G Reference No. 06372.0150-US-ZA

Dear Judge Nelson:

      Toro respectfully submits this letter in response to Defendants' request to modify the Court's November 9, 2005 scheduling order. Toro requests the Court deny Defendants' motion and maintain the schedule previously agreed to by the parties and ordered by the Court. The current scheduling order resulted from extensive party negotiations and this Court's effort. It sets out a reasonable schedule to provide a just, speedy, and cost effective resolution of this action. Defendants have provided no compelling or logical reason why their proposed delay in the schedule should be allowed.

      The Court's current scheduling order facilitates an expeditious resolution of this dispute. Defendants' proposed modification likely will increase the Court's workload, the costs to the parties, and open the door to improper sandbagging litigation tactics. Both parties and this Court benefit from resolving this dispute quickly. Additionally, this schedule, and specifically the deadline for disclosing "all prior art" is beneficial to the Court because it provides the Court with the relevant prior art before the Markman hearing. The Court, in performing its claim construction mandate, will construe the claims using the standard of a person having ordinary skill in the art. The prior art known at the time of the invention provides such information. Judge Davis will benefit from having <u>all</u> the prior art before making his claim construction decision.

      Defendants' arguments for extending the Court's schedule are unsupported and illogical. Defendants imply they were somehow duped into agreeing to this schedule. Any claim of ignorance is inexcusable. The scheduling order in this case uses the template that Judge Davis

Minneapolis/St. Paul
Denver
Seattle
Atlanta
Washington, DC

PAGE 2/10 * RCVD AT 12/12/2005 12:35:03 PM [Eastern Standard Time] * SVR:RIRIGHTFAX/13 * DNIS:22201 * CSID:6123329801 * DURATION (mm-ss):04-50

DEC-12-05   11:30   FROM-Merchant & Gould            6123329801         T-998  P.003/005  F-635

uses in his patent cases. Judge Davis's template is clear that "*all* prior art must be disclosed."[1] Moreover, this requirement is not some mere whim of Judge Davis. The Minnesota 2005 Patent Advisory Committee analyzed procedural mechanisms to simplify and streamline patent cases. The Patent Advisory Committee recommends the specific guideline that required *all* prior art be provided. Form 4 of Proposed Local Rules Amendment at ¶ g(1). This group of distinguished patent and litigation experts recognized that all the prior art needs to be on the table to facilitate an early and proper claim construction. Id.

Defendants had ready access to the normal process prior to the scheduling conference. The proposed local rules for patent cases were publicly available since last September. This information has been directly circulated to the Minnesota Patent Bar and its members for comments. Moreover, the proposed local rules are linked to this Court's website at www.mnd.uscourts.gov/ and include the identical wording regarding the disclosure of relevant prior art complained of by Defendants.[2] Being familiar with the Court's procedures is incumbent upon all litigants. If the Defendants needed to review the wording which is used in scheduling orders they could have contacted their local counsel or the Court's clerk.

However, whether Defendants were aware of the exact language to be used by the Court in the Pre-Trial Order is irrelevant. The language used in the form Joint Rule 26(f) report executed and submitted to the Court was sufficient notice that the date of February 1, 2006 was the date upon which all prior art was to be disclosed not merely the date for a preliminary prior art statement. Paragraph D.7 of the jointly submitted Rule 26(f) report states: "The service of defendants' list of *all* prior art on which it relies to invalidate the claims asserted by plaintiff." (emphasis added). The word "all" means simply that. It is synonymous with "every single one" or "each and every one." It certainly does not mean "partial," or "preliminary."

That the word "all" was somehow understood by Defendants to mean "partial" or "preliminary" is inexplicable. Moreover, in the extensive negotiations over the dates to be scheduled in this case, Defendants' never discussed with Toro nor requested that this date would be the date of submitting a partial prior art statement. Declaration of Thomas R. Johnson, ¶ 3. Nor did Defendant ever request to add language whereby they would have an opportunity to freely amend their prior art statement. Id. Additionally, before this Court, Defendants made no mention of not providing *all* prior art on February 1st or requesting that this date merely be the day for submitting a preliminary prior art statement. The record is clear the parties agreed that *all* prior art was to be submitted by February 1, 2006.

Alternatively, Defendants seek more time to fully disclose the prior art it will rely upon. The time provided has been more than reasonable. Defendants will have had more than seven (7) months from the filing of the complaint to locate and analyze the relevant prior art. In fact, Defendants should have already gathered the prior art. It was a prerequisite to having a good faith basis to alleged invalidity in their Amended Answer and Counterclaims. Additionally, with

---

[1] "On or before _____, defendant shall serve on plaintiff a list of all of the prior art on which it relies . . . ." Judge Davis's template at paragraph #. Ex. A to the Declaration of Thomas R. Johnson is Judge Davis's template.

[2] "Within ___ days of its receipt of Plaintiff's Claim Chart pursuant to Discovery Plan paragraph (1) Defendant shall serve on Plaintiff a list of all of the prior art on which it relies. . . ." Form 4 of proposed local patent rules at paragraph g(1). Ex. B to the Declaration of Thomas R. Johnson is a copy of the proposed local rules.

2

PAGE 3/10 * RCVD AT 12/12/2005 12:35:03 PM [Eastern Standard Time] * SVR:RIRIGHTFAX/13 * DNIS:22201 * CSID:6123329801 * DURATION (mm-ss):04-50

DEC-12-05   11:31   FROM-Merchant & Gould                6123329801           T-998  P.004/005  F-635

the current order, the Defendants are not wholly precluded from supplementing their prior art submission.[3] A prompt disclosure prevents Defendants from holding any prior art or invalidity arguments back. Without an early limit on Defendants' ability to supplement, Defendants' prior art statement would be nearly meaningless and the Court's Markman ruling merely advisory.

Defendants request for a reciprocal requirement for Toro's infringement analysis is untenable. It is based on the false premise that an infringement analysis and a prior art analysis are analogous. Both Judge Davis's template and the advisory committees' recommendations properly treat these two issues differently. These rules recognize the continuing nature of an infringement analysis. Toro's infringement analysis requires the production by Defendants of documents and things related to all products that may infringe. Once this data is gathered, it must be analyzed, including analysis by experts, to determine whether these additional products infringe. Toro is only aware of some infringing products and discovery will likely disclose other products to evaluate. Defendants request to delay the full identification of prior art until almost a year from now is unreasonable and will only negatively impact the Court's Markman analysis and its administration of this action.

Lastly, Defendants contend that the Court was in error regarding what subject matter experts can testify to at trial. Toro contends the Court's order correctly defines the boundaries for use of expert reports. The Court agreed to the submission of reply reports, but that decision did not correspondingly require an expansion on what subject matter can be addressed by the experts at trial. Defendants' argument, just as with the prior art argument, would allow the parties to refrain from showing all their cards at the outset. This is unacceptable as surprise is no longer a part of Federal Court litigation. Allowing new issues to be addressed in reply reports would mandate the opportunity for the opposite side to respond to these new issues. The Court's scheduling order properly limits this back and forth process. It encourages experts to promptly disclose their views.

The Court's current Scheduling Order is reasonable. It does not unfairly impact Defendants. Defendants have failed to show that the scheduling order they negotiated should be rewritten now. Defendants have also failed to present any sound reason to "backdoor" new expert opinions via reply reports. Toro respectfully requests that the changes proposed by Defendants be denied.

If the Court decides to allow Defendants' requested extensions, Toro respectfully requests a supplemental pretrial conference. In that event, several dates previously agreed to will be directly affected by changes in the requirements of Defendants' prior art statement.

---

[3] Toro would note that the scheduling order issued by this Court is actually more flexible than the one Defendants agreed to. The Court's scheduling order provides Defendants a limited opportunity to amend their claim chart, where as the Rule 26(f) agreement between the parties arguably did not.

3

PAGE 4/10 * RCVD AT 12/12/2005 12:35:03 PM [Eastern Standard Time] * SVR:RIRIGHTFAX/13 * DNIS:22201 * CSID:6123329801 * DURATION (mm-ss):04-50

Respectfully submitted,

Thomas R. Johnson

TRJ/KMS:ajm
Enclosure

cc:   Kurt J. Niederluecke, Esq. (via Messenger w/enc.)
      David M. Young, Esq. (via Facsimile w/out enc.)
      Scott L. Robertson, Esq. (via Facsimile w/out enc.)
      Christopher C. Campbell, Esq. (via Facsimile w/out enc.)

4