# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEXTRON INNOVATIONS INC., ) | |
| ) | C. A. No. 05-486 (GMS) |
| Plaintiff, ) | |
| v. ) | (Jury Trial Demanded) |
| ) | |
| THE TORO COMPANY, ) | |
| ) | |
| Defendant. ) | |

## TORO'S SECOND AMENDED PRIOR ART STATEMENT

In compliance with the Court's Scheduling Order, Defendant, The Toro Company ("Toro"), provides the following Amended Prior Art Statement to Plaintiff, Textron Innovations, Inc. ("Textron").

The asserted claims of U.S. Patent Nos. 6,047,530 ("the '530 patent"); 6,336,311 ("the '311 patent"); and 6,336,312 ("the '312 patent") (hereinafter the "patents-in-suit") are all invalid as anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103, or both, in view of the following list of prior art and as detailed in the attached invalidity charts Exhibits A-F:

### A. Gang-Type Rotary Mowers

1. Lesco 500 Rotary
2. Deere with Nunes 355
3. Deere 3235A with Nunes Brochure
4. R.T.S. Rotary Cutters (Risboro Turf Brochure) & Hayter Bever T24
5. Picture of Deere 3235A with Nunes rotary decks
92. Groundsmaset® with Countour 66
93. January 1988 Newspaper Article
99. Wulff Mower Brochure
100. <u>Middlesworth 72RR</u>

B.  **Gang-Type Rotary Mowers**

6.  Jacobsen HR-5111
7.  Golf and Sports Turf, March 1990
8.  Howard Price 1280
9.  Howard Price 1260
10. Howard Price Hydro-Power 180
11. Befco
12. Las Tec—Articulator (Model 425-D, 325-ER, M 325-E)
13. Cream of The Crop Turf Management, April 1993
14. Nunes 317, 490, 426
15. Land Pride Turf—All-Flex Mowers
16. Nunes 5.5 Vacuum Plus
17. Hustler Range Wing
18. U.S. Pat. 4,926,621
19. U.S. Pat. 5,280,695
20. U.S. Pat. 3,135,079
21. EU 342 700 B1
22. Nunes 3235A
23. U.S. Pat. 4,308,713
24. Rotaries take to golf courses, Grounds Maintenance, January 1991.
25. Toro 455-D
26. Out-Front Rotary Mowers, Grounds Maintenance, May 1991
27. Problem Solver, Parks & Sport Grounds, March 1992
88. Canadian Pat. No. 1,115,067 to Ransomes
89. Canadian Pat. No. 1,141,177 to Brouwer

C.  **Gang Rotary with Roller**

28. Major-Groundsman
29. Major-GroundsMajor
30. Howard—Stealth
31. Howard—TrailMaster
32. Cheap & Careful
33. United Equipment—Uni-Cut (see Tab 1)
34. Relying On a Rotary (Turfmech-- Tri-Deck TD65-2
35. U.S. Pat. No. 3,236,034
36. U.S. Pat. No. 3,650,098
37. U.S. Pat. No. 4,304,086
38. Trimax Pegasus

D.  **Rotary with Roller (including Interchangeability of Roller and Casters Wheels)**

1

39. Kilworth's Sovema optional Rear Roller.
40. Port Agric Cutlass Pro/AM.
41. U.S. Patent No. 3,802,172
42. Australian Patent No. 11,914/70
43. Australian Patent No. 50523/64
44. Honda HR 173, HR 194, HR 214, and HR 216
45. Cheap And Careful
46. Simplicity Mowers
47. Mountfield Empress
48. Steiner 80-81 Owners Manual
49. South African Patent App. No. 924978
50. South African Patent App. No. 942089
51. Teagle Topper 5.
52. Attack Engineering 150 Rollermower / Falcon Rollermowers 40/150R and 50/150R (40)
53. Dowdeswell Rollermowers
54. Sod Harvester by Nunes
55. Choosing the right cutting mechanism
90. Steiner Boom Mower
94. Simplicity Manuals
95. Simplicity Mower
96. Machinery For Horticulture, Chapter 14
97. Hayter Contour 120
101. <u>Mountfield Lawnrider</u>
102. <u>Turftrack Rotary Mower</u>
103. <u>Douglas Products Rollers</u>
104. <u>Quad Cycling Mower</u>
106. <u>Turf Star Electra Model 2000</u>
107. <u>Stiga Park Rotary Mower</u>
108. <u>Deutz-Allis Rotary Mower</u>

E.  **Gang of Single Spindle Rotary Decks**

56. Australian 13463/70
57. Deere with Nunes 355
58. Deere 3235A with Nunes

F.  **Height Adjustment**

59. U.S. Patent No. 1,954,579
60. U.S. Patent No. 3,537,720
61. U.S. Patent No. 3,611,684
62. Australian Patent No. 11,914/70
63. Howard--Rollamowa (1979) Owners Manual
64. U.S Patent No. 3,802,172
65. Votex Rotary Cutters (U.S. Patent No. 1,212,353)

2

    66.    South African Pat. App. No. 924978

**G.    Ganged Reel Mowers**

    67.    U.S. Patent No. 5,297,378
    68.    U.S. Patent No. 5,293,729
    69.    U.S. Patent No. 5,343,680
    70.    U.S. Patent No. 5,497,604
    71.    U.S. Patent No. 5,406,778
    72.    British Pat. No. 1,273,760
    73.    U.S. Patent No. 4,878,338
    74.    U.S. Patent No. 5,293,729
    75.    British Pat. No. 1,544,914
    76.    U.S. Patent No. 3,616,626
    <u>105.    Ransomes 250 Lightweight Fairway Mower</u>

**H.    Rotaries on Golf Course/ Roughs**

    77.    Equipment Preview 1987, p. 37.
    78.    1986: The Season In Review, p. 10
    79.    Course gets a manicure
    80.    Choosing the right cutting mechanism
    81.    Mowing Large Areas, Grounds Maintenance, July 1989
    82.    Cutting a Systematic Swathe, The Groundsman, July 1993
    83.    Rotaries take to golf courses, Grounds Maintenance, January 1991. (See No. 24)
    84.    Cheap And Careful (see No. 45)
    91.    Spring 1992 Jacobsen "NEWSREEL" magazine
    95.    Machinery For Horticulture, Chapter 14
    98.    U.S. Pat. No. 5,305,589

**I.    Segmented Rollers**

    85.    U.S. Patent No. 3,654,749
    86.    U.S. Patent No. 3,754,385
    87.    U.S. Patent No. 4,416,109
    92.    Groundsmaset® with Countour 66
    94.    Simplicity Manuals
    95.    Simplicity Mower
    99.    Wulff Mower Brochure
    <u>102.    Turftrack Rotary Mower</u>
    <u>104.    Quad Cycling Mower</u>
    <u>106.    Turf Star Electra Model 2000</u>
    <u>107.    Stiga Park Rotary Mower</u>
    <u>108.    Deutz-Allis Rotary Mower</u>

The following attached Exhibits A-F provide a detailed explanation of how the asserted claims of the patents-in-suit are invalid under 35 U.S.C. §§ 102 and 103:

1. Exhibit A: Invalidity of Asserted Claims of The '530 Patent Under 35 U.S.C. §102;
2. Exhibit B: Invalidity of Asserted Claims of The '530 Patent Under 35 U.S.C. §103;
3. Exhibit C: Invalidity of Asserted Claims of The '311 Patent Under 35 U.S.C. §102;
4. Exhibit D: Invalidity of Asserted Claims of The '311 Patent Under 35 U.S.C. §103;
5. Exhibit E: Invalidity of Asserted Claims of The '312 Patent Under 35 U.S.C. §102; and
6. Exhibit F: Invalidity of Asserted Claims of The '312 Patent Under 35 U.S.C. §103.

The references to the various prior art teachings in the above Exhibits A-F are exemplary only, and other portions of the references, other combinations of references, and other evidence of commercial embodiments and/or published literature may provide additional evidence of invalidity. Any and all commercial embodiments and/or published literature relating to any of the prior art listed above are incorporated into this Prior Art Statement.

As specifically detailed in the attached §102 invalidity charts (Exhibits A, C, and E), the asserted claims of the patents-in-suit are invalid under 35 U.S.C. § 102 as being anticipated by various prior art references, including, but not limited to, the Lesco 500 Rotary mower, the Risboro Turf Brochure (R.T.S. Rotary Cutters), and the John Deere Mowers with Nunes decks products and brochures. In addition, as specifically detailed in

the attached §103 invalidity charts (Exhibits B, D, and F)[1], it would have been obvious under 35 U.S.C. §103 to a person of ordinary skill in the art, as of the filing date of the patents-in-suit, in view of the prior art alone or in combination with the listed prior art references.

The prior art listed above would have also informed one of skill in the art regarding the state of the art at the time of filing of the application. Toro intends to rely upon these and any other references reflecting the state of the art that may be found during discovery, as well as all prior art identified in the file histories and specifications of the patents-in-suit, and all prior art identified or cited in the references disclosed in this Prior Art Statement.

The information provided in Toro's Prior Art Statement is preliminary in nature and subject to modification and supplementation. Toro anticipates that discovery from Textron and others will likely lead to additional prior art relevant to the invalidity of the patents-in-suit, which will need to be added to Toro's Prior Art Statement. Toro may continue to refine and supplement its understanding of the prior art as additional relevant information is acquired during the course of discovery. Toro will supplement this Prior Art Statement in a timely matter as their understanding of the scope, content, and meaning of the prior art develops as discovery progresses.

Toro's application of its prior art is based on its current understanding of how Textron is applying the claim terms in its infringement analysis of Toro's products. The prior art references provided herein represent those that Toro has acquired sufficient

---

[1] Toro's 35 U.S.C. §103 invalidity charts, Exhibits B, D, and F, include two columns of prior art descriptions. The prior art description in the first prior-art column discloses the claimed element alone or in combination with the description in the second prior-art column that corresponds to the prior art description in the first column.

5

information to assess their relevance with respect to the patents-in-suit, as currently understood.

To date, Textron has also not produced any evidence to establish that the patents-in-suit are entitled to a priority date earlier than the filing dates. Thus, the patentability of the patents-in-suit must be assessed in light of the state of the relevant art as of the patent filing dates. Should evidence of an earlier priority date be produced, Toro reserves the right to modify and supplement this Prior Art Statement.

Dated: _____   By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19801
(302) 984-6027
rhorwitz@potteranderson.com
dmoore@potteranderson.com

AND

Earl D. Reiland
Anthony R. Zeuli
Thomas J. Leach
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 332-5300

**ATTORNEYS FOR DEFENDANT
THE TORO COMPANY**

K:\CLIENTS\06\06372\149USZA\Pleadings\Prior Art Statement\Toro's Second Prior Art Statement.doc