# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 05-486 (GMS) |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| THE TORO COMPANY, | ) | |
| | ) | |
| Defendant. | | |

**DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS TO PLAINTIFF**

Defendant The Toro Company (hereinafter "Defendant" or "Toro"), by its

attorneys, in accordance with the provisions of Rule 34 of the Federal Rules of Civil

Procedure, requests that Plaintiff Textron Innovations Inc. (hereinafter "Plaintiff" or

"Textron") produce for inspection and/or copying the following described documents and

things. The requested documents and things are to be made available at the offices of

Merchant & Gould P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis,

Minnesota 55402-2215 within thirty (30) days after service of this document, or sooner if

agreed to by the parties or ordered by the Court.

Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Plaintiff shall

produce the requested documents as they are kept in the usual course of business or shall

organize and label them to correspond with the categories in this request.

If any request, or portion of a request, is unclear, please contact the undersigned

counsel and, if possible, the request or portion thereof will be clarified in a reply letter.

Any such reply may be treated as a modification of the request or portion thereof.

Defendant incorporates herein by reference the Terms and Definitions and Instructions contained in Defendant's First Set of Interrogatories to Plaintiff.

## DOCUMENTS AND THINGS REQUESTED

### REQUEST NO. 69:

All documents to or from or about Risboro Turf, Hayter, Lesco, Nunes, Deere, Simplicity, LasTec, Howard Price, Hustler, and Kilworth.

### REQUEST NO. 70:

All documents to or from Mark Barthelmie or any other person that was associated with Risboro Turf.

### REQUEST NO. 71:

All documents to or from Steve Chicken and/or Richard Bednar concerning gang-type mowers.

### REQUEST NO. 72:

All documents concerning Risboro Turf, including but not limited to, brochures, price lists, or news letters.

### REQUEST NO. 73:

All Hayter brochures concerning rotary cutting products.

### REQUEST NO. 74:

All Lesco brochures.

### REQUEST NO. 75:

All Nunes brochures.

**REQUEST NO. 76:**

All Deere brochures concerning rotary mowers.

**REQUEST NO. 77:**

All photographs or other documents of rotary cutting decks made by entities other than Ransomes before February 3, 1997, including but not limited to the rotary decks by Risboro Turf.

**REQUEST NO. 78:**

All documents concerning the inspection or acquisition of any rotary cutting decks or machine having rotary cutting decks from any entity other than Ransomes, including but not limited to invoices, notes, shipping documents, photographs, drawings, letters, emails, or other such documents.

**REQUEST NO. 79:**

All documents concerning Risboro Turf's rotary cutting decks, including documents demonstrating when Textron became aware of Risboro Turf's rotary cutting decks and the extent of that knowledge.

**REQUEST NO. 80:**

All documents concerning the Hayter Beaver T-24, including but not limited to any brochures, manuals or parts lists.

**REQUEST NO. 81:**

All documents concerning Kilworth rotary mowers, including but not limited to the Kilworth Sovema mower and the optional rear roller attachment.

3

**REQUEST NO. 82:**

All documents concerning U.S. Patent 5,305,589 to Rodriguez et al., including but not limited to documents establishing when Textron first became aware of the reference.

**REQUEST NO. 83:**

All documents concerning the Jacobsen HR-5111, including but not limited to all documents concerning its use to cut golf course roughs.

**REQUEST NO. 84:**

All documents concerning the Jacobson HR-15, including but not limited to all documents concerning its use to cut golf course roughs.

**REQUEST NO. 85:**

All documents concerning the Howard Price Hydro Power, including but not limited to all documents concerning its use to cut golf course roughs.

**REQUEST NO. 86:**

All documents concerning the Howard Price Turf Blazer, including but not limited to all documents concerning its use to cut golf course roughs.

**REQUEST NO. 87:**

All documents concerning the Befco Cyclone, including but not limited to all documents concerning its use to cut golf course roughs.

**REQUEST NO. 88:**

All documents concerning the LasTec Articulator or other LasTec rotary cutting products, including but not limited to all documents concerning their use to cut golf course roughs.

**REQUEST NO. 89:**

All documents concerning the "Cream Of The Crop" article published in Turf Management in April 1993, including but not limited to copies of the article itself and documents sufficient to evidence when Textron first became aware of this article and from whose file it came.

**REQUEST NO. 90:**

All documents concerning the "Rotaries Take To Golf Courses" article published in Turf Management in April 1993, including but not limited to copies of the article itself and notes belonging to Mr. Buchanan.

**REQUEST NO. 91:**

All documents concerning any investigation or analysis of any competitor's rotary cutting products.

**REQUEST NO. 92:**

All documents concerning the All-Flex mowers, including but not limited to all documents concerning its use to cut golf course roughs.

**REQUEST NO. 93:**

All letters and notices regarding the patents-in-suit, including but not limited to letters and notices to Nunes.

**REQUEST NO. 94:**

All documents or things Textron alleges support its claim that Toro copied the invention of the patents-in-suit.

**REQUEST NO. 95:**

All documents concerning the Toro 580-D, including but not limited to all documents concerning its use to cut golf course roughs.

**REQUEST NO. 96:**

All documents concerning the Toro 455-D, including but not limited to all documents concerning its use to cut golf course roughs.

**REQUEST NO. 97:**

All documents concerning the "Out-Front Rotary Mowers" article published in Grounds Maintenance in May 1991, including but not limited to copies of the article itself and documents sufficient to evidence when Textron first became aware of this article.

**REQUEST NO. 98:**

All documents concerning the Major Grascare – Topper mower and the Groundsmajor Rollermower, including but not limited to all documents concerning their use to cut golf course roughs.

**REQUEST NO. 99:**

All documents concerning the Stealth S2 Wing Roller Mower or the TrailMaster mower by Howard or the Pegasus S2 Wide-area Roller Mower by Trimax Mowing Systems.

**REQUEST NO. 100:**

All documents concerning Portagric's rotary mowers.

**REQUEST NO. 101:**

All documents concerning Honda rear roller rotary mowers.

**REQUEST NO. 102:**

All documents concerning Simplicity rotary mowers with rollers.

**REQUEST NO. 103:**

All documents concerning Mountfield rotary mowers with rollers.

**REQUEST NO. 104:**

All documents concerning Steiner rotary mowers with rollers.

**REQUEST NO. 105:**

All documents concerning Teagle Toppers rotary mowers with rollers.

**REQUEST NO. 106:**

All documents concerning Falcon Rollermowers or Attack Engineering

rollermowers, including but not limited to the Attack 150 Rollermower.

**REQUEST NO. 107:**

All documents concerning Dowdeswell Rollermowers.

**REQUEST NO. 108:**

All documents concerning the "Choosing the right cutting mechanism" article

published in Parks & Sports Grounds, including but not limited to copies of the article

itself and documents sufficient to evidence when Textron first became aware of this

article and from whose file it came.

**REQUEST NO. 109:**

All documents concerning Votex Rotary Cutters.

**REQUEST NO. 110:**

All documents concerning the "1986: The Season in Review" article (see Bates No. TORO 000539), including but not limited to copies of the article itself and documents sufficient to evidence when Textron first became aware of this article and from whose file it came.

**REQUEST NO. 111:**

All documents concerning the "Mowing Large Areas" article published in Grounds Maintenance in July 1989, including but not limited to copies of the article itself and documents sufficient to evidence when Textron first became aware of this article and from whose file it came.

**REQUEST NO. 112:**

All documents concerning the "Cutting a Systematic Swath" article published in The Groundsman in July 1993, including but not limited to copies of the article itself and documents sufficient to evidence when Textron first became aware of this article and from whose file it came.

**REQUEST NO. 113:**

All documents concerning the "Cheap and Careful" article published in Turf Management in May 1994, including but not limited to copies of the article itself and documents sufficient to evidence when Textron first became aware of this article and from whose file it came.

**REQUEST NO. 114:**

All documents concerning any document or product listed in Toro's Prior Art Statement, including the documents themselves and documents sufficient to establish when Textron first became aware of the documents and from whose file the document came.

**REQUEST NO. 115:**

All documents concerning problems with the AR250, AR2500 and AR3.

**REQUEST NO. 116:**

All documents demonstrating what tradeshows Mr. Bednar attended from 1987 to 2000.

**REQUEST NO. 117:**

All documents demonstrating what tradeshows the AR250 was shown at.

**REQUEST NO. 118:**

All documents concerning the purchase of any rotary mowers, including but not limited to Toro rotary mowers.

**REQUEST NO. 119:**

All documents sufficient to establish the earliest date Textron was aware of the 1993 Nunes Rotary Mower, John Deere 3364 Deck Attachment brochure.

**REQUEST NO. 120:**

All documents sufficient to establish any royalty paid or received concerning the invention of the patents-in-suit.

**REQUEST NO. 121:**

All documents and things remaining at Michael Best & Friedrich concerning the patents-in-suit or the relationship with Ransomes or Textron, including but not limited to documents in Michael Best & Friedrich's word processing system and time entry records.

**REQUEST NO. 122:**

All drawings and things provided to the Michael Best & Friedrich law firm concerning the patents-in-suit, including photographs, invention disclosure forms, and drawings.

**REQUEST NO. 123:**

All documents and things concerning Textron's subscription to the publication Turf Management.

**REQUEST NO. 124:**

All documents and things concerning Textron's subscription to the publication Grounds Maintenance.

**REQUEST NO. 125:**

All documents concerning Turf Management for Golf Courses by James B. Beard, including but not limited to documents sufficient to identify when Textron first had this publication in its possession, custody or control and whose files it came from.

**REQUEST NO. 126:**

Documents sufficient to identify those Ransomes and Jacobsen employees that attended the 1988 Golf Course Superintendents Association of America show.

**REQUEST NO. 127:**

Documents sufficient to identify those Ransomes and Jacobsen employees that attended the 1989 Golf Course Superintendents Association of America show.

**REQUEST NO. 128:**

Documents sufficient to identify those Ransomes and Jacobsen employees that attended the 1990 Golf Course Superintendents Association of America show.

**REQUEST NO. 129:**

Mr. Bednar's calendar(s) from 1987 through 2000.

**REQUEST NO. 130:**

Documents sufficient to show the holdings of the library maintained by Ransomes and the library maintained by Jacobsen.

**REQUEST NO. 131:**

Copies of all purchase records or invoices concerning Lesco, Risboro, Hayter, Beaver T24, LasTec, Nunes, and Simplicity.

**REQUEST NO. 132:**

All documents concerning rotary mower with rear rollers.

OF COUNSEL:                                POTTER ANDERSON & CORROON LLP

Earl D. Reiland
Thomas R. Johnson
Thomas J. Leach                           By:     */s/ David E. Moore*
MERCHANT & GOULD P.C.                             Richard L. Horwitz (#2246)
3200 IDS Center                                   David E. Moore (#3983)
80 South 8th Street                               Hercules Plaza, 6th Floor
Minneapolis, MN 55402                             1313 N. Market Street
(612) 332-5300                                    Wilmington, Delaware 19899-0951
                                                  (302) 984-6000
Dated:  September 22, 2006                         rhorwitz@potteranderson.com
                                                   dmoore@potteranderson.com

751926/29362                              *Attorneys for Defendant The Toro Company*

11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 22, 2006, a true and correct

copy of the within document was caused to be served on the attorney of record at the

following addresses as indicated:

## VIA HAND DELIVERY

Edmond D. Johnson
Peter B. Ladig
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801


## VIA ELECTRONIC MAIL AND FEDERAL EXPRESS

Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.
Washington, DC 20006-1109
srobertson@hunton.com
ccampbell@hunton.com
mlouey@hunton.com
lmarlatt@hunton.com
fmckeon@hunton.com
dmckim@hunton.com

Michael P. F. Phelps
David Young
Hunton & Williams LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
mpphelps@hunton.com
dyoung@hunton.com


By:    _/s/ David E. Moore_____
       Richard L. Horwitz
       David E. Moore
       Potter Anderson & Corroon LLP
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       Wilmington, DE 19899
       (302) 984-6000
       rhorwitz@potteranderson.com
       dmoore@potteranderson.com


744261