IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEXTRON INNOVATIONS INC., | ) |
| | ) |
| Plaintiff, | ) C. A. No. 05-486 (GMS) |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| THE TORO COMPANY, | ) **PUBLIC VERSION** |
| | ) |
| Defendant. | ) |

**TORO'S REPLY TO TEXTRON'S OPPOSITION TO
TORO'S MOTION FOR LEAVE
TO FILE A SECOND AMENDED PRIOR ART STATEMENT**

OF COUNSEL:

Earl D. Reiland
Anthony R. Zeuli
Thomas R. Johnson
Thomas J. Leach
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 332-5300

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant The Toro Company*

Dated: March 19, 2007
Public Version Dated: March 22, 2007

785138/29362

Almost a year ago, counsel for both parties agreed that good cause would exist to amend a prior art statement if references were found in the opposing party's custody or control. The references Toro seeks to add to its prior art statement were in Textron's custody and control, were not produced, and were only discovered through a subpoena.

Toro found the additional prior art references at Textron's recently-sold facility in Johnson Creek, Wisconsin. The first commercial embodiments of the patents-in-suit were designed and manufactured at that facility. The named inventors of the patents-in-suit were employed at that facility. Textron owned that facility well after it filed this lawsuit against Toro and well after Toro requested prior art from Textron. Textron only recently sold the Johnson Creek facility to Commercial Grounds Care, a non-party.

Textron represented to this Court that before it sold the Johnson Creek facility it had searched and produced all relevant documents from that facility. However, given the documents received from Textron, Toro believed that Textron's search was inadequate. Toro then subpoenaed the new owner, Commercial Grounds Care, seeking relevant documents from Textron's former facility. After lengthy negotiations with Commercial Grounds Care's counsel regarding the scope of documents requested, Commercial Grounds Care located over eight boxes of documents for Toro to review. Toro found at the Johnson Creek facility each prior art reference it now moves to add. Good cause exists to grant Toro's motion to add the Johnson Creek references to Toro's prior art statement.

Inexplicably, Textron now argues that good cause does not exist. Textron sold the Johnson Creek facility in the midst of this litigation. Despite the importance of the Johnson Creek facility to this litigation and Textron's lengthy access to the Johnson

Creek facility during the first full year of this litigation, Textron argues that Toro bares the total burden for discovery from the Johnson Creek facility. As soon as Toro became aware of the Johnson Creek facility sale, Toro diligently tried to gain access. Toro asked Textron and the Court for access, and Toro served a subpoena on the new owner. Toro finally gained access to the records at the Johnson Creek facility on January 31, 2007. At the Johnson Creek facility Toro discovered some of the most material prior art in this case. Toro's Second Amended Prior Art Statement, submitted with Toro's motion, explains the materiality and non-cumulativeness of each Johnson Creek reference.

Textron will not be prejudiced by the inclusion of the Johnson Creek references. Textron has repeatedly asserted that it has already inspected and produced relevant documents from the Johnson Creek facility. The Johnson Creek references should be no surprise to Textron.

Conversely, Toro will be significantly prejudiced by the exclusion of the Johnson Creek references. The documents Toro discovered are critical to its invalidity defense. The balance of any harm weighs decidedly towards granting Toro's motion to amend.

## I.   TORO COULD NOT HAVE LOCATED THE JOHNSON CREEK REFERENCES EARLIER.

### A.   Over a Year Before Filing This Motion, Toro Requested Discovery Relevant to the Johnson Creek References.

Toro first requested that Textron produce prior art over seven months before Textron sold the Johnson Creek facility. (Def.'s First Set of Interrogatories to Pl., Jan. 6, 2006, at 12-13 (Ex. A).) In response, Textron should have located the prior-art-at-issue in the Johnson Creek facility. The first commercial embodiments of the patents-in-suit were designed and manufactured at that facility. (Deposition of Peter Whurr, Oct. 6, 2006, at 88-89 (Ex. B).) Both named inventors of the patents-in-suit were employed at

2

that facility. (Deposition of Richard Bednar, Feb. 16, 2007, at 11-13 (Ex. C); Deposition of Randall Knurr, Nov. 15, 2006, at 20-24 (Ex. D).) Textron, however, failed to locate key prior art from that facility. Once Toro discovered the importance of the Johnson Creek facility, the dearth of prior art produced from that facility compelled Toro's attempts to inspect the facility for itself.

### B. Months Before Filing This Motion, Toro Tried to Access the Johnson Creek Facility Through Textron.

Toro did not learn about the Johnson Creek facility until two months after it had been sold. (Letter from Thomas Leach to Christopher Campbell, Oct. 9, 2006 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓) After unsuccessful attempts to confirm that Textron had searched the Johnson Creek facility for relevant documents, Toro took the issue to the Court. (Transcript of Telephonic Discovery Hearing, Nov. 9, 2006, at 24 (D.I. 135) (Ex. F).) Before the Court, Textron assured both the Court and Toro that it had inspected the Johnson Creek facility and produced all relevant documents. (Nov. 9, 2006, Discovery Hr. Tr. at 25 ("We searched Johnson Creek ourselves and already produced the documents from Johnson Creek.").) Furthermore, Textron assured both the Court and Toro that it would facilitate Toro's access to the Johnson Creek facility. (Nov. 9, 2006, Discovery Hr. Tr. at 24.) Moreover, the Court ordered Textron to "make every effort" to facilitate Toro's access to the Johnson Creek facility. (*Id.* at 26.)

Two months later Textron abandoned its efforts to facilitate Toro's access to the Johnson Creek facility. (Transcript of Telephonic Discovery Hearing, Jan. 11, 2006, at 5 (Ex. G).) Again, Textron assured both the Court and Toro that it had inspected the Johnson Creek facility and produced all relevant documents. (Jan. 11, 2007, Discovery Hr. Tr. at 5 ("Your Honor may also recall, we already inspected [Johnson Creek] and

3

produced responsive documents.").) Nevertheless, Textron could not facilitate Toro's access. The Court told Toro to pursue its subpoena. (*Id.* at 12.) Toro did exactly that.

### C. Toro Accessed the Johnson Creek Facility Through Its New Owners.

Toro served a subpoena duces tecum on the new owners of Johnson Creek, Commercial Grounds Care, on October 18, 2006. (Subpoena of Commercial Grounds Care, Oct. 18, 2006 (Ex. H).) Commercial Grounds Care objected to the subpoena on December 6, 2006. (Commercial Ground Care's Objection to Toro's Subbpoena, Dec. 6, 2006 (Ex. I).) On January 31, 2007, less than three weeks after the Court told Toro to pursue the subpoena, Toro gained access to the Johnson Creek facility.

Toro gained access through extensive compromise on the scope of the subpoena. Although only given minimal access, Toro discovered a significant number of relevant documents, including the Johnson Creek references. All are highly material to the validity and enforceability of the patents-in-suit.

On February 14, 2007, Toro received the last copies of the documents discovered at the Johnson Creek facility. Two days later, Toro asked Textron for consent to file an amended prior art statement. Despite its previous agreement and representations regarding good cause to amend, Textron refused. (Letter from Mr. Campbell to Anthony Zeuli, Feb. 20, 2007 (Ex. J).) That same day, Toro moved to file an amended prior art statement.

### II. THE JOHNSON CREEK REFERENCES ARE MATERIAL AND NON-CUMULATIVE.

Toro showed how the Johnson Creek references are material. Toro included each Johnson Creek reference in a category in its Second Amended Prior Art Statement. (*See* Ex. 2 to Toro's Am Mot. for Leave to File a Second Am. Prior Art Statement, Feb. 21,

4

2007 (D.I. 200) (Ex. K).) The categories separate the prior art references by the elements taught. Toro's claim charts reference those categories. (*See, e.g.* Ex. B to Toro's Prior Art Statement, June 1, 2006 (Ex. L).) Toro's claim charts explain how the prior art references in each category, either alone or in combination with other references, invalidate the patents-in-suit. When Toro added the Johnson Creek references to its prior art statement, it showed how these references invalidate the patents-in-suit.

Also, the Johnson Creek references are not cumulative. Whether evidence is cumulative is governed by Federal Rule of Evidence 403. *See Breidor v. Sears, Roebuck & Co.*, 722 F.2d 1134, 1140 (3d Cir. 1983). Under Rule 403, prior art references are not cumulative unless they disclose identical devices. *High Concrete Structures, Inc. v. New Enter. Stone & Lime Co., Inc.*, Civ. No. 02-CV-0086, 2003 U.S. Dist LEXIS 6605, at *14 (E.D. Pa Mar. 27, 2003) (Ex. M). Each Johnson Creek reference teaches a device not taught by previously listed prior art references. Thus, none of the Johnson Creek references are cumulative to any previously cited reference.

### III. TEXTRON WILL NOT BE PREJUDICED IF LEAVE IS GRANTED.

Textron is without excuse for failing to produce the Johnson Creek references despite its representations to this Court. Textron had control of these documents for over a year into this litigation. It had control for over seven months after Toro served discovery seeking these very documents.

Moreover, Textron repeatedly represented to the Court that it had searched Johnson Creek and had produced all the responsive documents. (Nov. 9, 2006, Discovery Hr. Tr. at 25 ("We searched Johnson Creek ourselves and already produced the documents from Johnson Creek."); Jan. 11, 2007, Discovery Hr. Tr. at 5 ("Your Honor may also recall, we already inspected [Johnson Creek] and produced responsive

5

documents.").) Textron should have already reviewed the Johnson Creek references to determine whether each was responsive. These references should come as no surprise now. Textron will not be prejudiced by allowing Toro to amend its prior art statement.

Textron has been able to participate in discovery concerning this prior art. For example, after locating the Middlesworth prior art, Toro took the deposition of Tom Middlesworth. Textron's counsel was present and asked questions. Textron's counsel was also present and asked questions at the deposition of Commercial Grounds Care, Thomas Stuart, and Richard Bednar – all taken after the discovery of the Johnson Creek prior art.

Textron also argues that it cannot "defend against [the Johnson Creek] references without any disclosure as to which elements of which claims these prior art references supposedly correspond." (Textron's Oppo'n to Toro's Motion, Mar. 07, 2007, at 8 (D.I. 224).) As discussed above, however, when Toro added the Johnson Creek references to its prior art statement, it disclosed how the Johnson Creek references invalidate the patents-in-suit. Textron knows Toro's assertions and has ample time to prepare to defend against those assertions. *See* 35 U.S.C. § 282 (requiring only 30 days' notice of relied on prior art references to the adverse party prior to trial).

## IV.   TORO WILL BE PREJUDICED IF LEAVE IS DENIED.

Denying leave to include the Johnson Creek references will prejudice Toro by impairing its ability support an invalidity defense. *See Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997). Textron has asserted 34 separate claims, each of which Toro must prove by clear and convincing evidence is invalid. Exclusion of any prior art reference that would provide insight about the invalidity of any asserted claim would cause prejudice. *Microsoft Corp. v. Multi-Tech Sys., Inc.*, Civ. No. 00-1412, 2001 U.S. Dist.

6

LEXIS 23155, at *7 (D. Minn. Dec. 14, 2001) (applying the same three-part standard for granting leave to amend applicable in this case) (Ex. N). As discussed above, the Johnson Creek references each disclose a device that alone or in combination with other references invalidates the patents-in-suit. Each Johnson Creek reference provides insight about the invalidity of the patents-in-suit. Denying Toro's motion to add the Johnson Creek references would prejudice Toro's ability to present a full defense.

## V.  CONCLUSION

For the foregoing reasons, Toro respectfully requests that the Court grant its Motion for Leave to File a Second Amended Prior Art Statement.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Earl D. Reiland<br>Anthony R. Zeuli<br>Thomas R. Johnson<br>Thomas J. Leach<br>MERCHANT & GOULD P.C.<br>3200 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>Tel: (612) 332-5300 | By: /s/ David E. Moore<br>    Richard L. Horwitz<br>    David E. Moore<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, Delaware 19801<br>    Tel: (302) 984-6000<br>    rhorwitz@potteranderson.com<br>    dmoore@potteranderson.com |
| Dated: March 19, 2007<br>Public Version Dated: March 22, 2007 | *Attorneys for Defendant The Toro Company* |

785138/29362

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 22, 2007, the attached document was electronically mailed and hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Edmond D. Johnson
Thomas H. Kovach
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 North Market Street
Wilmington, DE  19899-1709
Johnsone@pepperlaw.com
kovacht@pepperlaw.com

I hereby certify that on March 22, 2007, I have Electronically Mailed and Federal Expressed the documents to the following:

Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.
Washington, DC  20006-1109
srobertson@hunton.com
ccampbell@hunton.com
mlouey@hunton.com
lmarlatt@hunton.com
fmckeon@hunton.com
dmckim@hunton.com
jalbert@hunton.com
rking@hunton.com

David Young
Hunton & Williams LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
mpphelps@hunton.com
dyoung@hunton.com

695031 / 29362

Kurt Niederluecke
Fredrikson & Byron, P.A.
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402
kniederluecke@fredlaw.com

By: /s/ David E. Moore
　　Richard L. Horwitz
　　David E. Moore
　　Hercules Plaza, 6th Floor
　　1313 N. Market Street
　　Wilmington, Delaware 19899-0951
　　(302) 984-6000
　　rhorwitz@potteranderson.com
　　dmoore@potteranderson.com

2