IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEXTRON INNOVATIONS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 05-486 (GMS) |
| ) | |
| THE TORO COMPANY, ) | **PUBLIC VERSION** |
| ) | |
| Defendant. ) | |

**DECLARATION OF EDMOND D. JOHNSON IN OPPOSITION TO THE TORO COMPANY'S MOTION TO STAY LITIGATION PENDING DETERMINATION OF ITS BELATED REQUESTS FOR REEXAMINATION BY THE U.S. PATENT OFFICE**

Edmond D. Johnson (DE Bar #2257)
Thomas H. Kovach (DE Bar #3964)
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Fax: (302) 421-8390

OF COUNSEL:

Scott L. Robertson
Christopher C. Campbell
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

*Attorneys for Plaintiff*
*Textron Innovations Inc.*

Dated: April 6, 2007
Public Version: April 18, 2007

#8503328 v1

I, Edmond D. Johnson, declare as follows:

1. My name is Edmond D. Johnson. I am a partner with the law firm of Pepper Hamilton LLP, which represents Textron Innovations, Inc. ("Textron") in the above-captioned matter.

2. Attached hereto as Exhibit 1 is a true and correct copy of a document entitled "Detailed Request for *Ex Parte* Reexamination," filed by the Toro Company on March 23, 2007 in the U.S. Patent and Trademark Office ("PTO") in connection with U.S. Patent No. 6,047,530 (excluding attached exhibits).

3. Attached hereto as Exhibit 2 is a true and correct copy of a document entitled "Detailed Request for *Inter Partes* Patent Reexamination" filed by The Toro Company on March 23, 2007 in the PTO in connection with U.S. Patent No. 6,336,311 (excluding attached exhibits).

4. Attached hereto as Exhibit 3 is a true and correct copy of a document entitled "Detailed Request for *Inter Partes* Patent Reexamination" filed by The Toro Company on March 23, 2007 in the PTO in connection with U.S. Patent No. 6,336,312 (excluding attached exhibits).

5. Attached hereto as Exhibit 4 is a true and correct copy of *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, 2006 W.L. 2375035 (D. Del. 2006).

6. Attached hereto as Exhibit 5 is a true and correct copy of *Cognex Corp. v. Nat'l Instr. Corp.*, 2001 W.L. 34368283 (D. Del. 2001).

7. Attached hereto as Exhibit 6 is a true and correct copy of *St. Clair Intellectual Property Consultants, Inc. v. Sony Corp.*, 2003 W.L. 25283239 (D. Del. 2003).

8. Attached hereto as Exhibit 7 is ███████████████████████████████████████████████████████████████████████████████████████.

9. Attached hereto as Exhibit 8 is ███████████████████████████████████████████████████████████████████████████████████████.

10. Attached hereto as Exhibit 9 is ██████████████████████████████████████████████████████████████████.

11. Attached hereto as Exhibit 10 is ██████████████████████████████████████████████████████████████████████████████████████.

12. Attached hereto as Exhibit 11 is █████████████████████████████████████████████████████████████████████████.

13. Attached hereto as Exhibit 12 is ███████████████████████████████████████████████████████████████████████.

14. Attached hereto as Exhibit 13 is ████████████████████████████████████████████████████.

15. Attached hereto as Exhibit 14 is ████████████████████████████████████████████████████████████████.

16. Attached hereto as Exhibit 15 is ████████████████████████████████████████████████████████████████████████████████████████.

17. Attached hereto as Exhibit 16 is █████████████████████████████████████████████████████████████████████████████████████.

18. Attached hereto as Exhibit 17 is ███████████████

███████████████████████████████████████████████████████████████.

19. Attached hereto as Exhibit 18 is ███████████████████████████

███████████████████████████████████████████████████████████████

███████.

20. Attached hereto as Exhibit 19 is ███████████████████████████

███████████████████████████████████████████████████████████████

███████.

21. Attached hereto as Exhibit 20 is ███████████████████████████

███████████████████████████████████████████████████████████████

███████.

22. Attached hereto as Exhibit 21 is ███████████████████████████

███████████████████████████████████████████████████████████████.

23. Attached hereto as Exhibit 22 is ███████████████████████████

███████████████████████████████████████████████████████████████.

24. Attached hereto as Exhibit 23 is a true and correct copy of a *Remington Arms Co., Inc. v. Modern Muzzleloading, Inc.*, 1998 W.L. 1037920 (M.D.N.C. 1998).

25. Attached hereto as Exhibit 24 is a true and correct copy of a *Implant Innovations, Inc. v. Nobelpharma AB*, 1994 W.L. 68498 (N.D. Ill. 1994).

26. Attached hereto as Exhibit 25 is a true and correct copy of *Accent Designs, Inc. v. Jan Jewelry Designs, Inc.*, 1994 W.L. 121673 (S.D.N.Y. 1994).

27. Attached hereto as Exhibit 26 is a true and correct copy of a *Amphenol T&M Antennas, Inc. v. Centurion Internat'l, Inc.*, 2001 U.S. District LEXIS 13795 (N.D. Ill. 2001).

28. Attached hereto as Exhibit 27 is a true and correct copy of a *San Giacomo N.A.,*

*Ltd. v. Pilliod Furniture, Inc.*, 1996 U.S. Dist. LEXIS 14440 (M.D.N.C. 1996).

29.     Attached hereto as Exhibit 28 is a true and correct copy of the Post-Trial Findings of Fact and Conclusions of Law in *Novozymes A/S v. Genencor Internat'l, Inc.*, Civil Action No. 05-160-KAJ (D. Del. Feb. 16, 2007).

30.     Attached hereto as Exhibit 29 is a true and correct copy of a demonstrative exhibit complied by counsel detailing when Defendant was first aware of alleged prior art submitted to the PTO in its reexamination requests.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this _____ day of April, 2007        _____
                                                Edmond D. Johnson