IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| TEXTRON INNOVATIONS INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 05-486 (GMS) |
| THE TORO COMPANY, | ) ) ) |
| Defendants. | ) ) |

## ORDER

On July 12, 2005, the plaintiff, Textron Innovations Incorporated ("Textron") filed the above-captioned action against The Toro Company ("Toro"), alleging infringement of United States Patent Nos. 6,047,530, 6,336,311, and 6,336,312, involving technology related to the type of rotary mower used to cut golf course roughs. On August 15, 2005, Toro filed a separate action in Minnesota against Textron, Inc. and Jacobsen, a division of Textron, Inc., alleging that their products infringe two Toro patents relating to hydraulic drive system technology for riding mowers. This case is scheduled for an eight-day trial commencing on June 25, 2007. Presently before the court is Toro's expedited motion to stay this action pending reexamination of the patents in both suits by the United States Patent and Trademark Office ("PTO"). For the following reasons, the court will grant the motion.

In deciding whether to stay an action, the court's discretion is guided by the following factors: (1) whether a stay would unduly prejudice Textron or present a clear tactical advantage for Toro, (2) whether a stay will simplify the issues, and (3) whether discovery is complete and whether a trial date has been set. *See Xerox Corp v. 3Comm Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y.

1999) (citing cases); *cf. United Sweetner USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991) (stating a similar test).

Numerous courts have cited a number of advantages of granting a stay pending PTO reexamination: (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if the patent(s) are declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without further involvement of the court, (5) the record of the reexamination would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pre-trial conferences and (7) the cost will likely be reduced both for the parties and the court. *See, e.g., Braintree Labs., Inc.*, Civ. A. No. 96-2459-JWL, 1997 WL 94237, at *9 (D. Kan. Feb. 26, 1997); *Hamilton Indus. v. Midwest Folding Prods. Mfg.*, Civ. A. No. 89-C-8689, 1990 WL 37642, at *1-*2 (N.D. Ill. March 20, 1990) (citing cases). Almost all of these potential advantages are present, to some degree, if the court imposes a stay of the proceedings pending the outcome of the PTO's reexamination, assuming the PTO decides to reexamine the patents in suit.

Textron opposes the stay for the following reasons: "(1) the motion is untimely; (2) the requested stay will not promote judicial efficiency; (3) the reexaminations will not resolve or even narrow the issues in this litigation; and (4) the requested stay will inequitably reward Defendant for its dilatory behavior and prejudice Textron's rights in enforcing its patents." (D.I. 231 at 1.) Textron places great emphasis on the timeliness of Toro's motion. In considering a motion to stay at such a late stage in the litigation, the court must be cognizant of the possibility that a party is using the court in gamesmanship or dilatory tactics. It is difficult, however, for the court to conclude

nefarious motive on the part of Toro, with the information presented. Textron expends much of its answering brief arguing that it would be unduly prejudicial for Toro to continue its willful infringement pending a reexamination. Willful infringement, however, is a conclusion yet to be determined by the factfinder. Moreover, this action is not the first in which a party has moved for, and the court has granted, a stay within a few months of a scheduled trial.[1] *See Gioello Enters. Ltd. v. Mattel, Inc.*, C.A. No. 99-375-GMS, 2001 WL 125340 (D. Del. Jan. 29, 2001).

In this case, as the court did in *Gioello*, the court must consider all of the factors that affect the court and the parties in staying the action; such factors include, but are not limited, to the timeliness of the motion. That being said, the court is not persuaded that Toro couldn't have filed its reexamination requests earlier. Toro states that "[i]t was reasonable for Toro to wait until it had all of the printed prior art it believed to exist before filing the requests for reexamination." (D.I. 229 at 16.) This excuse, however, is unavailing. Indeed, a party to a patent litigation will never know if it has *all of the prior art* that exists or it believes to exist. It will always come down to a judgment call, and one in which the litigants should know that the risk of delaying the reexamination request may result in a denial of a motion to stay.

Having agreed that timeliness poses a problem for Toro's motion, the court looks to the other considerations pertinent to a request for a stay. The court disagrees with Textron's statement that a stay would not promote judicial efficiency. While it is true that discovery is completed, and the court has expended considerable time in resolving numerous discovery disputes between the parties, that time that cannot be recovered no matter how the litigation proceeds from here. What is germane to whether judicial efficiency will be achieved is what work remains on the part of the court and the

---

[1] The court notes that the parties in *Gioello* ultimately settled the case later that year.

parties if the action proceeds while the patents are being reexamined, and while a Supreme Court decision that could affect the legal standard for obviousness is pending. Reexamination of the patents in suit could potentially narrow the case, or even prompt a pre-trial resolution of the case. As one court noted:

> . . . if the parties continue to litigate the validity of the claims in this Court, and the PTO subsequently finds that some or all of the claims in issue here are invalid, the Court will have wasted time and the parties will have spent additional funds addressing an invalid claim or claims. Thus, although the denial of a stay can have no effect whatsoever on past events, the grant of a stay will maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims.

*Softview Computer Prods. Corp. and Ergo View Techs. Corp. v. Haworth, Inc.*, No. 97 Civ. 8815 KMW HBP, 2000 WL 1134471, at *3 (S.D.N.Y. Aug. 10, 2000). Since the PTO cannot stay the reexamination once a request has been granted, the court's issuance of a stay is the only way to avoid the potential for conflict. *See Hamilton*, 1990 WL 37642, at *2 (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988). For many of the reasons outlined in Toro's discussion of this factor in its brief, the court agrees with Toro that a significant amount of work remains to be done, despite the fact that discovery is completed. At a minimum, granting a stay pending the Supreme Court's decision in *KSR v. Teleflex* may obviate a retrial of the invalidity portion, should the Supreme Court modify the legal standard for obviousness. *See Power Integrations Inc. v. Fairchild Semiconductor Int'l Inc.*, C.A. No. 04-1371, 2006 U.S. Dist. LEXIS 87259 (D. Del. Nov. 30, 2006) (Farnan, J.).

As to Textron's claim that reexamination would not resolve or even narrow the case, the court is not persuaded. Both Toro and Textron cite to probabilities and statistics for concluding each parties' likelihood of success in a reexamination proceeding. The court is confident that the PTO examines each matter on its own merit, so although the court finds the statistics interesting, they bear

little weight on the court's decision because, ultimately, neither party can accurately foretell the outcome of the reexaminations, should the PTO accept Toro's requests. While reexamination may not resolve every single issue involved in the litigation, the issues in this case are narrow enough that reexamination could potentially make a significant difference in what needs to be tried. *But cf. Cognex Corp. v. Nat'l Instr. Corp.*, 2001 WL 34368283 (D. Del. 2001) (denying stay, in part because Cognex's complaint alleges a variety of claims which would require a trial regardless of the outcome of reexamination). Moreover, not staying the proceedings runs the risk of inconsistent adjudications or the issuance of advisory opinions.

Last, Textron argues that the requested stay will inequitably reward Toro for its dilatory behavior and prejudice Textron's rights in enforcing its patents. The court doesn't take the decision to stay lightly, precisely for the reason that the procedure, i.e. staying litigation pending reexamination, can be abused. Further, the court recognizes that Textron is prejudiced by having its day in court delayed further. The court does not, however, find that a stay will reward Toro. Indeed, Toro has put its own patents in reexamination, which puts the enforceability of its intellectual property at risk as well. As Toro points out, because this is a suit for money damages, a stay does not *unduly* prejudice Textron in that it does not compete with Toro for sales. *See Gioello, 2001 WL 125430* (finding no merit in the plaintiff's claim of undue prejudice because the plaintiff was "not selling or actively licensing goods or services related to the '434 patent; money damages is an adequate remedy for any delay in redress")

Accordingly, the court will stay the case at this time. The court will consider lifting the stay, upon motion, pending the outcome of the Supreme Court case in *KSR v. Teleflex*, and the PTO's

decision on the requests for reexamination. Although the court will hold a status conference in July 2007, the parties should advise the court of any earlier developments that affect the litigation.

Therefore, IT IS HEREBY ORDERED that:

1. Toro's motion to stay the proceeding (D.I. 228) is GRANTED. The proceedings are stayed from the date of this order until further notice.

2. The parties shall advise the court of any decision of the PTO that relates to the patents in suit.

3. The parties shall submit a joint status report in advance of the status teleconference, to be convened on July 31, 2007 at 9:30 a.m.


Dated: April 25, 2007                                         /s/ Gregory M. Sleet
                                                                                UNITED STATES DISTRICT JUDGE