# EXHIBIT D



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 125340 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

Gioello Enterprises Ltd. v. Mattel, Inc.
D.Del.,2001.
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
GIOELLO ENTERPRISES LTD., Plaintiff,
v.
MATTEL, INC., Defendant.
No. C.A. 99-375 GMS.

Jan. 29, 2001.

Philip A. Royner, Potter, Anderson & Corroon LLP, Wilmington, DE, James G. Goggin, Verrill & Dana LLP, Portland, Maine, for Plaintiff, of counsel.
Robert W. Whetzel, Chad M. Shandler, Richards, Layton & Finger, Wilmington, DE, Peter E. Heuser, David A. Fanning, Charles H. DeVoe, Kolisch, Hartwell, Dickinson, McCormick, & Heuser, Portland, Oregon, for Defendants, of counsel.

*ORDER*

SLEET, J.
*1 On June 11, 1999, the plaintiff, Gioello Enterprises Ltd. ("Gioello"), filed a complaint against Mattel, Inc. ("Mattel") claiming infringement of U.S. Patent 4,546,434 (the " '434 patent"). Mattel answered and filed a counterclaim which Gioello, in turn, answered. Both parties filed motions which are currently pending. Mattel filed a request with the U.S. Patent and Trademark Office (the "PTO") on November 9, 2000 for an reexamination of claims 1-3 of the '434 patent. The PTO granted Mattel's request on December 21, 2000, and issued a schedule for statements from the parties (D.I.104). Currently before the court is Mattel's motion to stay proceedings pending reexamination (D.I.84).[FN1] Upon consideration of the parties' submissions, the court will grant Mattel's motion and stay the proceedings until further notice.

> FN1. Although Mattel filed its motion before the PTO granted its request, the court will consider the PTO's actions.

In deciding whether to stay the proceedings, the court's discretion is guided by the following factors: (1) whether a stay would unduly prejudice Gioello or present a clear tactical advantage for Mattel, (2) whether a stay will simplify the issues, and (3) whether discovery is complete and whether a trial date has been set. See Xerox Corp v. 3Comm Corp., 69 F.Supp.2d 404, 406 (W.D.N.Y.1999) (citing cases); cf. United Sweetner USA, Inc. v. Nutrasweet Co., 766 F.Supp. 212, 217 (D.Del.1991) (stating a similar test).

The PTO's recent decision to reexamine the '434 patent will simplify the issues in this case and focus the litigation. Numerous courts have cited a number of advantages of granting a stay pending PTO reexamination: (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if patent is declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without further involvement of the court, (5) the record of the reexamination would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pre-trial conferences and (7) the cost will likely be reduced both for the parties and the court. See, e.g., Braintree Laboratories, Inc., Civ. A. No. 96-2459-JWL, 1997 WL 94237, at *9 (D.Kan. Feb. 26, 1997); Hamilton Indus. v. Midwest Folding Products Mfg., Civ. A. No. 89-C-8689, 1990 WL 37642, at *1- *2 (N.D.Ill. March 20, 1990) (citing cases). All of these potential advantages are present, to some degree, if the court imposes a stay of the proceedings pending the outcome of the PTO's reexamination.

Not staying the proceedings runs the risk of inconsistent adjudications or issuance of advisory opinions. Presently, this case is scheduled for trial on April 13, 2001. According to the PTO's order granting the request for reexamination, it is possible that submission of statements will not be complete until April 12, 2001.[FN2] Additionally, the outstanding motions for summary judgment by Mattel claim invalidity and non-infringement-two issues the PTO's decision could render moot. Since the court must decide the summary judgment motions well in advance of trial, it would have to address the arguments raised before the PTO. Such a situation raises resource questions. As one court noted:

> FN2. The PTO's order of December 21,

Not Reported in F.Supp.2d                                                                                      Page 2
Not Reported in F.Supp.2d, 2001 WL 125340 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

2000 states that Gioello has up to two months to submit an optional response. If Gioello submits a response, Mattel has up to two months to submit a reply. Since no extensions will be granted, the court believes April 12, 2001-16 weeks from the date of the order is the maximum time allowable for written submissions to the PTO.

*2 ... if the parties continue to litigate the validity of the claims in this Court [sic], and the PTO subsequently finds that some or all of the claims in issue here are invalid, the Court [sic] will have wasted time and the parties will have spend additional funds addressing an invalid claim or claims. Thus, although the denial of a stay can have no effect whatsoever on past events, the grant of a stay will maximize the likelihood that neither the Court [sic] nor the parties expend their assets addressing invalid claims. _Softview Computer Products Corp. and Ergo View Technologies Corp. v. Haworth, Inc.,_ No. 97 Civ. 8815 KMW HBP, 2000 WL 1134471, at *3 (S.D.N.Y. Aug. 10, 2000). Since the PTO cannot stay the reexamination once a request has been granted, the court's issuance of a stay is the only way to avoid the potential for conflict. _See Hamilton,_ 1990 WL 37642, at *2 (citing _Ethicon, Inc. v. Quigg,_ 849 F.2d 1422 (Fed.Cir.1988).

The court finds the prejudice to Gioello is slight, if any. Gioello claims it is prejudiced both by Mattel's dilatory tactics in not requesting an examination earlier and by it spending money on discovery that is nearly complete. Leaving aside timing arguments, the court finds no merit in this position. First, Gioello is not selling or actively licensing goods or services related to the '434 patent; money damages is an adequate remedy for any delay in redress. Second, both Mattel and Gioello have spent money on discovery. Third, Mattel is entitled by law to request a reexamination. _See_ 35 U.S.C. § § 302-307; 37 C.F.R. § 1.525. The fact that the request was granted means the PTO deems the '434 patent worthy of reexamination. It is not for the court to second guess the PTO's decision to reassess the prior art.

Given the possibility that the PTO's reexamination could materially affect the issues in this case, the court will deny Mattel's motions for summary judgment and Gioello's motion to strike without prejudice.[FN3] Although the could will hold a status conference in late April or early May, 2001, the parties should advise the court of any earlier developments in the PTO's reexamination.

FN3. Upon the entry of a new scheduling order, the parties are free to re-file their motions.

Therefore, IT IS HEREBY ORDERED that:
1. Mattel's motion to stay the proceeding pending reexamination (D.I.84) is GRANTED. The proceedings are stayed from the date of this order until further notice.
2. Mattel's motion for summary judgment on invalidity (D.I.87) is DENIED without prejudice.
3. Mattel's motion for summary judgement on noninfringement (D.I.89) is DENIED without prejudice.
4. Gioello's motion to strike (D.I.91) is DENIED without prejudice.
5. The parties shall advise the court of any decision that results from the PTO's reexamination of the '434 patent.


D.Del.,2001.
Gioello Enterprises Ltd. v. Mattel, Inc.
Not Reported in F.Supp.2d, 2001 WL 125340 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.