IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEXTRON INNOVATIONS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No. 05-486 (GMS) |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| THE TORO COMPANY, | ) | |
| | ) | **PUBLIC VERSION** |
| Defendant. | ) | |

## THE TORO COMPANY'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT AND MODIFICATION AND/OR CLARIFICATION OF ORDER GRANTING STAY OF PROCEEDINGS

OF COUNSEL:

Earl D. Reiland
Anthony R. Zeuli
Thomas J. Leach
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 332-5300

Dated: May 17, 2007
Public Version Dated: May 24, 2007
797639 / 29362

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant The Toro Company*

## TABLE OF CONTENTS

                                                                  **Page**

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT ......................................................................................................................... 2

I.     TII HAS FAILED TO MEET THE STANDARD FOR RE-ARGUMENT OR RECONSIDERATION OF THE ORDER GRANTING A STAY. ................................. 2

        A.     TII's Request For Reconsideration Should Be Denied Because There Has Been No Change In The Law Controlling Stays, No New Evidence, and No Error Of Law Or Fact. ................................................................................. 2

                1.     The law controlling whether to grant a stay has not changed. ................. 2

                2.     The *KSR* decision is not newly available evidence. ................................ 3

                3.     There was no error of law or fact that must be corrected to prevent manifest injustice. ................................................................................... 5

        B.     TII's Request For Re-Argument Should Be Denied Because The Court Understood The Parties, Made No Errors and Decided The Stay Issue Before It. ................................................................................................... 6

II.    TII'S REQUEST FOR CLARIFICATION AND/OR MODIFICATION. ......................... 7

CONCLUSION ........................................................................................................................ 9

# TABLE OF AUTHORITIES

**CASES**

*Corning Inc. v. SRU Biosystems*,
   C.A. No. 03-633-JFF, 2006 WL 155255 (D. Del. Jan. 20, 2006) .............................. 2, 3, 5, 6

*eBay, Inc. v. MercExchange, L.L.C.*,
   126 S. Ct. 1837 (2006) ............................................................................................................ 8

*Leapfrog Enters., Inc. v. Fisher-Price, Inc. et al.*,
   __ F.3d __, No. 06-1402 (Fed. Cir. 2007) ............................................................................. 3

*Max's Seafood Café v. Quinteros*,
   176 F.3d 669 (3d Cir. 1999) ................................................................................................... 2

*Novozymes A/S v. Genencor Int'l Inc.*,
   474 F. Supp. 2d 592 (D. Del. 2007) .................................................................................. 6, 8

*Paice LLC v. Toyota Motor Corp*,
   2006 U.S. Dist. LEXIS 61600 (E.D. Tex. Aug. 16, 2006) ................................................ 7, 8

*Sanderson v. Continental Cas. Corp.*,
   279 F. Supp. 2d 466 (D. Del. 2003) ...................................................................................... 3

## INTRODUCTION

Plaintiff Textron Innovations Inc.'s ("TII") motion requests two types of relief: reconsideration/re-argument and clarification. As to reconsideration/re-argument of the Stay Order, TII's request should be denied. Issuance of the *KSR* decision was anticipated and incorporated by the Court, as discussed *infra*, in its decision to stay. *KSR*, which provides a new standard for obviousness, adds to the many other factors relied on by the Court in staying this litigation in favor of the reexamination requests, which predominated the briefing on Toro's motion to stay. As to clarification that the Stay Order does not preclude TII from seeking an injunction if its claims survive, Toro does not oppose such relief if the Court deems it necessary.

Toro opposes lifting the stay. *KSR* was just one of many factors on which the Court based its decision to stay; which was neither described as "important," "primary," nor having "tipped the scale" in Toro's favor. The Court was aware and considered that *KSR* would be decided before trial and found its expected issuance, and likely change to the law, an additional factor supporting a stay. The other factors supporting the stay, all unaffected by *KSR*, include the pending reexamination requests of all three patents, that the PTO cannot stay the reexaminations, the likelihood that the Court and the parties would have wasted time and money litigating 31 claims that may be found invalid by the PTO, the large amount of upcoming work for the Court and the parties in preparing for a trial on claims that may be invalid, the potential that reexamination could make a significant difference in what needs to be tried, and the avoidance of inconsistent adjudications or issuance of advisory opinions.

As to TII's request for clarification, it does not appear to Toro that the Court's Stay Order "prejudged" any remedies that may be available to TII. Rather, the Court's statement that "this is a suit for money damages" recognizes that the prejudice to TII by having its day in court delayed should at least one of its claims survive unchanged in scope, is not *undue* prejudice because money damages is an adequate remedy for the delay. Toro will *later* argue, if necessary, that a permanent injunction is not appropriate in this case because TII is a holding company that does not make or sell any products that compete against the Toro accused products.

# ARGUMENT

## I. TII HAS FAILED TO MEET THE STANDARD FOR RE-ARGUMENT OR RECONSIDERATION OF THE ORDER GRANTING A STAY.

TII's motion is brought under Delaware Local Rule 7.1.5, which is entitled "Rearguments." However, TII's motion also appears to seek reconsideration. Both are granted sparingly, but under slightly different standards. *Corning Inc. v. SRU Biosystems*, C.A. No. 03-633-JJF, 2006 WL 155255, *1 n.1 (D. Del. Jan. 20, 2006). It is unclear whether TII applies one standard or both. In any event, TII cannot satisfy either standard.

### A. TII's Request For Reconsideration Should Be Denied Because There Has Been No Change In The Law Controlling Stays, No New Evidence, and No Error Of Law Or Fact.

A court should only grant reconsideration if there is:

(1) a change in the controlling law;

(2) newly available evidence; or

(3) the need to correct a clear error of law or fact to prevent manifest injustice.

*Corning*, 2006 WL 155255 at *1, citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). As discussed below, none of the above three factors are present in this case. As this District recently held, motions for reconsideration "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *Corning*, 2006 WL 155255 at *1.

#### 1. The law controlling whether to grant a stay has not changed.

There has been no change in the law controlling whether a stay of litigation should be granted when the patents-in-suit are the subject of reexamination requests. It is that law, whether to grant a stay, that must be considered on TII's motion; not whether *KSR* modified the legal standard for obviousness. *Cf. Sanderson v. Continental Cas. Corp.*, 279 F. Supp. 2d 466, (D. Del. 2003) (finding change in law controlling remand orders was basis for reconsideration of order of remand.) *KSR* is a change in the substantive patent law, making it more likely that patents based on combinations of known elements will be found obvious by the PTO and courts

2

(Ex. A at 3)[1]; *see Leapfrog Enters., Inc. v. Fisher-Price, Inc. et al.*, __ F.3d __, No. 06-1402 slip. op. 7 (Fed. Cir. 2007) (citing *KSR* for the proposition that the combination of familiar elements according to known methods that yield expected results is likely obvious) (Ex. B). However, *KSR* did not change the law concerning granting a stay.

### 2. The *KSR* decision is not newly available evidence.

Although not clear, TII may be arguing that the *issuance* of the *KSR* decision is newly available evidence, and unfavorable to the stay. (TII Brief at 5) ("one of the two factors this Court relied upon in granting the stay no longer exits.") It is neither. As discussed below, the Court was aware that *KSR* would be decided before the original trial date, just four days *after* the end of the Supreme Court's 2006-07 term, and before the PTO has decided the reexamination requests. The Court considered, weighed and rejected this fact as outweighing the many other factors favoring the stay, discussed below. TII's attempt to rehash arguments which have already been briefed, considered, and decided by the Court should be rejected. *Corning*, 2006 WL 155255 at *1.

The Court relied on many factors in granting the stay despite TII's claim that this Court only relied on two factors. The Court listed seven such factors generally favoring the stay. (D.I. 246 at 2.) Specifically, the Court relied on the fact that judicial economy would be promoted because "a significant amount of work remains to be done" (*id*. at 4); that issues would be narrowed because "the reexamination could potentially make a significant difference in what needs to be tried" (*id*. at 5); and that Toro will not be rewarded by the stay because "Toro has put its own patents in reexamination, which puts the enforceability of its intellectual property at risk as well." (*Id*.) The Court also relied on the factors that Toro requested reexamination of the patents-at issue,[2] that the PTO cannot stay reexaminations, and that the stay avoids the potential

---

[1] Unless otherwise indicated, all exhibits are attached hereto.

[2] All three of the requests for reexamination are currently being considered by the PTO and will be decided before the Court's status conference on July 31, 2007.

3

of inconsistent adjudications and advisory opinions. (*Id.* at 4, 5.) While the *KSR* decision was one factor cited by the Court, it was not "one of [only] two factors," or even an "important" factor as TII claims. (*Id.* at 4) (describing the pending *KSR* decision as "at a minimum . . . .")

The Court anticipated and incorporated that *KSR* would be decided before trial into its decision to stay the litigation. Toro's opening brief in support of its request for a stay informed the Court that *KSR* would be decided no later than four days *before* the original trial date. (D.I. 229 at 14.) Toro argued that, given the proximity of the trial date and the decision, it would be better to have the PTO apply the expected new standard during the reexaminations. (*Id.*) TII's opposition brief also discussed this fact, but argued the trial should go forward because the decision would precede the trial date. (D.I. 231 at 18 n.9.) Toro's reply brief explained why the decision in *KSR*, coming after all fact and expert discovery had been completed and requests for reexaminations had been filed, supported granting a stay and allowing the PTO to apply the new standard. (D.I. 235 at 13.) Post-issuance discussion of *KSR* supports the continued stay because it confirms that the PTO examiners will be applying the new obviousness test during the reexaminations. (Ex. C at 2) ("'The [*KSR*] decision gives our examiners more flexibility to use their considerable technical skills to reject obvious changes to existing technology,' says Jon Dudas, director of the U.S. Patent and Trademark office.").

The expected decision in *KSR* is not new evidence and should not lift the stay. It is a factor that was already raised by the parties, considered by the Court, and did not outweigh the many factors favoring the stay in this case. In fact, now that the *KSR* decision has been decided, the change in the obviousness standard provides even more support for the stay. The PTO should be given an opportunity to apply the new standard to the claims at issue, in view of the prior art not previously before the PTO, to determine whether the combination of a known striping roller and a mower deck according to known methods is likely to be obvious when the combination does no more than yield predictable results – a striped, mowed lawn. (Ex. C. at 2.)

4

### 3. There was no error of law or fact that must be corrected to prevent manifest injustice.

TII does not seem to argue this point, however, it does re-allege in a footnote that TII competes with Toro. (TII Brief at fn. 1.) TII made this same argument to the Court in its opposition to the motion for a stay. (D.I. 231 at 16-17 n. 7.) Nevertheless, TII appears to improperly raise it again. *Corning*, 2006 WL 155255 at *1.

The Court correctly stated in the Stay Order that TII does not compete with Toro *for sales*. (D.I. 246 at 5 (emphasis added).) TII does not argue that there was a clear error of law or fact, or that it must be corrected to prevent manifest injustice. In fact, it is not an error at all.

The Court's statement on this point is correct: TII does not compete with Toro *for sales* of mowers. TII, a patent holding company that does not make or sell any products, let alone mowers, obviously does not compete with Toro for mower sales. That is precisely the reason TII did not seek lost profits in this case – it did not lose any sales. TII now wants to re-argue that it competes with Toro through sales by a non-party "related" to TII by the fact they have the same ultimate parent company. (TII Brief at 6 n. 1.) In other words, TII re-argues that it competes with Toro through Textron Inc. (the ultimate parent company of 200 related-but-distinct companies including TII), which in turn sells mowers through another entity called Jacobsen -- neither of whom were joined as plaintiffs. In addition to having already been argued (D.I. 231 at 16 n.7), TII misses the point. In the context of a stay, a patent owner (whether a holding company or manufacturing entity) is always arguably prejudiced because it is delayed in asking the court to exclude the alleged infringer from practicing the claimed invention. However, that is not *undue* prejudice where, as here, the patent owner is not selling or offering for sale products that compete with the accused products.[3] Whether TII receives a royalty from Textron Inc. or

---

[3] *Novozymes* (also previously argued by TII at D.I. 231 at 16 n.7) is not applicable because it was not considering whether undue prejudice existed in the context of a request for a stay. Further, the defendant had already dropped the accused product, making an injunction a mere formality. *Novozymes A/S v. Genencor Int'l Inc.*, 474 F. Supp. 2d 592, 613 (D. Del. 2007) (Farnan, J.)

5

Jacobsen (as a non-exclusive licensee) or from Toro (in the form of damages), TII has an adequate remedy, money, for any delay caused by the stay. (D.I. 246 at 5).[4]

TII has not satisfied the standard necessary for reconsideration. At best, TII has pointed out what the Court and the parties already knew: the *KSR* decision would be decided before the trial date. That *KSR* changed the patent law making obviousness easier to prove, but did not change the law on whether a stay of litigation should be granted in patent cases, further supports the continuance of the stay. TII has not provided any persuasive basis for this Court to reconsider its decision to stay this litigation. All of the many factors supporting the stay are still present, including the requests for reexamination of all of the asserted patent claims in this litigation, and the requests for reexamination of Toro's patents in the Minnesota case.

> **B.** **TII's Request For Re-Argument Should Be Denied Because The Court Understood The Parties, Made No Errors and Decided The Stay Issue Before It.**

A court should only grant re-argument where:

(1) the Court has patently misunderstood a party;

(2) the Court has made an error not of reasoning, but of apprehension; *and*

(3) the Court has made a decision outside the scope of the issues presented to the Court by the parties. *Corning*, 2006 WL 155255 at *1, n.1. Although it is unclear whether or how TII addresses this standard in its argument, what is clear is that the standard is not met because the Court understood the parties' positions relative to the motion for a stay, the Court made no error of apprehension, and the Court did not make a decision outside the scope of the issue presented – whether to grant a stay.

---

[4] TII is incorrect that *Gioello* is inapposite. One holding of *Gioello* is that money damages is an adequate remedy for the *delay* caused by a stay where the patent owner is not competing with the accused infringer *for sales*. TII does not sell anything. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Gioello Enters. Ltd. v. Mattel, Inc.*, 2001 WL 125340 (D. Del. Jan. 29, 2001); *see* Runstadler dep. at 37:13-14, 39:23-40:1 (60 non-Textron licensees) (TII Brief at Ex. E.)

It does not appear that TII is arguing that the Court "patently misunderstood" its position opposing the stay – TII never uses those words in its brief. Furthermore, TII makes no claim that the Court made an error of apprehension -- no such assertion is in TII's brief.

Perhaps TII is arguing that the Court made a decision outside its scope as to the remedies available to TII. Although unclear, as mentioned below, Toro has no objection to the Court clarifying its order if it deems it necessary. Regardless, TII does not apply the re-argument standard, let alone meet it, as to the Stay Order.

## II. TII'S REQUEST FOR CLARIFICATION AND/OR MODIFICATION.

Toro does not believe either clarification or modification of the Stay Order is necessary regarding potential remedies available to TII in the event of a future trial. However, Toro is not opposed to TII's proposed clarification: that the Court has not adjudged the remedies available to TII, other than lost profits which TII abandoned.

That said, TII's brief on this issue goes beyond asking for the relief sought and slides into advocacy for a future permanent injunction.[5] Toro respectfully requests that the Court take notice of three points.

First, injunctions are now more difficult to get for non-manufacturing patent owners. *Paice LLC v. Toyota Motor Corp*, 2006 U.S. Dist. LEXIS 61600 at *12 (E.D. Tex. Aug. 16, 2006) (Ex. D.) While the Supreme Court did not bar patent holding companies from ever obtaining an injunction, it did away with the Federal Circuit's "automatic" injunction once infringement had been established. *eBay, Inc. v. MercExchange*, L.L.C., 126 S. Ct. 1837, 1840 (2006). The reality of *eBay* has been that patent holding companies and non-manufacturing patent owners have a more difficult time obtaining an injunction because they must now prove irreparable harm. *Paice*, 2006 U.S. Dist. LEXIS at *12. ███████████████████████

---

[5] Unfortunately when TII contacted Toro in advance of this motion, it only requested that Toro agree to lift the stay, and did not ask for a position on whether the Stay Order would preclude any future remedies that might be available to TII, an agreement Toro would have made, obviating the need for this aspect of the briefing.

7

 TII will ultimately have to prove how money damages is not an adequate remedy.

Second, TII's claim of competition with Toro hinges on a false assumption: that TII licenses its patents exclusively to other Textron companies. (TII Brief at 8.) For purposes of an injunction, the issue is not simply whether a related entity of the patent owner competes with the accused infringer. Rather, the issue is whether the injunction, if warranted, would exclude competitors to the benefit of the patent owner.

Finally, the *Novozymes* case is inapposite because the defendant in that case had previously abandoned the product found to infringe such that entry of an injunction was nothing more than a formality. *Novozymes*, 474 F. Supp. 2d at 613.

8

## CONCLUSION

TII's motion for reconsideration/re-argument should be denied. The issuance of the *KSR* decision was already anticipated and incorporated into the Court's Stay Order. Further, the issuance of *KSR* supports continuing the stay in the case so that the PTO can examine the validity of the patents-in-suit, especially now under the new obviousness test.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Earl D. Reiland
Anthony R. Zeuli
Thomas J. Leach
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 332-5300

Dated: May 17, 2007
Public Version Dated: May 24, 2007
797639 / 29362

By:   /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Toro Company*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 24, 2007, the attached document was electronically mailed and hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Edmond D. Johnson
Thomas H. Kovach
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 North Market Street
Wilmington, DE 19899-1709
Johnsone@pepperlaw.com
kovacht@pepperlaw.com

I hereby certify that on May 24, 2007, I have Electronically Mailed and Federal Expressed the documents to the following:

Christopher C. Campbell
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
srobertson@goodwinprocter.com
ccampbell@goodwinprocter.com
jalbert@goodwinprocter.com
dyoung@goodwinproctor.com

I hereby certify that on May 24, 2007, I have Electronically Mailed the documents to the following:

Kurt Niederluecke
Fredrikson & Byron, P.A.
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402
kniederluecke@fredlaw.com

695031 / 29362

By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com