**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

TEXTRON INNOVATIONS INC., Plaintiff,

v.

THE TORO COMPANY, Defendant.

C. A. No. 05-486 (GMS)

**PUBLIC VERSION**

**PLAINTIFF TEXTRON INNOVATIONS INC.'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR MODIFICATION AND/OR CLARIFICATION OF ORDER GRANTING STAY OF PROCEEDINGS**

Edmond D. Johnson (DE Bar #2257)
Thomas H. Kovach (DE Bar #3964)
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Fax: (302) 421-8390

OF COUNSEL:

Scott L. Robertson
Christopher C. Campbell
Jennifer A. Albert
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

*Attorneys for Plaintiff Textron Innovations Inc.*

Dated: May 24, 2007
Public Version: June 1, 2007

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. Defendant Concedes That The Question Of Textron's Remedies And Its Entitlement To Permanent Injunctive Relief Upon A Finding Of Infringement Was Not Before The Court And Clarification And/Or Modification Of The Stay Order Is Appropriate .......... 1

B. Defendant's Arguments With Respect To The Remedies Available To Textron Are Incorrect And Inappropriate At This Time .......... 2

III. CONCLUSION .......... 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*eBay, Inc. v. MercExchange, L.L.C.*,
126 S.Ct. 1837 (2006) .......... 2, 3

*Gioello Enters. Ltd. v. Mattel, Inc.*,
No. 99-375-GMS (D. Del. Jan. 29, 2001) .......... 3

*Novozymes A/S v. Genencor Int'l Inc.*,
474 F. Supp.2d 592 (D. Del. 2007) .......... 2, 3

## I. INTRODUCTION

Defendant The Toro Company ("Toro") concedes it has no objection to clarification of the Stay Order to provide that this Court has not adjudged the remedies available to Textron upon a finding of infringement. Accordingly, the Court should grant at least this aspect of Textron's motion.[1]

## II. ARGUMENT

### A. Defendant Concedes That The Question Of Textron's Remedies And Its Entitlement To Permanent Injunctive Relief Upon A Finding Of Infringement Was Not Before The Court And Clarification And/Or Modification Of The Stay Order Is Appropriate

Although Defendant foreshadows its argument as to why it does not believe Textron should be entitled to injunctive relief, it does not object to clarification or modification of the Court's Stay Order as requested by Textron. Def's Br. at 7 ("Toro is not opposed to TII's proposed clarification: that the Court has not adjudged the remedies available to TII ....").[2] Defendant concedes that the Court's Stay Order should not be read as having adjudged the post-trial remedies available to Textron. *Id.* at 1 ("it does not appear to Toro that the Court's Stay Order 'prejudged' any remedies that may be available to TII."). Accordingly, the Court should grant Textron's motion in this respect.

---

[1] Of course, Textron continues to request that the Court reconsider or permit reargument of the Stay Order for the reasons stated in its opening brief. Textron is informed by the Clerk that a reply brief is not permitted with respect to this aspect of the motion, pursuant to Local Rule 7.1.5.

[2] Defendant contends that Textron has "abandoned" a claim for lost profits. Def's Br. at 7. While it is correct that Textron has not pursued a claim for lost profits to date, Textron reserves the right to do so if the facts and circumstances occurring during the pendency of the stay of this action warrant such a claim at a later time.

**B. Defendant's Arguments With Respect To The Remedies Available To Textron Are Incorrect And Inappropriate At This Time**

Nonetheless, Defendant presents the arguments it intends to make against a request for permanent injunctive relief in the event infringement is found. But the very point of the pending motion is that the Court should not make any ruling with respect to permanent injunctive relief at this time.

Moreover, Defendant's attempt to distinguish this Court's recent *Novozymes* decision is unavailing. Defendant contends *Novozymes* is distinguishable, and that an injunction was entered in that case only because the defendant had "abandoned" the infringing product. Def's Br. at 8. Defendant's argument is illogical, because the fact that Defendant is continuing its infringement here makes it all the more necessary that an injunction issue to prevent future harm to Textron. Further, this Court's entry of the injunction in *Novozymes* was not based on the fact that the defendant had ceased infringement. *See Novozymes A/S v. Genencor Int'l Inc.*, 474 F. Supp.2d 592, 612-13 (D. Del. 2007). Rather, the Court held that the plaintiff-licensor would be irreparably harmed in the absence of an injunction because it would be unable to enforce its right to exclude against the competitor of its corporate affiliate. *Id.*[3] That is the very situation presented in this case.

In addition, *Novozymes* was decided *after* the Supreme Court's decision in the *eBay* case, and this Court gave careful consideration to the *eBay* decision when entering the injunction in *Novozymes*. *Id.* Defendant's argument that the *eBay* decision compels that no injunction should enter here is therefore unavailing.

---

[3] Defendant further suggests that denial of an injunction is appropriate because Textron cannot obtain lost profits. In *Novozymes,* however, this Court held that this was a factor that weighed *in favor* of injunctive relief. *Id.* at 613 (legal remedies were inadequate to compensate for infringement because lost profits were not available).



#8601722 v1

Finally, Defendant does not deny any of the pertinent facts set forth in Textron's motion with respect to competition between the parties, but Defendant argues that it is Textron Inc. — not Textron Innovations Inc. — that is making *sales* in competition with Toro.[4] However, this is the very same argument that this Court in *Novozymes* held was not sufficient to warrant denial of a permanent injunction. *Id.* And Defendant's argument is also contradicted by the Supreme Court's *eBay* decision, which reaffirmed that a "mere licensor" may be entitled to injunctive relief. *eBay, Inc. v. MercExchange, L.L.C.,* 126 S.Ct. 1837, 1840 (2006) ("some patent holders, …, might reasonably prefer to license their patents, such patent holders may be able to satisfy the traditional four-factor test [for injunctive relief], and we see no basis for categorically denying them the opportunity to do so."); *see also Novozymes,* 474 F. Supp.2d at 612 ("[t]he [Supreme] Court also rejected a categorical rule that a patentee's willingness to license its patent is enough to establish that the patentee would not suffer irreparable harm in the absence of an injunction").

Defendant erroneously suggests that Textron has also licensed the patents-in-suit to *non-related* entities. That suggestion is inaccurate and unsupported by the cited deposition testimony. [REDACTED] Ironically, Defendant also relies on *Gioello Enters. Ltd. v. Mattel, Inc.,* No. 99-375-GMS, 2001 W.L. 125340 *2 (D. Del. Jan. 29, 2001) (attached as Exhibit D to Textron Opening Br.) for the proposition that Textron is not unduly prejudiced by a stay. *See* Def's Br. At 6, n.4. Yet in that case, this Court stated that the patentee was not unduly prejudiced by a stay because "[the patentee] is ***not*** selling ***or actively licensing*** goods or services related to the [patent-in-suit]"). *Gioello Enters.,* 2001 W.L. 125340

[4] Needless to say, Defendant repeatedly argued that such corporate distinctions were



#8601722 v1

at *2 (emphasis added). Thus, on the one hand, Defendant implies (erroneously) that Textron is willing to license the patents-in-suit to anyone, while on the other hand Defendant argues that Textron neither sells nor actively licenses the patents. Defendant is wrong on both counts; Textron has licensed the patents-in-suit, but only to its corporate affiliate.

## III. CONCLUSION

For the foregoing reasons, Textron respectfully requests that the Court clarify and/or modify its Stay Order to make clear that it has not adjudged Textron's entitlement to permanent injunctive relief upon a finding of Toro's infringement.

Dated: May 24, 2007

Respectfully submitted,

Edmond D. Johnson (DE Bar #2257)
Thomas H. Kovach (DE Bar #3964)
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Fax: (302) 421-8390

OF COUNSEL:

Scott L. Robertson
Christopher C. Campbell
Jennifer A. Albert
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

*Attorneys for Plaintiff Textron Innovations Inc.*

---

immaterial when it came to discovery issues in this case.