# EXHIBIT A



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,547 | 04/26/2007 | 6047530 | 26.03.3.235/A | 8225 |

27572     7590     06/26/2007

HARNESS, DICKEY & PIERCE, P.L.C.
P.O. BOX 828
BLOOMFIELD HILLS, MI  48303

| EXAMINER |
|---|
|  |

| ART UNIT | PAPER NUMBER |
|---|---|
|  |  |

DATE MAILED: 06/26/2007

Please find below and/or attached an Office communication concerning this application or proceeding.

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box1450
Alexandria, VA 22313-1450
www.uspto.gov



THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

James W. Miller

Suite 1960 Rand Tower

527 Marquette Avenue

Minneapolis, MN 55402

## *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO  90/008547

PATENT NO.   6,047,530

ART UNI   3993

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/008,547 | 6047530 |
| | Examiner | Art Unit | |
| | Jeffrey R. Jastrzab | 3993 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>26 April 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,    b)☐ PTO/SB/08,    c)☐ Other: _____

1. ☒    The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐    The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐  by Treasury check or,

   b) ☐  by credit to Deposit Account No. _____,  or

   c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Jeffrey R. Jastrzab
Central Reexamination Examiner
Art Unit: 3993

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)          Office Action in *Ex Parte* Reexamination          Part of Paper No. 20070611

Application/Control Number: 90/008,547                                    Page 2
Art Unit: 3993

### Decision Granting *Ex Parte* Reexamination

A substantial new question of patentability affecting claims 1-5 of United States

Patent Number 6,047,530 is raised by the request for *ex parte* reexamination.


### *Substantial New Question*

The substantial new question of patentability (SNQP) is based on:

US 1,954,579 dated April 10, 1934 to Smith.

US 3,611,684 dated Oct. 12, 1971 to Irgens.

US 3,968,630 dated July 13, 1976 to Mitchell.

al US 4,926,621 dated May 22, 1990 to Torras.

US 5,085,044 dated Feb. 4, 1992 to Freier.

AU 11,914/70 dated Sept. 2, 1971 to Kaye.

Beaver T24 brochure, dated August 1992.

Risboro Turf brochure entitled "RTS Rotary Cutters"

Risboro Turf publication entitled "Rotary Cutterhead General Information"

"Cheap and Careful" article, Turf Management, dated May 1994.

Honda brochure entitled "Honda Lawn and Garden Care", dated November 1987.

"Improved Roller Mower Makes Debut" article, Tillage by Dowdeswell, dated Winter

1994.

Kilworth Soverna EMHZ 72 photograph and caption, Horticulture Week, May 1996

Lesco brochure entitled "The Lesco 500 Fairway Mower", dated 1988.

Application/Control Number: 90/008,547                                        Page 3
Art Unit: 3993

Lesco 500D Rotary Gang Mower photograph, The Sebring News, dated January 27,

1988.

Middlesworth brochure, 2 pgs. identified as MDLW 05-06, showing triplex Middlesworth

72R gang flail mower on page MDLW 05, triplex Middlesworth 72RR gang rotary mower

on page MDLW 05, and fiveplex Middlesworth 72R gang flail mower on page MDLW 06.

Middlesworth "Operator's Manual and Parts List", showing triplex Middlesworth 72R

gang flail mower on pages MDLW 24 - MDLW 44 and triplex Middlesworth 72RR gang

rotary mower on pages MDLW 46 - MDLW 48.

Nunes brochure entitled "Nunes Rotary Mower" relating to Nunes 355 Rotary Mower,

dated June 1993.

Ransomes publication entitled "Boom Mower Model Technical Manual", dated

November 1990.

Ransomes brochure entitled "Ransomes 250" dated 1994.

Risboro Turf brochure entitled "RTS Rotary Cutters".

Risboro Turf publication entitled "Rotary Cutterhead General Information", further

identified as Deposition Exhibit DDX 87.

"Rotaries Take to Golf Courses" article, Grounds Maintenance, dated January 1991.

Wulff Spare Parts Catalogue entitled "Klippeled Reservedelslitste", 4 pgs. identified as

Toro 073115-073118, dated prior to 1996, by an affidavit or declaration of Frede

Sorensen.

        A discussion of the specifics now follows:

Application/Control Number: 90/008,547                                      Page 4
Art Unit: 3993

## Issues Raised by the PATENT OWNER

### Issue 1 – Risboro RTS Rotary Cutters:

The Request states that Claims 1-3 and 5 are obvious under 35 USC 103 over
the Risboro RTS Rotary Cutters shown in the Risboro "Rotary Cutterhead General
Information" in view of the Middlesworth 72RR Rotary Mower shown in the
Middlesworth "Operator's Manual and Parts List" publication, Nunes or Torras.

The Request states that Claim 4 is obvious under 35 USC 103 over the Risboro
RTS Rotary Cutters shown in the Risboro "Rotary Cutterhead General Information"
publication, as applied above to claim 1, in view of Smith, Irgens, the Ransomes Boom
Mower, or Kaye.


### Issue 2 – Nunes 335 Rotary Mower:

The Request states that Claims 1-3 and 5 are obvious under 35 USC 103 over
the Nunes 355 Rotary Mower shown in the Nunes Rotary Mower brochure in view
Mitchell or the Middlesworth brochure, and further in view of the "Rotaries Take to Golf
Courses" article, Frier et al., the Honda brochure, the "Cheap and Careful" article, the
Dowdeswell Roller Mower article, or the Kilworth Sovema photograph and caption.

The Request states that Claim 4 is further obvious under 35 USC 103 over the
Nunes 355 Rotary Mower shown in the Nunes Rotary Mower brochure, as applied
above to claim 1, additionally in view of Smith, Irgens, the Ransomes Boom Mower, or
Kaye.

Application/Control Number: 90/008,547                                    Page 5
Art Unit: 3993

**Issue 3 – Lesco 500D Rotary Mower:**

The Request states that Claims 1-3 and 5 are obvious under 35 USC 103 over

the Lesco 500D Rotary Mower shown in the <u>Sebring News</u> photograph, in view of the

Mitchell or the Middlesworth brochure, and further in view of the "Rotaries Take to Golf

Courses" article, Frier et al., the Honda brochure, the "Cheap and Careful" article, the

Dowdeswell Roller Mower article, or the Kilworth Sovema photograph and caption.

The Request states that Claim 4 is further obvious under 35 USC 103 over the

Lesco 500D Rotary Mower shown in the <u>Sebring News</u>, as applied above to claim 1,

additionally in view Smith, Irgens, the Ransomes Boom Mower, or Kaye.

Application/Control Number: 90/008,547                                    Page 6
Art Unit: 3993

**Issue 4 – Ransomes Boom Mower:**

The Request states that Claims 1-3 are obvious under 35 USC 103 over the

Ransomes Boom Mower shown in the Ransomes "Boom Mower Model BM425

Technical Manual" publication in view of the Ransomes 250 brochure.

The Request states that Claim 4 is further obvious under 35 USC 103 over the

Ransomes Boom Mower shown in the Ransomes "Boom Mower Model BM425

Technical Manual" publication, as applied above to claim 1, additionally in view of Smith

or Irgens.

The Request states that Claim 5 is further obvious under 35 USC 103 over the

Ransomes Boom Mower shown in the Ransomes "Boom Mower Model BM425

Technical Manual" publication, as applied above to claim 2, additionally in view of

Ransomes 250 brochure or the "Nunes Rotary Mower" brochure.

**Issue 5 - Wulff Rotary Mower:**

The Request states that Claims 1-3 and 5 are obvious under 35 USC 103 over

the Wulff Rotary Mower shown in the Wulff Spare Parts Catalogue publication in view of

the Ransomes 250 brochure, and further in view of the Middlesworth "Operator's

Manual and Parts List" publication, Nunes or Torras.

The Request states that Claim 4 is further obvious under 35 USC 103 over the

Wulff Rotary Mower shown in the Wulff Spare Parts Catalogue publication, as applied

above to claim 1, additionally in view of Smith, Irgens, the Ransomes Boom Mower, or

Kaye.

Application/Control Number: 90/008,547                                    Page 7
Art Unit: 3993

### *Analysis of the Prior Art Provided in the Request*

**Issue 1 - Risboro RTS Rotary Cutters:**

It is agreed that the consideration of Risboro RTS Rotary Cutters shown in the

Risboro "Rotary Cutterhead General Information" in view of the Middlesworth 72RR

Rotary Mower shown in the Middlesworth "Operator's Manual and Parts List"

publication, Nunes or Torras as well as the above further in view of Smith, Irgens, the

Ransomes Boom Mower, or Kayeraises a SNQP as to Claims 1-5 of the '530 Patent.

As pointed out in the request on pages 44, the Risboro RTS Rotary Cutters

document teaches substituting rotary cutters for reel cutters on a gang mower while

retaining the roller mechanisms.

The teaching of substituting rotary cutters for reel cutters in a gang mower was

not present in the prosecution of the application which became the '530 Patent.

Further, there is a substantial likelihood that a reasonable examiner would consider this

teaching important in deciding whether or not these claims are patentable.  Accordingly,

Risboro RTS Rotary Cutters raises a substantial new question of patentability as to

Claims 1-5, which question has not been decided in a previous examination of the '530

Patent.

**Issue 2 – Nunes 335 Rotary Mower:**

It is agreed that the consideration of the Nunes 355 Rotary Mower shown in the

Nunes Rotary Mower brochure in view Mitchell or the Middlesworth brochure, and

Application/Control Number: 90/008,547                                      Page 8
Art Unit: 3993

further in view of the "Rotary Teachings": "Rotaries Take to Golf Courses" article, Frier

et al., the Honda brochure, the "Cheap and Careful" article, the Dowdeswell Roller

Mower article, or the Kilworth Sovema photograph and caption, as well as the above

further in view of Smith, Irgens, the Ransomes Boom Mower, or Kaye raises a SNQP as

to Claims 1-5 of the '530 Patent.

As pointed out in the request on pages 44-48, the Nunes 335 brochure teaches a

fiveplex rotary gang mower arrangement with casters at the corners of the mower deck

assemblies, Middlesworth teaches changing to/from triplex/fiveplex configurations,

Mitchell teaches rearranging deck configurations and the "Rotary Teachings" teach

substituting rollers for casters/wheels on mower deck assemblies.

The teachings of exchanging rollers for casters and substituting triplex and

fiveplex mower arrangements was not present in the prosecution of the application

which became the '530 Patent. Further, there is a substantial likelihood that a

reasonable examiner would consider these teachings important in deciding whether or

not these claims are patentable. Accordingly, the Nunes 335 Rotary Mower brochure in

view Mitchell or the Middlesworth brochure, and further in view of the "Rotary

Teachings" raises a substantial new question of patentability as to Claims 1-5, which

question has not been decided in a previous examination of the '530 Patent.


**Issue 3 - Lesco 500D Rotary Mower:**

It is agreed that the consideration of the Lesco 500D Rotary Mower shown in the

Sebring News photograph, in view of the Mitchell or the Middlesworth brochure, and

Application/Control Number: 90/008,547                                    Page 9
Art Unit: 3993

further in view of the "Rotaries Take to Golf Courses" article, Frier et al., the Honda

brochure, the "Cheap and Careful" article, the Dowdeswell Roller Mower article, or the

Kilworth Sovema photograph and caption, as well as the above further in view of Smith,

Irgens, the Ransomes Boom Mower, or Kaye raises a SNQP as to Claims 1-5 of the

'530 Patent.

    As pointed out in the request on pages 48-50, Lesco, like Nunes, teaches a

fiveplex rotary gang mower arrangement.

    The Lesco teachings in combination with the Mitchell or the Middlesworth

brochure and further in combination with the "Rotary Teachings" as discussed in Issue 2

above, were not present in the prosecution of the application which became the '530

Patent.  Further, there is a substantial likelihood that a reasonable examiner would

consider these teachings important in deciding whether or not these claims are

patentable.  Accordingly, Lesco, in view of the Mitchell or the Middlesworth brochure,

and further in view of the "Rotaries Take to Golf Courses" article, Frier et al., the Honda

brochure, the "Cheap and Careful" article, the Dowdeswell Roller Mower article, or the

Kilworth Sovema photograph and caption, as well as the above further in view of Smith,

Irgens, the Ransomes Boom Mower, or Kaye raises a substantial new question of

patentability as to Claims 1-5, which question has not been decided in a previous

examination of the '530 Patent.

Application/Control Number: 90/008,547                                    Page 10
Art Unit: 3993

**Issue 4 – Ransomes Boom Mower:**

Ransomes Boom Mower shown in the Ransomes "Boom Mower Model BM425

Technical Manual" publication in view of the Ransomes 250 brochure, as well as the

above further in view of Smith or Irgins, and also further in view of the Ransomes 250

brochure or the "Nunes Rotary Mower" brochure does not raise a SNQP as to Claims 1-

5 of the '530 Patent.

The request, on pages 50-52, notes that the Ransomes Boom Mower teaches a

rotary mower deck with rollers and seeks to exchange the Ransomes 250 reels with

such rotary decks. The Ransomes Boom Mower reference and the Ransomes 250

brochure in the request have been considered both alone and in combination.

However, the teaching of a rotary deck with rollers was present in the prosecution of the

'530 patent in the Mountfield teaching as applied in the Office action mailed 1/29/99.

As such, since these combined teachings were in fact present in the prosecution

of the application which became the '530 Patent, the teachings would not be considered

important to a reasonable examiner in deciding whether or not the '530 claims are

patentable and accordingly they fail to raise a SNQP as to any one of the '530 patent

claims.

**Issue 5 - Wulff Rotary Mower:**

It is agreed that the consideration of the Wulff Rotary Mower shown in the Wulff

Spare Parts Catalogue publication in view of the Ransomes 250 brochure, and further in

view of the Middlesworth "Operator's Manual and Parts List" publication, Nunes or

Torras, as well as further in view of Smith, Irgens, the Ransomes Boom Mower, or Kaye

raises a SNQP as to Claims 1-5 of the '530 Patent.

As pointed out in the request on pages 53-55, Wulff teaches both reel and rotary

cutting decks for a user to choose for a gang mower. Wulff teaches a similar roll pin

receiver as used in the subject '530 patent to attach the decks to the mower lift arm.

The teaching of using either reel or rotary decks in a gang mower with

corresponding roller pin deck mounting sleeves was not present in the prosecution of

the application which became the '530 Patent. Further, there is a substantial likelihood

that a reasonable examiner would consider this teaching important in deciding whether

or not these claims are patentable. Accordingly, the Wulff Rotary Mower shown in the

Wulff Spare Parts Catalogue publication in view of the Ransomes 250 brochure, and

further in view of the Middlesworth "Operator's Manual and Parts List" publication,

Nunes or Torras, as well as further in view of Smith, Irgens, the Ransomes Boom

Mower raises a substantial new question of patentability as to Claims 1-5, which

question has not been decided in a previous examination of the '530 Patent.

### Scope of Reexamination

Since requester did not request reexamination of claims 6-19 and did not assert

the existence of a substantial new question of patentability (SNQP) for such claims

(see 35 U.S.C. § 311(b)(2); see also 37 CFR 1.915b and 1.923), such claims will not be

reexamined. This matter was squarely addressed in *Sony Computer Entertainment*

*America Inc., et al. v. Jon W. Dudas*, Civil Action No. 1:05CV1447 (E.D.Va. May 22,

Application/Control Number: 90/008,547                                    Page 12
Art Unit: 3993

2006), Slip Copy, 2006 WL 1472462. (Not Reported in F.Supp.2d.) The District Court

upheld the Office's discretion to not reexamine claims in an *inter partes* reexamination

proceeding other than those claims for which reexamination had specifically been

requested. The Court stated:

> To be sure, a party may seek, and the PTO may grant, *inter partes* review of each and every claim of a patent. Moreover, while the PTO in its discretion may review claims for which *inter partes* review was not requested, nothing in the statute compels it to do so. To ensure that the PTO considers a claim for *inter partes* review, § 311(b)(2) requires that the party seeking reexamination demonstrate why the PTO should reexamine each and every claim for which it seeks review. Here, it is undisputed that Sony did not seek review of every claim under the '213 and '333 patents. Accordingly, Sony cannot now claim that the PTO wrongly failed to reexamine claims for which Sony never requested review, and its argument that AIPA compels a contrary result is unpersuasive.

(Slip copy at page 9.)

The *Sony* decision's reasoning and statutory interpretation apply analogously to

*ex parte* reexamination, as the same relevant statutory language applies to both *inter*

*partes* and *ex parte* reexamination. 35 U.S.C. § 302 provides that the *ex parte*

reexamination "request must set forth the pertinency and manner of applying cited prior

art to every claim for which reexamination is requested" (emphasis added), and 35

U.S.C. § 303 provides that "the Director will determine whether a substantial new

question of patentability affecting any claim of the patent concerned is raised by the

request..." (Emphasis added). These provisions are analogous to the language of 35

U.S.C. § 311(b)(2) and 35 U.S.C. § 312 applied and construed in *Sony*, and would be

construed in the same manner. As the Director can decline to reexamine non-

requested claims in an *inter partes* reexamination proceeding, the Director can likewise

Application/Control Number: 90/008,547                                    Page 13
Art Unit: 3993

do so in *ex parte* reexamination proceeding.  See *Notice of Clarification of Office Policy*

*To Exercise Discretion in Reexamining Fewer Than All the Patent Claims* (signed Oct.

5, 2006) 1311 OG 197 (Oct. 31, 2006).  See also MPEP § 2240, Rev. 5, Aug. 2006.

**Therefore, claims 6-19 will not be reexamined in this *ex parte* reexamination**

**proceeding.**


## *Waiver of Right to File Patent Owner Statement*

In a reexamination proceeding, Patent Owner may waive the right under 37

C.F.R. 1.530 to file a Patent Owner Statement.  The document needs to contain a

statement that Patent Owner waives the right under 37 C.F.R. 1.530 to file a Patent

Owner Statement and proof of service in the manner provided by 37 C.F.R. 1.248, if the

request for reexamination was made by a third party requester, see 37 C.F.R 1.550(f).

The Patent Owner may consider using the following statement in a document waiving

the right to file a Patent Owner Statement:


## WAIVER OF RIGHT TO FILE PATENT OWNER STATEMENT

Patent Owner waives the right under 37 C.F.R. 1.530 to file a Patent Owner Statement.


## *Extensions of Time*

Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

not to parties in a reexamination proceeding.  Additionally, 35 U.S.C. 305 requires that

Application/Control Number: 90/008,547                                Page 14
Art Unit: 3993

*ex parte* reexamination proceedings "will be conducted with special dispatch" (37

CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided

for in 37 CFR 1.550(c).

### Amendment in Reexamination Proceedings

Patent owner is notified that any proposed amendment to the specification and/or

claims in this reexamination proceeding must comply with 37 CFR 1.530(d)-(j), must be

formally presented pursuant to 37 CFR 1.52(a) and (b), and must contain any fees

required by 37 CFR 1.20(c). See MPEP § 2250(IV) for examples to assist in the

preparation of proper proposed amendments in reexamination proceedings.

### Submissions

In order to insure full consideration of any amendments, affidavits or declarations

or other documents as evidence of patentability, such documents must be submitted in

response to the first Office action on the merits (which does not result in a close of

prosecution). Submissions after the second Office action on the merits, which is

intended to be a final action, will be governed by the requirements of 37 CFR 1.116,

after final rejection and by 37 CFR 41.33 after appeal, which will be strictly enforced.

### Notification of Concurrent Proceedings

The patent owner is reminded of the continuing responsibility under 37 CFR

1.565(a), to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving Patent No. 5,715,664 throughout the course of this reexamination

Application/Control Number: 90/008,547                                    Page 15
Art Unit: 3993

proceeding. Likewise, if present, the third party requester is also reminded of the ability

to similarly apprise the Office of any such activity or proceeding throughout the course

of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.


### NOTICE RE PATENT OWNER'S CORRESPONDENCE ADDRESS

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte*
reexamination or an *inter partes* reexamination is designated as the correspondence
address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte*
> *and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not
having the same correspondence address as that of the patent is, by way of this
revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of
the effective date.**

This change is effective for any reexamination proceeding which is pending before the
Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any
reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct
communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for
the present proceeding is different from the correspondence address of the patent, it is
strongly encouraged that the patent owner affirmatively file a Notification of Change of
Correspondence Address in the reexamination proceeding and/or the patent (depending
on which address patent owner desires), to conform the address of the proceeding with
that of the patent and to clarify the record as to which address should be used for
correspondence.

Telephone Numbers for reexamination inquiries:

| | |
|---|---|
| Reexamination and Amendment Practice | (571) 272-7703 |
| Central Reexam Unit (CRU) | (571) 272-7705 |
| Reexamination Facsimile Transmission No. | (571) 273-9900 |

Application/Control Number: 90/008,547                                    Page 16
Art Unit: 3993

**All** correspondence relating to this *ex parte* reexamination proceeding should be
directed as follows:

By **U.S. Postal Service Mail** to:

>   Mail Stop *Ex Parte* Reexam
>   ATTN: Central Reexamination Unit
>   Commissioner for Patents
>   P.O. Box 1450
>   Alexandria, VA 22313-1450

By FAX to:    (571) 273-9900
>              Central Reexamination Unit

By hand to:   Customer Service Window
>              Randolph Building
>              401 Dulany St.
>              Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the
Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should
be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

/Jeffrey R. Jastrzab/
Jeffrey R. Jastrzab
Primary Examiner
Central Reexamination Unit
(571) 272-4947

Conferee /BMF/

Conferee _____

Sheet 1 of 2

| FORM 1449*<br>INFORMATION DISCLOSURE STATEMENT | REPLACEMENT | | Docket Number:<br>26.0.3.235/A | Reexam Control No.<br>90008547 |
|---|---|---|---|---|
| *(OIPE stamp: APR 26 2007 PATENT & TRADEMARK OFFICE)* | IN AN APPLICATION<br>(Use several sheets if necessary) | | Applicant: BEDNAR | |
| | | | Filing Date | Group Art Unit: |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| ✓ | US 1,954,579 | 04/10/1934 | Smith | | | |
| | US 3,611,684 | 10/12/1971 | Irgens | | | |
| | US 3,968,630 | 07/13/1976 | Mitchell | | | |
| | US 4,926,621 | 05/22/1990 | Torras | | | |
| | US 5,085,044 | 02/04/1992 | Freier et al. | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|
| ✓ | AU 11,914/70 | 09/02/1971 | Australia | | | | X |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | | |
|---|---|---|---|
| | | | Brochure, "Beaver T24," *Hayter PLC*, 2 pgs. (August 1992) |
| | | | MICHAEL BIRD, "Cheap and Careful," *Turf Management*, p. 31, 33-34, 37 (USA May 1994) |
| | | | Brochure, "Honda Lawn and Garden Care," *Honda*, 16 pgs (Nov. 1987) |
| | | | Article, "Improved Roller Mower Makes Debut," *Tillage by Dowdeswell*, p. 14 (Winter 1994) |
| | | | Photograph and Caption, Kilsworth's Sovema EMHZ 72, *Horticulture Week*, p. 31, 33 (May 1996) |
| | | | Brochure, "The Lesco 500 Fairway Mower," *Lesco, Inc.*, 4 pgs. (USA 1988) |
| | | | Photograph, Lesco 500D Rotary Gang Mower, *The Sebring News*, p. 13A (USA Jan. 1988) |
| | | | Brochure, "Middlesworth," *Middlesworth Engineering and Manufacturing, Inc.*, 2 pgs. (prior to 1990) (date established by deposition testimony of Tom Middlesworth (attached hereto) at p. 55) |
| | | | Manual, "Operator's Manual and Parts List," *Middlesworth Engineering and Manufacturing, Inc.*, 27 pgs. (1984) (date established by deposition testimony of Tom Middlesworth (attached hereto) at p. 74) |
| | | | Brochure, "Nunes Rotary Mower," *Nunes Manufacturing*, 1 pg. (June 1993) |
| | | | Manual, "Ransomes Boom Mower, Model BM 425, Technical Manual," *Ransomes, Inc.*, 40 pgs. (Nov. 1990) |
| | | | Brochure, "Ransomes 250," *Ransomes America Corp.*, 2 pgs. (1994) |
| | | | Brochure, "RTS Rotary Cutters," *Risborough Turfcare Supplies Ltd.*, 1 pg. (England 1995) (date established by deposition testimony of David Bruce Crawforth (attached hereto) at p. 11) |
| | | | Manual, "Rotary Cutterhead General Information," *Risborough Turfcare Supplies Ltd.*, 15 pgs. (England prior to Feb. 1996) (date established by deposition testimony of David Bruce Crawforth (attached hereto) at p. 135-136) |
| ✓ | | | DAVE BUCHANAN, "Rotaries take to golf courses," *Grounds Maintenance*, pp. 58, 60, 62 (Jan. 1991) |

| EXAMINER | DATE CONSIDERED  6/12/07 |
|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form for next communication to the Applicant.

*Substitute Disclosure Statement Form (PTO-1449)                    Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Sheet 2 of 2

| FORM 1449* REPLACEMENT INFORMATION DISCLOSURE STATEMENT IN AN APPLICATION (Use several sheets if necessary) | Docket Number: 26.0.3.235/A | Reexam Control No. 90008547 |
|---|---|---|
| | Applicant: BEDNAR | |
| | Filing Date | Group Art Unit: |

| | | Brochure, "Klippeled Reservedelsliste," *Wulff*, 4 pgs. (prior to 1996) (date established by declaration of Frede Sørensen (attached hereto)) |
|---|---|---|

| EXAMINER | DATE CONSIDERED 6/12/07 |
|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form for next communication to the Applicant.

*Substitute Disclosure Statement Form (PTO-1449)          Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE